1 | Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
2 | LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
3 | Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
4 | Email: Barnes@kbarnes.com

5 | Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
6 | 8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
7 | Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

8 | Attorneys for Plaintiff TAI HANG, on
behalf of himself and all others similarly situated

9 | **Additional Counsel on Next Page**

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12 | TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated,

**CLASS ACTION**

Case No.: 5:21-cv-00287-JWH-KK

Plaintiffs,

v.

OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive,

Defendants.

**SECOND AMENDED CLASS ACTION (FRCP RULE 23) COMPLAINT FOR:**

1. **FAILURE TO PROVIDE LEGALLY-COMPLIANT REST PERIODS;**
2. **FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS;**
3. **INDEPENDENT FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**
4. **DERIVATIVE FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**
5. **VIOLATIONS OF LABOR CODE §203;**
6. **PENALTIES PURSUANT TO LABOR CODE §2699; AND**
7. **UNFAIR BUSINESS PRACTICES**

**DEMAND FOR JURY TRIAL**

Honorable John W. Holcomb
Courtroom 2

Action filed: November 6, 2020
Trial Date: None Set

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 1 -

**SECOND AMENDED COMPLAINT**

1

**<u>Additional Counsel for Plaintiffs:</u>**

2

Joseph Tojarieh, Esq. (#265492)
STONEBROOK LAW

3

10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067

4

Tel: (310) 553-5533 / Fax: (310) 553-5536
Email: JFT@stonebrooklaw.com

5

6

Attorneys for Plaintiff ROBERT CANALES, on
behalf of himself and all others similarly situated

7

///

8

///

9

///

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

**SECOND AMENDED COMPLAINT**

1    Plaintiffs TAI HANG and ROBERT CANALES, individuals on behalf of

2   themselves and all others similarly situated (hereinafter collectively referred to as

3   "Plaintiffs"), hereby file this Second Amended Complaint against Defendant OLD

4   DOMINION FREIGHT LINE, INC. and DOES 1 to 100 (hereinafter collectively

5   referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of

6   that information and belief, allege as follows:

7        1.    Pursuant to <u>Federal Rule of Civil Procedure</u> ("<u>FRCP</u>") Rule 23,

8   Plaintiffs institute this Class action and Private Attorney General action for actual

9   damages, liquidated damages, statutory penalties, restitution, attorneys' fees and

10  the costs of this action against Defendants for multiple violations of the California

11  <u>Labor Code</u> ("<u>Labor Code</u>"), California <u>Business and Professions Code</u> ("<u>B&PC</u>")

12  §17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by the

13  California Industrial Welfare Commission (hereinafter, the "<u>IWC Wage Order(s)</u>")

14  and related common law principles.

15       2.    The acts complained of herein occurred, occur and will occur, at least

16  in part, within the time period from four (4) years preceding the filing of the

17  original Complaint herein, up to and through the time of trial for this matter

18  although this should not automatically be considered the statute of limitations for

19  any cause of action herein.

20  <u>RELEVANT JOB TITLES</u>

21       3.    For introductory and general information only (and not to be

22  considered a proposed class definition), the relevant individuals in this action are

23  Defendants' hourly-paid, non-exempt "dock worker" employees who were

24  subjected to Defendants' policies and practices as described herein. Any differences

25  in job activities between the different individuals in these positions were and are

26  legally insignificant to the issues presented by this action.

27  ///

28  ///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KJBARNES.COM

- 3 -

**SECOND AMENDED COMPLAINT**

SUMMARY OF CLAIMS

4.     With regard to Defendants' hourly-paid, non-exempt "dock worker" employees, Defendants have:

      a.   Failed to provide legally-compliant rest periods;

      b.   Failed to authorize and permit all paid legally-requisite rest periods;

      c.   Independently failed to timely furnish accurate itemized wage statements;

      d.   Derivatively failed to timely furnish accurate itemized wage statements;

      e.   Violated Labor Code §203;

      f.   Incurred penalties pursuant to Labor Code §§2698, et seq.; and

      g.   Conducted unfair business practices.

## II.

## PARTIES

PLAINTIFF TAI HANG

5.     Plaintiff TAI HANG is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

6.     Plaintiff TAI HANG worked for Defendants as an hourly-paid, non-exempt "dock worker" employee from approximately August 2007 to August 11, 2020 in Rialto, California, which is in San Bernardino County, California.

7.     Plaintiff TAI HANG seeks recovery herein from Defendants because with regard to Plaintiff TAI HANG, while acting for Defendants in his capacity as an hourly-paid, non-exempt "dock worker" employee, Defendants have:

      a.   Failed to provide legally-compliant rest periods;

      b.   Failed to authorize and permit all paid legally-requisite rest periods;

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

**SECOND AMENDED COMPLAINT**

c. Independently failed to timely furnish accurate itemized wage statements;

d. Derivatively failed to timely furnish accurate itemized wage statements;

e. Violated <u>Labor Code</u> §203;

f. Incurred penalties pursuant to <u>Labor Code</u> §§2698, et seq.; and

g. Conducted unfair business practices.

<u>PLAINTIFF ROBERT CANALES</u>

8.    Plaintiff ROBERT CANALES is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

9.    Plaintiff ROBERT CANALES worked for Defendants as an hourly-paid, non-exempt "dock worker" employee from approximately January 28, 2018 to October 2, 2020 in Rialto, California, which is in San Bernardino County, California.

10.    Plaintiff ROBERT CANALES seeks recovery herein from Defendants because with regard to Plaintiff ROBERT CANALES, while acting for Defendants in his capacity as an hourly-paid, non-exempt "dock worker" employee, Defendants have:

a. Failed to provide legally-compliant rest periods;

b. Failed to authorize and permit all paid legally-requisite rest periods;

c. Independently failed to timely furnish accurate itemized wage statements;

d. Derivatively failed to timely furnish accurate itemized wage statements;

e. Violated <u>Labor Code</u> §203;

f. Incurred penalties pursuant to <u>Labor Code</u> §§2698, et seq.; and

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 5 -

**SECOND AMENDED COMPLAINT**

g.  Conducted unfair business practices.

