Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff TAI HANG, on
behalf of himself and all others similarly situated

**Additional Counsel on Next Page**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No.: 5:21-cv-00287-JWH-KK <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> **Hearing:** <br> **Date: June 11, 2021** <br> **Time: 9:00 a.m.** <br><br> Honorable John W. Holcomb <br> Courtroom 2 <br><br> Action filed: November 6, 2020 <br> Trial Date: None Set |

///

///

///

**<u>Additional Counsel for Plaintiffs:</u>**

Joseph Tojarieh, Esq. (#265492)
STONEBROOK LAW
10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067
Tel: (310) 553-5533 / Fax: (310) 553-5536
Email: JFT@stonebrooklaw.com

Attorneys for Plaintiff ROBERT CANALES, on
behalf of himself and all others similarly situated

///

///

///

L.
KI
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**- 2 -**
**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................ 1

II.  FACTS ....................................................................................... 2

III. ANALYSIS ................................................................................ 3

    A.   **Plaintiffs' SAC states a claim for failure to provide rest periods.** ................................................................ 4

    B.   **The SAC sufficiently alleges independent and derivative violations of Labor Code § 226.** ..................... 9

        1.   *Third Cause of Action for Independent Wage Statement Violations* ...................................... 10

        2.   *Fourth Cause of Action for Derivative Wage Statement Violations* ...................................... 11

    C.   **The SAC sufficiently alleges a claim for failure to pay final wages.** .................................................. 14

    D.   **The PAGA claim should not be dismissed.** .................. 15

    E.   **The UCL claim should not be dismissed** .................... 15

    F.   **Should the Court find any merit to Defendant's Motion, Plaintiffs should be freely granted leave to amend.** ................. 17

IV.  CONCLUSION ......................................................................... 18

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**Page**

## Cases

*ABS Entertainment, Inc. v. CBS Corporation,*
  908 F.3d 405 (9th Cir. 2018)...........................................................9

*Ambriz v. Coca Cola Co.,*
  No. 13-CV-03539-JST, 2013 WL 5947010
  (N.D. Cal. Nov. 5, 2013)..............................................................8

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)...............................................................3, 5

*Augustus v. ABM Security Servs., Inc.,*
  2 Cal.5th 257 (2016) ............................................................5, 6, 7

*Barnhill v. Robert Saunders & Co.,*
  125 Cal.App.3d 1 (1981) ............................................................14

*Bates v. Leprino Foods Co.,*
  No. 2:20-CV-00700-AWI-BAM, 2020 WL 6392562
  (E.D. Cal. Nov. 2, 2020) ...........................................................13

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ..............................................................3, 4

*Bell v. Home Depot U.S.A., Inc.,*
  No. 212CV02499JAMCKD, 2017 WL 1353779
  (E.D. Cal., Apr. 11, 2017)............................................................7

*Bernstein v. Vocus, Inc.,*
  No. 14-CV-01561-THE, 2014 WL 3673307
  (N.D. Cal., July 23, 2014) ..........................................................14

*Bowen v. Target Corporation,*
  No. ED CV 162587 JGBMRWX, 2020 WL 1931278
  (C.D. Cal., Jan. 24, 2020)..........................................................5, 6

*Cabardo v. Patacsil,*
  248 F.Supp.3d 1002 (E.D. Cal. 2017) ...............................................10

*Cahilig v. IKEA U.S. Retail, LLC,*
  No. CV 19-01182-CJC(ASX), 2019 WL 3852490
  (C.D. Cal., June 20, 2019)...........................................................7

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
  20 Cal.4th 163 (1999) .............................................................16

*Cholakyan v. Mercedes-Benz USA, LLC,*
  796 F.Supp.2d 1220 (C.D. Cal. 2011) ................................................9

///

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# TABLE OF AUTHORITIES, Continued

**Page**

## Cases, Continued

*Duley v. Centerra Grp., LLC,*
No. 2:19-CV-08754-AB-JC, 2020 WL 6526371
(C.D. Cal. June 18, 2020)............................................................ 15

*Eason v. Roman Catholic Bishop of San Diego,*
414 F. Supp. 3d 1276 (S.D. Cal. 2019) ...................................... 16

*Eminence Capital, LLC v. Aspeon, Inc.,*
316 F.3d 1048 (9th Cir.2003)...................................................... 17

*Gafcon, Inc. v. Ponsor & Associates,*
98 Cal.App.4th 1388 (2002)........................................................ 16

*Garbyo v. Leonardo Bros.,*
No. 1:15-cv-01487-DAD-JLT, 2020 WL 2765661
(E.D. Cal. May 28, 2020)............................................................ 14

*Ghazarian v. Magellan Health, Inc.,*
53 Cal. App. 5th 171 (2020)........................................................ 17

*Gomez v. Lincare, Inc.*
(2009) 173 Cal.App.4th 508 ........................................................ 15

*Harper v. Charter Commc'ns, LLC,*
No. 219CV00902WBSDMC, 2021 WL 603724
(E.D. Cal. Feb. 16, 2021) ............................................................ 13

*Howell v. Leprino Foods Co.,*
No. 1:18-CV-01404-AWI-BAM, 2021 WL 168291
(E.D. Cal. Jan. 19, 2021)............................................................. 13

*Hubbs v. Big Lots Stores, Inc.,*
No. LACV1501601JAKASX, 2018 WL 5264141
(C.D. Cal., Mar. 16, 2018)............................................................ 7

