**McGuireWoods LLP**
Matthew C. Kane, Esq. (SBN 171829)
  Email: mkane@mcguirewoods.com
Amy E. Beverlin, Esq. (SBN 284745)
  Email: abeverlin@mcguirewoods.com
Kerri H. Sakaue, Esq. (SBN 301043)
  Email: ksakaue@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Tel:  (310) 315-8200
Fax:  (310) 315-8210

**McGuireWoods LLP**
Sylvia J. Kim (SBN 258363)
  Email: skim@mcguirewoods.com
2 Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone:  (415) 844-9944
Facsimile:  (415) 844-9922

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 5:21-cv-00287-JWH-KK<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**<br><br>Date:   June 11, 2021<br>Time:   9:00 a.m.<br>Crtrm.:  2<br>Judge:  Hon. John W. Holcomb |

145452877.4

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................... ii

I. INTRODUCTION ............................................................................................ 1

II. THE PURPORTED REST BREAK CLAIMS SHOULD BE DISMISSED ..................................................................................................... 1

III. THE PURPORTED WAGE STATEMENT CLAIMS SHOULD BE DISMISSED ..................................................................................................... 5

IV. THE PURPORTED LATE FINAL WAGE PAYMENT CLAIM SHOULD BE DISMISSED ............................................................................. 7

V. THE PURPORTED PAGA CLAIM SHOULD BE DISMISSED ................ 10

VI. THE PURPORTED UCL CLAIM SHOULD BE DISMISSED ................... 10

VII. PLAINTIFFS' PURPORTED REQUESTS FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DISMISSED .......................... 11

VIII. FURTHER LEAVE TO AMEND SHOULD BE DENIED ......................... 12

IX. CONCLUSION .............................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*ABS Entm't, Inc. v. CBS Corp.*,
   908 F.3d 405 (9th Cir. 2018) .................................................................................. 4

*Alfino v. Litton Loan Servicing, LP*,
   2011 WL 13225023 (C.D. Cal. Aug. 24, 2011) ...................................................... 3

*Ambriz v. Coca Cola Co.*,
   2013 WL 5947010 (N.D. Cal. Nov. 5, 2013) ......................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 4

*Bowen v. Target Corp.*,
   2020 WL 1931278 (C.D. Cal. Jan. 24, 2020) ......................................................... 2

*Cabardo v. Patacsil*,
   248 F.Supp.3d 1002 (E.D. Cal. 2017) ..................................................................... 5

*Cahilig v. IKEA U.S. Retail, LLC*,
   2019 WL 3852490 (C.D. Cal. June 20, 2019) ........................................................ 3

*Cholakyan v. Mercedes-Benz USA, LLC*,
   796 F.Supp.2d 1220 (C.D. Cal. 2011) .................................................................... 4

*Corder v. Houston's Rests., Inc.*,
   424 F.Supp.2d 1205 (C.D. Cal. 2006) .................................................................. 11

*Delodder v. Aerotek, Inc.*,
   2009 WL 3770670 (C.D. Cal. 2009) ..................................................................... 12

*Duley v. Centerra Grp, LLC*,
   2020 WL 6526369 (C.D. Cal. Mar. 18, 2020) ....................................................... 7

*Eason v. Roman Catholic Bishop of San Diego.*,
   414 F.Supp.3d 1276 (S.D. Cal. 2019) ............................................................. 10, 11

145452877.4

ii

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

*Guerrero v. Halliburton Energy Servs., Inc.*,
  2016 WL 6494296 (E.D. Cal. Nov. 2, 2016) ...................................................... 1

*Hernandez v. Houdini, Inc.*,
  2017 WL 8223987 (C.D. Cal. Mar. 21, 2017) ..................................................... 1

*Jones v. Spherion Staffing LLC*,
  2012 WL 3264081 (C.D. Cal. Aug. 7, 2012) ...................................................... 6

*Labriola v. Bank of Am., N.A.*,
  2012 WL 1657191 (N.D. Cal. May 10, 2012) .............................................. 11, 12

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2014) ...................................................................... 1, 2, 3

*Lefevere v. Pac. Bell Directory*,
  2014 WL 5810530 (N.D. Cal. Nov. 17, 2014) ................................................... 2

*Lewis v. Wendy's Int'l, Inc.*,
  2010 WL 11452279 (C.D. Cal. Mar. 24, 2010) .................................................. 4

*M.S. v. Cnty. of Ventura*,
  2017 WL 10434015 (C.D. Cal. Mar. 7, 2017) .................................................... 6

*Morales v. Paschen Mgmt. Corp.*,
  2019 WL 6354396 (C.D. Cal. Sept. 27, 2019) .................................................... 6

*Morgan v. Rohr, Inc.*,
  2020 WL 3317202 (S.D. Cal. June 18, 2020) .................................................. 11

