1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                    **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11   TAI HANG; and                          Case No. 5:21-cv-00287-JWH-KKx
     ROBERT CANALES, on behalf of
12      themselves and all others similarly
        situated,                           **ORDER ON MOTION OF**
13                                          **DEFENDANT TO DISMISS**
                         Plaintiffs,        **AND/OR STRIKE SECOND**
14                                          **AMENDED COMPLAINT [ECF**
              v.                            **No. 12]**
15
     OLD DOMINION FREIGHT LINE,
16      INC, a Virginia corporation; and
     DOES 1 to 100, inclusive,
17
                         Defendants.
18

19

20

21

22

23

24

25

26

27

28

# I.  **INTRODUCTION**

Before the Court is the motion[1] of Defendant Old Dominion Freight Line, Inc. to dismiss and/or strike the Second Amended Complaint.[2]  Plaintiffs Tai Hang and Robert Canales filed an opposition,[3] and Old Dominion filed a reply.[4] The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons explained below, the Court **GRANTS** the Motion and **DISMISSES** the Amended Complaint **with leave to amend**.

# II.  **BACKGROUND**

Hang worked for Old Dominion "as an hourly-paid, non-exempt 'dock worker' employee from approximately August 2007 to August 11, 2020."[5] Canales worked for Old Dominion "as an hourly-paid, non-exempt 'dock worker' employee from approximately January 28, 2018, to October 2, 2020."[6] As summarized below, Hang and Canales allege, on their own behalf and on behalf of a putative class, that Old Dominion failed to provide legally compliant rest periods and violated various provisions of the California Labor Code.[7]

---

[1]     Mot. of Def. Old Dominion to Dismiss and/or Strike the Second Am. Compl. (the "Motion") [ECF No. 12].

[2]     Second Am. Compl. (the "Amended Complaint") [ECF No. 9].

[3]     Pls.' Opp'n (the "Opposition") [ECF No. 13].

[4]     Reply in Supp. of Motion [ECF No. 14].

[5]     Amended Complaint ¶ 6.

[6]     *Id.* at ¶ 9.

[7]     The Court assumes the truth of the factual allegations in the Amended Complaint solely for the purpose of deciding the Motion but makes no determination regarding their veracity at this stage of the case.  *See, e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (on a motion to dismiss for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party").

### A.   First Claim for Relief— "Failure to Provide Legally Compliant Rest Periods"

Hang and Canales aver that they are both part of the proposed Legal Rest Period Class,[8] which includes "[a]ll California citizens employed by Defendants as hourly-paid, non-exempt 'dock worker' employees during the appropriate time period who were subjected to [Old Dominion's] policies and practices regarding providing legally-compliant rest periods" as described in the Amended Complaint.[9]

Old Dominion's rest period policy states:  "Hourly employees may not leave Old Dominion premise while on a paid rest break and are expected to be at their work station at the conclusion of the paid rest break, unless prohibited by applicable law, including state and local laws."[10]  Plaintiffs aver that, "[a]s such, the members of the Legal Rest Period Class were prohibited from taking legally-compliant breaks."[11]

Hang and Canales "were instructed that rest periods must be taken in a designated break room."[12]  "They were further instructed that leaving the premises was strictly prohibited, including going to the parking lot."[13]  For example, Hang was told "at least two to three times a week at the daily morning meeting that rest breaks were to be taken only in the break room."[14]  Employees who violated these alleged instructions "were subject to discipline or even termination."[15]  "One dock worker was terminated for going to his vehicle

---

[8]    Amended Complaint at ¶ 46.
[9]    *Id.* at ¶ 27(a).
[10]   *Id.* at ¶ 44.
[11]   *Id.* at ¶ 45.
[12]   *Id.* at ¶ 47.
[13]   *Id.*
[14]   *Id.* at ¶ 48.
[15]   *Id.*

without permission during his rest period."[16]  Hang alleges that Old Dominion's break policy caused him "to suffer noncompliant rest periods every day of work in which a rest period was required."[17]

Canales was also "not allowed to take breaks anywhere but the designated break room."[18]  "This rule was repeated during pre-shift meetings."[19]  On one occasion, Canales "left to go to his car [] with special permission from his supervisor, and he was required to report back to the supervisor when he returned."[20]  Canales alleges on this basis that he "suffer[ed] noncompliant rest periods every day of work, except one, in which a rest period was required."[21]

Neither Hang nor Canales alleges the number of times or how frequently they were entitled to a rest period.[22]

