1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   1635 Pontius Avenue, Second Floor
3  Los Angeles, CA 90025-3361
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Raphael A. Katri, Esq. (#221941)
   LAW OFFICES OF RAPHAEL A. KATRI
6  8549 Wilshire Boulevard, Suite 200
   Beverly Hills, CA 90211-3104
7  Tel.: (310) 940-2034 / Fax: (310) 733-5644
   Email: RKatri@socallaborlawyers.com
8
   Attorneys for Plaintiff TAI HANG, on
9  behalf of himself and all others similarly situated

10  **Additional Counsel on Next Page**

11                **UNITED STATES DISTRICT COURT**

12               **CENTRAL DISTRICT OF CALIFORNIA**

13  TAI HANG and ROBERT          )   **CLASS ACTION**
    CANALES, on behalf of        )
14  themselves and all others similarly )  Case No.: 5:21-cv-00287-JWH-KK
    situated,                    )
15                               )   **PLAINTIFFS' OPPOSITION TO**
           Plaintiffs,           )   **DEFENDANT'S MOTION TO**
16                               )   **DISMISS THIRD AMENDED**
           v.                    )   **COMPLAINT**
17                               )
    OLD DOMINION FREIGHT         )   Honorable John W. Holcomb
18  LINE, INC., a Virginia       )   Courtroom 2
    corporation; and DOES 1 to 100, )
19  inclusive,                   )   Hearing: October 1, 2021
                                 )   Time: 9:00 a.m.
20         Defendants.           )
                                 )   Action filed: November 6, 2020
21  _____ )   Trial Date: None Set

22  ///

23  ///

24  ///

25

26

27

28

- 1 -

**<u>Additional Counsel for Plaintiffs:</u>**

Joseph Tojarieh, Esq. (#265492)
STONEBROOK LAW
10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067
Tel: (310) 553-5533 / Fax: (310) 553-5536
Email: JFT@stonebrooklaw.com

Attorneys for Plaintiff ROBERT CANALES, on
behalf of himself and all others similarly situated

///

///

///

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................... 1

II.  FACTS     .................................................................... 2

III. ANALYSIS   .................................................................. 2

    A.   **The TAC sufficiently alleges independent and derivative violations of Labor Code § 226.** ..................................... 3

        1.   **Third Cause of Action for Independent Wage Statement Violations** ........................................... 3

            a.   *Plaintiffs properly allege injury.* ............................... 3

            b.   *Plaintiffs properly allege that Defendant's violations were knowing and intentional.* ................. 7

        2.   **Fourth Cause of Action for Derivative Wage Statement Violations** ........................................... 7

            a.   *As the law currently stands, rest period violations support a Section 226 cause of action.* ................... 7

            b.   *Plaintiffs properly allege that Defendant's violations were intentional and caused injury* ...................... 13

    B.   **The TAC sufficiently alleges a claim for failure to pay final wages.** ...................................................... 14

    C.   **The PAGA claim should not be dismissed.** ....................................... 16

    D.   **The UCL claim should not be dismissed.** ....................................... 16

    E.   **Should the Court find any merit to Defendant's Motion, Plaintiffs should be freely granted leave to amend.** ........................................................ 18

IV. CONCLUSION ........................................................ 18

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1

# <u>TABLE OF AUTHORITIES</u>

2
<u>Page</u>

3
## <u>Cases</u>

4

5
*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................. 2

6

7
*Barnhill v. Robert Saunders & Co.,*
    125 Cal.App.3d 1 (1981) ......................................................... 15

8

9

10
*Bates v. Leprino Foods Co.,*
    No. 220CV00700AWIBAM, 2020 WL 6392562
    (E.D. Cal. Nov. 2, 2020)................................................. 11, 13

11

12
*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................. 2

13

14

15
*Bernstein v. Vocus, Inc.,*
    No. 14-CV-01561-THE, 2014 WL 3673307
    (N.D. Cal., July 23, 2014) ....................................................... 15

16

17
*Betancourt v. OS Rest. Servs.,*
    471 P.3d 1000 (Cal. Aug. 19, 2020)..................................... 8, 10

18

19
*Cabardo v. Patacsil,*
    248 F.Supp.3d 1002 (E.D. Cal. 2017) .......................................... 7

20

21
*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
    20 Cal.4th 163 (1999)............................................................ 16

22

23
*de Dios v. Gerard Roof Prod., LLC,*
    No. 518CV1163SJOFFMX, 2018 WL 6016952
    (C.D. Cal. Sept. 4, 2018) .................................................... 7, 13

24

25

26
*Duley v. Centerra Grp., LLC,*
    No. 2:19-CV-08754-AB-JC, 2020 WL 6526371
    (C.D. Cal. June 18, 2020) ....................................................... 15

27

28
*Eason v. Roman Catholic Bishop of San Diego,*
    414 F. Supp. 3d 1276 (S.D. Cal. 2019) ..................................... 17

L
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- ii -

# TABLE OF AUTHORITIES - Continued

Page

## Cases – Continued

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir.2003) ...................................................................... 18

*Fodera v. Equinox Holdings, Inc.,*
    No. 19-CV-05072-WHO, 2020 WL 3961985
    (N.D. Cal. July 13, 2020) ............................................................................. 6

*Gafcon, Inc. v. Ponsor & Associates,*
    98 Cal.App.4th 1388 (2002) ....................................................................... 17

*Garbyo v. Leonardo Bros.,*
    No. 1:15-cv-01487-DAD-JLT, 2020 WL 2765661
    (E.D. Cal. May 28, 2020) ............................................................................ 13

*Ghazarian v. Magellan Health, Inc.,*
    53 Cal. App. 5th 171 (2020) ....................................................................... 17

