**BAKER & HOSTETLER LLP**
Matthew C. Kane, Esq. (SBN 171829)
Email: mkane@bakerlaw.com
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Tel: (310) 820-8800
Fax: (310) 820-8859

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, Esq. (SBN 258363)
Email: sjkim@bakerlaw.com
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Tel: (415) 659-2600
Fax: (415) 659-2601

**MCGUIREWOODS LLP**
Amy E. Beverlin, Esq. (SBN 284745)
Email: abeverlin@mcguirewoods.com
Kerri H. Sakaue, Esq. (SBN 301043)
Email: ksakaue@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Tel: (310) 315-8200
Fax: (310) 315-8210

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive,

Defendants.

CASE NO. 5:21-cv-00287-JWH-KK

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f):**

**(1) MEMORANDUM OF POINTS AND AUTHORITIES**

***Filed Under Separate Covers:***

**(2) SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

**(3) RESPONSE TO PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**

**Date: October 1, 2021**
**Time: 9:00 a.m.**
**Crtrm.: 2**
**Judge: Hon. John W. Holcomb**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. THE PURPORTED INDEPENDENT WAGE STATEMENT CLAIM SHOULD BE DISMISSED ........ 1

A. PLAINTIFFS DO NOT ALLEGE A COGNIZABLE INJURY ........ 1

B. PLAINTIFFS DO NOT SUFFICIENTLY ALLEGE KNOWLEDGE AND INTENT ........ 3

III. THE PURPORTED DERIVATIVE WAGE STATEMENT CLAIM SHOULD BE DISMISSED ........ 4

IV. THE PURPORTED LATE FINAL WAGE PAYMENT CLAIM FAILS ........ 8

V. THE PURPORTED PAGA CLAIM SHOULD BE DISMISSED ........ 10

VI. THE PURPORTED UCL CLAIM SHOULD BE DISMISSED ........ 10

VII. PLAINTIFFS' PURPORTED REQUESTS FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DISMISSED ........ 12

VIII. FURTHER LEAVE TO AMEND SHOULD BE DENIED ........ 12

IX. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Adobe Sys., Inc. Privacy Litig.*, 66 F.Supp.3d 1197 (N.D. Cal. Sept. 4, 2014) ... 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ... 2

*Bates v. Leprino Foods Company*, 2020 WL 6392562 (E.D. Cal. Nov. 2, 2020) ... 7, 8

*Cabardo v. Patacsil*, 248 F.Supp.3d 1002 (E.D. Cal. 2017) ... 3, 4

*Corder v. Houston's Rests., Inc.*, 424 F.Supp.2d 1205 (C.D. Cal. 2006) ... 11

*De La Torre v. Am. Red Cross*, 2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) ... 2

*Duley v. Centerra Grp, LLC*, 2020 WL 6526369 (C.D. Cal. Mar. 18, 2020) ... 9

*Eason v. Roman Catholic Bishop of San Diego.*, 414 F.Supp.3d 1276 (S.D. Cal. 2019) ... 11

*Guerrero v. Halliburton Energy Servs., Inc.*, 2016 WL 6494296 (E.D. Cal. Nov. 2, 2016) ... 4

*Hines v. Constellis Integrated Risk Management Servs.*, U.S.D.C. C.D. Cal. Case No. 2:20-cv-JWH-PLAx ... 5, 12

*Jones v. Spherion Staffing LLC*, 2012 WL 3264081 (C.D. Cal. Aug. 7, 2012) ... 6

*Labriola v. Bank of Am., N.A.*, 2012 WL 1657191 (N.D. Cal. May 10, 2012) ... 12

*M.S. v. Cnty. of Ventura*, 2017 WL 10434015 (C.D. Cal. Mar. 7, 2017) .......... 6

*Magadia v. Wal-Mart Associates, Inc.*, 2019 WL 2317181 (N.D. Cal. May 31, 2019), *rev'd on other grounds*, 999 F.3d 668 (9th Cir. 2021) .......... 3

*Milligan v. Am. Airlines, Inc.*, 577 F. App'x 718 (9th Cir. 2014) .......... 2

*Morales v. Paschen Mgmt. Corp.*, 2019 WL 6354396 (C.D. Cal. Sept. 27, 2019) .......... 6

*Morgan v. Rohr, Inc.*, 2020 WL 3317202 (S.D. Cal. June 18, 2020) .......... 11

*Ovation Toys Co. v. Only Hearts Club*, 2015 WL 13446278 (C.D. Cal. Apr. 6, 2015) .......... 12

*Parsittie v. Schneider Logistics, Inc.*, 2019 WL 8163645 (C.D. Cal. Oct. 29, 2019) .......... 5