DEFENDANT, OLD DOMINION FREIGHT LINE, INC.

11.  Defendant OLD DOMINION FREIGHT LINE, INC. is now and/or at all times mentioned in this Complaint was a Virginia corporation and the owner and operator of an industry, business and/or facility(/ies) licensed to do business and actually doing business in the State of California.

DOES 1 TO 100, INCLUSIVE

12.  DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

13.  Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

14.  Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

15.  Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

16.  Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

17.  Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**SECOND AMENDED COMPLAINT**

18.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

19.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

20.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

21.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

### III.

### <u>JURISDICTION AND VENUE</u>

22.     The District Court has original subject matter jurisdiction under 28 U.S.C. §1332, and because Defendants removed this matter to federal court on February 19, 2021 pursuant to 28 U.S.C. §§1441 and 1446, in that this is a civil action that purportedly satisfies the requirements stated in the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. §1332(d).

23.     This District Court is in the judicial district and division embracing the place where the state court case was brought. Thus, this Court is the proper District Court to which this case should have been removed 28 U.S.C. §§1441(a) and 1446(a).

///

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kjbarnes.com

- 7 -

**SECOND AMENDED COMPLAINT**

# IV.

## CLASS ACTION ALLEGATIONS

24.    FRCP 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

25.    Further, CCP §382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

26.    Plaintiffs bring this suit as a class action pursuant to FRCP 23 and CCP §382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

27.    The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

    a.    All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' policies and practices regarding providing legally-compliant rest periods as specifically described herein (hereinafter, the "Legal Rest Period Class");

    b.    All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' policies and practices regarding paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**SECOND AMENDED COMPLAINT**

c.  All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were independently subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Independent Wage Statement Class");

d.  All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Derivative Wage Statement Class");

e.  All formerly-employed California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein (hereinafter, the "LC 203 Class"); and

f.  All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

28.  The Legal Rest Period Class, Rest Period Class, Independent Wage Statement Class, Derivative Wage Statement Class, LC 203 Class and 17200 Class are herein collectively referred to as the "Classes."

///

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

29.     Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

30.     <u>Numerosity</u> (<u>FRCP</u> 23(a)(1)); (<u>CCP</u> §382):

    a.   The potential quantity of members of the Classes as defined is so numerous that joinder of all members would be unfeasible and impractical.

    b.   The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

    c.   The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that each of the Classes numbers greater than 100 individuals.

    d.   The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

31.     <u>Questions of Law or Fact Common To The Class</u> (<u>FRCP</u> 23(a)(2)): There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    a.   Whether Defendants failed and continue to fail to provide legally-compliant rest periods to the members of the Legal Rest Period Class in violation of the <u>Labor Code</u> and Section 12 of the <u>IWC Wage Orders</u>;

    b.   Whether Defendants failed and continue to fail to authorize and permit paid legally-requisite rest periods to the members of the Rest Period Class in violation of the <u>Labor Code</u> and Section 12 of the <u>IWC Wage Orders</u>;

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

c.  Whether Defendants independently failed to timely furnish accurate, itemized and legal wage statements to the members of the Independent Wage Statement Class;

d.  Whether Defendants independently failed to timely furnish accurate, itemized and legal wage statements to the members of the Independent Wage Statement Class;

e.  Whether Defendants are liable pursuant to <u>Labor Code</u> §203 to the members of the LC 203 Class;

f.  Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

g.  Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

h.  Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

i.  Whether the members of the Classes are entitled to injunctive relief;

j.  Whether the members of the Classes are entitled to restitution; and

k.  Whether Defendants are liable for attorneys' fees and costs.

32.  <u>Typicality</u> (<u>FRCP</u> 23(a)(3)): The claims of the named Plaintiff(s) are typical of the claims of all members of the represented Classes because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

33.  <u>Adequacy</u> (<u>FRCP</u> 23(a)(4)): The named Plaintiff(s):

a.  will adequately represent the members of the Classes;

b.  will fairly protect the interests of the members of the Classes;

c.  possess no interests antagonistic to the members of the Classes;

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kjbarnes.com

and

d.  will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

34.  <u>Superiority</u> (<u>FRCP</u> 23(b)); (<u>CCP</u> §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein. Further, this action is maintainable as a class action because the prerequisites of <u>FRCP</u> 23(a) are satisfied as outlined above, and in addition:

a.  California has a public policy which encourages the use of the class action device;

b.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c.  This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d.  If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e.  Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

    i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

    ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

    iii)  inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

    iv)  potentially incompatible standards of conduct for Defendants; and

    v)  potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

h.  The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.  Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j.  The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

35.  Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238); Pulaski & Middleman, LLC v. Google, Inc. (9th Cir. 2015 802 F.2d 979, 986-87).

**V.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE LEGALLY-COMPLIANT REST PERIODS**

**(On Behalf of the Legal Rest Period Class)**

**(Against All Defendants)**

36.  Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

37.  Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kjbarnes.com

**SECOND AMENDED COMPLAINT**

Division of Occupational Safety and Health."

38.     <u>Labor Code</u> §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

39.     In <u>Augustus v. ABM Security Services, Inc.</u> (2016) 2 Cal.5th 257, 269, the California Supreme Court held that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." The court further held that a policy that "tethered by time and policy to particular locations" is inconsistent with the required relinquishment of control. (<u>Id.</u>) The court noted that employees must be free to "[take a] brief walk," or "take care of other personal matters …like pumping breast milk …or completing a phone call to arrange child care." (<u>Id.</u> at 270.)

40.     Section 12(A) of the <u>IWC Wage Order</u> states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

41.     Section 12(B) of the <u>IWC Wage Order</u> states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

42.     The members of the Legal Rest Period Class sometimes worked over four (4) hours per shift. Further, the members of the Legal Rest Period Class

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 15 -

**SECOND AMENDED COMPLAINT**

sometimes worked over six (6) hours per shift, and in some cases over ten (10) hours per shift.

43.    The members of the Legal Rest Period Class were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

44.    Defendants' rest period policy states:

"Hourly employees may not leave OD premise while on a paid rest break and are expected to be at their work station at the conclusion of the paid rest break, unless prohibited by applicable law, including state and local laws."