*In re Wal–Mart Stores, Inc. Wage and Hour Litigation,*
505 F.Supp.2d 609 (N.D.Cal.2007)............................................... 9

*Kahle v. Gonzales,*
474 F.3d 665 (9th Cir. 2007) ........................................................ 4

*Kazi v. PNC Bank, N.A.,*
No. 18-CV-04810-JCS, 2021 WL 965372
(N.D. Cal. Mar. 15, 2021) ..................................................... 13, 15

*Kirby v. Immoos Fire Prot., Inc.,*
53 Cal.4th 1244 (2012) ......................................................... 12, 13

///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1

## <u>TABLE OF AUTHORITIES, Continued</u>

2
<u>Page</u>

3
## <u>Cases, Continued</u>

4
*Labriola v. Bank of America, Nat. Ass'n,*
    2012 WL 1657191 (N.D. Cal., May 10, 2012, No. C 12-79 CW)............. 17

5

6
*Massey v. Banning Unified School Dist.,*
    256 F.Supp.2d 1090 (C.D.Cal. 2003) ....................................................... 16

7
*Morgan v. Rohr, Inc.,*
    No. 320CV00574GPCAHG, 2020 WL 3317202
8
    (S.D. Cal. June 18, 2020) ........................................................................ 16

9
*Muan v. Vitug,*
    2013 WL 2406596 (N.D. Cal. May 31, 2013) ........................................... 4
10

11
*Murphy v. Kenneth Cole Productions, Inc.,*
    40 Cal.4th 1094 (2007) ..........................................................11, 12, 13, 15

12
*Naranjo v. Spectrum Sec. Servs., Inc.,*
    455 P.3d 704 (Jan. 2, 2020).................................................................... 11
13

14
*Parsittie v. Schneider Logistics, Inc.,*
    No. CV193981MWFAFMX, 2020 WL 2120003
15
    (C.D. Cal. Apr. 3, 2020)..................................................................... 13, 14

16
*Reyes v. Sky Chefs, Inc.,*
    No. 20-CV-08590-LB, 2021 WL 308611
17
    (N.D. Cal. Jan. 29, 2021) ....................................................................... 14

18
*Ritenour v. Carrington Mortgage Services, LLC,*
    No. SACV1602011CJCDFMX, 2018 WL 5858658
19
    (C.D. Cal., Sept. 12, 2018) ....................................................................... 6

20
*Sanchez v. New York & Co. Stores, Inc.,*
    No. 220CV02380RGKGJS, 2020 WL 5498066
21
    (C.D. Cal. June 29, 2020)....................................................................... 14

22
*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007).................................................................... 3

23
*Valiente v. Swift Transportation Co. of Arizona, LLC,*
    No. 219CV04217VAPKKX, 2020 WL 8812885
24
    (C.D. Cal. Apr. 24, 2020)................................................................... 14, 15

25
*Varsam v. Lab Corp. of Am.,*
    120 F. Supp. 3d 1173 (S.D. Cal. 2015) ................................................... 14
26

27
*Walsh v. Nev. Dep't of Human Res.,*
    471 F.3d 1033 (9th Cir.2006).................................................................. 17

28
///

LAW OFFICE OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- iv -

# TABLE OF AUTHORITIES, Continued

**Page**

## Statutes/Rules

Business & Professions Code section 17200 ................................................. 2, 16

Federal Rules of Civil Procedure, Rule 12 ........................................................ 9

Federal Rules of Civil Procedure, Rule 12(b)(6) ....................................... 1,3, 16

Federal Rules of Civil Procedure, Rule 15 ...................................................... 17

Labor Code section 203 ................................................................................ 14, 15

Labor Code section 218.5 ................................................................................... 12

Labor Code section 226. ....................................................................9, 10, 11, 15

Labor Code section 226.7 .......................................................11, 12, 13, 15

Labor Code section 2698 ............................................................................... 1, 15

## Other Authorities

Phillips, et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-B ... 4

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I.   INTRODUCTION

Defendant Old Dominion Freight Line, Inc., has filed a Motion to Dismiss Plaintiffs Tai Hang's and Robert Canales' Second Amended Complaint ("SAC") under Federal Rules of Civil Procedure, rule 12(b)(6). Defendant's Motion to Dismiss must be denied on all counts.

First, Plaintiffs have properly alleged claims for failure to provide rest periods. Plaintiffs alleged that Defendant did not relinquish control of employees during their rest periods and, as such, failed to authorize compliant rest breaks. Defendant's policies and practices prevented employees from leaving specified areas during their breaks, thereby violating recent California Supreme Court authority. Further, because Plaintiffs and other putative class members were required to walk three to five minutes *each* way to the designated break areas, their rest periods were impermissibly cut short. Plaintiffs' SAC contains ample facts detailing these claims, including specific examples.

Second, Defendant's arguments regarding Plaintiffs' claims for inaccurate wage statements are meritless. Plaintiffs' claims allege facts supporting all required elements. Although Defendant argues that unpaid rest period premiums do not support a claim for inaccurate wage statements, Defendant fails to address the most recent authorities in this ever-changing area of law. Further, Defendant all but ignores the independent basis for Plaintiffs' wage statement claim.

Third, Plaintiffs' claim for failure to pay final wages stands with their rest period claims. Because Defendant failed to pay the premium wages required for Plaintiffs' missed rest periods, Defendant likewise failed to pay all wages due upon employment separation.

Fourth, Plaintiffs properly alleged a claim for civil penalties under the Private Attorneys General Act ("PAGA"), Labor Code § 2698, et seq. This claim is derivative of the substantive claims for rest periods, wage statements, and final

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 1 -

wages, and, as such, the PAGA claim stands with those claims.