*Ortega v. Watkins & Shepard Trucking, Inc.*,
  2019 WL 2871161 (C.D. Cal. Mar. 27, 2019) .................................................... 2

*Ovation Toys Co. v. Only Hearts Club*,
  2015 WL 13446278 (C.D. Cal. Apr. 6, 2015) ................................................... 12

*Ovieda v. Sodexo Operations, LLC*,
  2012 WL 1627237 (C.D. Cal. May 7, 2012) ...................................................... 2

*Parsittie v. Schneider Logistics, Inc.*,
  2019 WL 8163645 (C.D. Cal. Oct. 29. 2019) .................................................. 5, 6

*Parsittie v. Schneider Logistics, Inc.*,
  2020 WL 2120003 (C.D. Cal. Apr. 3, 2020) ....................................................... 6

*Pulido v. Coca Cola Enters., Inc.*,
   2006 WL 1699328 (C.D. Cal. May 25, 2006) ...................................................... 11

*Pyara v. Sysco Corp.*,
   2016 WL 3916339 (E.D. Cal. July 20, 2016) ................................................... 5, 6

*Ramirez v. Ghilotti Bros. Inc.*,
   941 F.Supp.2d 1197 (N.D. Cal. 2013) .................................................................. 6

*Ruelas v. Costco Wholesale Corp.*,
   67 F.Supp.3d 1137 (N.D. Cal. 2014) .............................................................. 9, 10

*Sanchez v. New York & Co. Stores, Inc.*,
   2020 WL 5498066 (C.D. Cal. June 29, 2020) ................................................. 8, 9

*Sanchez v. Ritz Carlton*,
   2015 WL 5009659 (C.D. Cal. Aug. 17, 2015) ...................................................... 8

*Sherman v. Schneider Nat'l Carriers, Inc.*,
   2019 WL 3220585 (C.D. Cal. Mar. 6, 2019) ........................................................ 5

*Soratorio v. Tesoro Ref. & Mktg. Co., LLC*,
   2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) ................................................... 2, 8

*Suarez v. Bank of Am. Corp.*,
   2018 WL 2431473 (N.D. Cal. May 30, 2018) ...................................................... 3

*Varsam v. Lab. Corp. of Am.*,
   120 F.Supp.3d 1173 (S.D. Cal. 2015) ................................................................... 8

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ............................................................................................ 12

*In re Wal-Mart, Inc. Wage & Hour Litig.*,
   505 F.Supp.2d 609 (N.D. Cal. 2007) ................................................................ 4, 8

**State Cases**

*Barnhill v. Robert Saunders & Co.*,
   125 Cal.App.3d 1 (1981) ...................................................................................... 8

*Betancourt v. OS Rest. Servs., LLC*,
   49 Cal.App.5th 240 (2020), *reh'g denied* (May 18, 2020), *rev.
   granted*, 471 P.3d 1000 (Aug. 19, 2020) ............................................................. 9

145452877.4                                              iv
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

*Cortez v. Purolator Air Filtration Prods., Co.*,
   23 Cal.4th 163 (2000) ................................................................................................ 11

*Kirby v. Immoos Fire Protection, Inc.*,
   53 Cal.4th 1244 (2012) ............................................................................................ 8, 9

*Ling v. P.F. Chang's China Bistro, Inc.*,
   245 Cal.App.4th 1242 (2016) .................................................................................. 9, 10

*Murphy v. Kenneth Cole Prods., Inc.*,
   40 Cal.4th 1094 (2007) ...................................................................................... 6, 9, 11

*Naranjo v. Spectrum Sec. Servs., Inc.*,
   40 Cal.App.5th 444 (2019) ............................................................................ 6, 8, 10, 11

**State Statutes**

Cal. Lab. Code § 200(a) ..................................................................................................... 9

Cal. Lab. Code § 201 .................................................................................................... 7, 10

Cal. Lab. Code § 202 .................................................................................................... 7, 10

Cal. Lab. Code § 203 ....................................................................................................... 10

Cal. Lab. Code § 226 ....................................................................................................... 10

Cal. Lab. Code § 226(a) ........................................................................................ 5, 6, 8, 9

Cal. Lab. Code § 226(e)(1) ................................................................................................ 5

Cal. Lab. Code § 226.7(b) ............................................................................................... 11

**State Rules**

Cal. R. Ct. 8.1115 .......................................................................................................... 7, 9

145452877.4

v

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

## I. INTRODUCTION

Plaintiffs' Opposition merely rehashes the buzzwords and unsupported legal conclusions of their Second Amended Complaint ("SAC"), demonstrating that they have failed to, and cannot, proffer *any* specific **facts**—*e.g.,* the who, what, where, when, why and how—to support their purported claims. Notwithstanding their arguments to the contrary, Plaintiffs' SAC suffers from numerous substantive defects and fails to state *any* claim as a matter of law. Thus, the SAC should be dismissed and/or portions thereof stricken **without further leave to amend**.