**B.**     **Second Claim for Relief—"Failure to Authorize and Permit All Paid Rest Periods"**

Hang alleges that he is part of the proposed "Rest Period Class"[23] and that "members of the Rest Period Class sometimes worked over four (4) hours per shift," entitling them to rest breaks of at least 10 minutes on at least some occasions.[24]  Old Dominion's "designated break rooms were at least a three to five minute walk from all work stations for all employees."[25]  Hang "had to walk three to five minutes, each way, to and from [his] workstation[] to the

---

16     *Id.*
17     *Id.*
18     *Id.* at ¶ 49.
19     *Id.*
20     *Id.*
21     *Id.*
22     *See generally* Amended Complaint.
23     *See id.* at ¶ 62.
24     *Id.* at ¶¶ 57 & 59.
25     *Id.* at ¶ 63.

designated break room at each rest period."[26]  Because rest periods were 15 minutes long, Hang "had only five to nine minutes of break time after accounting for the walk."[27]  Hang "was once given a verbal warning by his supervisor for returning late from his rest break because of the long walk."[28] "Other members of the Rest Period Class were disciplined for failing to return on time from a rest period."[29]  Plaintiffs aver that the "long walk" caused the Hang to suffer "noncompliant rest periods on every shift in which a rest period was required."[30]

**C.** **Third Claim for Relief— "Independent Failure to Timely Furnish Accurate Itemized Wage Statements"**

Hang and Canales "received wage statements that did not list their applicable hourly rates."[31]  As a result, Hang and Canales allege that they could not "ascertain whether they were being paid the proper rates because their wage statements did not list their applicable hourly rates."[32]

**D.** **Fourth Claim for Relief— "Derivative Failure to Timely Furnish Accurate Itemized Wage Statements"**

Plaintiffs' Fourth Claim for Relief is derivative of their previous claims for relief.[33]  Based upon the preceding allegations, Plaintiffs allege that Old Dominion "failed to pay the members of the Derivative Wage Statement Class all wages due and owing."[34]  Plaintiffs contend that this putative class was not

---

[26]     *Id.* at ¶ 62.
[27]     *Id.*
[28]     *Id.*
[29]     *Id.*
[30]     *Id.* at ¶ 63.
[31]     *Id.* at ¶ 68.
[32]     *Id.* at ¶ 70.
[33]     *See id.* at ¶¶ 76-89.
[34]     *Id.* at ¶ 81.

provided with accurate wage statements and that Old Dominion "fail[ed] to maintain accurate records."[35]

**E.**     **Fifth Claim for Relief—Violations of Cal. Lab. Code § 203.**

The Fifth Claim for relief alleges that Old Dominion "willfully failed to pay the members" of the proposed "LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter."[36] This claim for relief appears to be based upon the claim that Plaintiffs did not receive compensation for non-compliant rest breaks.[37]

**F.**     **Sixth Claim for Relief—Penalties Pursuant to Cal. Lab. Code § 2699.**

The Sixth Claim for Relief likewise appears to be based upon the prior allegations.  Plaintiffs seek civil penalties and fees under Cal. Lab. Code § 2699.[38]  Canales and Hang allege that they complied with Cal. Lab. Code §§ 2699.3(a) & (c) by giving written notice to the California Labor & Workforce Development Agency.[39]

**G.**     **Seventh Claim for Relief—Unfair Business Practices**

The final claim for relief, brought under Cal. Bus. & Prof. Code §§ 17200 *et seq.*, likewise depends upon Plaintiffs' prior allegations.  For example, Plaintiffs allege that "[Old Dominion] engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to

---

[35]     *Id.* at ¶¶ 80, 82, & 86.
[36]     *Id.* at ¶ 94.
[37]     Plaintiffs also incorporate their prior allegations.  *Id.* at ¶ 90.
[38]     *Id.* at ¶¶ 98-100.
[39]     *Id.* at ¶¶ 106 & 107.

1   perform the labor services complained of [in the Amended Complaint] without
2   the requisite compensation."[40]

3                          III.  **LEGAL STANDARD**

4          A defendant may move to dismiss a complaint for failure to state a claim
5   upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive such a
6   motion, the complaint must articulate "enough facts to state a claim to relief
7   that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
8   (2007).  A complaint need not contain "detailed factual allegations," but it must
9   contain "more than labels and conclusions" or "a formulaic recitation of the
10  elements of a cause of action."  *Id.* at 555.  "A claim has facial plausibility when
11  the plaintiff pleads factual content that allows the court to draw the reasonable
12  inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*
13  *Iqbal*, 556 U.S. 662, 678 (2009).