*Gomez v. Lincare, Inc.*
    (2009) 173 Cal.App.4th 508 ....................................................................... 16

*Harper v. Charter Commc'ns, LLC,*
    No. 219CV00902WBSDMC, 2021 WL 603724
    (E.D. Cal. Feb. 16, 2021) ............................................................................ 13

*Howell v. Leprino Foods Co.,*
    No. 1:18-CV-01404-AWI-BAM, 2021 WL 168291
    (E.D. Cal. Jan. 19, 2021) ............................................................................ 13

*In re Adobe Sys., Inc. Privacy Litig.,*
    66 F. Supp. 3d 1197 (N.D. Cal. 2014) ....................................................... 18

*Kahle v. Gonzales,*
    474 F.3d 665 (9th Cir. 2007) ........................................................................ 3

///

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

L
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

## <u>TABLE OF AUTHORITIES - Continued</u>

<u>Page</u>

## <u>Cases – Continued</u>

*Kazi v. PNC Bank, N.A.,*
    No. 18-CV-04810-JCS, 2021 WL 965372
    (N.D. Cal. Mar. 15, 2021)...................................................................... 12, 16

*Kirby v. Immoos Fire Prot., Inc.,*
    53 Cal.4th 1244 (2012).......................................................................... 9, 10

*Labriola v. Bank of America, Nat. Ass'n,*
    2012 WL 1657191 (N.D. Cal., May 10, 2012, No. C 12-79 CW) ............. 17

*Maldonado v. Epsilon*
    22 Cal.App.5th 1308 (2018) ................................................................. 10, 11

*Mitchell v. Corelogic, Inc.,*
    No. SACV172274DOCDFMX, 2018 WL 6118444
    (C.D. Cal. Aug. 7, 2018)............................................................................. 6

*Morgan v. Rohr, Inc.,*
    No. 320CV00574GPCAHG, 2020 WL 3317202
    (S.D. Cal. June 18, 2020)........................................................................... 17

*Murphy v. Kenneth Cole Productions, Inc.,*
    40 Cal.4th 1094 (2007).......................................................................passim

*Naranjo v. Spectrum Sec. Servs., Inc.,*
    455 P.3d 704 (Jan. 2, 2020) .................................................................passim

*Parsittie v. Schneider Logistics, Inc.,*
    No. CV193981MWFAFMX, 2020 WL 2120003
    (C.D. Cal. Apr. 3, 2020) ........................................................................... 12

*Reinhardt v. Gemini Motor Transp.,*
    879 F. Supp. 2d 1138 (E.D. Cal. 2012) ..................................................... 14

///

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1

# <u>TABLE OF AUTHORITIES - Continued</u>

2

<u>Page</u>

3

## <u>Cases – Continued</u>

4

5 *Reyes v. Sky Chefs, Inc.,*
      No. 20-CV-08590-LB, 2021 WL 308611
6      (N.D. Cal. Jan. 29, 2021) ............................................................................. 13

7 *Sanchez v. New York & Co. Stores, Inc.,*
      No. 220CV02380RGKGJS, 2020 WL 5498066
8      (C.D. Cal. June 29, 2020) ............................................................................ 13

9

10 *Sanders v. Old Dominion Freight Line, Inc.,*
      No. CV 18-688 DSF (SHKX), 2018 WL 6321631
11      (C.D. Cal. Sept. 13, 2018) ............................................................................. 7

12 *Santos v. TWC Admin. LLC,*
13      No. CV1304799MMMCWX, 2014 WL 12558009
      (C.D. Cal. Aug. 4, 2014) ................................................................................ 5
14

15 *Sherman v. Schneider Nat'l Carriers, Inc.,*
16      No. CV 18-08609-AB (JCX), 2019 WL 3220585
      (C.D. Cal. Mar. 6, 2019) .............................................................................. 10
17

18 *Shwarz v. United States,*
      234 F.3d 428 (9th Cir. 2000) .......................................................................... 5
19

20 *Soto v. Motel 6 Operating, L.P.*
      4 Cal.App.5th 385 (2016) ....................................................................... 11, 12
21

22 *Swartz v. KPMG LLP,*
      476 F.3d 756 (9th Cir. 2007) .......................................................................... 2
23

24 *Valiente v. Swift Transportation Co. of Arizona, LLC,*
      No. 219CV04217VAPKKX, 2020 WL 8812885
25      (C.D. Cal. Apr. 24, 2020) ............................................................................ 13

26

27 *Varsam v. Lab Corp. of Am.,*
      120 F. Supp. 3d 1173 (S.D. Cal. 2015) ....................................................... 15

28

L
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90016-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

# TABLE OF AUTHORITIES - Continued

**Page**

## Cases – Continued

*Walsh v. Nev. Dep't of Human Res.,*
   471 F.3d 1033 (9th Cir.2006) ........................................................ 17

*Yuckming Chiu v. Citrix Sys., Inc.,*
   No. SA CV 11-1121 DOC, 2011 WL 6018278
   (C.D. Cal. Nov. 23, 2011) ............................................................... 6

## Statutes/Rules

Business & Professions Code section 17200 ................................. 1, 16

California Rules of Court, Rule 8.1115(e)(1) ................................. 10

Federal Rules of Civil Procedure, rule 12(b)(6) ......................... 1, 2, 5

Federal Rules of Civil Procedure, Rule 15 ................................. 18

Federal Rules of Civil Procedure, Rule 9 ................................. 7

Labor Code § 203 ................................................ 8, 14, 15, 16

Labor Code § 218.5 ................................................ 9

Labor Code § 226 ................................................ passim

Labor Code § 226.7 ................................................ passim

Labor Code § 2698 ................................................ 1, 16

## Other Authorities

Phillips, et al., Rutter Group Prac. Guide
   Fed. Civ. Pro. Before Trial Ch. 12-B ................................. 3

L.
Ki
1635 Pontius
Avenue,
Second Floor
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

## I.    INTRODUCTION

Defendant Old Dominion Freight Line, Inc. has filed a Motion to Dismiss and Strike Plaintiffs Tai Hang and Robert Canales' Third Amended Complaint (TAC) under Federal Rules of Civil Procedure, Rules 12(b)(6) and 12(f). Defendant's Motion must be denied on all counts.