*Parsittie v. Schneider Logistics, Inc.*, 2020 WL 2120003 (C.D. Cal. Apr. 3, 2020) .......... 6

*Pyara v. Sysco Corp.*, 2016 WL 3916339 (E.D. Cal. July 20, 2016) .......... 5, 6

*Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d 1197 (N.D. Cal. 2013) .......... 6

*Ruelas v. Costco Wholesale Corp.*, 67 F.Supp.3d 1137 (N.D. Cal. 2014) .......... 10

*Sanchez v. New York & Co. Stores, Inc.*, 2020 WL 5498066 (C.D. Cal. June 29, 2020) .......... 8, 10

*Sanchez v. Ritz Carlton*, 2015 WL 5009659 (C.D. Cal. Aug. 17, 2015) .......... 9

*Santos v. TWC Admin. LLC.*, 2014 WL 12558009. (C.D. Cal. Aug. 4, 2014) .......... 1, 3

*Sherman v. Schneider Nat'l Carriers, Inc.*, 2019 WL 3220585 (C.D. Cal. Mar. 6, 2019) .......... 2

*Soratorio v. Tesoro Refin. & Mkt'g Co., LLC*, 2017 WL 1520416 (C.D. Cal. April 26, 2017) .......... 9

*Suarez v. Bank of Am. Corp.*, 2018 WL 2431473 (N.D. Cal. May 30, 2018) .......... 2

*Varsam v. Lab. Corp. of Am.*, 120 F.Supp.3d 1173 (S.D. Cal. 2015) .......... 9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .......... 12

**California Cases**

*Barnhill v. Robert Saunders & Co.*, 125 Cal.App.3d 1 (1981) .......... 9

*Betancourt v. OS Rest. Servs., LLC*, 49 Cal.App.5th 240 (2020), *reh'g denied* (May 18, 2020), *rev. granted*, 471 P.3d 1000 (Aug. 19, 2020) .......... 8

*Cortez v. Purolator Air Filtration Prods., Co.*, 23 Cal.4th 163 (2000) .......... 11

*Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244 (2012) .......... 8, 10

*Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal.App.4th 1242 (2016) .......... 7, 8, 10

*Maldonado v. Epsilon Plastics, Inc.*, 22 Cal.App.5th 1308, 1335 (2018) .......... 1, 2, 5

*Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094 (2007) .......... 6, 8, 10, 11

*Naranjo v. Spectrum Sec. Servs., Inc.*, 40 Cal.App.5th 444 (2019) .......... 6, 10, 11

*Price v. Starbucks Corp.*, 192 Cal.App.4th 1136 (2011) .......... 1, 2

**California Statutes**

Cal. Lab. Code
§ 201 .......... 9
§ 202 .......... 9
§ 203 .......... 7, 8
§ 226(a) .......... 4
§ 226(e) .......... 1
§ 226(e)(2)(B)(i) .......... 4
§ 226.7(b) .......... 11

**Other Authorities**

Cal. R. Ct. 8.1115 .......... 7

## I. INTRODUCTION

Plaintiffs' Opposition merely rehashes the factually devoid and unsupported legal conclusions of their Third Amended Complaint ("TAC"), demonstrating that they have failed to, and cannot, proffer ***sufficient facts***—*e.g.,* the who, what, where, when, why and how—to support their purported claims. And notwithstanding their arguments to the contrary, their TAC continues to suffer from incurable substantive defects. Therefore, Plaintiffs' claims should be dismissed as requested and/or portions thereof stricken ***without further leave to amend***.

## II. THE PURPORTED INDEPENDENT WAGE STATEMENT CLAIM SHOULD BE DISMISSED

### A. PLAINTIFFS DO NOT ALLEGE A COGNIZABLE INJURY

Plaintiffs erroneously contend that they sufficiently pled a cognizable injury under Section 226(e) because they allege that either (1) the applicable hourly rates were not listed on their wage statements, making it impossible to determine whether each hourly rate paid was correct or (2) the hourly rates were listed, but at an incorrect rate, "making the amounts impossible to reconcile." *See* Opp. at 4:11-14, 5:20-22. But these allegations are too vague and conclusory to plausibly suggest that Plaintiffs suffered the kind of injury contemplated under Section 226(e).[1]

As to their first argument, Plaintiffs offer no facts as to how the alleged absence of the applicable hourly rates on their wage statements prevented them from performing simple math based on their total pay and hours worked to ascertain their hourly rates from their wage statements. As *Maldonado v. Epsilon Plastics, Inc.,* held, "injury is only presumed if one of five specific categories is omitted, and, even then, ***only if*** a reasonable person would be unable to readily ascertain the missing