45.    As such, the members of the Legal Rest Period Class were prohibited from taking legally-compliant breaks in violation of Brinker Restaurant Corp. v. Superior Court (2012) 53 Cal.4th 1004, 1040 ["The wage orders and governing statute do not countenance an employer's exerting coercion against the taking of, creating incentives to forgo, or otherwise encouraging the skipping of legally protected breaks."].

46.    As a matter of Defendants' established company policy, Defendants failed to provide legally-compliant rest periods established by Labor Code §226.7 and Labor Code §516 and Section 12 of the IWC Wage Order, because Defendants prohibited the taking of legally protected rest periods by using Defendants' rest period policy to prevent the members of the Legal Rest Period Class from taking rest periods outside of Defendants' premises, and forbade the members of the Legal Rest Period Class from leaving Defendants' facilities for legally-compliant rest periods.

47.    Both Plaintiff TAI HANG and Plaintiff ROBERT CANALES, along with other members of the Legal Rest Period class, were instructed that rest periods must be taken in a designated break room. They were further instructed that leaving the premises was strictly prohibited, including going to the parking lot.

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KJBARNES.COM

48.     For example, Plaintiff TAI HANG and other members of the Legal Rest Period class were told at least two to three times a week at the daily morning meeting that rest breaks were to be taken only in the break room. Any violators were subject to discipline or even termination. One dock worker was terminated for going to his vehicle without permission during his rest period. Accordingly, this policy caused Plaintiff TAI HANG to suffer noncompliant rest periods every day of work in which a rest period was required.

49.     Similarly, Plaintiff ROBERT CANALES and other members of the Legal Rest Period class were not allowed to take breaks anywhere but the designated break room. This rule was repeated during pre-shift meetings. Plaintiff ROBERT CANALES left to go to his car only one time with special permission from his supervisor, and he was required to report back to the supervisor when he returned. Accordingly, this policy caused Plaintiff ROBERT CANALES to suffer noncompliant rest periods every day of work, except one, in which a rest period was required.

50.     The California State of California Department of Industrial Relations, regarding an employer's obligation to provide off premise rest periods, even states on its website (https://www.dir.ca.gov/dlse/faq_restperiods.htm):

> **Can my employer require that I stay on the work premises during my rest period?**
>
> No, your employer cannot impose any restraints not inherent in the rest period requirement itself. In <u>Augustus v. ABM Security Services, Inc.</u>, (2016) 5 Cal.5th 257, 269, the California Supreme Court held that the rest period requirement "obligates employers to permit-and authorizes employees to take-off-duty rest periods. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

(citation omitted) As a practical matter, however, if an
employee is provided a ten minute rest period, the employee
can only travel five minutes from a work post before
heading back to return in time.

51.     Defendants' written policies and actual practices clearly and
unmistakably have language definitively requiring employees to remain on
premises - "Hourly employees **may not leave OD premise while on a paid rest
break**…" (emphasis added). This policy language violates California rest period
laws.

52.     Pursuant to Section 12 of the <u>IWC Wage Order</u> and <u>Labor Code</u>
§226.7(b) which states "if an employer fails to provide an employee a meal or rest
period in accordance with an applicable order of the Industrial Welfare
Commission, the employer shall pay the employee one additional hour of pay at
the employee's regular rate of compensation for each work day that the meal or
rest period is not provided," the members of the Legal Rest Period Class are
entitled to damages in an amount equal to one (1) additional hour of pay at each
employee's regular rate of compensation for each work day that the rest period was
not so provided.

53.     Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the
Legal Rest Period Class seek recovery of pre-judgment interest on all amounts
recovered herein.

## SECOND CAUSE OF ACTION
## FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS
### (On Behalf of the Rest Period Class)
### (Against All Defendants)

54.     Plaintiffs incorporate by reference and reallege each and every one of
the allegations contained in the preceding and foregoing paragraphs of this
Complaint as if fully set forth herein.

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

## SECOND AMENDED COMPLAINT

55.     <u>Labor Code</u> §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

56.     <u>Labor Code</u> §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

57.     Section 12(A) of the <u>IWC Wage Order(s)</u> states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

58.     Section 12(B) of the <u>IWC Wage Order(s)</u> states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

59.     The members of the Rest Period Class sometimes worked over four (4) hours per shift. Further, the members of the Rest Period Class sometimes worked over six (6) hours per shift, and in some cases over ten (10) hours per shift.

60.     The members of the Rest Period Class were entitled to a rest period of not less than ten (10) minutes for every four (4) hours of work, or major fraction thereof.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

- 19 -

**SECOND AMENDED COMPLAINT**

61.     As a matter of Defendants' established company policy, Defendants failed to always authorize and permit all required rest periods established by Labor Code §226.7 and Labor Code §516 and Section 12 of the IWC Wage Order(s), including but not limited to because of the huge size of Defendants' facilities and the large amount of time it took for the members of the Rest Period Class to travel from their work stations to the break room (where they were required to go) and back to their work stations.

62.     For example, Plaintiff TAI HANG and other members of the Rest Period Class had to walk three to five minutes, each way, to and from their workstations to the designated break room at each rest period. Consequently, because rest periods were 15 minutes long, Plaintiff TAI HANG and others had only five to nine minutes of break time after accounting for the walk. Plaintiff TAI HANG was once given a verbal warning by his supervisor for returning late from his rest break because of the long walk. Other members of the Rest Period Class were disciplined for failing to return on time from a rest period.

63.     The designated break rooms were at least a three to five minute walk from all work stations for all employees. The long walk caused the members of the Rest Period Class to suffer noncompliant rest periods on every shift in which a rest period was required.

64.     Pursuant to Section 12 of the IWC Wage Order(s) and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that one or more rest periods were not so provided.

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

65. Pursuant to Labor Code §218.6 and CC §3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

### THIRD CAUSE OF ACTION
### INDEPENDENT FAILURE TO TIMELY
### FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (On Behalf of the Independent Wage Statement Class)
### (Against All Defendants)

66. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

67. Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period…".