Finally, Plaintiffs properly alleged a claim for relief under the Unfair Competition Law (UCL), Business & Professions Code section 17200, et seq. Because current California law holds that rest break premiums are wages, these unpaid premiums support a claim for restitution. Further, Plaintiffs are entitled to show that they could be re-hired and, therefore, could benefit from an injunction and/or declaratory relief. Accordingly, Defendant's argument that Plaintiffs are not entitled to relief under the UCL is premature. In any event, because Defendant's arguments are improperly directed at the specific relief requested and do not address all such requests, the UCL claim cannot be dismissed under Rule 12(b)(6).

In sum, Defendant's Motion to Dismiss must be denied.

## II.    FACTS

Defendant employed Plaintiffs and all others similarly situated as hourly-paid non-exempt employees. SAC ¶¶ 4, 6, 9.

Plaintiffs' SAC alleges that Defendant failed to provide legal rest breaks to Plaintiffs and the putative class members. SAC ¶¶ 36-56. Plaintiffs allege that Defendant's rest period policy states, "Hourly employees may not leave OD premise while on a paid rest break and are expected to be at their work station at the conclusion of the paid rest break, unless prohibited by applicable law, including state and local laws." SAC ¶ 44. The SAC further alleges, "Both Plaintiff Hang and Plaintiff Canales, along with other members of the Legal Rest Period class, were instructed that rest periods must be taken in a designated break room. They were further instructed that leaving the premises was strictly prohibited, including going to the parking lot." SAC ¶ 47. The SAC specifies that Plaintiffs were instructed during pre-shift meeting that they were subject to discipline for failing to take rest breaks in designated break rooms. SAC ¶¶ 48-49. The SAC gives examples of this discipline in action. SAC ¶¶ 48-49.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

The SAC further alleges that, "because of the huge size of Defendants' facilities and the large amount of time it took for the members of the Rest Period Class to travel from their work stations to the break room (where they were required to go) and back to their work stations," Plaintiffs and the putative class members suffered shortened rest breaks. SAC ¶ 61. For example, the SAC pleads, "Plaintiff Hang and other members of the Rest Period Class had to walk three to five minutes, each way, to and from their workstations to the designated break room at each rest period. Consequently, because rest periods were 15 minutes long, Plaintiff Hang and others had only five to nine minutes of break time after accounting for the walk." SAC ¶ 62. As a result of the long walk to the designated break rooms, "the members of the Rest Period Class to suffer noncompliant rest periods on every shift in which a rest period was required." SAC ¶ 63.

Plaintiffs' SAC also alleges two claims for failure to provide accurate wage statements. The SAC alleges that "Defendants did not and still do not furnish each of the members of the Independent Wage Statement Class with accurate itemized wage statements in writing, including but not limited not always including all applicable hourly rates for straight time, overtime 1.5 and overtime 2.0." SAC ¶ 68. The SAC also alleges that Defendant derivatively failed to provide accurate wage statements because Defendant failed to pay premiums for rest period violations. SAC ¶¶ 81-83.

Plaintiffs' SAC also alleges derivative claims for waiting time penalties, civil penalties under PAGA, and for injunctive relief, an accounting, and other orders under the UCL. SAC ¶¶ 90-121.

## III.   ANALYSIS

Rule 12(b)(6) (failure to state a claim) provides that a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic*

LAW OFFICES OF
KEVIN T. BARNES
1615 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1] The plaintiff must plead affirmative factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, the court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Kahle v. Gonzales,* 474 F.3d 665, 667 (9th Cir. 2007).[2]

## A. Plaintiffs' SAC states a claim for failure to provide rest periods.

Defendant first contends that Plaintiffs' First and Second Causes of Action for failure to authorize and permit rest periods "are unsupported by factual allegations sufficient to state a plausible claim for relief." To the contrary, both of these causes of action are supported by concise facts that clearly allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 US 544, 556-557, 570 (2007).

First, Defendant argues that the SAC fails to specify the days on which Plaintiffs were not permitted compliant rest periods. To the contrary, the SAC explicitly states that Defendant's policy "caused Plaintiff Hang to suffer noncompliant rest periods every day of work in which a rest period was required," (SAC ¶ 50) and "caused Plaintiff Canales to suffer noncompliant rest periods every day of work, except one, in which a rest period was required" (SAC ¶ 51). Moreover, Plaintiffs are not required to allege specific dates of violations. *Muan v.*

---

[1] Although Defendant also recited the standard for a motion to strike under Rule 12(f), its memorandum contains no discussion applying the standard to specific passages of the SAC.

[2] Defendant's motion unfairly evades page number limits by cramming case citations into single-spaced footnotes. "Follow the rules regarding font size and page limits, and never try to avoid them by cramming material into single-spaced footnotes." Phillips, et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-B.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-9101

*Vitug*, 2013 WL 2406596 at *2 (N.D. Cal. May 31, 2013) ("It would be unfair to require [Plaintiff] to provide in his complaint a detailed employment record when the law clearly requires the employer, not the employee, to maintain such logs.").

Second, Defendant argues that the SAC fails to allege that Plaintiffs worked a shift long enough to necessitate a rest break. To the contrary, as noted above, Plaintiffs allege that they were not provided compliant breaks "every day of work in which a rest period was required." SAC ¶¶ 50-51. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. It is common sense that if a rest period was required, a shift was long enough to require a rest period. Further, the SAC specifically alleges, "The members of the Legal Rest Period Class," which of course includes Plaintiffs, "sometimes worked over four (4) hours per shift. Further, the members of the Legal Rest Period Class sometimes worked over six (6) hours per shift, and in some cases over ten (10) hours per shift." SAC ¶ 42.