## II. THE PURPORTED REST BREAK CLAIMS SHOULD BE DISMISSED

In their Opposition, Plaintiffs merely restate the SAC's deficient allegations and then *conclude* that such allegations are "sufficient" under Rule 8—but plainly, they are not. See Opp. at 4:11-10:4. First, they do not (and cannot) point to any **specific facts** in their SAC about their *own* break experiences that would plausibly suggest they ever experienced a rest break violation *because of* any policy, practice, or supervisor directive. See *id.* at 4:17-5:15. They also **do not dispute** that the SAC does not allege a **single specific instance** of a rest break violation as required by *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014). *See, e.g.*, *Guerrero v. Halliburton Energy Servs., Inc.*, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) (dismissing break claims for failing to satisfy *Landers* standard).[1] This is because the SAC does nothing more than *generally* allege that Plaintiffs and other PCMs were not provided breaks "every day in which a rest period was required." Opp. at 4:18-22.

But such an indeterminate allegation is insufficient to state a rest break violation claim. Plaintiffs proffer **no facts** as to how merely walking to take their rest breaks plausibly resulted in a rest break violation and fail to identify any policy, procedure, or supervisor directive that supports their vague allegation that they and

---

[1] "Courts in this district apply the *Landers* standard to missed meal and rest period claims." *Hernandez v. Houdini, Inc.*, 2017 WL 8223987, at *7 (C.D. Cal. Mar. 21, 2017) (Carter, J.).

145452877.4

1

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

other putative class members ("PCMs") were *required* to take rest breaks only in the "breakroom" such that ODFL imposed constraints on how or where they took breaks. *See* SAC, ¶¶ 47-49. Although Plaintiffs allege that they were "instructed that rest periods must be taken in a designated break room" (*id.*, ¶ 47), they cannot point to any factual allegations in the SAC stating *who* purportedly gave *them* such instructions. Their *conclusion* that rest break violations occurred does not plausibly suggest that ODFL had an unlawful on-premises rest period policy or practice.[2] There is simply *nothing* in the SAC that transforms the rest break claims from *possible* to *plausible*.[3]

In their Opposition, Plaintiffs argue it is "common sense that ***if*** a rest period was required, a shift was long enough to require a rest period" and that the SAC specifically alleges that the "'members of the Legal Rest Period Class ... sometimes worked over four (4) hours per shift'" and that proposed class "of course includes Plaintiffs." Opp. at 5:10-13 (citing SAC, ¶ 42). But their retreat from the SAC to the realm of so-called "common sense" only emphasizes that this purported allegation does ***not*** amount to a ***specific factual allegation*** that *Plaintiffs* "even once worked a shift long enough to obligate [ODFL] to provide [them] with a rest period" in the first instance, *Ovieda v. Sodexo Operations, LLC*, 2012 WL 1627237, at *2 (C.D. Cal. May 7, 2012) (King, J.), and in *no way* satisfies *Landers*, *see Soratorio v. Tesoro Ref. & Mktg. Co., LLC*, 2017 WL 1520416, at *6-7 (C.D. Cal. Apr. 26, 2017) (Fitzgerald, J.).[4] Instead, it suggests that PCMs *other than Plaintiffs* <u>may</u> have worked a shift long

---

[2] *See, e.g.*, *Bowen v. Target Corp.*, 2020 WL 1931278, *6 (C.D. Cal. Jan. 24, 2020) (Bernal, J.).

[3] *See Lefevere v. Pac. Bell Directory*, 2014 WL 5810530, at *1, 3 (N.D. Cal. Nov. 17, 2014) (statement that plaintiff was "prevented" from taking breaks was conclusory and insufficient to indicate *how* defendants prevented breaks); *Ortega v. Watkins & Shepard Trucking, Inc.*, 2019 WL 2871161, at *5-6 (C.D. Cal. Mar. 27, 2019) (Carter, J.) (plaintiff must plead sufficient facts as to how policy prevented breaks); *see also* Mot. at nn. 4, 7 (collecting cases).

[4] *See also* Mot. at nn.3-4 (collecting cases requiring *specific* factual allegations, including factual allegations demonstrating that there was "a given week" in which a meal break violation occurred as required by *Landers*).

145452877.4

2

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

enough to entitle them to rest periods, but that **Plaintiffs never did**. Accordingly, the Opposition's *conclusion* that Plaintiffs worked a shift long enough to necessitate a rest break finds **no** support in the SAC's allegations or in "common sense."