14         "[T]o be entitled to the presumption of truth, allegations in a complaint
15  or counterclaim may not simply recite the elements of a cause of action, but
16  must contain sufficient allegations of underlying facts to give fair notice and to
17  enable the opposing party to defend itself effectively."  *AE* ex rel. *Hernandez v.*
18  *Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).  "[T]he factual allegations that
19  are taken as true must plausibly suggest an entitlement to relief, such that it is
20  not unfair to require the opposing party to be subjected to the expense of
21  discovery and continued litigation."  *Id.*  In addition, "a court may strike from a
22  pleading an insufficient defense or any redundant, immaterial, impertinent, or
23  scandalous matter."  Fed. R. Civ. P. 12(f).

24
25
26
27

---

28  [40]      *Id.* at ¶ 115.

# IV.  DISCUSSION

## A.     Rest Break Claims

Under Cal. Lab. Code § 226.7(b) and the related Wage Order, employers are required "to relieve their employees of all work-related duties and employer control during 10-minute rest periods." *Naranjo v. Spectrum Sec. Servs., Inc.*, 40 Cal. App. 5th 444, 479 (2019), *as modified on denial of reh'g* (Oct. 10, 2019) (quotation and citation omitted).  Employers must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call." *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 273 (2016), *as modified on denial of reh'g* (Mar. 15, 2017).  "[E]mployers must authorize 10 minutes, net rest time per four hours worked." *Id.* at 264 n.8.  "[A] rest period need not be authorized for employees whose total daily work time is less than three and one-half hours." *Id.*  Failure to comply "obliges employers to pay the employee one hour of pay 'for each workday that the rest period is not provided.'" *Id.* (citing Cal. Lab. Code § 226.7(b)).

Old Dominion challenges Plaintiffs' rest break claims on several grounds, each of which is addressed below.

### 1.     Pleading of Factual Content Regarding Work Schedule Under *Landers*

Old Dominion contends that Plaintiffs fail to allege facts showing that they were entitled to a rest break on any particular day.[41]  In a case involving the alleged failure to pay overtime, the Ninth Circuit held that although "plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in

---

[41]     Motion at 4:8-10.

which they worked in excess of forty hours and were not paid overtime wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015).  The Ninth Circuit "decline[d] to impose a requirement that a plaintiff alleging failure to pay minimum wages or overtime wages must approximate the number of hours worked without compensation." *Id.* "However, at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Id.*

The Amended Complaint does not quite allege that Hang or Canales was deprived of rest breaks to which he was entitled.[42]  The Amended Complaint contains allegations that Hang and Canales were instructed that breaks must occur in designated break room, that a worker—but not Hang or Canales—was terminated for failing to follow the break policy, and that Hang and Canales "suffered noncompliant rest periods" almost every day "in which a rest period was required."[43]  Plaintiffs also allege that on one specific occasion Canales received a ***compliant*** rest period[44] and that Hang and Canales are part of the proposed Legal Rest Period Class,[45] the members of which "sometimes worked over four (4) hours per shift."[46]

These allegations are not sufficient.  Although, taken together, they give rise to a logical inference that Hang and Canales at least "sometimes" worked

---

[42]    The Amended Complaint is replete with unnecessary citation to legal authority; if Plaintiffs amend their complaint, they are **DIRECTED** to remove excessive and extraneous references to statutory or case law and instead to focus any amended pleading on ***factual*** allegations.  *See, e.g., Williams v. Langford*, 2013 WL 6858919, at *2 (M.D. Fla. Dec. 30, 2013) ("It is not the duty of this Court to mine a lengthy pleading for the relevant facts necessary to cobble together Plaintiff's claims.").

[43]    Amended Complaint at ¶¶ 48 & 49.

[44]    *Id.* at ¶ 49.

[45]    *Id.* at ¶ 47.