First, Defendant's arguments regarding Plaintiffs' claims for inaccurate wage statements are meritless. Plaintiffs' claims allege facts supporting all required elements. Although Defendant argues that unpaid rest period premiums do not support a claim for inaccurate wage statements, Defendant fails to address the most recent authorities in this ever-changing area of law.

Second, Plaintiffs' claim for failure to pay final wages stands with their rest period claims. Because Defendant failed to pay the premium wages required for Plaintiffs' missed rest periods, Defendant likewise failed to pay all wages due upon employment separation.

Third, Plaintiffs properly alleged a claim for civil penalties under the Private Attorneys General Act (PAGA), Labor Code § 2698, et seq. This claim is derivative of the substantive claims for rest periods, wage statements, and final wages, and, as such, the PAGA claim stands with those claims.

Finally, Plaintiffs properly alleged a claim for relief under the Unfair Competition Law (UCL), Business & Professions Code section 17200, et seq. Because current California law holds that rest break premiums are wages, these unpaid premiums support a claim for restitution. Further, Plaintiffs are entitled to show that they could be re-hired and, therefore, could benefit from an injunction and/or declaratory relief. Accordingly, Defendant's argument that Plaintiffs are not entitled to relief under the UCL is premature.

In sum, Defendant's motion must be denied.

///

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

## II.   FACTS

Defendant employed Plaintiffs and all others similarly situated as hourly-paid non-exempt employees. TAC ¶¶ 4, 6, 9.

Plaintiffs' TAC alleges that Defendant failed to provide legal rest breaks to Plaintiffs and the putative class members. TAC ¶¶ 34-45.

Plaintiffs' TAC also alleges two claims for failure to provide accurate wage statements. The TAC alleges that "Defendants did not and still do not furnish each of the members of the Independent Wage Statement Class with accurate itemized wage statements in writing, including but not limited not always including all applicable hourly rates for straight time, overtime 1.5 and overtime 2.0." TAC ¶ 55. The TAC also alleges that Defendant derivatively failed to provide accurate wage statements because Defendant failed to pay premiums for rest period violations. TAC ¶¶ 64-75.

Plaintiffs' TAC also alleges derivative claims for waiting time penalties, civil penalties under PAGA, and for injunctive relief, an accounting, and other orders under the UCL. TAC ¶¶ 82-98.

## III.   ANALYSIS

Rule 12(b)(6) (failure to state a claim) provides that a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead affirmative factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, the court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Kahle v. Gonzales,* 474 F.3d 665, 667 (9th Cir. 2007).

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

Rule 12(f) allows a party to move to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co*., 814 F.Supp. 820, 830 (N.D.Cal.1992). When ruling on a motion to strike, the court must accept the nonmoving party's allegations as true and liberally construe the attacked pleading in the light most favorable to the nonmoving party. *Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1207 (S.D.Cal. 2007).[1]

## A. The TAC sufficiently alleges independent and derivative violations of Labor Code § 226.

The TAC alleges independent wage statement violations based on Defendant's failure to include hourly rates of pay (Third Cause of Action, TAC ¶¶ 54-63), and derivative violations based on Defendant's failure to pay rest period premiums, which resulted in inaccurate wage statements (Fourth Cause of Action, TAC ¶¶ 64-75).

California Labor Code § 226(a) requires "an accurate itemized statement in writing" showing nine specific items. An employee who suffers an injury "as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover" damages. Labor Code § 226(e). To establish liability under Labor Code § 226(e), an employee must demonstrate: (1) a failure to include in the wage statement one or more of the required items from Section 226(a); (2) that failure was 'knowing and intentional'; and (3) a resulting injury.

---

[1] Defendant's motion unfairly evades page number limits by cramming case citations into single-spaced footnotes. "Follow the rules regarding font size and page limits, and never try to avoid them by cramming material into single-spaced footnotes." Phillips, et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-B.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

### 1. *Third Cause of Action for Independent Wage Statement Violations*

#### a. *Plaintiffs properly allege injury.*

Plaintiffs' claim for independent violations under Labor Code § 226 is based on Defendant's failure to "furnish each of the members of the Independent Wage Statement Class with accurate itemized wage statements in writing, including but not limited [to] not always including all applicable hourly rates for straight time, overtime 1.5 and overtime 2.0 and/or the accurate hourly pay rates in effect during the pay period." TAC ¶ 55.

In the Court's Order regarding the Second Amended Complaint, it found that the SAC did not "provide any factual details as to what information the wage statements contained." Dkt. No. 17, 17:11. Accordingly, in the TAC, Plaintiffs allege that "neither Plaintiff TAI HANG nor Plaintiff ROBERT CANALES could ascertain whether they were being paid the proper rates because their wage statements did not list their applicable hourly rates. Instead, their wage statements listed only the hours at straight time, overtime, and double overtime, and the total paid, but either failed to list the rate paid, or listed an incorrect rate, in each category, making accurate mathematical deductions impossible." TAC ¶ 58.

Defendant argues that Plaintiffs "have failed to properly allege the requisite injury for seeking penalties under Section 226(e). But Defendant's recitation of the injury standard under §226(e) is incomplete, and therefore misleading.