---

[1] *See Santos v. TWC Admin. LLC.*, 2014 WL 12558009. *18 (C.D. Cal. Aug. 4, 2014) (Morrow, J.) ("[U]nder both the current and pre-2013 versions of § 226(e), an employee must demonstrate a failure to provide an accurate itemized wage statement *and* suffer an injury as a result of such failure.") (emph. in orig.); *Price v. Starbucks Corp.*, 192 Cal.App.4th 1136, 1142-43 (2011) ("The injury requirement in [Section 226(e)] cannot be satisfied simply because one of the nine itemized requirements in [Section 226(a)] is missing from a wage statement.").

information without reference to other documents or information." 22 Cal.App.5th 1308, 1335 (2018) (emph. added). Therefore, courts regularly hold that wage statement claims do not satisfy Section 226's injury requirement if the allegedly missing information is the type that can easily be calculated using the data and information provided on the wage statements.[2] Yet, Plaintiffs allege ***no facts*** to show how their hourly rates were not ascertainable based on the data and information provided on their wage statements. At a minimum, the TAC's allegations leave open the possibility that hourly rates were ascertainable from the wage statements. Thus, at most, the TAC only shows "the mere possibility of misconduct," but "the well-pleaded ***facts*** do ***not*** permit the court to infer more than the ***mere possibility of misconduct***, [as] the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emph. added).

As for their second argument, Plaintiffs do not allege ***any*** facts showing how ODFL's wage statements listed *inaccurate* hourly rates or that it somehow impeded their ability to reconcile the *amounts paid*.[3] In fact, because Plaintiffs are ***not*** "alleg[ing] that they were unable to determine the total amount of wages," *see* Opp. at 5:9-10, they have ***not*** sufficiently pled a cognizable ***injury*** arising from their receipt of their wage statements.[4]

---

[2] *See, e.g.*, *Price*, 291 Cal.App.4th at 1143 (finding that an employee suffered no injury because "simple math is not based upon any allegation that the information is inaccurate"); *Milligan v. Am. Airlines, Inc.*, 577 F. App'x 718, 719 (9th Cir. 2014) ("Performing simple math to determine § 226(a)-required information from figures on the wage statement does not constitute injury.").

[3] *See Suarez v. Bank of Am. Corp.*, 2018 WL 2431473, at *13 (N.D. Cal. May 30, 2018) (dismissing wage statement claim because "Plaintiff's allegation that she and putative class members 'suffered monetary damages' because they 'could not determine whether they were paid properly and/or did not receive pay for all hours worked' … is not supported by sufficient facts").

[4] *De La Torre v. Am. Red Cross*, 2013 WL 5573101, *6 (C.D. Cal. Oct. 9, 2013) (Pregerson, J.) (finding no injury where the alleged wage statement inaccuracy did not prevent the plaintiff from determining the *amounts actually paid* to her during the pay periods at issue); *Sherman v. Schneider Nat'l Carriers, Inc.*, 2019 WL 3220585, at *5 (C.D. Cal. Mar. 6, 2019) (Birotte, J.) (same); *Maldonado,* 22 Cal.App.5th at 1336 (reversing award of wage statement penalties where wage

Plaintiffs' reliance on *Santos v. TWC Admin. LLC.*, 2014 WL 12558009 (C.D. Cal. Aug. 4, 2014) (Morrow, J.), is misplaced, as *Santos* involved a class certification decision and the question of whether the plaintiff had satisfied the injury requirement under Section 226(a) to confer standing upon her to represent a class. The court did *not* consider the separate question at issue here as to whether plaintiff's allegations of injury are sufficient to satisfy Rule 8's pleading standards.[5] Here, Plaintiffs proffer nothing more than the mere *conclusion* that they were injured (TAC, ¶¶ 58-60), which is insufficient to properly state a claim. *See id.*

### B. PLAINTIFFS DO NOT SUFFICIENTLY ALLEGE KNOWLEDGE AND INTENT

In *Magadia v. Wal-Mart Associates, Inc.*, 2019 WL 2317181, *13 (N.D. Cal. May 31, 2019), *rev'd on other grounds*, 999 F.3d 668 (9th Cir. 2021), which was decided more recently than Plaintiffs' cited cases, the court held that "in order to be liable, [the employer] must have willfully intended to issue wage statements that were out of compliance with § 226." Thus, "an employer's good faith belief that it is not violating § 226 precludes a finding of a knowing and intentional violation." *Id.* at *15. Consequently, Plaintiffs must allege something more than that ODFL intended to issue allegedly defective wage statements. Yet, they do no more than allege that their wage statements were issued in accordance with ODFL's "pattern or practice" (Opp. at 7:3-8:1), and that falls far short of the applicable standard for pleading a knowing and intentional violation.[6] *See* Mot. at 7:24-8:8 & n.4 (collecting cases).