68.     As a pattern and practice, in violation of <u>Labor Code</u> §226(a), Defendants did not and still do not furnish each of the members of the Independent Wage Statement Class with accurate itemized wage statements in writing, including but not limited not always including all applicable hourly rates for straight time, overtime 1.5 and overtime 2.0 and/or the accurate hourly pay rates in effect during the pay period. For example, both Plaintiff TAI HANG and Plaintiff ROBERT CANALES received wage statements that did not list their applicable hourly rates.

69.     As of January 1, 2013, SB 1255 amended <u>Labor Code</u> §226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in <u>Labor Code</u> §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

70.     Here, the members of Independent Wage Statement Class suffered injury because Defendants failed to provide accurate and complete information as required by one or more items listed in <u>Labor Code</u> §226(a)(1)-(9) and the Independent Wage Statement Class members could not and cannot promptly and easily ascertain requisite information without reference to other documents or information. For example, neither Plaintiff TAI HANG and Plaintiff ROBERT CANALES could ascertain whether they were being paid the proper rates because their wage statements did not list their applicable hourly rates.

71.     In addition, the members of the Independent Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Independent Wage Statement Class in that the members of the Independent Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

all applicable and/or accurate hourly pay rates in effect during the pay period, in violation of <u>Labor Code</u> §226, such that the members of the Independent Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to all applicable and/or accurate hourly pay rates in effect during the pay period.

72.     The actual injuries suffered by the members of the Independent Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Independent Wage Statement Class include but are not limited to:

      a.   That such practice prevents the members of the Independent Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

      b.   The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

73.     Pursuant to <u>Labor Code</u> §226(e), the members of the Independent Wage Statement Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

74.     Pursuant to <u>Labor Code</u> §226(g), the currently-employed members of the Independent Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with <u>Labor Code</u> §226.

75.     Pursuant to <u>Labor Code</u> §226(e) and/or §226(g), the members of the Independent Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

///

///

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

# FOURTH CAUSE OF ACTION
## DERIVATIVE FAILURE TO TIMELY
## FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (On Behalf of the Derivative Wage Statement Class)

76.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

77.     Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee…".

78.     Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

79.     Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Derivative Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

1   total hours worked per pay period and applicable rates of pay.

2       80.     As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the

3   <u>IWC Wage Orders</u> §7(A), Defendants did not and still do not furnish each of the

4   members of the Derivative Wage Statement Class with an accurate itemized

5   statement in writing showing (1) gross wages earned, (2) total hours worked by the

6   employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly

7   rates in effect during each respective pay period and the corresponding number of

8   hours worked at each hourly rate by each respective individual.

9       81.     As set forth herein in prior causes of action, Defendants allegedly

10  failed to pay the members of the Derivative Wage Statement Class all wages due

11  and owing.

12      82.     As a derivative result of this failure to pay wages and as a pattern and

13  practice in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A),

14  Defendants did not and do not maintain accurate records pertaining to the total

15  hours worked for Defendants by the members of the Derivative Wage Statement

16  Class, including but not limited to, beginning and ending of each work period,

17  meal period interval, total daily hours worked, total hours worked per pay period,

18  and the applicable rates of pay.

19      83.     As of January 1, 2013, SB 1255 amended <u>Labor Code</u> §226 to clarify

20  that an employee suffers injury if the employer fails to provide accurate and

21  complete information as required by any one or more items listed in <u>Labor Code</u>

22  §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite

23  information without reference to other documents or information.

24      84.     Here, the members of Derivative Wage Statement Class suffered

25  injury because, due to Defendants' failure to pay all wages due and owing,

26  Defendants derivatively failed to provide accurate and complete information as

27  required by one or more items listed in <u>Labor Code</u> §226(a)(1)-(9).

28  ///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 25 -

**SECOND AMENDED COMPLAINT**

85.     In addition, the members of the Derivative Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Derivative Wage Statement Class in that the members of the Derivative Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the members of the Derivative Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

86.     The actual injuries suffered by the members of the Derivative Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Derivative Wage Statement Class include but are not limited to:

    a.  Confusion over whether they received all wages owed them by Defendants;

    b.  The difficulty and expense of attempting to reconstruct time and pay records;

    c.  Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;

    d.  The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code §226 is missing;

///

**SECOND AMENDED COMPLAINT**

e.  That such practice prevents the members of the Derivative Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

f.  The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

87.  Pursuant to Labor Code §226(e), the members of the Derivative Wage Statement Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

88.  Pursuant to Labor Code §226(g), the currently-employed members of the Derivative Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

89.  Pursuant to Labor Code §226(e) and/or §226(g), the members of the Derivative Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

**FIFTH CAUSE OF ACTION**

**VIOLATIONS OF LABOR CODE §203**

**(On Behalf of the LC 203 Class)**

**(Against All Defendants)**

90.  Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

91.  Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due

**SECOND AMENDED COMPLAINT**

date thereof, until paid or until an action therefore is commenced.

92.    The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

93.    Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

94.    Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

95.    Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

96.    Thus, the members of the LC 203 Class are entitled to recovery pursuant to Labor Code §203.

**SIXTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO LABOR CODE §2699**

**(On Behalf of the Aggrieved Employees)**

**(Against All Defendants)**

97.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

98.    Pursuant to Labor Code §2699(a) (which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, board agencies or employees, such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 28 -

**SECOND AMENDED COMPLAINT**

current or former employees) and <u>Labor Code</u> §2699(f) (which establishes a civil penalty for violations of all <u>Labor Code</u> provisions except those for which a civil penalty is specifically provided), the aggrieved employees seek recovery of all applicable civil penalties, as follows:

    a.  As applicable, for civil penalties under <u>Labor Code</u> §2699(f), for all violations of the <u>Labor Code</u> except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation;

    b.  As applicable, civil penalties under <u>Labor Code</u> §558 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for violations of <u>Labor Code</u> §§500-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid;

    c.  As applicable, for civil penalties under <u>Labor Code</u> §1197.1 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for violations of <u>Labor Code</u> §§1194 and 1197, in the amount of $100 for each underpaid aggrieved employee for each pay period the aggrieved employee was intentionally underpaid, and $250 for each subsequent violation for each underpaid aggrieved employees regardless of whether the initial violation was intentionally committed;

    d.  As applicable, for civil penalties under <u>Labor Code</u> §226.3 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for each violation of <u>Labor</u>

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

Code §226(a), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved employee per pay period for each subsequent violation; and

e.  As applicable, for any and all additional civil penalties and sums as provided by the Labor Code and/or other relevant statutes.