Third, Defendant claims that the phrase in its rest period policy that states such breaks must be on-premises unless prohibited by law vitiates the unlawfulness of its policy. But in its very next argument, Defendant argues that an on-premises rest period policy is not prohibited by law. If Defendant believes that an on-premises rest period policy is lawful, its "unless prohibited by law" condition is irrelevant.

Defendant also argues that some courts have held that on-premises rest period policies are lawful. To the contrary, the California Supreme Court unambiguously held that employees on rest periods must "be freed from employer control over how they spend their time." *Augustus v. ABM Security Servs., Inc.,* 2 Cal.5th 257, 260, 270 (2016). No authority has held that a rest period policy such as Defendant's is lawful under *Augustus.*

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 5 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant relies on *Bowen v. Target Corporation,* No. ED CV 162587 JGBMRWX*, 2020 WL 1931278, at \*7 (C.D. Cal., Jan. 24, 2020). There, the defendant's motion to dismiss was granted because "Plaintiffs d[id] not allege that Target enforced a policy that 'tethered' Plaintiffs to particular locations within stores for the duration of their rest periods, or in some way enforced a policy that went beyond the locomotive limitations envisioned by the *Augustus* court." *Id.* However, the court granted leave to amend precisely because this "tethering" is dispositive. *Id.*

In contrast to *Bowen*, Plaintiffs here have indeed alleged that Defendant's policy tethers employees to a particular location, thereby unlawfully controlling how putative class members spend their rest periods. The SAC alleges that Plaintiffs and the putative class members were required to take breaks in designated break rooms. Accordingly, *Bowen* supports Plaintiffs' position that there is a material difference between requiring employees to remain on-premises and preventing employees from leaving a defined area during breaks.

Defendant also relies on *Ritenour v. Carrington Mortgage Services, LLC*, No. SACV1602011CJCDFMX*, 2018 WL 5858658, at \*6 (C.D. Cal., Sept. 12, 2018), to argue that Defendant's policy requiring employees to take rest periods in a particular location is not facially invalid.[3] In *Ritenour*, the defendant's policy stated employees must remain on site during rest breaks. *Id.* ("During these paid rest periods, Associates must remain at the work facility."). The court noted that such a policy, without further evidence of employer control, does not per se violate *Augustus*. *Id.* at \*7. The Court found that "there [was] no evidence of a policy under which [the defendant's] employees, whether on site or not, were uniformly subject to employer control during their rest breaks," and, regardless, the on-site

---

[3] Notably, the *Ritenour* ruling relied on by Defendant decided class certification, not substantive legal issues. Accordingly, the analysis of the substantive merits of the rest period claim is appropriately brief in that ruling.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1   policy was not uniformly implemented. *Id.* Accordingly, the Court denied the

2   motion for class certification. *Id.* at \*6.

3          Unlike *Ritenour*, Defendant Old Dominion's rest period policy does not

4   merely require employees to remain on site, but rather requires them to stay in a

5   specific location at the worksite. SAC ¶¶ 47-49. This policy is unlawful because it

6   tethers employees to particular locations, not just because it requires employees to

7   remain on the employer's premises, like in *Ritenour*. Defendant's control over

8   employees during their rest periods is exercised by restraining their movement.

9   Defendant's policy prohibits employees from taking a walk, getting fresh air, or

10  taking a phone call in a private location. This is similar to the rest period policy in

11  *Augustus*, which was held invalid not because it required employees to remain on

12  site, but because it prohibited employees from engaging in personal activities

13  outside of the employer's control.

14         Defendant also cites to *Bell v. Home Depot U.S.A., Inc.,* No.

15  212CV02499JAMCKD, 2017 WL 1353779 (E.D. Cal., Apr. 11, 2017) and *Hubbs

16  v. Big Lots Stores, Inc.*, No. LACV1501601JAKASX, 2018 WL 5264141, at \*4

17  (C.D. Cal., Mar. 16, 2018), but those rulings did not specify what the employers'

18  rest break policies were. Significantly, however, the *Bell* court stated that it "[did]

19  not specifically adopt Defendant's interpretation that *Augustus* affirmatively

20  condones on-premises rest breaks." *Id.* at \*2. In other words, *Bell* does not stand

21  for the proposition that Defendant advances, i.e., that on-premises rest break

22  policies are per se lawful.

23         Instead, this case is like *Cahilig v. IKEA U.S. Retail, LLC,* No. CV 19-

24  01182-CJC(ASX), 2019 WL 3852490, at \*2 (C.D. Cal., June 20, 2019). There, the

25  court held, "The fact that the California Supreme Court in *Augustus* envisioned a

26  scenario in which employees do not have time to leave the premises during a rest

27  break does not render any policy requiring them to remain onsite per se lawful." As

28  a result, it determined that a rest period policy that "not only required its

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 7 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  employees to remain onsite but also 'tethered' them to particular locations onsite"

2  could amount to prohibited "'employer control' during one's rest period." *Id.*

3  Accordingly, the *Cahilig* court denied the defendant's motion to dismiss on the

4  same grounds as Defendant here asserts.