Plaintiffs also erroneously argue that this case aligns with *Cahilig v. IKEA U.S. Retail, LLC*, 2019 WL 3852490 (C.D. Cal. June 20, 2019) (Carney, J.). In that case, the plaintiff alleged defendant's written rest period policy violated California law because it expressly required employees to spend their rest breaks onsite "in either the Staff Café or other designated non-work areas." *Id.* at *1. Here, in contrast, ODFL's alleged rest period policy (that Plaintiffs pasted in the SAC) does not "tether" employees to any particular on-site location. *See* SAC, ¶ 44. Likewise, *Ambriz v. Coca Cola Co.*, 2013 WL 5947010 (N.D. Cal. Nov. 5, 2013), is inapposite because that ruling was *pre-Landers*—and other courts have since **declined** to follow *Ambriz* for that very reason. *See, e.g., Suarez v. Bank of Am. Corp.*, 2018 WL 2431473, *5 n.1 (N.D. Cal. May 30, 2018) (finding *Ambriz* not persuasive in light of *Landers*).

Having not alleged any unlawful rest period policy, Plaintiffs effectively rely on a purported **supervisory practice** of requiring rest breaks to be taken only in a designated break room. *See* Opp. at 8:11-18. But they fail to cite any authority even tending to support their argument that the SAC's threadbare allegations plausibly suggest ODFL enforced a practice that dictated how **or where** PCMs take their rest breaks.[5] Opp. at 6:1-8:18.[6] Indeed, Plaintiffs admit their claim is merely speculative because they need to conduct **discovery** to know whether ODFL exerted "unlawful control" over PCMs' rest periods before they would be able to (if ever) plausibly state

---

[5] For these reasons, Plaintiffs' attempt to distinguish ODFL's cited cases also misses the mark. *Compare id.* at 6:1-7:22 *with* Mot. at 5:5-6:12.

[6] Plaintiffs *argue* that ODFL's policy "prohibits employees from taking a walk, getting fresh air, or taking a phone call in a private location." *See* Opp. at 7:7-10. However, such allegations are found **nowhere** in the SAC and must be **disregarded**. *See, e.g., Alfino v. Litton Loan Servicing, LP*, 2011 WL 13225023, at *9 (C.D. Cal. Aug. 24, 2011) (Phillips, J.) (disregarding unpled allegations made in opposition to a motion to dismiss). Indeed, their conclusory and unsupported argument is a tacit concession that the SAC's allegations are in fact deficient.

145452877.4

3

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

their claim. Opp. at 8:5-10. But such a discovery-dependent, "ready-fire-aim" approach to pleading has been long foreclosed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The SAC alleges nothing more than that an unidentified *someone* or *something* "instructed" PCMs to take rest periods only in the breakroom, and still fails to allege "*how* the practice[] prevented, impeded, discouraged or dissuaded [Plaintiffs] and others from taking ... breaks." *Lewis v. Wendy's Int'l, Inc.*, 2010 WL 11452279, at *9-10 (C.D. Cal. Mar. 24, 2010) (Morrow, J.) (emph. added).

Plaintiffs' other cited cases are wholly inapplicable and thus do not favor a different result. *See* Opp. at 9:11-27. For example, in *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011) (Morrow. J.), the defendant moved to strike the class allegations on the grounds that "the putative class is not ascertainable, [the plaintiff] is not a typical or adequate class representative, and the class allegations raise multiple individualized issues." The court denied the motion because it was "premature to determine if this matter **should proceed as a class action**." *Id.* at 1246 (emph. added). In contrast, ODFL does not argue, at this juncture, the propriety of class certification and has not invoked any of the Rule 23 class certification factors.[7] Instead, the sole issue *sub judice* is whether Plaintiffs have alleged sufficient facts to give rise to a plausible claim for relief on a class-wide basis. *See Iqbal*, 556 U.S. at 679. But they have proved unable to articulate even the most basic facts necessary to state a plausible claim for *individual* relief.[8]

Therefore, Plaintiffs' SAC fails to state any plausible claim for rest break violations, and their First and Second Causes of Action should be dismissed.

---

[7] Plaintiffs also cite to *In re Wal-Mart, Inc. Wage & Hour Litig.*, 505 F.Supp.2d 609 (N.D. Cal. 2007), but it was decided prior to *Iqbal* and did not even analyze the minimum pleading requirements required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Likewise, *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018), involved a summary judgment motion to which Rule 8 does not even apply.

[8] *See Twombly*, 550 U.S. at 559-60 & n.6 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process ....").

## III. THE PURPORTED WAGE STATEMENT CLAIMS SHOULD BE DISMISSED

***First***, Plaintiffs **do not dispute** that the wage statements issued to them accurately reported the wages *actually paid to them* during each pay period in which they earned wages. *See* Opp. at 10:7-14:23. Because Plaintiffs do not allege that the wage statements they received from ODFL were inaccurate in reporting the *wages actually paid to them* in that pay period, their claims fail as a matter of law. *See Sherman v. Schneider Nat'l Carriers, Inc.*, 2019 WL 3220585, at *5 (C.D. Cal. Mar. 6, 2019) (Birotte, J.); *see also* Mot. at 8:11-10:4 (discussion and collecting cases).