[46]    *Id.* at ¶ 42.

more than four hours per shift, thereby entitling them to a compliant rest period, Hang and Canales must provide some factual elaboration under *Landers*. They must plead at least some non-conclusory and plausible facts demonstrating that they worked more than four hours on some occasions and failed to receive a compliant rest break on those occasions. In *Landers*, "the plaintiff had alleged he worked more than 40 hours per week for the defendants," but "he never alleged what conditions forced him to work longer than 40 hours per week or how frequently his workweek exceeded 40 hours." *Morrelli v. Corizon Health, Inc.*, 2019 WL 918210, at *5 (E.D. Cal. Feb. 25, 2019) (citing *Landers*, 771 F.3d at 645-46). Here, the Amended Complaint arguably implies that Hang and Canales sometimes worked more than four-hour shifts, but it provides no non-conclusory ***factual*** content with respect to the work schedules of Hang and Canales. This pleading deficiency may be easy to resolve, but, under *Landers*, Plaintiffs must do so before they can proceed. The bare (implied) assertion that Hang and Canales sometimes worked more than four hours in a shift is insufficient. *See also Mejia v. Illinois Tool Works Inc.*, 2019 WL 8135433, at *7 (C.D. Cal. Dec. 12, 2019) ("the *Landers* court did not hold that making bare assertions about working more than forty hours a week without proper compensation was sufficient on its own to state a claim for unpaid overtime wages").

## 2. <u>Old Dominion's Alleged Rest Period Policy</u>

Old Dominion also contends[47] that the alleged rest period policy is facially compliant because it includes the following exception: ". . . unless prohibited by applicable law, including state and local laws."[48] This argument, however, does not address the allegations in the Amended Complaint that Old Dominion did

---

[47] Motion at 4:15-5:4.
[48] Amended Complaint at ¶ 44.

not, in fact, have a compliant policy insofar as employees were instructed to take their breaks in a designated place and were therefore not relieved of all work responsibilities.  Old Dominion cannot escape its responsibilities by including a catchall exception that puts the onus on employees to determine whether Old Dominion's policies comply with the law.  Accordingly, Old Dominion's Motion fails on this point.

### 3.   <u>On-Premises Rest Period Theory</u>

Old Dominion next argues that "several district courts within the Ninth Circuit have dismissed rest period claims predicated on an on-premises rest period theory, reasoning that a policy that keeps employees on-premises is not sufficient to establish that the employer did not relinquish control during those breaks."[49]  For example, in *Bowen v. Target Corp.*, 2020 WL 1931278, at *5 (C.D. Cal. Jan. 24, 2020), the district court concluded that Target's alleged on-premises rest break policy did not violate California law.  The court noted that in *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 270 (2016), the California Supreme Court held that rest breaks "impose practical limitations on an employee's movement."  The California Supreme Court elaborated as follows: "[D]uring a rest period an employee generally can travel at most five minutes from a work post before returning to make it back on time.  Thus, one would expect that employees will ordinarily have to remain on site or nearby."  *Id.*

The *Bowen* court explained that "several district courts within the Ninth Circuit have cited to *Augustus* as authority to dismiss rest period claims premised on an on-premises rest period theory, reasoning that a policy that keeps employees on-premises is not sufficient to establish employer control." *Bowen*, 2020 WL 1931278, at *6 (collecting cases) (quotation omitted).  The court explained that the plaintiffs did "not allege that Target enforced a policy

---

[49]     Motion at 5:5-8.

-11-

that 'tethered'" them "to particular locations within stores for the duration of their rest periods, or in some way enforced a policy that went beyond the locomotive limitations envisioned by the *Augustus* court." *Id.* at *7. The court granted Target's motion to dismiss to the extent that the claims at issue "rel[ied] on an on-premises rest period theory." *Id.* at *8.

However, as the *Bowen* court explained, not all on-premises rest break policies are necessarily permissible. In *Cahilig v. IKEA U.S. Retail, LLC*, 2019 WL 3852490, at *1 (C.D. Cal. June 20, 2019), the plaintiff alleged that IKEA's rest period policy violated California law because it required employees to spend their rest breaks onsite in the staff cafe or other designated areas. IKEA argued that "the requirement that its employees remain onsite is insufficient to establish employer control as a matter of law." *Id.* at *2. The district court disagreed. The court explained that "IKEA's rest period policy not only required its employees to remain onsite but also *'tethered' them to particular locations onsite.*" *Id.* (emphasis added). The court concluded that IKEA "failed to show that, as a matter of law, this cannot amount to 'employer control' during one's rest period." *Id.*

Here, Plaintiffs similarly allege not only that they were required to remain onsite, but also that they were required to spend their break period in a designated break room. As in *Cahilig*, the Court cannot conclude at the pleading stage that this is insufficient to state a claim as a matter of law.