Defendant states that "a cognizable injury *only* exists when it is impossible to 'promptly and easily determine from the wage statement alone ... the amount of gross wages or net wages [*__actually__*] *paid* to the employee *during the pay period*…'" Dkt. No. 20, 5:9-11, emphasis in original. Egregiously, however, Defendant fails to recite the rest of the standard, which states that an employee is deemed to have suffered injury if he cannot determine "… any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)." Labor Code §

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90006-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

226(e)(2)(B)(i). This "other information" includes "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…". Labor Code § 226(a)(9).

Defendant then argues that Plaintiffs have failed to "allege that they or the putative class members … were unable to determine from the wage statements alone the amount of wages actually paid to them." Dkt. No. 20, 5:16-18. But Defendant fails to understand the basis of Plaintiffs' claim. As explained in the TAC, Plaintiffs could not determine whether they were being paid the correct hourly rates. Plaintiffs do not allege that they were unable to determine the total amount of wages. Accordingly, Defendant's argument and authorities are not on point and must be disregarded.

Defendant goes on to argue that Plaintiffs "fail to plausibly suggest that the hourly rates that were allegedly missing from the wage statements could not be ascertained from the wage statement alone." Dkt. No. 70, 6:10-12. To the contrary, Plaintiffs' TAC expressly states that the missing and/or inaccurate information made "accurate mathematical deductions impossible." TAC ¶ 58. Plaintiffs properly allege that their wage statements listed hours worked at straight time, overtime, and double time, and the total amount paid. But from this information, it is impossible to determine whether each hourly rate paid was correct.

Further, Plaintiffs allege that sometimes their wage statements listed an hourly rate, but that such rate was incorrect, making the amounts impossible to reconcile. *Santos v. TWC Admin. LLC,* No. CV1304799MMMCWX, 2014 WL 12558009, at *18 (C.D. Cal. Aug. 4, 2014) ("[C]ourts have found the injury requirement satisfied where employees must engage in mathematical calculations to determine whether incorrect information included in the wage statement has resulted in underpayment"). This is exactly the kind of injury that Labor Code § 226 seeks to remedy.

///

- 5 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Defendant also complains that Plaintiffs did not include their actual wage statements in the complaint. Dkt. No. 20, 6:8-9, 7:7. "In reviewing a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000). Plaintiffs need not support their complaint with evidence. If Plaintiffs allege their wage statements lacked information required by Labor Code § 226(a)(9) and they were therefore unable to promptly and easily determine their hourly rates, the Court must accept those facts as true without evidence thereof.

Importantly, Defendant fails to acknowledge that, since a 2013 amendment, injury is <u>presumed</u> under Labor Code § 226(e)(2)(B). "Because [Plaintiffs] allege that information required by subdivision (e)(2)(B)(i) of section 226 was omitted from their wage statements, injury is presumed because they could not 'promptly and easily determine' that information 'from the wage statement alone.'" *Fodera v. Equinox Holdings, Inc.*, No. 19-CV-05072-WHO, 2020 WL 3961985, at *4 (N.D. Cal. July 13, 2020); see, e.g., *Mitchell v. Corelogic, Inc.*, No. SACV172274DOCDFMX, 2018 WL 6118444, at *11 (C.D. Cal. Aug. 7, 2018) ("Plaintiffs allege that Defendants have failed to provide statutorily required information under § 226(a) subdivisions (1), (5), (6), and (9). … Therefore, Plaintiffs properly plead a claim for failure to provide itemized wage statements."); see also *Yuckming Chiu v. Citrix Sys., Inc.,* No. SA CV 11-1121 DOC, 2011 WL 6018278, at *6 (C.D. Cal. Nov. 23, 2011) (prior to the 2013 amendment of § 226, stating that "[i]t is well established that failure to provide information that results in an employee's confusion over whether he has received all wages owed and forces an employee to make mathematical computations to analyze whether the wages paid in fact compensated him are sufficient injuries.").

///

///

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

### b. *Plaintiffs properly allege that Defendant's violations were knowing and intentional.*

Defendant next argues that the TAC does not allege facts supporting the "knowing and intentional" element of a Labor Code § 226 violation. To the contrary, the TAC alleges: "The deficient wage statements were issued according to Defendants' policy and practice. Defendants were aware of the factual predicate underlying the violations, i.e., Defendants knew that the wage statements of Plaintiffs and the members of the Independent Wage Statement Class failed to include all applicable hourly rates for straight time, overtime 1.5 and overtime 2.0 and/or the accurate hourly pay rates in effect during the pay period. These failures were thus knowing and intentional and not due to an accident, clerical error, or inadvertent mistake." TAC ¶ 56.

Importantly, "knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). For example, in another case against this same Defendant, this court held that, at the pleading stage, the plaintiffs' "simple allegation that Defendant's failure was 'knowing and intentional' suffices to state a claim at this juncture. … In addition, Plaintiffs allege a regular practice by Defendant of failing to record and pay for time worked." *Sanders v. Old Dominion Freight Line, Inc.,* No. CV 18-688 DSF (SHKX), 2018 WL 6321631, at *3 (C.D. Cal. Sept. 13, 2018); see also *de Dios v. Gerard Roof Prod., LLC,* No. 518CV1163SJOFFMX, 2018 WL 6016952, at *5 (C.D. Cal. Sept. 4, 2018) (collecting cases that hold that an allegation that a defendant knew that wage statements did not comply with § 226 was sufficient to oppose motion to dismiss).

Where an employee's wage statements are issued in accordance with an employer's policy or regular practice, the violation was "knowing and intentional." *Cabardo v. Patacsil*, 248 F.Supp.3d 1002, 1010 (E.D. Cal. 2017). Plaintiffs alleged that Defendant issued inaccurate wage statements according to its pattern and practice. SAC ¶ 70. Accordingly, Plaintiffs have sufficiently alleged a knowing

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**- 7 -**

and intentional failure to issue accurate wage statements.