---

statements accurately reflected wages actually paid to employee).

[5] In addition, even though the *Santos* court found that the plaintiff had satisfied the injury requirement for class certification purposes, it also held that the plaintiff had failed to establish an injury sufficient to support Article III standing because the purported injury suffered was an error of less than one cent, which was too de minimis to support Article III standing. *Id.* at *19.

[6] Plaintiffs cite *Cabardo v. Patacsil*, 248 F.Supp.3d 1002, 1010 (E.D. Cal. 2017), but it is a distinguishable *summary judgment decision* where the defendant *admittedly* issued wage statements that wholly omitted actual *hours worked* because the employees were salaried. The court did not – and had no reason to – decide that

Accordingly, Plaintiffs' claim for an "independent" failure to provide accurate wage statements fails as a matter of law and should be dismissed.

## III. THE PURPORTED DERIVATIVE WAGE STATEMENT CLAIM SHOULD BE DISMISSED[7]

***First***, as noted above, Plaintiffs **do not dispute** that the wage statements issued to them accurately reported the wages *actually paid to them* during each pay period in which they earned wages. *See* Opp. at 8:4-13:27. Instead, they confirm that their "derivative" wage statement claim is predicated *entirely* on ODFL's alleged failure to compensate them for supposedly missed rest breaks. *See* Opp. at 8:4-6. But the mere failure to pay wages that an employee claims *should have been* paid does not give rise to wage statement violations because Cal. Lab. Code § 226(a)'s ("Section 226(a)") mandate that employers accurately report wages applies only to ***wages that actually were paid***, *not* to wages that *should have been paid*. *See* Mot. at 9:9-10:25 (discussion and collecting cases).

***Second***, as discussed above, Plaintiffs fail to allege that they were prevented from "promptly and easily determin[ing] from the wage statement alone … the amount of gross wages or net wages ***paid*** to [them] *during the pay period* or *any of the other information required*." Cal. Lab. Code § 226(e)(2)(B)(i) (emph. added). Indeed, the "facts" pled in support of this claim are conclusory, lack specificity, and therefore fall short of providing any factual content that allows the Court to draw the reasonable inference that ODFL is liable for the misconduct alleged. *Guerrero v. Halliburton Energy Servs., Inc.*, 2016 WL 6494296, at *6-7 (E.D. Cal. Nov. 2, 2016).

---

the mere *allegation* that wage statements are issued pursuant to a defendant's "pattern and practice" is sufficient to plead a knowing and intentional violation. *See id.* (noting that, "when *evaluating* whether a particular violation was knowing and intentional," courts consider whether the employer has adopted compliant policies, procedures, and practices (emph. added)). *Cabardo* is thus entirely inapplicable.

[7] Plaintiffs contend ODFL "argues that rest period premiums under Labor Code § 226.7 do not support a violation of § 226" and assert it makes the "same argument in three separate sections." Opp. at 8:9-10 & n.2. Plaintiffs erroneously conflate ODFL's ***three separate bases*** to dismiss this claim.

***Third***, Plaintiffs fail to identify any specific facts that plausibly suggest ODFL *knowingly* and *intentionally* provided them inaccurate wage statements. Instead, they argue that their allegations are sufficient because ODFL "knew that it was not paying rest period premiums owed." Opp. at 14:10-13; *see also* TAC, ¶ 69. In other words, they argue that ODFL's awareness of the factual predicate underlying the supposed violations is sufficient. But, as demonstrated by the authorities in ODFL's opening brief, Plaintiffs are wrong. *See, e.g.*, Mot. at n.4 (citing cases).

***Fourth***, Plaintiffs **do <u>not</u> dispute** that their wage statement claim impermissibly seeks "double recovery"—that is, penalties under *two* statutes for a *single* violation (the purported failure to pay rest period premiums). But it is "illogical to think" that the "Legislature intended ... any failure to pay [a rest break premium payment to] also generate[ ] a wage statement injury justifying the imposition of wage statement penalties."[8]

For example, in *Pyara v. Sysco Corp.*, 2016 WL 3916339 (E.D. Cal. July 20, 2016), the plaintiff alleged that the defendants violated Section 226 by "failing to accurately reflect the time actually worked [during meal and rest periods] and the appropriate wages earned in Plaintiffs' wage statements as a result." The *Pyara* court found that permitting the plaintiffs "to use violations of meal and rest period regulations to form the basis of a CLC section 226 claim 'would result in an improper multiple recovery by the employee.'" *Id.* It further noted that "multiple courts have found that permitting such claims to move forward would be directly contrary to the purpose of Section 226; namely, 'to ensure that employers provide accurate wage statements to employees, ***not to govern employers' obligations with respect to meal***