99.   In addition, Plaintiff seeks and is entitled to seventy-five percent (75%) of all penalties obtained under Labor Code §2699 to be allocated to the LWDA, for education of employers and employees about their rights and responsibilities under the Labor Code, and twenty-five percent (25%) to Plaintiff and all other similarly situated aggrieved employees.

100.   Further, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to Labor Code §§2699(g)(1) and any other applicable statute.

101.   Labor Code §2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1)(A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

102.   Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 30 -
SECOND AMENDED COMPLAINT

103.   <u>Labor Code</u> §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

104.   <u>Labor Code</u> §2699.3(c) further states in pertinent part: "(2)(A) The employer may cure the alleged violation within 33 calendar days of the postmark date of the notice. The employer shall give written notice by certified mail within that period of time to the aggrieved employee or representative and the agency if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day period, the employee may commence a civil action pursuant to Section 2699."

105.   Here, Plaintiffs' civil action alleges violations of provisions listed in <u>Labor Code</u> §2699.5 and violations of provisions other than those listed in <u>Labor Code</u> §2699.5. As such, <u>Labor Code</u> §2699.3(a) and §2699.3(c) apply to this action.

106.   On October 5, 2020, Plaintiff TAI HANG complied with <u>Labor Code</u> §2699.3(a) and <u>Labor Code</u> §2699.3(c) in that Plaintiff TAI HANG gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the <u>Labor Code</u> alleged to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit "1" is Plaintiff TAI HANG'S LWDA letter.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**SECOND AMENDED COMPLAINT**

107.   Further, on October 14, 2020, Plaintiff ROBERT CANALES complied with <u>Labor Code</u> §2699.3(a) and <u>Labor Code</u> §2699.3(c) in that Plaintiff ROBERT CANALES gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the <u>Labor Code</u> alleged in this lawsuit to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit "2" is Plaintiff ROBERT CANALES' October 14, 2020 LWDA letter.

108.   As of December 16, 2020 (65 calendar days after Plaintiff ROBERT CANALES' October 14, 2020 LWDA letter was filed online), Plaintiffs had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiffs have complied with <u>Labor Code</u> §2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to <u>Labor Code</u> §2699.

109.   Further, as of November 16, 2020 (33 calendar days after Plaintiff ROBERT CANALES' October 14, 2020 LWDA letter was mailed to Defendants via certified mail), Plaintiffs have not received from Defendants written notice by certified mail that the alleged violations have been cured, including a description of actions taken. As such, Plaintiffs have complied with <u>Labor Code</u> §2699.3(c) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to <u>Labor Code</u> §2699.

**SIXTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

**(On Behalf of the 17200 Class)**

**(Against All Defendants)**

110.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 32 -

**SECOND AMENDED COMPLAINT**

111.   <u>B&PC</u> §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

112.   <u>B&PC</u> §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

113.   <u>B&PC</u> §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

114.   Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by <u>B&PC</u> §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the <u>Labor Code</u> and/or the <u>IWC Wage Orders</u>, as specifically described herein.

115.   Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

116.   Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

117.   Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

118.   Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

119.   Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

practices outlined in the preceding paragraphs. Plaintiffs could be re-hired and, therefore, could benefit from an injunction and/or declaratory relief, as could the other class members.

120.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

121.   Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a.   That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Provide Legally-Compliant Rest Periods:

b.   For one (1) hour of pay at the regular rate of compensation for each member of the Legal Rest Period Class for each workday that a legally-compliant rest period was not provided;

c.   For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

As to the Second Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

d.   For one (1) hour of pay at the regular rate of compensation for each member of the Rest Period Class for each workday that a meal or rest period was not provided;

///

**SECOND AMENDED COMPLAINT**

e.     For pre-judgment interest as authorized by <u>Labor Code</u> §218.6 and <u>CC</u> §3287;

<u>As to the Third Cause of Action for Independent Failure to Timely Furnish Accurate Itemized Wage Statements</u>:

f.     For recovery as authorized by <u>Labor Code</u> §226(e);

g.     For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> §226(e) and/or §226(g);

<u>As to the Fourth Cause of Action for Derivative Failure to Timely Furnish Accurate Itemized Wage Statements</u>:

h.     For recovery as authorized by <u>Labor Code</u> §226(e);

i.     For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> §226(e) and/or §226(g);

<u>As to the Fifth Cause of Action for Violations of Labor Code §203</u>:

j.     For recovery as authorized by <u>Labor Code</u> §203;

<u>As to the Sixth Cause of Action for Penalties Pursuant to Labor Code §2699</u>:

k.     As applicable, for civil penalties pursuant to <u>Labor Code</u> §2699(f), in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u> and for <u>Labor Code</u> violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

l.     As applicable, for civil penalties pursuant to <u>Labor Code</u> §558, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, as follows:

    i     For any initial violation, fifty dollars ($50) for each aggrieved underpaid employee for each pay period for which the employee was underpaid; and

    ii.    For each subsequent violation, one hundred dollars ($100) for each aggrieved underpaid employee for each pay period for which the

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1    employee was underpaid;

2        m.    As applicable, for civil penalties pursuant to <u>Labor Code</u> §1197.1, in

3    addition to and entirely independent and apart from other penalties in the <u>Labor</u>

4    <u>Code</u>, as follows:

5            i.    For any initial violation that is intentionally committed, $100 for

6                each aggrieved underpaid employee for each pay period for which

7                the employee was underpaid; and

8            ii.    For each subsequent violation, regardless of whether the initial

9                violation is intentionally committed, $250 for each aggrieved

10               underpaid employee for each pay period for which the employee

11               was underpaid;

12       n.    As applicable, for civil penalties pursuant to <u>Labor Code</u> §226.3, in

13   addition to and entirely independent and apart from other penalties in the <u>Labor</u>

14   <u>Code</u>, in the amount of $250 for each aggrieved employee per pay period for each

15   violation, and $1,000 for each aggrieved employee per pay period for each

16   subsequent violation;

17       o.    As applicable, for reasonable attorneys' fees and costs incurred

18   pursuant to <u>Labor Code</u> §§2699(g)(1) and any other applicable statute; and

19       p.    For such relief as this Court may deem just and proper.