5        Similarly, here, Defendant's rest period policy did not just require

6  employees to remain onsite. The issue of whether Defendant exerted unlawful

7  control over putative class members during their rest periods is a nuanced question

8  that is not ripe for determination at the pleadings stage. Plaintiffs must be allowed

9  to conduct discovery regarding the extent of Defendant's control over employee

10  rest periods and, as such, this claim is not appropriate for adjudication at this time.

11        Defendant also argues that the SAC does not contain facts that Plaintiffs

12  were required to take rest breaks in a designated break room. To the contrary, the

13  SAC pleads, "Both Plaintiff Hang and Plaintiff Canales, along with other members

14  of the Legal Rest Period class, were instructed that rest periods ***must*** be taken in a

15  designated break room. They were further instructed that leaving the premises was

16  ***strictly prohibited***, including going to the parking lot." SAC ¶ 49, emphasis added.

17  It is hard to imagine more explicit language that Plaintiffs were required to take

18  breaks in a break room.

19        Fourth, Defendant argues that the Second Cause of Action, which alleges

20  that Plaintiffs' rest breaks were unlawfully truncated by the distance they were

21  required to walk to take a break in designated locations, fails to plead that Plaintiffs

22  actually experienced a rest break violation. To the contrary, the SAC alleges, "The

23  long walk caused the members of the Rest Period Class to suffer noncompliant rest

24  periods on every shift in which a rest period was required" because "Plaintiff Hang

25  and others had only five to nine minutes of break time after accounting for the

26  walk." SAC ¶¶ 64-65.

27        Defendant also argues that Plaintiffs should have included an allegation that

28  their rest period time was not extended to account for travel time. However, such

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

mitigation, which does not apply here anyway, is not an element of a rest period claim. See *Ambriz v. Coca Cola Co.,* No. 13-CV-03539-JST, 2013 WL 5947010, at *4-5 (N.D. Cal. Nov. 5, 2013) (holding that the plaintiff had plausibly stated a rest break claim under California law where the plaintiff alleged that "Defendant did not provide him with a net rest period of ten minutes per four hour work period, that Defendant maintained a policy of not providing him and members of the Rest Break Subclass with net rest periods of at least ten minutes per four hour work period, and that Defendant failed to pay premium wages when the rest breaks were not provided"). Consequently, Plaintiffs are not required to plead the non-existence of a possible defense.

Finally, Defendant argues that Plaintiffs' class allegations are deficient. However, the overwhelming majority of cases hold that the propriety of class certification should be decided on a fulsome record after complete discovery, not based on the face of the complaint. See *ABS Entertainment, Inc. v. CBS Corporation*, 908 F.3d 405, 427 (9th Cir. 2018) ("The class action determination can only be decided after the district court undertakes a 'rigorous analysis of the prerequisites for certification … [which] may require discovery.'") Dismissing class allegations under Rule 12 is particularly disfavored. *Cholakyan v. Mercedes-Benz USA, LLC,* 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011) (collecting cases).

For example, in *In re Wal–Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d 609 (N.D.Cal.2007), the district court denied the defendant's motions to dismiss and strike class allegations under Federal Rules of Civil Procedure, rule 12, when the defendant had not yet answered the complaint, discovery had not yet commenced, and no motion to certify a class had been filed. *Id.* at 614–16. The court concluded that, in "the absence of any discovery or specific arguments related to class certification, the Court [was] not prepared to rule on the propriety of the class allegations and explicitly reserve[d] such a ruling." *Id.* at 616.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 9 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Likewise, here, the motion to dismiss the class allegations is disfavored. Defendant has not answered, discovery has not even started, and no motion for certification has been filed. Accordingly, the motion to determine the suitability of the case for certification is premature.

**B. The SAC sufficiently alleges independent and derivative violations of Labor Code § 226.**

The SAC alleges independent wage statement violations based on the failure by Defendant to include hourly rates (Third Cause of Action, SAC ¶¶ 66-75), and derivative violations based on Defendant's failure to pay rest period premiums, resulting in inaccurate wage statements (Fourth Cause of Action, SAC ¶¶ 76-89).

Defendant conflates the Third and Fourth Causes of Action, so Plaintiffs will address the claims separately for clarity.

### *1. Third Cause of Action for Independent Wage Statement Violations*

Plaintiffs' claim for independent violations under Labor Code § 226 is based on Defendant's failure to "furnish each of the members of the Independent Wage Statement Class with accurate itemized wage statements in writing, including but not limited [to] not always including all applicable hourly rates for straight time, overtime 1.5 and overtime 2.0 and/or the accurate hourly pay rates in effect during the pay period." SAC ¶ 68. The SAC alleges that "both Plaintiff Hang and Plaintiff Canales received wage statements that did not list their applicable hourly rates." SAC ¶ 68.

Only two of Defendant's arguments address this claim. First, Defendant argues that the SAC alleges insufficient facts that Defendant's violations were knowing and intentional. An employee may obtain statutory damages if she "suffer[s] injury as a result of a knowing and intentional failure by an employer to comply with" the requirements of § 226. Labor Code § 226(e)(1). Where an employee's wage statements are issued in accordance with an employer's policy or regular practice, the violation was "knowing and intentional." *Cabardo v. Patacsil*,

Law Offices of
Kevin T. Barnes
1635 Pontius
avenue,
second floor
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

248 F.Supp.3d 1002, 1010 (E.D. Cal. 2017). Plaintiffs alleged that Defendant issued inaccurate wage statements according to its pattern and practice. SAC ¶ 70. Accordingly, Plaintiffs have sufficiently alleged a knowing and intentional failure to issue accurate wage statements.