***Second***, Plaintiffs do not identify any facts in their SAC that plausibly suggest ODFL engaged in a *knowing and intentional* violation of Cal. Lab. Code § 226(a) because **none are alleged**. *See* Cal. Lab. Code § 226(e)(1) (requiring a "*knowing* and *intentional* failure … to comply" (emph. added)). Instead, Plaintiffs *argue* that they have alleged a knowing and intentional violation merely by alleging that their wage statements were issued in accordance with ODFL's pattern or practice (Opp. at 10:26-28)—but that falls far short of the established standard for pleading a knowing and intentional violation.[9] *See* Mot. at 11:16-23 & n.11 (collecting cases).

***Third***, Plaintiffs **do not dispute** that their wage statement claims impermissibly seek "double recovery"—that is, penalties under *two* statutes for a *single* violation (the purported failure to pay rest period premiums). *See* Opp. at 13:21-26; *see also Parsittie v. Schneider Logistics, Inc.*, 2019 WL 8163645, *7 (C.D. Cal. Oct. 29. 2019) (Fitzgerald, J.); *Pyara v. Sysco Corp.*, 2016 WL 3916339, at *7 (E.D. Cal. July 20,

---

[9] Plaintiffs cite *Cabardo v. Patacsil*, 248 F.Supp.3d 1002, 1010 (E.D. Cal. 2017), which is an inapposite *summary judgment decision* where the defendant *admittedly* issued wage statements that did not reflect the hours worked because the employees were salaried. The court did not – and had no reason to – hold that the mere *allegation* that wage statements are issued pursuant to a defendant's "pattern and practice" is sufficient to plead a knowing and intentional violation. *See id.* (noting that, "when *evaluating* whether a particular violation was knowing and intentional," courts consider whether the employer has adopted compliant policies, procedures, and practices (emph. added)). *Cabardo* is thus entirely inapplicable.

145452877.4

5

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

2016). Instead, they ask the Court to disregard persuasive authority on the issue simply because *some* courts have ruled that break premiums are subject to reporting—which is a different issue altogether. *See* Opp. at 13:27-14:21. Plaintiffs' failure to oppose this double recovery argument is tantamount to a concession of its merits.[10]

***Fourth***, and in any event, Section 226.7 payments do **not** trigger Section 226 liability. *See* Mot. at 13:7-15:6 (discussion and collecting cases). In *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094 (2007), the California Supreme Court recognized that Section 226.7 payments are "an amount of compensation" for "*noneconomic injuries*." *Id.* at 1111-13 (emph. added). Indeed, Plaintiffs do not dispute ODFL's reading of *Murphy*. Instead, they (a) summarily conclude that the Court should disregard *Naranjo v. Spectrum Sec. Servs., Inc.*, 40 Cal.App.5th 444 (2019), simply because it is pending review, and (b) offer a string cite to non-binding, out-of-district court cases that *they* contend support their argument that Section 226.7 premiums can provide a basis for Section 226 claims.[11] But even assuming *Naranjo* is currently not binding precedent in California *state* courts, it remains *persuasive*

---

[10] *See also M.S. v. Cnty. of Ventura*, 2017 WL 10434015, at *24 n.20 (C.D. Cal. Mar. 7, 2017) (O'Connell, J.) ("Failure to respond to the *merits* of one party's argument constitutes a concession of that argument." (emph. added)); *Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d 1197, 1210 (N.D. Cal. 2013) (deeming failure to oppose an argument as concession of the issue).

[11] Plaintiffs contend ODFL's "entire discussion of this issue is irrelevant" because *Parsittie v. Schneider Logistics, Inc.*, 2020 WL 2120003 (C.D. Cal. Apr. 3, 2020) ("*Parsittie II*") (Fitzgerald, J.), was issued *after* review was granted in *Naranjo* (*see* Opp. at 13:21-22). But they cite no authority to support such a proposition—and since the *Parsittie* court did not rely on *Naranjo*, the California Supreme Court's grant of review in that case is irrelevant. *See Parsittie*, 2020 WL 2120003 at *8. They also fail to address those cases finding Plaintiffs' attempt at double recovery impermissible even *before* review was granted in *Naranjo*. *See, e.g., Morales v. Paschen Mgmt. Corp.*, 2019 WL 6354396, at *9 (C.D. Cal. Sept. 27, 2019) (holding that plaintiff's claim for inaccurate wage statements based on defendants' alleged deduction of meal breaks was duplicative and § 226(a) is not intended to permit such double recovery); *Pyara*, 2016 WL 3916339, at *7 (granting judgment on the pleadings as to plaintiff's claim for inaccurate wage statements based on failure to pay break premiums because such a basis would result in improper double recovery); *Parsittie v. Schneider Logistics Inc.*, 2019 WL 8163645, at *7 (C.D. Cal. Oct. 29, 2019) ("*Parsittie I*") (dismissing Section 226 claim because it was based on failure to pay break premiums and would result in impermissible double recovery); *Jones v. Spherion Staffing LLC*, 2012 WL 3264081, at *8-9 (C.D. Cal. Aug. 7, 2012) (Kronstadt, J.) (same).

authority (which is the level of authority that it has in *this* Court regardless of appellate review). See Cal. R. Ct. 8.1115 (pending review, published appellate decisions remain persuasive authority).