### 4. Old Dominion's Contention That Plaintiffs Fail Plausibly to Allege On-Premises Break Policy

Old Dominion further contends that Plaintiffs fail to state a claim because they do not allege specifically who instructed them to take their breaks in the designated location.[50] But Plaintiffs do allege specific facts regarding the nature

---

[50]   Motion at 5:18-22.

of the alleged policy and the time and place at which employees were allegedly instructed.  Accordingly, Plaintiffs plead plausible facts to support a claim that Old Dominion required employees to remain in a designated break room during their rest breaks.[51]

Old Dominion also argues that the Amended Complaint lacks allegations "suggesting" that Plaintiffs "were prevented from extending their rest breaks to account for purported 'travel time.'"[52]  But Plaintiffs do allege that rest periods were 15 minutes long and that Hang "had only five to nine minutes of break time after accounting for the walk."[53]  Moreover, according to the Amended Complaint, Hang "was once given a verbal warning by his supervisor for returning late from his rest break *because of the long walk*."[54]  These factual allegations plausibly indicate that the break periods were five minutes longer than the 10 minutes required under the law (*i.e.*, 15 minutes), but that an extra five minutes was still insufficient.

**5.    <u>Uniform or Systemic Violations</u>**

Finally, Old Dominion argues that "there is no basis for inferring that any unlawful break practices were committed in a uniform or systemic manner."[55]  But the Amended Complaint includes allegations that Old Dominion had a specific policy requiring breaks to be taken on the premises, that Hang was told at daily morning meetings that rest breaks were to be taken only in the break room, and that employees who violated these alleged instructions were disciplined.[56]  These allegations, taken as true, do suggest a policy or practice

---

[51]    *See*, *e.g.*, Amended Complaint at ¶ 48.

[52]    Motion at 7:1-3.

[53]    Amended Complaint at ¶ 62.

[54]    *Id.* (emphasis added).

[55]    Motion at 7:13-8:2.

[56]    Amended Complaint at ¶¶ 48 & 51.

beyond the individual experiences of Hang and Canales.  In any event, at this stage, the issue of class certification is not before the Court.

Old Dominion also contends that "[a]t a minimum, Plaintiffs must allege specific facts regarding the 'circumstances, occurrences, and events' that led to their own non-compliant breaks," but have failed to do so.[57]  As explained in part IV.A.1 above, Plaintiffs have failed to plead sufficient facts with respect to their own alleged experiences with non-compliant rest breaks.

Accordingly, the Court **GRANTS** the Motion with respect to the First and Second Claims for Relief for non-compliant rest breaks and dismisses these claims **with leave to amend**.

### B.  <u>Wage Statement Claims</u>

Old Dominion next attacks Plaintiffs' wage statement claims.  According to Old Dominion, "Plaintiffs do not allege that any wage statements issued to them by [Old Dominion] inaccurately set forth the wages actually paid to them during each pay period in which they earned wages."[58]  However, Plaintiffs correctly note that Old Dominion "conflates the Third and Fourth Causes of Action."[59]

The Amended Complaint contains two wage statement claims.  The Third Claim for Relief for "Independent Failure to Timely Furnish Accurate Itemized Wage Statements" is based upon the contention that Hang and Canales "received wage statements that did not list their applicable hourly rates."[60]  As a result, Hang and Canales maintain that they could not "ascertain

---

[57]   Motion at 8:3-5 (emphasis removed).
[58]   *Id.* at 8:12-14 (emphasis removed).
[59]   Opposition at 10:11.
[60]   Amended Complaint at ¶ 68.

whether they were being paid the proper rates because their wage statements did not list their applicable hourly rates."[61]

In contrast, the Fourth Claim for Relief for "Derivative Failure to Timely Furnish Accurate Itemized Wage Statements" is based upon the alleged rest period violations. As explained above, Plaintiffs have failed adequately to allege their rest period claims, and the Fourth Claim for Relief, which depends upon the rest period claims, therefore also fails. Hence, the Fourth Claim for Relief is **DISMISSED with leave to amend**.

With respect to the Third Claim for Relief, Cal. Lab. Code § 226(a) requires an employer to issue a wage statement that, *inter alia*, shows "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Plaintiffs aver that their wage statements failed to include this information.