Accordingly, Defendant's contention lacks merit.

### 2. *Fourth Cause of Action for Derivative Wage Statement Violations*

Plaintiffs' Fourth Cause of Action for Derivative Wage Statement Violations rests on Defendant's failure to pay rest period premiums, and thus failed to include such premiums on Plaintiffs' wage statements.

#### a. *As the law currently stands, rest period violations support a Section 226 cause of action.*

First, Defendant argues that rest period premiums under Labor Code § 226.7 do not support a violation of § 226.[2] Egregiously, Defendant does not address that this exact question is currently pending in front of the California Supreme Court. *Naranjo v. Spectrum Sec. Servs., Inc*., 455 P.3d 704 (Jan. 2, 2020); *Betancourt v. OS Rest. Servs.,* 471 P.3d 1000 (Cal. Aug. 19, 2020) (granting review and deferring further action pending a decision in *Naranjo*). The Supreme Court's website explicitly states that *Naranjo* will address the following question: "Does a violation of Labor Code section 226.7, which requires payment of premium wages for meal and rest period violations, give rise to claims under Labor Code sections 203 and 226 when the employer does not include the premium wages in the employee's wage statements but does include the wages earned for meal breaks?"[3]

Instead of noting that the exact issue raised by Defendant is in front of the California Supreme Court, Defendant spends over five pages of its brief dancing around and reframing the issue, only to finally cite *Naranjo* in its very last citation. ///

---

[2] Curiously, Defendant makes this same argument in three separate sections. Dkt. No. 20, 9:8-10:25 and 13:7-17:12

[3] Available at https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2302546&doc_no=S258966&request_token=NiIwLSEmTkw2WyBNSCNdWEpJQEQ0UDxTJiBeIzxSUCAgCg%3D%3D

*Naranjo* is fully briefed and as such, a definitive answer to the question of whether Plaintiffs' claim for failure to authorize and permit rest periods supports a claim under Section 226 is forthcoming. Accordingly, there is no basis on which to dismiss this claim at this time.

As the law currently stands, rest period premiums are considered "wages" under § 226. The California Supreme Court, in its 2007 decision in *Murphy*, held that payments for missed breaks should be considered wages, rather than a penalty, in the context of determining the applicable statute of limitations. *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal.4th 1094, 1110 (2007) ("payment for missed meal and rest periods [was] enacted as a premium wage to compensate employees"). Relying on the premise that "statutes regulating conditions of employment are to be liberally construed with an eye to protecting employees," *Murphy* made three important conclusions: (1) "Section 226.7's 'additional hour of pay' constitutes wages" as the Legislature intended section 226.7 to "compensate employees for their injuries"; (2) The premium wages function identically to overtime premiums ("a payment owed pursuant to section 226.7 is akin to an employee's immediate entitlement to payment of wages or for overtime"); and (3) "Under the amended version of section 226.7, an employee is entitled to the additional hour of pay immediately upon being forced to miss a rest or meal period." *Id*. at 1102, 1108, 1111. These conclusions from *Murphy* establish that regardless of whether the claim under section 226.7 is characterized as one for non-payment of wages or something else, the remedy provided is unequivocally a "wage."

Five years later, in *Kirby v. Immoos Fire Protection*, the California Supreme Court was presented with the related question of whether an action to recover payments for missed meal breaks should be considered one "brought for the nonpayment of wages" under Labor Code section 218.5's fee-shifting provisions. *Kirby v. Immoos Fire Prot., Inc.,* 53 Cal.4th 1244 (2012). In *Kirby,* an employer

- 9 -

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

sought to recover attorneys' fees from employees who had unsuccessfully litigated a claim for missed meal period payments under section 226.7, under the attorney fee shifting provisions in section 218.5. Section 218.5 awards attorneys' fees to a prevailing party in "any action brought for the nonpayment of wages." The *Kirby* court affirmed *Murphy*'s holding that a missed meal period payment was a "wage" for purposes of the statute of limitations. *Id.* at 1256. It held only that an action to recover payments under section 226.7 was not one "brought for," i.e., brought "on account of," nonpayment of wages. *Id.*

*Kirby* did not abrogate *Murphy*. The payment required by section 226.7 remained a wage for all the reasons stated in *Murphy*, which directly examined the nature of the premium and termed it a "wage" rather than a "penalty." The distinction made in *Kirby* was narrowly limited to the relief at issue there, in the two-way fee shifting statute. *Kirby*, 53 Cal.4th at 1256. In other words, *Murphy* addressed the characterization of the damages provided by section 226.7 as wages while *Kirby* addressed the characterization of the substantive violation of section 226.7 claim itself.

Contravening *Murphy*, two California appellate decisions later held that unpaid rest break premiums under § 226.7 are penalties and do not entitle employees to pursue the derivative penalties under § 226(a). *Naranjo v. Spectrum Security Services, Inc.*, 40 Cal. App. 5th 444, 474 (2019); *Betancourt v. OS Rest. Servs.*, LLC, 49 Cal. App. 5th 240, 248 (2020). However, the California Supreme Court granted review of both these decisions, which means neither is precedential. Cal. R. Ct. 8.1115(e)(1).

Defendant's entire discussion of this issue is irrelevant. Defendant relies on *Sherman v. Schneider Nat'l Carriers, Inc.,* No. CV 18-08609-AB (JCX), 2019 WL 3220585, at *1 (C.D. Cal. Mar. 6, 2019), which in turn relied on *Maldonado v. Epsilon,* 22 Cal.App.5th 1308 (2018), to argue that rest period violations cannot, as a matter of law, support a claim for inaccurate wage statements. To the contrary,

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

*Maldonado* did not hold as such.

In *Maldonado*, the plaintiffs sought damages for inaccurate wage statements based on the defendant's failure to pay overtime. *Maldonado,* 22 Cal.App.5th at 1324. "The evidence introduced at trial on this point, however, was virtually nonexistent. … There was no testimony by any of the class members as to damages arising from the wage statements." *Id.*

On appeal, the *Maldonado* court held that the plaintiff's allegations did not give rise to the inference of injury under section 226(e)(2)(B). Because the plaintiff had not alleged or proven that her wage statements inaccurately reported her hours worked, the trial court had improperly awarded damages under that section, which deems the employee to have suffered an injury if certain conditions are met. *Id.* at 1335-36.

Accordingly, the *Maldonado* court did not hold (as Defendants assert) that a claim for failure to pay meal or rest period premiums cannot support a section 226 claim. Rather, that case merely held that if a section 226 claim is predicated on a failure to report wages instead of a failure to accurately list hours, the plaintiff must demonstrate that he suffered injury. Here, Plaintiffs have alleged that they suffered injury as a result of Defendant's inaccurate wage statements. TAC ¶¶ 70-72. "Maldonado did not foreclose claims of this kind—it did precisely the opposite by signaling such claims are amongst those that can survive on a presumption of injury." *Bates v. Leprino Foods Co.,* No. 220CV00700AWIBAM, 2020 WL 6392562, at *7 (E.D. Cal. Nov. 2, 2020). As such, *Maldonado* is inapplicable here.

Defendant next relies on *Soto v. Motel 6 Operating, L.P.* 4 Cal.App.5th 385, 390–391 (2016), which is also readily distinguishable. In *Soto*, the plaintiff argued that section 226 "requires the monetary amount of earned vacation pay to be listed on each itemized wage statement." *Id*. *Soto* held that section 226(a) "does not identify accrued paid vacation as one of these categories" of information that must be included on wage statements. *Id*.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1  *Soto* further held that unused vacation pay does not qualify as "wages

2  earned," because an employee's vested rights to vacation wages "do not ripen and

3  become an entitlement to *receive* the monetary value of the benefit *as wages* until

4  the separation date." *Id.* at 392, emphasis in original. The court concluded, "If an

5  employer is not required to compensate an employee for unused vacation in a

6  particular paycheck, there is no statutory duty to identify the monetary amount of

7  the accrued vacation balance." *Id.* at 393.

8      *Soto* is not applicable here because it did not deal with the question of

9  whether missed break premiums are wages under section 226. Defendant argues

10  that section 226 does not list missed break premiums as a required item. The

11  difference, though, between vacation pay and break premiums is that controlling

12  California Supreme Court precedent (*Murphy*) held that break premiums are

13  earned wages, and earned wages are explicitly included in the items required by

14  section 226. No authority holds that accrued vacation time constitutes "wages,"

15  and, as such, *Soto* correctly held that such time need not be included under section

16  226. Accordingly, *Soto* is not helpful to the analysis.

17      Defendant cites **only one single case** that was issued after review was

18  granted in *Naranjo*. *Parsittie v. Schneider Logistics, Inc.,* No.

19  CV193981MWFAFMX, 2020 WL 2120003, at *8 (C.D. Cal. Apr. 3, 2020)

20  (holding that allowing a claim for inaccurate wage statements based on failure to

21  pay rest period premiums would result in "double recovery"). Notably, that single

22  case also fails to address *Naranjo*. **More importantly**, it was recently reversed in

23  part by the Ninth Circuit. That court affirmed the dismissal of the Section 226

24  claim, but on the basis that the plaintiff "failed to plead that [the defendant's]

25  failure to provide accurate wage statements was knowing and intentional."

26  *Parsittie v. Schneider Logistics, Inc*., No. 20-55470, 2021 WL 2365978, at *2 (9th

27  Cir. June 9, 2021). In other words, Defendant has failed to present a single

28  authority that would support the dismissal of Plaintiffs' derivative Section 226

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

claim on the basis that a failure to authorize and permit compliant rest periods does not support a claim for inaccurate wage statements.

In contrast to Defendant's antiquated authorities, since the California Supreme Court's grant of review in *Naranjo*, most district courts have held that unpaid break premiums can support a wage statement claim. *Kazi v. PNC Bank, N.A.,* No. 18-CV-04810-JCS, 2021 WL 965372, at *22 (N.D. Cal. Mar. 15, 2021) "Under *Murphy*, premiums owed under section 226.7 are wages. This Court therefore concludes that the California Supreme Court will reverse *Naranjo*'s holding to the contrary, and declines to grant PNC summary judgment on any claims based on that decision."); *Bates v. Leprino Foods Co.*, No. 2:20-CV-00700-AWI-BAM, 2020 WL 6392562, at *5 (E.D. Cal. Nov. 2, 2020); *Howell v. Leprino Foods Co.*, No. 1:18-CV-01404-AWI-BAM, 2021 WL 168291, at *4 (E.D. Cal. Jan. 19, 2021); *Harper v. Charter Commc'ns, LLC,* No. 219CV00902WBSDMC, 2021 WL 603724, at *18 (E.D. Cal. Feb. 16, 2021).

Only two district court cases have held that unpaid premiums do not support derivative claims. *Garbyo v. Leonardo Bros.,* No. 1:15-cv-01487-DAD-JLT, 2020 WL 2765661, at *7–8 (E.D. Cal. May 28, 2020) (recommending dismissal of wage statement claim that was derivative of the rest period claim based on the Naranjo court's reasoning); *Sanchez v. New York & Co. Stores, Inc.*, No. 220CV02380RGKGJS, 2020 WL 5498066, at *3 (C.D. Cal. June 29, 2020).

Finally, two courts have stayed derivative claims pending the California Supreme Court's decision in *Naranjo. Valiente v. Swift Transportation Co. of Arizona, LLC*, No. 219CV04217VAPKKX, 2020 WL 8812885, at *3 (C.D. Cal. Apr. 24, 2020); *Reyes v. Sky Chefs, Inc.*, No. 20-CV-08590-LB, 2021 WL 308611, at *1 fn.3 (N.D. Cal. Jan. 29, 2021).

This Court should follow the weight of authority and deny Defendant's motion to dismiss the fourth cause of action.

///

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1

2

        *b.   Plaintiffs properly allege that Defendant's violations were*
            *knowing and intentional and caused injury.*

3

     Just as with the third cause of action, Defendant argues that the fourth cause

4

of action does not properly allege that Defendant's conduct was knowing and

5

intentional and that it caused injury. To the contrary, the TAC alleges both

6

elements under Section 226.

7

     First, as addressed in full above, an allegation that a defendant knew that

8

wage statements did not comply with section 226 is sufficient to withstand a

9

motion to dismiss. *de Dios v. Gerard Roof Prod., LLC*, 2018 WL 6016952, at *5.

10

Here, the TAC alleges, "The deficient wage statements were issued according to

11

Defendants' policy and practice. Defendants were aware of the factual predicate

12

underlying the violations, i.e., Defendants knew that it was not paying rest period

13

premiums that were owed and that, derivatively, the wage statements of Plaintiffs

14

and the members of the Derivative Wage Statement Class failed to include (1)

15

gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4)

16

net wages earned and/or (5) all applicable hourly rates in effect during each

17

respective pay period and the corresponding number of hours worked at each

18

hourly rate. These failures were thus knowing and intentional and not due to an

19

accident, clerical error, or inadvertent mistake." TAC ¶ 69. These allegations

20

amply fulfill the pleading requirements for the "knowing and intentional" element

21

of Section 226.

22

     Second, the TAC amply alleges that Defendant caused Plaintiffs' injury. The

23

TAC alleges that Plaintiffs "could not and cannot promptly and easily ascertain

24

requisite information because Defendants failed to keep accurate records of the rest

25

period premiums earned," were confused "over whether they received all wages

26

owed them by Defendants," experienced "difficulty and expense of attempting to

27

reconstruct time and pay records," were "forced to engage in mathematical

28

computations to analyze whether Defendants' wages in fact compensated for all

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**- 14 -**

hours worked," and lacked the information necessary to challenge Defendant's practices. TAC ¶¶ 71-72. "Courts have indicated that an injury under § 226 may be shown through … employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked." *Reinhardt v. Gemini Motor Transp.,* 879 F. Supp. 2d 1138, 1142 (E.D. Cal. 2012). Accordingly, the TAC properly alleges that Plaintiffs suffered injury.

### B. The TAC sufficiently alleges a claim for failure to pay final wages.

To state a claim for waiting time penalties under Labor Code § 203, a plaintiff must allege that her employer willfully failed to pay all wages she was entitled to at the time her employment ended. See *Bernstein v. Vocus, Inc.*, No. 14-CV-01561-THE, 2014 WL 3673307, at *5 (N.D. Cal., July 23, 2014).

Defendant argues that Plaintiffs fail to allege facts supporting their Fifth Cause of Action for failure to pay final wages in violation of Labor Code § 203. To the contrary, Plaintiffs allege specifics of their employment separations, that Defendant failed to pay them unpaid break premiums, and that the wages remained unpaid for up to 30 days after their employment separation. TAC ¶¶ 6, 9, 77, 79.

Defendant also argues that the TAC fails to allege sufficient facts of willfulness. However, as used in section 203, "'willful' merely means that the employer intentionally failed or refused to perform an act which was required to be done." *Barnhill v. Robert Saunders & Co.*, 125 Cal.App.3d 1, 8 (1981). "Courts have found that an allegation of deliberately implementing a policy 'of not paying owed wages' is sufficient to satisfy the willful requirement of [Section] 203." *Varsam v. Lab Corp. of Am.*, 120 F. Supp. 3d 1173, 1179 (S.D. Cal. 2015) (citations omitted). Here, the TAC alleges that Defendant's policy of denying compliant rest periods - and failing to pay rest period premiums for noncompliant breaks - was intentional. TAC ¶¶ 39-43. Thus, this willful policy of not paying

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

wages owed resulted in an intentional failure to pay Plaintiffs their final wages under Defendant's "consistent and uniform policy." TAC ¶¶ 78-80.

Accordingly, Plaintiffs have sufficiently pleaded the elements of a claim under Labor Code § 203. *Duley v. Centerra Grp., LLC,* No. 2:19-CV-08754-AB-JC, 2020 WL 6526371, at *2 (C.D. Cal. June 18, 2020) (holding a claim under § 203 is sufficiently pleaded "by alleging that [Defendant] deliberately implemented a companywide policy of not paying overtime[;] that he and some of the Putative Class members were discharged or quit ... and have failed to receive the overtime wages due to them.")

Defendant also repeats its argument that unpaid break premiums are not wages and, as such, do not support a claim under Labor Code § 203. Misleadingly, Defendant quotes the California Court of Appeal decision that is currently under review by the California Supreme Court, in bold and italic print, yet fails to note the subsequent history or that this decision is not likely to stand. See *Kazi v. PNC Bank, N.A.*, No. 18-CV-04810-JCS, 2021 WL 965372, at *22 (N.D. Cal. Mar. 15, 2021) ("There are compelling reasons to believe the California Supreme Court will reverse *Naranjo,* because its holding that premiums under section 226.7 are not 'wages' directly conflicts with the California Supreme Court's decision in *Murphy*.") As Plaintiffs address above in full in the context of Labor Code § 226, current California law (as well as a recent majority of district courts) hold that rest period premiums are wages, and thus support a claim under Labor Code § 203.

**C. The PAGA claim should not be dismissed.**

Plaintiffs' Sixth Cause of Action is for civil penalties under PAGA, Labor Code section 2698, et seq. This claim is derivative of Plaintiffs' first five causes of action. Accordingly, this cause of action states a claim because Plaintiffs' claims for rest period violations, inaccurate wage statements, and waiting time penalties state claims. *Gomez v. Lincare, Inc.* (2009) 173 Cal.App.4th 508, 524-25 (holding that derivative claims stand or fall with the underlying predicate claim).

L
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1  Defendant's motion to dismiss this claim must be denied.

2      **D. The UCL claim should not be dismissed.**

3      Under the Unfair Competition Law ("UCL"), "a practice is prohibited as

4  'unfair' or 'deceptive' even if it is not 'unlawful' or vice versa." *Cel-Tech*

5  *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180

6  (1999) (internal quotes omitted).

7      First, Defendant argues that the UCL claim fails to the extent it is derivative

8  of the claims under Sections 203 and 226, addressed above. "Virtually any law can

9  serve as the predicate for a Business & Professions Code § 17200 action; …

10  [Business and Professions Code s]ection 17200 'borrows' violations of other laws

11  and treats them as unlawful practices independently actionable under section

12  17200 et seq." *Gafcon, Inc. v. Ponsor & Associates*, 98 Cal.App.4th 1388, 1425

13  n.15 (2002). Here, Plaintiffs' first five causes of action for various Labor Code

14  violations serve as the predicate for the UCL claim. Accordingly, the UCL cause of

15  action stands with these claims.

16      Second, regarding restitution, Defendant argues that penalties are not

17  covered by the UCL. However, as addressed in full above, the question of whether

18  unpaid break premiums are wages is currently before the California Supreme

19  Court. Courts have found that recovery of break premiums can be properly

20  considered under the UCL. See *Eason v. Roman Catholic Bishop of San Diego,*

21  414 F. Supp. 3d 1276, 1283 (S.D. Cal. 2019); *Morgan v. Rohr, Inc.*, No.

22  320CV00574GPCAHG, 2020 WL 3317202, at \*3 (S.D. Cal. June 18, 2020).

23      Likewise, Defendant contends that, as former employees, Plaintiffs do not

24  have standing to pray for injunctive or declaratory relief. However, this argument

25  is premature as Plaintiffs are entitled to show that they could be re-hired and,

26  therefore, could benefit from prospective relief. *Labriola v. Bank of America, Nat.*

27  *Ass'n*, 2012 WL 1657191, at \*7 (N.D. Cal., May 10, 2012, No. C 12-79 CW)

28  ("where a plaintiff may return to work for his former employer, he may benefit

L.
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 17 -

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS THIRD AMENDED COMPLAINT**

from an injunction changing its employment practices, and therefore has standing"), citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir.2006).

Further, Plaintiffs must be allowed to conduct discovery regarding whether Defendant has changed its rest break policy. If this policy is found to be unlawful, and Defendant has not ceased controlling employees' rest periods, damages may be inadequate, as they would not protect employees from future wrongful denials of legal rest periods. See *Ghazarian v. Magellan Health, Inc.*, 53 Cal. App. 5th 171 (2020) (holding injunction can be awarded when there is no evidence that the defendant's unlawful policies have changed).

Finally, Defendant argues that Plaintiffs cannot pray for declaratory relief because, Defendant contends, Plaintiffs seek only to redress past wrongs. To the contrary, Plaintiffs seek a declaration that Defendant's ongoing practices are unlawful under the UCL. See *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1222 (N.D. Cal. 2014) (refusing to dismiss declaratory relief claim when plaintiffs "seek a declaration clarifying [defendant's] *ongoing* contractual obligation to provide reasonable security" (emphasis in original)). Accordingly, this claim for relief should also stand.

In sum, Defendant's motion to dismiss Plaintiffs' UCL claim must be denied.

### E. Should the Court find any merit to Defendant's Motion, Plaintiffs should be freely granted leave to amend.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed.R.Civ.P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003).

Thus, should the Court be inclined to dismiss any of Plaintiffs' claim, Plaintiffs respectfully request leave to amend.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1

**IV.    CONCLUSION**

2

For all the foregoing reasons, Plaintiffs respectfully request that the Court

3

deny Defendant's Motion to Dismiss Plaintiffs' TAC.

4

Dated: September 10, 2021            LAW OFFICES OF KEVIN T. BARNES

5

6                                   By:      */s/ Gregg Lander*
                                             Kevin T. Barnes, Esq.
7                                            Gregg Lander, Esq.
                                             Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L
Ki
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

on the interested parties in this action, addressed as follows:

*Attorneys for Defendant:*

Matthew C. Kane, Esq.
Amy E. Beverlin, Esq.
Kerri H. Sakaue, Esq.
MCGUIRE WOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Tel.: (310) 315-8200
Fax: (310) 315-8210
Email: MKane@mcguirewoods.com

*Attorney for Plaintiff Tai Hang:*

Raphael A. Katri, Esq.
LAW OFFICES OF
RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034
Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

*Attorney for Plaintiff Robert Canales:*

Joseph Tojarieh, Esq.
STONEBROOK LAW
10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067
Tel: (310) 553-5533
Fax: (310) 553-5536
Email: JFT@stonebrooklaw.com

using the following service method:

  **X   VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **September 10, 2021**, at Los Angeles, California.

*/s/ Gregg Lander*
**Gregg Lander**

**PROOF OF SERVICE**