[8] *Maldonado*, 22 Cal.App.5th at 1336-37 ("the absence of accurate wages earned will be remedied by the violated wage and hour law itself"); *see also* Supplemental Request for Judicial Notice ("Supp. RJN"), Exh. G, Order Granting Motion to Dismiss in *Hines v. Constellis Integrated Risk Management Servs.*, U.S.D.C. C.D. Cal. Case No. 2:20-cv-JWH-PLAx (same); *Parsittie v. Schneider Logistics, Inc.*, 2019 WL 8163645, at *7 (C.D. Cal. Oct. 29, 2019) (Fitzgerald, J.) (dismissing wage statement claim premised on failures to pay for missing rest breaks because Section 226 "is not intended to permit the 'double recovery' such as Plaintiff seeks here").

***[and rest] periods***.'" *Id.* (emph. added) (quoting *Nguyen v. Baxter Healthcare Corp.*, 2011 WL 6018284, at *8 (C.D. Cal. Nov. 28, 2011) (Carney, J.)).[9] But that is *exactly* how Plaintiffs are *admittedly* wielding Section 226 here. They thus ask the Court to disregard persuasive authority on the issue simply because *some* courts have ruled that break premiums are subject to reporting—which is a different issue altogether.[10] *See* Opp. at 13:3-14. Plaintiffs' failure to oppose this double recovery argument is tantamount to a concession of its merits.[11]

***Fifth***, and in any event, Section 226.7 payments do **not** trigger Section 226 liability. *See* Mot. at 13:8-16:6 & nn.8-12 (discussion and collecting cases). In *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094 (2007), the California Supreme Court recognized that Section 226.7 payments are "an amount of compensation" for "*noneconomic injuries*." *Id.* at 1111-13 (emph. added). Indeed, Plaintiffs do not dispute ODFL's reading of *Murphy*. Instead, they (a) summarily conclude that the Court should disregard *Naranjo v. Spectrum Sec. Servs., Inc.*, 40 Cal.App.5th 444 (2019), simply because it is pending review, and (b) offer a string cite to district court cases that *they* contend support their argument that Section 226.7 premiums can provide a basis for Section 226 claims. But even if *Naranjo* is currently not binding precedent in California *state* courts, it remains *persuasive*

---

[9] *See also Morales v. Paschen Mgmt. Corp.*, 2019 WL 6354396, at *9 (C.D. Cal. Sept. 27, 2019) (Fitzgerald, J.) (holding that an inaccurate wage statements claim based on meal break violations was duplicative and Section 226 is not intended to permit such double recovery); *Jones v. Spherion Staffing LLC*, 2012 WL 3264081, at *9 (C.D. Cal. Aug. 7, 2012) (Kronstadt, J.) ("the legislative history shows that the purpose of Section 226 was for transparency, not for double recovery").

[10] Plaintiffs attempt to discount *Parsittie v. Schneider Logistics, Inc.*, 2020 WL 2120003 (C.D. Cal. Apr. 3, 2020) (Fitzgerald, J.), on grounds that it was reversed in part by the Ninth Circuit, but the Ninth Circuit did ***not*** reverse the district court's dismissal of the Section 226 claim or otherwise hold that any of the bases for the district court's dismissal of the claim was erroneous. *See* Opp. at 12:18-27.

[11] *See also M.S. v. Cnty. of Ventura*, 2017 WL 10434015, at *24 n. 20 (C.D. Cal. Mar. 7, 2017) (O'Connell, J.) ("Failure to respond to the *merits* of one party's argument constitutes a concession of that argument." (emph. added)); *Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d 1197, 1210 (N.D. Cal. 2013) (deeming failure to oppose an argument as concession of the issue).

authority (which is the level of authority that it has in *this* Court regardless of appellate review). *See* Cal. R. Ct. 8.1115 (pending review, published appellate decisions remain persuasive authority). Moreover, in *Bates v. Leprino Foods Company*, 2020 WL 6392562, at *5 (E.D. Cal. Nov. 2, 2020), the court "decline[d] to adopt the … rationale in *Naranjo*" "[u]nless and until either the Ninth Circuit, the California Supreme Court, or a published California Court of Appeal opinion not subject to [Cal. R. Ct.] 8.1115(e)(1)" decided the issue differently from its earlier decision in *Finder v. Leprino Foods Company*, 2015 WL 1137151 (E.D. Cal. Mar. 12, 2015, which held that Section 226.7 premiums are wages, the non-payment of which may give rise to waiting time penalties and Section 226 penalties. However, *Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal.App.4th 1242 (2016), is just such a published California Court of Appeal opinion decided <u>after</u> *Finder*, but not addressed by the court in *Bates* (or in Plaintiff's other cited cases, *see* Opp. At 13:11-14).

In *Ling*, the plaintiff sought premium pay for missed breaks and waiting time penalties pursuant to Cal. Lab. Code § 203 ("Section 203") predicated on the defendant's failure to make those payments. 245 Cal.App.4th at 1248. But the *Ling* court "reject[ed] plaintiff's argument that a section 203 waiting time claim based on section 226.7 premium pay is an 'action []brought for the non-payment of wages under section 218.5." *Ling*, 245 Cal.App.4th at 1261 (second alt. in orig.). "We understand that the remedy for a section 226.7 violation is an extra hour of pay, but the fact that the remedy is measured by an employee's hourly wage ***does not transmute the remedy into a wage*** ...." *Id.* (emph. added). Thus, "section 226.7 cannot support a section 203 penalty because section 203... tethers the waiting time penalty to a separate action for wages." *Id.* Because an underlying claim for break premiums "***is not an action for wages***," it cannot be the basis for a fee award

predicated on the nonpayment of wages. *See id.* (emph. added).[12]

As courts have recognized, defective wage statement claims predicated on missed breaks "fall[] into the same framework." *Bates*, 2020 WL 6392562, at *5-6. Thus, the published appellate decision in *Ling* regarding Section 203 claims predicated on missed breaks—which is *not* under review by the California Supreme Court—is equally applicable to Section 226 claims predicated on missed breaks because the same legal question arises: "whether the Section 226.7 premiums are considered wages subject to general California Labor Code provisions regulating the processing and payment of wages." *Finder*, 2015 WL 1137151, at *8. Per *Ling*, that question must be answered in the negative. *Ling*, 245 Cal.App.4th at 1261.

Moreover, *Murphy* deemed Section 226.7 payments "wages" for statute of limitations purposes only. *See Finder*, 2015 WL 1137151, at *4 (characterizing *Murphy* as "determining what *statute of limitation* applied to Section 226.7" (emph. added)). Even while *Murphy* refers to Section 226.7 payments as "premium wages," it explicitly recognizes that those payments compensate employees "***for events other than time spent working***." *Murphy*, 40 Cal.4th at 1113-14 (emph. added). Thus, they cannot be deemed "wages *earned*" for purposes of Section 226(a). The California Supreme Court held as much in *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244, 1255 (2012). Thus, Plaintiffs' claim fails on this basis too.

## IV. THE PURPORTED LATE FINAL WAGE PAYMENT CLAIM FAILS

***First***, while Plaintiffs allege that they worked for ODFL until August 11, 2020 and October 2, 2020, respectively (TAC, ¶¶ 6, 9), *nowhere* in the TAC do they allege

---

12 *See also Betancourt v. OS Rest. Servs., LLC*, 49 Cal.App.5th 240, 248 (2020), *reh'g denied* (May 18, 2020), *rev. granted*, 471 P.3d 1000 (Aug. 19, 2020) ("We agree with *Ling* and *Naranjo* that a plaintiff is not entitled to recover penalties for waiting time and wage statement violations based on claims of nonprovision of rest or meal periods, and likewise cannot obtain attorney fees based on those claims."). While *Betancourt* and *Naranjo* are currently on review, neither opinion has been depublished and both remain persuasive authority as of the date of this filing. *See Sanchez v. New York & Co. Stores, Inc.*, 2020 WL 5498066, at *4 (C.D. Cal. June 29, 2020) (Klausner, J.) (citing Cal. R. Ct. 8.1115) (holding that plaintiff's § 226 claim could **not** be based on a failure to pay rest break premiums).

whether their separations were due to a termination or voluntary resignation to which entirely separate statutes apply. *See* Cal. Lab. Code §§ 201, 202; *see also* TAC, ¶ 79 (alleging failure to comply with timing requirements for termination *and* separation). Nor do they even *attempt* to specify their final rate of pay, or what wages were earned but went unpaid at termination. Plaintiffs' failure to allege such basic facts warrants dismissal. *See* Mot. at n.14 (collecting cases).[13]

***Second***, the TAC lacks any *factual allegations* to plausibly suggest that ODFL engaged in a "willful" failure to timely pay all final wages, and Plaintiffs do not dispute that the mere failure to make payments at termination cannot establish a "willful" failure to timely pay all final wages. Tellingly, ***Plaintiffs fail to address*** the myriad authorities cited by ODFL holding that the mere allegation that conduct was "willful," without further factual support, is *insufficient*, Mot. at 18:6-19:12 & n.15, and their cited cases are unavailing. In *Varsam v. Lab. Corp. of Am.*, 120 F.Supp.3d 1173, 1179 (S.D. Cal. 2015), the complaint actually pled *factual allegations* of "willfulness," while Plaintiffs' TAC ***does not***. Also, *Barnhill v. Robert Saunders & Co.*, 125 Cal.App.3d 1, 7 (1981), is a state court case involving an appeal from a post-trial judgment; it does not address the sufficiency of pleadings under *federal* Rule 8. In short, neither case supports Plaintiffs' notion that this Court should deem their conclusory, factually devoid allegations sufficient under Rule 8.

***Third***, Plaintiffs' assertion that "rest period premiums are wages, and thus support a claim under Labor Code § 203" ignores the latest developments in the jurisprudence. Opp. at 16:20-21. As discussed *supra*, to the extent *Murphy* characterized the Section 226.7 payment as a "premium *wage*," it did so narrowly for *statute of limitations purposes only*—a position supported by the California Court of

---

[13] *See also Duley v. Centerra Grp, LLC*, 2020 WL 6526369, at *3 (C.D. Cal. Mar. 18, 2020) (Birotte, J.) (holding plaintiff must allege "exactly what wages were earned and unpaid."); *Soratorio v. Tesoro Refin. & Mkt'g Co., LLC*, 2017 WL 1520416, at *7 (C.D. Cal. April 26, 2017) (Fitzgerald, J.) (same); *Sanchez v. Ritz Carlton*, 2015 WL 5009659, *3 (C.D. Cal. Aug. 17, 2015) (Gutierrez, J.).

Appeal's decision in *Naranjo*, 40 Cal.App.5th at 456.[14] Moreover, they fail to address the legislative history of Section 226.7—which shows that Section 226.7 creates a ***penalty***, not a wage. *See, e.g.*, *Ruelas v. Costco Wholesale Corp.*, 67 F.Supp.3d 1137, 1143, n. 37 (N.D. Cal. 2014) ("Adding a penalty component to the Labor Code will support the underlying purpose of meal periods by encouraging employers to comply with the meal period provisions."). As *Ruelas* explains, the California Labor Commissioner has recognized that Section 226.7's legislative history "clearly indicates that the payment was meant to be a penalty." *Id.* at 1143.

Accordingly, Plaintiffs cannot maintain a claim under Section 203 for the alleged failure to pay Section 226.7 premium payments.

## V. THE PURPORTED PAGA CLAIM SHOULD BE DISMISSED

Plaintiffs concede that their PAGA claim is a wholly derivative claim. Opp. at 16:23-17:1. It thus fails to the extent predicated on their deficient Labor Code claims that also fail as a matter of law. *See* Mot. at 20:19-21:4 (citing cases).

## VI. THE PURPORTED UCL CLAIM SHOULD BE DISMISSED

***First***, Plaintiffs concede that their UCL claim is a wholly *derivative* claim. Opp. at 17:7-15. It thus fails to the extent predicated on their defective Labor Code claims that also fail. *See* Mot. at 21:8-22 (citing cases).

***Second***, Plaintiffs do not dispute – and thus ***concede*** the merits of – ODFL's argument that remedies for alleged violations of Labor Code §§ 201, 202, 203, and 226 are ***not recoverable as restitution under the UCL***. *See id.* n.17 (citing cases).

***Third***, for the reasons discussed above and in ODFL's opening brief, Section 226.7 payments are *not* wages that are subject to restitution under the UCL. *See id.* at 22:20-23:5 & n.18; *see also Ling*, 245 Cal.App.4th at 1261; *Naranjo*, 40 Cal.App.5th

[14] *See also Sanchez*, 2020 WL 5498066, at *4 ("*Murphy* made this finding in the context of deciding a statute of limitations issue"); *Kirby*, 53 Cal.4th at 1256 ("[W]e held in *Murphy* that [the Section 226.7 payment] is a 'wage' for purposes of determining what statute of limitations applies to section 226.7 claims."); *see also* Mot. at n.16 (citing cases).

at 473-74. The cases on which Plaintiffs rely are unavailing.

In *Eason v. Roman Catholic Bishop of San Diego.*, 414 F.Supp.3d 1276, 1283 (S.D. Cal. 2019), the court conflated the nature of the claim with the remedy. It incorrectly reasoned that "'[t]he failure to provide rest breaks still arise[s] out of the employee's labor: the labor performed while working through a statutorily required rest break; and are therefore restitutionary.'" *Id.* at 1284. But this rationale *directly conflicts* with the California Supreme Court's pronouncement in *Murphy* that "the Section 226.7 payment[ ] … *compensates* the employee for ***events other than time spent working***." *Murphy*, 40 Cal.4th at 1113 (emph. added). Indeed, *Eason* ignores the fundamental principle that the Section 226.7 payment obligation does ***not*** arise out of an employee's labor because it does not in any way correlate to the amount of time that an employee actually works through a break. *Eason*, 414 F.Supp.3d at 1283-84. Rather, the obligation is for an additional *fixed sum* of one full hour's of pay, regardless of whether the employee works through only a portion of the break (*i.e.*, 10 minutes). *See* Lab. Code § 226.7(b). The court reaffirmed that fundamental principle in *Naranjo*, 253 Cal.Rptr.3d at 270, holding that "Section 226.7's premium wage is a statutory remedy for an employer's conduct, not an amount 'earned' for 'labor, work, or service ... performed personally by the [employee].' [Cit.]."[15]

*Eason* is also unavailing because it relied upon *Cortez v. Purolator Air Filtration Prods., Co.*, 23 Cal.4th 163 (2000), for its conclusion – but *Cortez* did not decide whether Section 226.7 payments are recoverable under the UCL. Rather, *Cortez* held that "overtime pay" was "a restitutionary remedy" available under the UCL. Thus, neither *Cortez* nor its progeny stand for the proposition that Section 226.7 payments are recoverable as restitution under the UCL.

---

[15] Plaintiffs also cite *Morgan v. Rohr, Inc.*, 2020 WL 3317202, at *3 (S.D. Cal. June 18, 2020), but it relied on *Eason* in granting the plaintiff leave to amend his UCL claim. *Cf. Corder v. Houston's Rests., Inc.*, 424 F.Supp.2d 1205, 1208 (C.D. Cal. 2006) (Carney, J.) (a Section 226.7 payment "does not compensate an employee for additional services rendered").

## VII. PLAINTIFFS' PURPORTED REQUESTS FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DISMISSED

Plaintiffs fail to address – much less distinguish – the cases cited by ODFL that hold that injunctive and declaratory relief would be entirely inappropriate here.[16] *See* Mot. at 23:8-24:23 & nn.19-21. Because they do not dispute that they are no longer employees of ODFL, they lack standing to seek prospective relief.[17]

## VIII. FURTHER LEAVE TO AMEND SHOULD BE DENIED

The TAC is the *fourth complaint* Plaintiffs have filed in this action, and they still have not cured their pleading defects. And further leave to amend is manifestly futile given their failure to remedy their pleading deficiencies after *three attempts*, and their failure to proffer a proposed further amended pleading (or even identify any additional ***facts*** that would be included therein), thus demonstrating that further amendment will do ***nothing*** to remedy those deficiencies.[18]

## IX. CONCLUSION

For all of the foregoing reasons, and those in its opening brief, the Court should dismiss and/or strike Plaintiffs' TAC without further leave to amend.

---

[16] Plaintiffs' reliance on *Labriola v. Bank of Am., N.A.*, 2012 WL 1657191, at *7 (N.D. Cal. May 10, 2012), is misplaced. In *Labriola*, specific *facts* were alleged from which the court could reasonably infer that the plaintiff may return to work and be subjected to the challenged policy after he quit his job. Plaintiffs' proffer no such allegations. Moreover, unlike Plaintiffs, the *Labriola* plaintiff alleged that his separation was due to a voluntary resignation (as opposed to a termination). *Id.* at *1. Likewise, *In re Adobe Sys., Inc. Privacy Litig.*, 66 F.Supp.3d 1197, 1220 (N.D. Cal. Sept. 4, 2014), is readily distinguishable because the plaintiff did not seek to only address *past wrongs* – like Plaintiffs do here – but sought to set controversies at rest *before* they led to repudiation of purported *ongoing* contractual obligations.

[17] *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 365 (2011) (former employees have "no claim for injunctive or declaratory relief *at all*" (emph. added)).

[18] *See* Supp. RJN, Exh. G (*Hines* Order) (granting motion to dismiss without leave to amend where the plaintiff had two opportunities to amend the complaint); *Ovation Toys Co. v. Only Hearts Club*, 2015 WL 13446278, at *2 (C.D. Cal. Apr. 6, 2015) (Real, J.) (denying leave to amend because the plaintiff "failed to proffer any actual facts" to cure the pleading's deficiencies and failed to file a proposed amended pleading under Local Rule 15-1).

DATED: September 17, 2021

**BAKER & HOSTETLER LLP**
**MCGUIREWOODS LLP**

By: /s/ Sylvia J. Kim
Matthew C. Kane | Sylvia J. Kim
Amy E. Beverlin | Kerri H. Sakaue

Attorneys for Defendant
OLD DOMINION FREIGHT LINE. INC.