20   <u>As to the Sixth Cause of Action for Unfair Business Practices</u>:

21       q.    For an accounting, under administration of Plaintiffs and/or the

22   receiver and subject to Court review, to determine the amount to be returned by

23   Defendants, and the amounts to be refunded to members of the Classes who are

24   owed monies by Defendants;

25       r.    For an Order requiring Defendants to identify each of the members of

26   the Classes by name, home address, home telephone number and email address;

27       s.    For an Order requiring Defendants to make full restitution and

28   payment pursuant to California law;

**SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

t.      For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

u.      For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

v.      For all other appropriate injunctive, declaratory and equitable relief;

w.      For interest to the extent permitted by law;

x.      For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law;

As to All Causes of Action:

y.      For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

## VII.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: March 19, 2021                LAW OFFICES OF KEVIN T. BARNES

                                     By: _____
                                         Kevin T. Barnes, Esq.
                                         Gregg Lander, Esq.
                                         Attorneys for Plaintiff TAI HANG

Dated: March 19, 2021                STONEBROOK LAW

                                     By: _____
                                         Joseph Tojarieh, Esq.
                                         Attorney for Plaintiff ROBERT
                                         CANALES

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

## SECOND AMENDED COMPLAINT

EXHIBIT 1

LAW OFFICES OF

# KEVIN T. BARNES

KEVIN T. BARNES
GREGG LANDER
—

OF COUNSEL:
JOSEPH ANTONELLI

1635 PONTIUS AVENUE, 2ND FLOOR
LOS ANGELES, CALIFORNIA 90025-3361

TELEPHONE: (323) 549-9100
Toll-Free: (877) 309-3577 / FAX: (323) 549-0101

A Professional Law Corporation
—

www.kbarnes.com
—

Barnes@kbarnes.com

October 5, 2020

**<u>VIA ELECTRONIC MAIL ($75 filing fee to follow by mail)</u>**

PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

      Re:     <u>OLD DOMINION FREIGHT LINE, INC.</u> (hereafter, the "Employer")

**NOTICE OF <u>LABOR CODE</u> VIOLATIONS PURSUANT TO <u>LABOR CODE</u> §2699.3**

      To:     PAGA Administrator, California Labor and Workforce Development Agency and the Employer

      From:  TAI HANG (the "Employee"), who was subjected to the wage and hour practices set forth below

      The Employee, by way of the above-named counsel, submits this Notice, pursuant to and in compliance with the requirements of California <u>Labor Code</u> §2699.3(a)/(c), and alleges the facts and theories to support the alleged violations as follows:

      During the applicable time period, the Employer employed the Employee and all other similarly situated aggrieved employees as hourly-paid, non-exempt "dock workers," and utilized consistent policies and procedures regarding the Employee and all such other similarly situated aggrieved employees, as follows:

      <u>First</u>, the Employer failed to provide legally requisite paid off premises rest breaks to the Employee and all other similarly situated aggrieved employees. Here, the Employer's rest break policy states in pertinent part: "Hourly employees may not leave OD premise while on a paid rest break and are expected to be at their work station at the conclusion of the paid rest break, unless prohibited by applicable law, including state and local laws." Because the Employee and all other similarly situated aggrieved employees were not allowed to leave the premises for their rest breaks, the Employee and all other similarly situated aggrieved employees were not always provided legally compliant rest breaks. <u>Augustus v ABM Security Services, Inc.</u> (2016) 2 Cal 5th 257. Because the Employer did not pay a rest period penalty for these violations, the Employer violated <u>Labor Code</u> §§226.7 and 516 and the applicable Industrial Wage Order, ¶12(A)/(B), and owes rest period wages and penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

      <u>Second</u>, in addition to the aforementioned allegations regarding off premise rest break violations, the Employer also failed to always authorize and permit paid rest breaks to the Employee and all other similarly situated aggrieved employees. The Employee and all other similarly situated aggrieved employees did not always get full ten minute uninterrupted rest breaks within the first four hours of their shift or major fraction thereof, and each subsequent four hours worked thereafter or major fraction thereof. As such, the Employee and all other similarly situated aggrieved employees were not always authorized and permitted legally compliant rest breaks. The Employer did not pay a rest period penalty for any of these violations. As such, the Employer violated <u>Labor Code</u> §§226.7 and 516, and the applicable Industrial Wage Order, ¶12(A)/(B), and owes rest period wages and penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

      <u>Third</u>, regarding wage statements, pursuant to <u>Labor Code</u> §226(a) and the applicable Industrial Wage Order, the Employer is required to include certain information on an employee's wage statement. Here, the Employer issued improper wage statements to the Employee and all other similarly situated aggrieved employees because the Employer's wage statements did not always contain all requisite information, including but not limited to all applicable accurate hourly rates in effect during the pay period. As such, the Employer independently violated <u>Labor Code</u> §226, and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 226.3.

PAGA Administrator
Re: Old Dominion Freight Line, Inc.
October 5, 2020
Page 2


      Fourth, also regarding wage statements, and in addition to the independent violations of Labor Code §226 alleged above, because of the Employer's illegal wage and hour policies as set forth above, all wages earned were not reflected on the wage statements provided by the Employer to the Employee and all other similarly situated aggrieved employees, and the Employer issued improper wage statements. As such, the Employer derivatively violated Labor Code §226, and owes penalties pursuant to Labor Code §§2699(f) and/or 226.3.

      Fifth, and finally, regarding waiting time penalties, pursuant to Labor Code §203, the Employee and all other similarly situated aggrieved employees are entitled to thirty days of wages at their regular rate of pay for the Employer's failure to pay all wages due upon separation of employment. Here, because of the Employer's illegal wage and hour policies as set forth above, the Employer derivatively violated Labor Code §§201-202, and owes penalties pursuant to Labor Code §§2699(f) and/or 201-203.


      Pursuant to Labor Code §2699.3(a)(2)(A), please advise within sixty-five (65) calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations.

      Further, pursuant to Labor Code §2699.3(c)(2)(A), the Employer may cure the alleged violations within thirty-three (33) calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

      In addition, this letter clearly sets forth the Employee's grievances and proposed remedies, pursuant to the Labor Code, PAGA and otherwise, as set forth above. The Employee would like to engage in reasonable efforts to settle this dispute before filing a civil action against the Employer. The Employee gives the Employer the opportunity, prior to the expiration of the deadline for the LWDA to investigate, to meet the Employee's demands and settle this dispute.

      We understand that if we do not receive a response within sixty-five (65) calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employee may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

      Thank you for your consideration.

               Very Truly Yours,

               Kevin T. Barnes
               Gregg Lander


cc: (via Certified Mail)               cc: (via U.S. Mail)
Old Dominion Freight Line, Inc.       Raphael A. Katri, Esq.
500 Old Dominion Way           LAW OFFICES OF RAPHAEL A. KATRI
Thomasville, NC 27360          8549 Wilshire Boulevard, Suite 200
                              Beverly Hills, CA 90211-3104

EXHIBIT 2



**Stonebrook**
LAW

10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone: (310) 553-5533
Facsimile: (310) 553-5536
www.stonebrooklaw.com

_____

Writer's Email Address:
jft@stonebrooklaw.com

Writer's Extension:
1001

October 14, 2020

*Via online submission to*

Attn: PAGA Administrator
California Department of Industrial Relations
Labor and Workforce Development Agency

      Re:    Violations of Labor Code § 2699, et seq. – PAGA Claim Notice

To Whom It May Concern:

      This office represents Robert Canales ("Plaintiff"). Plaintiff, on behalf of himself and all other similarly aggrieved employees, intends to seek civil penalties under Labor Code section 2699, et seq., also known as the Private Attorneys General Act of 2004 ("PAGA"), against Old Dominion Freight Line Inc. ("Defendant") for violations of various laws, which are outlined below. Defendant's violations harmed Plaintiff, along with Defendant's other non-exempt California employees ("Aggrieved Employees"). Additional investigation and formal discovery may uncover additional ways Plaintiff and Aggrieved Employees were harmed, additional damages they sustained, and other individuals who were harmed by Defendant's violations.

      The $75 PAGA filing fee was submitted concurrently with the submission of this letter. If for any reason the fee was not received, please advise our office immediately so we can issue a new payment.

**Facts and Legal Theories Underlying This Dispute**

      The facts underlying Plaintiff's pursuit of civil penalties under PAGA are explained below.

***Employment Background***

      Defendant is a freight company based in North Carolina with 18 service centers in California. Its Rialto service center alone employs about 200 dock workers, 200 truck drivers and 100 office workers. Plaintiff was hired as a dock worker from about January 28, 2018 to October 2, 2020. Prior to his termination, he was paid at an hourly rate of $27.35. Plaintiff worked five days a week and was usually scheduled to work from 5:30 p.m. to 2:00 a.m. On occasion, Plaintiff was scheduled to work until 4:00 a.m.

Old Dominion Freight Line Inc.
October 14, 2020
Page 2 of 6

***Unpaid Wages***

Plaintiff and Aggrieved Employees were not paid wages for all hours worked. Specifically, these employees were subject to mandatory security checks upon entering and leaving Defendant's premises. However, they did not receive wages while undergoing these security checks.

Moreover, after entering the premises and undergoing the security check, Plaintiff a and Aggrieved Employees performed work-related tasks before heading to the designated dock area to clock in. Dock workers like Plaintiff, for example, spent approximately 5-15 minutes walking to the dock, searching for an available forklift, and riding it to the dock area.

After clocking out, Plaintiff and Aggrieved Employees performed work-related tasks before reaching the security checkpoint. Dock workers like Plaintiff, for example, spent approximately five minutes walking towards the checkpoint.

As a result, Defendant failed to pay Plaintiff and Aggrieved Employees all earned wages, including minimum wages and overtime compensation, for the time these employees spent performing off-the-clock work.

***Failure to Authorize and Permit Compliant Rest Periods***

At relevant times, Defendant did not authorize and permit Plaintiff and Aggrieved Employees to take timely, duty-free, and uninterrupted rest periods of at least 10 minutes net for each four hours of work or major fraction thereof, and failed to pay premium wages of one hour's pay in lieu of providing such rest periods. Plaintiff and Aggrieved Employees were prohibited from leaving the premises during their ten-minute rest periods. Defendant failed to relinquish control over how they spent their rest breaks. Moreover, at relevant times, Defendant did not provide these employees with a third compliant rest period when they worked over ten hours in a shift.

***Failure to Provide Compliant Meal Periods***

At relevant times, Defendant did not provide Plaintiff and Aggrieved Employees with timely, duty-free, and uninterrupted meal periods of at least 30 minutes for each five hours of work, and failed to pay premium wages of one hour's pay in lieu of providing such meal periods. On days when they worked over ten hours, Plaintiff and Aggrieved Employees did not receive a second compliant meal break.

***Failure to Pay Overtime Compensation***

At relevant times, Defendant failed to pay Plaintiff and Aggrieved Employees one and a half times their regular rate for work performed over 40 hours in a workweek, over 8 hours in a workday, or up to 8 hours on the seventh consecutive day of work.

At least some of the unpaid hours worked by Plaintiff and Aggrieved Employees constituted overtime, for which they were not compensated.

Old Dominion Freight Line Inc.
October 14, 2020
Page 3 of 6

**_Failure to Pay Minimum Wages_**

During periods when Plaintiff and Aggrieved Employees worked but were not paid, Defendant failed to pay these employees at least minimum wages.

**_Failure to Indemnify for Business Expenses_**

Defendant failed to reimburse Plaintiff and Aggrieved Employees for business expenses. For example, Plaintiff and other dock workers had to pay for their own pens, clipboards, and safety boots.

**_Failure to Pay Earned Wages Upon Separation_**

Defendant willfully failed to pay Plaintiff and Aggrieved Employees all earned wages immediately upon discharge or within 72 hours of resignation.

**_Failure to Provide Timely and Accurate Wage Statements_**

Defendant knowingly failed to provide Plaintiff and Aggrieved Employees with timely and accurate wage statements that included all of the following: (1) gross wages earned, (2) total hours worked, (3) all deductions, (4) net wages earned, (5) the pay period, (6) the employee name and social security number or employee number, (7) the name and address of the legal entity employer, and (8) all applicable hourly rates in effect and corresponding hours worked at each rate.

**California Labor Code § 2699, et seq., Violations**

Plaintiff, on behalf of himself and Aggrieved Employees, intends pursue civil penalties under PAGA against Defendant for violations of the following California laws:

- **Labor Code sections 510 and 1194** for Defendant's failure to pay overtime and double time compensation.

- **Labor Code sections 510, 1194, 1194.2, and 1197** for Defendant's failure to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

- **Labor Code section 226.7** for Defendant's failure to provide proper rest periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated rest period required under the Labor Code.

- **Labor Code sections 226.7 and 512** for Defendant's failure to provide proper meal periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated meal period required under the Labor Code.

Old Dominion Freight Line Inc.
October 14, 2020
Page 4 of 6

- **Labor Code section 226** for Defendant's failure to provide timely and accurate wage statements.

- **Labor Code sections 201, 202, and 203** for Defendant's failure to pay all wages immediately upon termination or within 72 hours after notice of separation.

- **Labor Code section 204** for Defendant's failure to pay all earned wages within the time prescribed in subsections 204(a) and 204(b).

- **Labor Code section 206** for Defendant's failure to pay all undisputed wages.

- **Labor Code section 226.3** for Defendant's violation of Labor Code section 226(a).

- **Labor Code section 210** for Defendant's failure to pay wages as provided in Labor Code sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and/or 1197.5.

- **Labor Code section 1174** for Defendant's failure to maintain compliant employee and payroll records.

- **Labor Code section 221** for Defendant collecting and receiving owed wages.

- **Labor Code section 1197.1** for Defendant paying, or causing to be paid, a wage less than the minimum wage.

- **Labor Code section 558** for Defendant violating, or causing to be violated, a section of the chapter of the Labor Code starting with Labor Code section 500, et seq. or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.

- **Labor Code section 1199** for Defendant violating, or causing to be violated, the provisions of the order of the Industrial Welfare Commission.

- **Labor Code section 1198** for Defendant employing employees for longer hours than those fixed by the Industrial Welfare Commission or under conditions of labor prohibited by the Industrial Welfare Commission, including, <u>but not limited to</u>:

  - **Wage Order 9-2001 (or other applicable Wage Order), Section 12**, requiring Defendant to provide its employees with adequate rest periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

  - **Wage Order 9-2001 (or other applicable Wage Order), Section 11**, requiring Defendant to provide its employees with adequate meal periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

Old Dominion Freight Line Inc.
October 14, 2020
Page 5 of 6

- **Wage Order 9-2001 (or other applicable Wage Order), Section 3**, requiring Defendant to pay overtime and double time compensation.

- **Wage Order 9-2001 (or other applicable Wage Order), Section 4**, requiring Defendant to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

- **Labor Code section 2802** for Defendant's failure to indemnify for all necessary business expenditures or losses.

**<u>Conclusion</u>**

Please be advised that this letter is intended to exhaust the pre-litigation requirements set forth under California Labor Code sections 2699, et seq. It is the intention of this office to bring the appropriate claims under Labor Code section 2699, et seq., should your office not address these matters within the proscribed time.

If you require any additional facts or theories to support Plaintiff's allegations, please do not hesitate to contact our office. We believe, however, that this letter provides sufficient basis for the alleged violations. Further, Plaintiff is willing to engage in reasonable settlement discussions before filing a civil action. By way of this letter, Plaintiff is providing Defendant an opportunity to settle this dispute.

We write this letter subject to and without waiver of Plaintiff's rights and remedies, all of which we expressly reserve. This letter is not an express statement of all facts and circumstances concerning this matter.

Very truly yours,

STONEBROOK LAW

JOSEPH TOJARIEH

JT/sp
cc (via certified mail):

Old Dominion Freight Line Inc.
500 Old Dominion Way
Thomasville, NC 27360

Article No.: 7017 3040 0000 4425 4078

Old Dominion Freight Line Inc.
2180 South Willow
Bloomington, CA 92316

Article No.: 7017 3040 0000 4425 4085

Old Dominion Freight Line Inc.
October 14, 2020
Page 6 of 6


CT Corporation System
Agent for Service of Process for
Old Dominion Freight Line Inc.
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Article No.: 7017 3040 0000 4425 4092

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

5

6

On the date of execution hereof, I caused to be served the following attached document/s:

7

**SECOND AMENDED COMPLAINT**

8

on the interested parties in this action, addressed as follows:

9

_Attorneys for Defendant:_

_Attorney for Plaintiff Tai Hang:_

10

11

12

13

14

Matthew C. Kane, Esq.
Amy E. Beverlin, Esq.
Kerri H. Sakaue, Esq.
MCGUIRE WOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Tel.: (310) 315-8200
Fax: (310) 315-8210
Email: MKane@mcguirewoods.com

Raphael A. Katri, Esq.
LAW OFFICES OF
RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034
Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

15

16

17

18

_Attorney for Plaintiff Robert Canales:_

Joseph Tojarieh, Esq.
STONEBROOK LAW
10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067
Tel: (310) 553-5533
Fax: (310) 553-5536
Email: JFT@stonebrooklaw.com

19

20

using the following service method:

21

___X__ **VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

22

23

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **March 19, 2021**, at Los Angeles, California.

24

_/s/ Cindy Rivas_
**Cindy Rivas**

25

26

27

28

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 38 -

**SECOND AMENDED COMPLAINT**