Defendant also argues that this claim does not allege Plaintiffs suffered injury. To the contrary, Labor Code § 226(e)(1) specifies that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one of the items in Labor Code § 226(a)(1)-(9), and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information. Here, injury is presumed under section 226, because the missing information was "all applicable hourly rates in effect during the pay period." Labor Code § 226(a)(9). Further, Plaintiffs allege that "neither Plaintiff Hang [nor] Plaintiff Canales could ascertain whether they were being paid the proper rates because their wage statements did not list their applicable hourly rates." SAC ¶ 70. Accordingly, Defendant's contention lacks merit.

### 2. *Fourth Cause of Action for Derivative Wage Statement Violations*

Plaintiffs' Fourth Cause of Action for Derivative Wage Statement Violations rests on Defendant's failure to pay rest period premiums, thus failed to include such premiums on Plaintiffs' wage statements. Most of Defendant's arguments regarding wage statements are directed at this claim.

First, just like with the Third Cause of Action, Plaintiffs have sufficiently alleged the "knowing and intentional" and "injury" prongs. SAC ¶ 82 (alleging Defendant's violations were according to its "pattern and practice"), ¶ 88 (alleging the injuries that resulted from the violations).

Second, Defendant argues that rest period premiums under Labor Code § 226.7 do not support a violation of § 226. Egregiously, Defendant does not address that this exact question is currently pending in front of the California Supreme Court. *Naranjo v. Spectrum Sec. Servs., Inc.*, 455 P.3d 704 (Jan. 2, 2020);

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 11 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*Betancourt v. OS Rest. Servs.,* 471 P.3d 1000 (Cal. Aug. 19, 2020) (granting review and deferring further action pending a decision in *Naranjo*).

As the law currently stands, rest period premiums are considered "wages" under § 226. The California Supreme Court, in its 2007 decision in *Murphy,* held that payments for missed breaks should be considered wages, rather than a penalty, in the context of determining the applicable statute of limitations. *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal.4th 1094, 1110 (2007) ("payment for missed meal and rest periods [was] enacted as a premium wage to compensate employees"). Relying on the premise that "statutes regulating conditions of employment are to be liberally construed with an eye to protecting employees," *Murphy* made three important conclusions: (1) "Section 226.7's 'additional hour of pay' constitutes wages" as the Legislature intended section 226.7 to "compensate employees for their injuries"; (2) The premium wages function identically to overtime premiums ("a payment owed pursuant to section 226.7 is akin to an employee's immediate entitlement to payment of wages or for overtime"); and (3) "Under the amended version of section 226.7, an employee is entitled to the additional hour of pay immediately upon being forced to miss a rest or meal period." *Id.* at 1102, 1108, 1111. *Murphy's* conclusions establish that regardless of whether the claim under section 226.7 is characterized as one for non-payment of wages or something else, the remedy provided is unequivocally a "wage."

Five years later, in *Kirby v. Immoos Fire Protection*, the California Supreme Court was presented with the related question of whether an action to recover payments for missed meal breaks should be considered one "brought for the nonpayment of wages" under Labor Code section 218.5's fee-shifting provisions. *Kirby v. Immoos Fire Prot., Inc.,* 53 Cal.4th 1244 (2012). In *Kirby,* an employer sought to recover attorneys' fees from employees who had unsuccessfully litigated a claim for missed meal period payments under section 226.7, under the attorney fee shifting provisions in section 218.5. Section 218.5 awards attorneys' fees to a

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 12 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  prevailing party in "any action brought for the nonpayment of wages." The *Kirby*

2  court affirmed *Murphy*'s holding that a missed meal period payment was a "wage"

3  for purposes of the statute of limitations. *Id.* at 1256. It held only that an action to

4  recover payments under section 226.7 was not one "brought for," i.e. brought "on

5  account of," nonpayment of wages. *Id.*

6        *Kirby* did not abrogate *Murphy*. The payment required by section 226.7

7  remained a wage for all the reasons stated in *Murphy*, which directly examined the

8  nature of the premium and termed it a "wage" rather than a "penalty." The

9  distinction made in *Kirby* was narrowly limited to the relief at issue there, in the

10 two-way fee shifting statute. *Kirby*, 53 Cal.4th at 1256. In other words, *Murphy*

11 addressed the characterization of the damages provided by section 226.7 as wages

12 while *Kirby* addressed the characterization of the substantive violation of section

13 226.7 claim itself.

14       Contravening *Murphy*, two California appellate decisions later held that

15 unpaid rest break premiums under § 226.7 are penalties and do not entitle

16 employees to pursue the derivative penalties under § 226(a). *Naranjo v. Spectrum*

17 *Security Services, Inc.*, 40 Cal. App. 5th 444, 474 (2019); *Betancourt v. OS Rest.*

18 *Servs.*, LLC, 49 Cal. App. 5th 240, 248 (2020). However, the California Supreme

19 Court granted review of both these decisions, which means neither is precedential.

20 Cal. R. Ct. 8.1115(e)(1).

21       Defendant's entire discussion of this issue is irrelevant because Defendant

22 cites **only one single case** that was issued after review was granted in *Naranjo*.

23 Notably, that single case also fails to address *Naranjo. Parsittie v. Schneider*

24 *Logistics, Inc.,* No. CV193981MWFAFMX, 2020 WL 2120003, at *8 (C.D. Cal.

25 Apr. 3, 2020) (holding that allowing a claim for inaccurate wage statements based

26 on failure to pay rest period premiums would result in "double recovery").

27       In contrast to Defendant's outdated authorities, since the California Supreme

28 Court's grant of review in *Naranjo*, most district courts have held that unpaid

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 13 -
**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

break premiums can support a wage statement claim. *Kazi v. PNC Bank, N.A.,* No. 18-CV-04810-JCS, 2021 WL 965372, at *22 (N.D. Cal. Mar. 15, 2021) "Under *Murphy*, premiums owed under section 226.7 are wages. This Court therefore concludes that the California Supreme Court will reverse Naranjo's holding to the contrary, and declines to grant PNC summary judgment on any claims based on that decision."); *Bates v. Leprino Foods Co.*, No. 2:20-CV-00700-AWI-BAM, 2020 WL 6392562, at *5 (E.D. Cal. Nov. 2, 2020) (same); *Howell v. Leprino Foods Co.*, No. 1:18-CV-01404-AWI-BAM, 2021 WL 168291, at *4 (E.D. Cal. Jan. 19, 2021) (same); *Harper v. Charter Commc'ns, LLC,* No. 219CV00902WBSDMC, 2021 WL 603724, at *18 (E.D. Cal. Feb. 16, 2021) (same). Only a couple district court cases have held that unpaid premiums do not support derivative claims. *Garbyo v. Leonardo Bros.,* No. 1:15-cv-01487-DAD-JLT, 2020 WL 2765661, at *7–8 (E.D. Cal. May 28, 2020) (recommending dismissal of wage statement claim that was derivative of the rest period claim based on the court's reasoning in *Naranjo*); *Sanchez v. New York & Co. Stores, Inc.*, No. 220CV02380RGKGJS, 2020 WL 5498066, at *3 (C.D. Cal. June 29, 2020) (same). Finally, two courts have stayed derivative claims pending the California Supreme Court's decision in *Naranjo. Valiente v. Swift Transportation Co. of Arizona, LLC*, No. 219CV04217VAPKKX, 2020 WL 8812885, at *3 (C.D. Cal. Apr. 24, 2020); *Reyes v. Sky Chefs, Inc.*, No. 20-CV-08590-LB, 2021 WL 308611, at *1 fn.3 (N.D. Cal. Jan. 29, 2021).

This Court should follow the weight of authority and deny Defendant's motion to dismiss the fourth cause of action.

### C. The SAC sufficiently alleges a claim for failure to pay final wages.

To state a claim for waiting time penalties under Labor Code § 203, a plaintiff must allege that her employer willfully failed to pay all wages she was entitled to at the time her employment ended. See *Bernstein v. Vocus, Inc.*, No. 14-CV-01561-THE, 2014 WL 3673307, at *5 (N.D. Cal., July 23, 2014).

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.:(323) 549-9100
FAX:(323) 549-0101

- 14 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant argues that Plaintiffs fail to allege facts supporting their Fifth Cause of Action for failure to pay final wages in violation of Labor Code § 203. To the contrary, Plaintiffs allege specifics of their employment separations, that Defendant failed to pay them unpaid break premiums, and that the wages remained unpaid for up to 30 days after their employment separation. SAC ¶¶ 6, 9, 94, 96.

Defendant also argues that the SAC fails to sufficiently allege willfulness. However, as used in section 203, "'willful' merely means that the employer intentionally failed or refused to perform an act which was required to be done." *Barnhill v. Robert Saunders & Co.*, 125 Cal.App.3d 1, 8 (1981). "Courts have found that an allegation of deliberately implementing a policy 'of not paying owed wages' is sufficient to satisfy the willful requirement of [Section] 203." See *Varsam v. Lab Corp. of Am.*, 120 F. Supp. 3d 1173, 1179 (S.D. Cal. 2015) (citations omitted). Here, the SAC alleges Defendant intentionally failed to pay Plaintiffs final wages under Defendant's "pattern and practice." SAC ¶¶ 95-96.

Accordingly, Plaintiffs have sufficiently pleaded the elements of a claim under Labor Code § 203. *Duley v. Centerra Grp., LLC,* No. 2:19-CV-08754-AB-JC, 2020 WL 6526371, at *2 (C.D. Cal. June 18, 2020) (holding a claim under § 203 is sufficiently pleaded "by alleging that [Defendant] deliberately implemented a companywide policy of not paying overtime[;] that he and some of the Putative Class members were discharged or quit ... and have failed to receive the overtime wages due to them.")

Defendant repeats its argument that unpaid break premiums are not wages and, as such, do not support a claim under Labor Code § 203. As addressed above in the context of Labor Code § 226, current California law, as well as the majority of recent district court rulings, hold that rest period premiums are wages, and thus support a claim under Labor Code § 203. See *Kazi v. PNC Bank, N.A.*, No. 18-CV-04810-JCS, 2021 WL 965372, at *22 (N.D. Cal. Mar. 15, 2021) ("There are compelling reasons to believe the California Supreme Court will reverse *Naranjo*,

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

because its holding that premiums under section 226.7 are not 'wages' directly conflicts with the California Supreme Court's decision in *Murphy*.")

### D. The PAGA claim should not be dismissed.

Plaintiffs' Sixth Cause of Action is for civil penalties under PAGA, Labor Code section 2698, et seq. This claim is derivative of their first five causes of action. Accordingly, this cause of action states a claim because Plaintiffs' claims for rest period violations, inaccurate wage statements, and waiting time penalties state claims. *Gomez v. Lincare, Inc.* (2009) 173 Cal.App.4th 508, 524-25 (holding that derivative claims stand or fall with the underlying predicate claim). Defendant's motion to dismiss this claim must be denied.

### E. The UCL claim should not be dismissed.

Under the Unfair Competition Law ("UCL"), "a practice is prohibited as 'unfair' or 'deceptive' even if it is not 'unlawful' or vice versa." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999) (internal quotes omitted).

First, Defendant argues that the UCL claim fails to the extent it is derivative of the rest period claim. "Virtually any law can serve as the predicate for a Business & Professions Code § 17200 action; … [Business and Professions Code s]ection 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable under section 17200 et seq." *Gafcon, Inc. v. Ponsor & Associates*, 98 Cal.App.4th 1388, 1425 n.15 (2002). Here, Plaintiffs' first five causes of action for various Labor Code violations serve as the predicate for the UCL claim. Accordingly, the UCL cause of action stands with these claims.

Second, Defendant argues that Plaintiffs cannot recover restitution or seek injunctive or declaratory relief under the UCL. However, a Rule 12(b)(6) motion is not the proper device to request the striking of a request for relief, and will not be granted merely because plaintiff requests a remedy to which he or she is not entitled. *Massey v. Banning Unified School Dist.,* 256 F.Supp.2d 1090, 1092

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 16 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

(C.D.Cal. 2003). Therefore, these arguments must be disregarded as procedurally improper.

Regarding restitution, Defendant argues that penalties are not covered by the UCL. As addressed in full above, the question of whether unpaid break premiums are wages is currently before the California Supreme Court. However, courts have found that recovery for meal period violations can be properly considered under the UCL. See *Eason v. Roman Catholic Bishop of San Diego,* 414 F. Supp. 3d 1276, 1283 (S.D. Cal. 2019); *Morgan v. Rohr, Inc.*, No. 320CV00574GPCAHG, 2020 WL 3317202, at *3 (S.D. Cal. June 18, 2020).

Likewise, Defendant contends that, as former employees, Plaintiffs do not have standing to pray for injunctive or declaratory relief. However, this argument is premature as Plaintiffs are entitled to show that they could be re-hired and, therefore, could benefit from prospective relief. *Labriola v. Bank of America, Nat. Ass'n*, 2012 WL 1657191, at *7 (N.D. Cal., May 10, 2012, No. C 12-79 CW) ("where a plaintiff may return to work for his former employer, he may benefit from an injunction changing its employment practices, and therefore has standing"), citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir.2006).

Further, Plaintiffs must be allowed to conduct discovery regarding whether Defendant has changed its rest break policy. If this policy is found to be unlawful, and Defendant has not ceased controlling employees' rest periods, damages may be inadequate as they would not protect employees from future wrongful denials of legal rest periods. See *Ghazarian v. Magellan Health, Inc.*, 53 Cal. App. 5th 171 (2020) (holding injunction can be awarded when there is no evidence that the defendant's unlawful policies have changed).

Finally, Defendant fails to address Plaintiffs' additional requests for relief under the UCL, including an accounting. In other words, even if Defendant was correct regarding the requests for restitution and injunctive and declaratory relief,

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 17 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

the UCL claim still could not be dismissed.

In sum, Defendant's motion to dismiss Plaintiffs' UCL claim must be denied.

### F.  Should the Court find any merit to Defendant's Motion, Plaintiffs should be freely granted leave to amend.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed.R.Civ.P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003).

Thus, should the Court be inclined to dismiss any of Plaintiffs' claim, Plaintiffs respectfully request leave to amend.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss Plaintiffs' SAC.

Dated: May 21, 2021                    LAW OFFICES OF KEVIN T. BARNES

                                       By:    */s/ Gregg Lander*
                                              Kevin T. Barnes, Esq.
                                              Gregg Lander, Esq.
                                              Attorneys for Plaintiffs

Law Offices of
Kevin T. Barnes
1635 Pontius
Avenue,
Second Floor
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 18 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

5

6

On the date of execution hereof, I caused to be served the following attached document/s:

7

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

8

9

on the interested parties in this action, addressed as follows:

10

_Attorneys for Defendant:_          _Attorney for Plaintiff Tai Hang:_

11

Matthew C. Kane, Esq.          Raphael A. Katri, Esq.
Amy E. Beverlin, Esq.          LAW OFFICES OF

12

Kerri H. Sakaue, Esq.          RAPHAEL A. KATRI
MCGUIRE WOODS LLP          8549 Wilshire Boulevard, Suite 200
1800 Century Park East, 8th Floor          Beverly Hills, CA 90211-3104

13

Los Angeles, CA 90067          Tel.: (310) 940-2034
Tel.: (310) 315-8200          Fax: (310) 733-5644

14

Fax: (310) 315-8210          Email: RKatri@socallaborlawyers.com
Email: MKane@mcguirewoods.com

15

_Attorney for Plaintiff Robert Canales:_

16

Joseph Tojarieh, Esq.

17

STONEBROOK LAW
10250 Constellation Boulevard, Suite 100

18

Los Angeles, CA 90067
Tel: (310) 553-5533

19

Fax: (310) 553-5536
Email: JFT@stonebrooklaw.com

20

using the following service method:

21

  **X  VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which

22

sent notification of such filing to the above interested parties.

23

I DECLARE under penalty of perjury that the foregoing is true and correct.

24

Executed on **May 21, 2021**, at Los Angeles, California.

25

_/s/ Cindy Rivas_

26

**Cindy Rivas**

27

28

- 1 -

**PROOF OF SERVICE**