**Fifth**, Plaintiffs erroneously argue in their Opposition that they sufficiently pled "injury" simply because they allege that ODFL failed to include the "applicable hourly rate" (or, for their "derivative" claim, the *correct* hours worked and rate of pay) on wage statements. Opp. at 11:6-15. But they proffer **no authority** in support of their supposition that "injury is presumed under section 226" because their wage statements were allegedly "missing information." *Id.* at 11:5-15. Indeed, it is by now well-established that Plaintiffs must allege *something more than not receiving a compliant itemized wage statement* in order to sufficiently plead a cognizable injury. See Mot. at 10:11-11:3 & n.10. Other than Plaintiffs' *conclusion* that injury occurred, the SAC is devoid of any **specific factual** allegations as to *how* they and other PCMs were injured by ODFL's allegedly noncompliant wage statements.

Accordingly, Plaintiffs' claims for failure to provide accurate wage statements fail as a matter of law and should be dismissed without further leave to amend.

## IV. THE PURPORTED LATE FINAL WAGE PAYMENT CLAIM SHOULD BE DISMISSED

**First**, while Plaintiffs allege that they worked for ODFL until August 11, 2020 and October 2, 2020, respectively (SAC, ¶¶ 6, 9), *nowhere* in the FAC do they allege whether their separations were due to a termination or voluntary resignation to which entirely separate statutes apply. See Cal. Lab. Code §§ 201, 202; *see also* FAC, ¶¶ 94 (alleging failure to comply with timing requirements for termination *and* separation). Nor do they even *attempt* to specify their final rate of pay, or what wages were earned but went unpaid at termination. Plaintiffs' failure to allege such basic facts warrants dismissal. See Mot. at n.17 (collecting cases).[12]

---

[12] *See also Duley v. Centerra Grp, LLC*, 2020 WL 6526369, at *3 (C.D. Cal.

***Second***, Plaintiffs erroneously argue that they have properly pled "willfulness." Opp. at 15:6-14. But the SAC lacks any *factual allegations* to plausibly suggest that ODFL engaged in a "willful" failure to timely pay all final wages, and Plaintiffs do not dispute that the mere failure to make payments at termination cannot establish a "willful" failure to timely pay all final wages. Tellingly, **Plaintiffs fail to address** the myriad authorities cited by ODFL holding that the mere allegation that conduct was "willful," without further factual support, is *insufficient*, Mot. at 17:1-18:4 & n.18, and their cited cases are unavailing. In *Varsam v. Lab. Corp. of Am.*, 120 F.Supp.3d 1173, 1179 (S.D. Cal. 2015), the complaint actually pled *factual allegations* of "willfulness," while Plaintiffs' SAC ***does not***. Also, *Barnhill v. Robert Saunders & Co.*, 125 Cal.App.3d 1, 7 (1981), is a state court case involving an appeal from a post-trial judgment; it does not address the sufficiency of pleadings under *federal* Rule 8. In short, neither case supports Plaintiffs' notion that this Court should deem their conclusory, factually devoid allegations sufficient under Rule 8.

***Third***, Plaintiffs' assertion that "[p]remium pay under Section 226.7 constitutes 'wages earned' for the purposes of Section 203" ignores the latest developments in the jurisprudence. Opp. at 15:23-16:2. To the extent *Murphy* characterized the Section 226.7 payment as a "premium *wage*," it did so narrowly for *statute of limitations purposes only*—a position supported by the California Court of Appeal in *Naranjo*, 40 Cal.App.5th at 456 (noting *Murphy*'s holding that "premium pay … is a wage and not a penalty *for statute of limitations purposes*" (emph. added)).[13]

---

Mar. 18, 2020) (Birotte, J.) ("Plaintiff must allege 'when his employment … ended, [and] exactly what wages were earned and unpaid.'"); *Soratorio v. Tesoro Refin. & Mkt'g Co., LLC*, 2017 WL 1520416, at *7 (C.D. Cal. April 26, 2017) (Fitzgerald, J.) (same); *Sanchez v. Ritz Carlton*, 2015 WL 5009659, *3 (C.D. Cal. Aug. 17, 2015) (Gutierrez, J.) (dismissing Section 203 claim where the plaintiffs failed to allege when they were "terminated").

[13] *See also Sanchez v. New York & Co. Stores, Inc.*, 2020 WL 5498066, at *4 (C.D. Cal. June 29, 2020) (Klausner, J.) ("*Murphy* made this finding in the context of deciding a statute of limitations issue, rather than a § 226(a) claim."); *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244, 1256 (2012) ("[W]e held in *Murphy* that [the

145452877.4

8

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

Indeed, *Murphy* expressly acknowledged that "the Section 226.7 payment[ ] … compensates the employee for events **other than time spent working**," and did **not** undertake an independent analysis of whether Section 226.7 payments constitute "wages earned" that are subject to waiting time penalties under Section 203. *Murphy*, 40 Cal.4th at 1113 (emph. added); *see Kirby*, 53 Cal.4th at 1255 (holding that Section 226.7 payments are intended to compensate employees for the "nonprovision of meal and rest periods, not for the 'nonpayment of wages'"). Then, in *Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal.App.4th 1242, 1261 (2016), the court **rejected** the notion that a Section 226.7 payment is a "wage as that term is used in [S]ection 203."[14]

While Plaintiffs argue that Section 226.7 premiums can provide a basis for Section 203 claims, the most recent decision on this issue from the California state courts "agree[d] with *Ling* and *Naranjo* that a plaintiff is **not** entitled to recover penalties for waiting time and wage statement violations based on claims of nonprovision of rest or meal periods." *Betancourt v. OS Rest. Servs., LLC*, 49 Cal.App.5th 240, 248 (2020) (emph. added), *reh'g denied* (May 18, 2020), *rev. granted*, 471 P.3d 1000 (Aug. 19, 2020); *see also Maldonado*, 22 Cal. App. 5th at 1335-37 (wage statement that fails to reflect overtime wages employees should have been paid does not *on its own* give rise to recovery under § 226(a)).[15]

Moreover, they fail to address the legislative history of Section 226.7—which shows that Section 226.7 creates a **penalty**, not a wage. *See, e.g.*, *Ruelas v. Costco Wholesale Corp.*, 67 F.Supp.3d 1137, 1143, n. 37 (N.D. Cal. 2014) ("Adding a penalty component to the Labor Code will support the underlying purpose of meal

---

Section 226.7 payment] is a 'wage' for purposes of determining what statute of limitations applies to section 226.7 claims."); *see also* Mot. at nn.19-22 (citing cases).

[14] *See* Cal. Lab. Code § 200(a) (defining "wages" as "includ[ing] all amounts for labor *performed*" (emph. added)).

[15] While *Betancourt* and *Naranjo* are currently on review, neither opinion has been depublished and both remain persuasive authority as of the date of this filing. *See Sanchez*, 2020 WL 5498066, at *4 (citing Cal. R. Ct. 8.1115) (holding that plaintiff's § 226 claim could **not** be based on a failure to pay rest break premiums).

periods by encouraging employers to comply with the meal period provisions."). As *Ruelas* explains, the California Labor Commissioner has recognized that Section 226.7's legislative history "clearly indicates that the payment was meant to be a penalty." *Id.* at 1143.

Accordingly, Plaintiffs cannot maintain a claim under Section 203 for alleged failure to pay Section 226.7 premium payments.

## V. THE PURPORTED PAGA CLAIM SHOULD BE DISMISSED

Plaintiffs concede that their PAGA claim is a wholly derivative claim. Opp. at 16:5-9. Their PAGA claim thus fails to the extent predicated on their deficient Labor Code claims that also fail as a matter of law. *See* Mot. at 20:4-10 (citing cases).

## VI. THE PURPORTED UCL CLAIM SHOULD BE DISMISSED

***First***, Plaintiffs concede that their UCL claim is a wholly *derivative* claim. Opp. at 16:21-23. It thus fails as a matter of law to the extent predicated on their Labor Code claims that also fail to satisfy the Rule 8 pleading requirements. *See* Mot. at 20:18-21:5 (citing cases).

***Second***, Plaintiffs do not dispute – and thus **concede** the merits of – ODFL's argument that remedies for alleged violations of Labor Code §§ 201, 202, 203, and 226 are ***not recoverable as restitution under the UCL***. *See id.* n.23 (citing cases).

***Third***, for the reasons discussed above and in ODFL's opening brief, Section 226.7 payments are *not* wages that are subject to restitution under the UCL. *See id.* at 22:2-10 & n.24; *see also Ling*, 245 Cal.App.4th at 1261; *Naranjo*, 40 Cal.App.5th at 473-74. The cases on which Plaintiffs rely are unavailing.

In *Eason v. Roman Catholic Bishop of San Diego.*, 414 F.Supp.3d 1276, 1283 (S.D. Cal. 2019), the court conflated the nature of the claim with the remedy. It incorrectly reasoned that "'[t]he failure to provide rest breaks still arise[s] out of the employee's labor: the labor performed while working through a statutorily required rest break; and are therefore restitutionary.'" *Id.* at 1284. But this rationale *directly conflicts* with the California Supreme Court's pronouncement in *Murphy* that "the

Section 226.7 payment[ ] … *compensates* the employee for **events other than time spent working**." *Murphy*, 40 Cal.4th at 1113 (emph. added).  Indeed, *Eason* ignores the fundamental principle that the Section 226.7 payment obligation does **not** arise out of an employee's labor because it does not in any way correlate to the amount of time that an employee actually works through a meal or rest break.  Rather, the obligation is for an additional *fixed sum* of one full hour's of pay, regardless of whether the employee works through only a portion of the rest break or through the entire break (*i.e.*,10 minutes).  *See* Lab. Code § 226.7(b).  The court reaffirmed that fundamental principle in *Naranjo*, 253 Cal.Rptr.3d at 270, holding that "Section 226.7's premium wage is a statutory remedy for an employer's conduct, not an amount 'earned' for 'labor, work, or service ... performed personally by the [employee].' [Cit.]."[16]

*Eason* is also unavailing because it relied upon *Cortez v. Purolator Air Filtration Prods., Co.*, 23 Cal.4th 163 (2000), for its conclusion – but *Cortez* did not decide whether Section 226.7 payments are recoverable under the UCL.  Rather, *Cortez*, 23 Cal.4th at 176, held that "overtime pay" was "a restitutionary remedy" available under the UCL.  Thus, neither *Cortez* nor its progeny stand for the proposition that Section 226.7 payments are recoverable as restitution under the UCL.

## VII. PLAINTIFFS' PURPORTED REQUESTS FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DISMISSED

Plaintiffs fail to address – much less distinguish – the cases cited by ODFL that hold injunctive and declaratory relief would be entirely inappropriate here.[17]  *See* Mot.

---

[16] Plaintiff also cites *Morgan v. Rohr, Inc.*, 2020 WL 3317202, at *3 (S.D. Cal. June 18, 2020), which relied on *Eason* in granting the plaintiff leave to amend his UCL claim.  *Cf. Corder v. Houston's Rests., Inc.*, 424 F.Supp.2d 1205, 1208 (C.D. Cal. 2006) (Carney, J.) (a Section 226.7 payment "does not compensate an employee for additional services rendered"); *Pulido v. Coca Cola Enters., Inc.*, 2006 WL 1699328, at *8 (C.D. Cal. May 25, 2006) (Phillips, J.) (Section 226.7 payments are "punitive" with "no correlation to the employee's actual labor").

[17] Plaintiffs' reliance on *Labriola v. Bank of Am., N.A.*, 2012 WL 1657191, at *7 (N.D. Cal. May 10, 2012), is misplaced.  In *Labriola*, the specific *facts* alleged in the pleading permitted the court to reasonably infer that plaintiff may return to work

145452877.4

11

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

at 22:13-24:8 & nn.25-28.  Because they do not dispute that they are no longer employees of ODFL, they lack standing to seek prospective relief.  *See, e.g.*, *Delodder v. Aerotek, Inc.*, 2009 WL 3770670, at *3 (C.D. Cal. 2009) (Snyder, J.); *see also, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 365 (2011) (former employees have "no claim for injunctive or declaratory relief *at all*" (emph. added)).

### VIII. FURTHER LEAVE TO AMEND SHOULD BE DENIED

The SAC is the *third complaint* Plaintiffs have filed in this action, and they still have failed to cure their pleading defects.  The futility of further leave to amend is manifest given their failure to remedy their pleading deficiencies after two attempts, and their failure to proffer a proposed further amended pleading (or even identify any additional *facts* that would be included therein), thus demonstrating that further amendment will do *nothing* to remedy those deficiencies.[18]

### IX. CONCLUSION

For all of the foregoing reasons, ODFL respectfully requests that the Court dismiss and/or strike Plaintiffs' SAC without further leave to amend.

DATED: May 28, 2021              McGuireWoods LLP

By:  /s/ Matthew C. Kane
Matthew C. Kane | Sylvia J. Kim
Amy E. Beverlin | Kerri H. Sakaue
Attorneys for Defendant
OLD DOMINION FREIGHT LINE. INC.

---

and be subjected to the challenged policy after he quit his job after 18 years of employment.  Plaintiffs' proffer no such allegations.  Moreover, unlike Plaintiffs, the *Labriola* plaintiff actually alleged that his separation was due to a voluntary resignation (as opposed to a termination).  *Id.* at *1.

[18] *See Ovation Toys Co. v. Only Hearts Club*, 2015 WL 13446278, at *2 (C.D. Cal. Apr. 6, 2015) (Real, J.) (denying leave to amend because the plaintiff "failed to proffer any actual facts" to cure the pleading's deficiencies and failed to comply with Local Rule 15-1, which provides that "any proposed amended pleading must be filed as an attachment to the related motion or stipulation.").