Old Dominion maintains, however, that "Plaintiffs allege *no facts* to plausibly suggest that [Old Dominion] provided inaccurate wage statements or that it did so *knowingly* and *intentionally*."[62] "'[A] claim for damages under Section 226(e) requires a showing of three elements: (1) a violation of Section 226(a); (2) that is 'knowing and intentional'; and (3) a resulting injury.'" *Arroyo v. Int'l Paper Co.*, 2020 WL 887771, at *7 (N.D. Cal. Feb. 24, 2020) (quoting *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014)). "To establish that [Old Dominion's] violation of § 226(a) was 'knowing and intentional,' Plaintiffs must demonstrate that Defendants were 'aware of the factual predicate underlying the violation[s].'" *Cabardo v. Patacsil*, 248 F. Supp. 3d 1002, 1010 (E.D. Cal. 2017) (quoting *Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1028 (E.D. Cal. 2015)).

---

[61]    *Id.* at ¶ 70.

[62]    Motion at 11:13-14.

1    In their Opposition, Plaintiffs claim that paragraph 70 of the Amended

2  Complaint alleges that Old Dominion "issued inaccurate wage statements

3  according to its pattern and practice,"[63] which they contend is sufficient to

4  establish a knowing and intentional violation.  Plaintiffs cite *Cabardo v. Patacsil*,

5  248 F. Supp. 3d 1002, 1010 (E.D. Cal. 2017), in support of this proposition.  In

6  *Cabardo*, however, the defendants "knew they were not providing Plaintiffs with

7  wage statements recounting the hours" the plaintiffs worked.  *Id.*  There is no

8  such non-conclusory allegation here.

9    Moreover, paragraph 70 contains the following allegation:

10    Here, the members of Independent Wage Statement Class suffered

11    injury because Defendants failed to provide accurate and complete

12    information as required by one or more items listed in Labor Code

13    § 226(a)(1)-(9) and the Independent Wage Statement Class

14    members could not and cannot promptly and easily ascertain

15    requisite information without reference to other documents or

16    information. For example, neither Plaintiff TAI HANG and Plaintiff

17    ROBERT CANALES could ascertain whether they were being paid

18    the proper rates because their wage statements did not list their

19    applicable hourly rates.

20  Nothing in paragraph 70—the only portion of the Amended Complaint to which

21  Plaintiffs point in support of their claim of a knowing and intentional wage

22  statement violations—alleges a pattern or practice, let alone a knowing and

23  intentional violation.

24    Old Dominion also argues that Plaintiffs fail to allege injury or sufficient

25  plausible facts to support their remaining wage statement claim.[64]  "An

26

27  _____

    [63]    Opposition at 11:1-2.

28  [64]    Motion at 10:5-13:6.

employee is deemed to suffer injury if the employer fails to provide accurate and complete information of the hourly rate . . . and the employee cannot promptly and easily determine from the wage statement alone the applicable hourly rate." *Raines v. Coastal Pac. Food Distributors, Inc.*, 23 Cal. App. 5th 667, 676 (2018) (quotation and citation omitted).  The Amended Complaint states that Plaintiffs could not "ascertain whether they were being paid the proper rates because their wage statements did not list their applicable hourly rates."[65]  But Plaintiffs do not allege plausible facts that, if true, would show that they could not promptly and easily ascertain whether they were being paid the proper rates, because the Amended Complaint does not provide any factual details as to what information the wage statements contained.

Accordingly, Plaintiffs' claims under Cal. Lab. Code § 226(e) are **DISMISSED with leave to amend**.

### C.    Fifth, Sixth, and Seventh Claims for Relief

Plaintiffs' remaining claims for relief are derivative of their rest break and wage statement claims.  Since the Court has dismissed the rest break and wage statement claims, the remaining claims are also **DISMISSED with leave to amend**.

### D.    Leave to Amend

"A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities."  *AE* ex rel. *Hernandez*, 666 F.3d at 636.  Here, Plaintiffs have amended their complaint twice.  However, the first amendment was in state court, and Plaintiffs have not yet amended their complaint in response to a ruling on a motion to dismiss.  Accordingly, the Court grants leave to amend, as stated above.

---

[65]    Amended Complaint at ¶ 70.

# V.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.     The hearing on the Motion currently set for June 24, 2021, at 9:00 a.m. is **VACATED**.

2.     The Second Amended Complaint is **DISMISSED** in its entirety **with leave to amend**.

3.     Plaintiffs are **DIRECTED** to file their amended pleading no later than July 6, 2021.  If Plaintiffs fail to do so, the Court will **DISMISS** this action with prejudice.

**IT IS SO ORDERED.**

Dated: June 21, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE