| | |
|---|---|
| 1 | **BAKER & HOSTETLER LLP**<br>Matthew C. Kane, Esq. (SBN 171829) |
| 2 | Email: mkane@bakerlaw.com<br>11601 Wilshire Boulevard, Suite 1400 |
| 3 | Los Angeles, CA 90025<br>Tel: (310) 820-8800 |
| 4 | Fax: (310) 820-8859 |
| 5 | **BAKER & HOSTETLER LLP**<br>Sylvia J. Kim, Esq. (SBN 258363) |
| 6 | Email: sjkim@bakerlaw.com<br>Transamerica Pyramid |
| 7 | 600 Montgomery Street, Suite 3100<br>San Francisco, CA 94111 |
| 8 | Tel: (415) 659-2600<br>Fax: (415) 659-2601 |
| 9 | |
| 10 | **MCGUIREWOODS LLP**<br>Amy E. Beverlin, Esq. (SBN 284745) |
| 11 | Email: abeverlin@mcguirewoods.com<br>Kerri H. Sakaue, Esq. (SBN 301043) |
| 12 | Email: ksakaue@mcguirewoods.com<br>1800 Century Park East, 8th Floor |
| 13 | Los Angeles, CA 90067-1501<br>Tel: (310) 315-8200 |
| 14 | Fax: (310) 315-8210 |
| 15 | Attorneys for Defendant<br>OLD DOMINION FREIGHT LINE, INC. |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 5:21-cv-00287-JWH-KK<br><br>**DEFENDANT'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)**<br><br>**Date:** October 1, 2021<br>**Time:** 9:00 a.m.<br>**Crtrm.:** 2<br>**Judge:** Hon. John W. Holcomb |

# SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

**TO THE HONORABLE JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Defendant Old Dominion Freight Line, Inc. ("ODFL" or "Defendant") hereby submits the following supplemental request for judicial notice, pursuant to Fed. R. Evid. 201(b) and (d), in support of its Motion to Dismiss and/or Strike portions of Plaintiffs' Third Amended Class Action (FRCP Rule 23) Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(6) and/or 12(f) (Dkt. #20):

<u>Exhibit G</u>:   August 24, 2021 Order entered in *Hines v. Constellis Integrated Risk Management Servs., et al.*, United States District Court, Central District of California Case No. 2:20-cv-06782 JWH (PLAx), Dkt. #47 therein.

ODFL's request is made pursuant to Fed. R. Evid. 201(b) and (d) on the grounds that the foregoing document is a proper subject for judicial notice because it is a record of this Court and/or its contents are not subject to reasonable dispute and it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

///
///
///
///
///
///

1

DEFENDANT'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

| | |
|---|---|
| DATED: September 17, 2021 | **BAKER & HOSTETLER LLP**<br>**MCGUIREWOODS LLP** |
| | By: /s/ Sylvia J. Kim<br>Matthew C. Kane | Sylvia J. Kim<br>Amy E. Beverlin | Kerri H. Sakaue<br>Attorneys for Defendant<br>OLD DOMINION FREIGHT LINE, INC. |

2
DEFENDANT'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND/OR 12(f)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELVIN HINES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONSTELLIS INTEGRATED RISK MANAGEMENT SERVICES, a Delaware corporation; CENTERRA SERVICES INTERNATIONAL, INC., a Delaware corporation; CENTERRA GROUP, LLC, a forfeited Delaware limited liability company; MICHAEL CHANDLESS, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-06782 JWH-PLAx<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [ECF No. 38]** |

Before the Court is the motion of Defendants Constellis Integrated Risk Management Services; Centerra Services International, Inc.; and Centerra Group LLC to dismiss the Second Amended Complaint[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike portions of the Amended Complaint pursuant to Rule 12(f).[2]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[3] the Court **GRANTS** the Motion, as set forth herein.

## I. BACKGROUND

The parties are familiar with the facts alleged in the Amended Complaint.[4]  To summarize briefly, Plaintiff Delvin Hines worked as a security guard for Defendants from March 2002 until October 2020.[5]  Hines alleges that Defendants failed to pay overtime, failed to pay minimum wages, failed to give rest or meal breaks, and failed to provide accurate wage statements in violation of various provisions of California law.[6]

On May 28, 2020, Hines commenced this wage and hour class action in the Los Angeles County Superior Court.  Defendants removed the action to this court on July 29, 2020.[7]  On August 5, 2020, Defendants moved to dismiss

---

[1]   Pl.'s Second Am. Compl. (the "Amended Complaint") [ECF No. 35].
[2]   Defs.' Mot. to Dismiss the Amended Complaint (the "Motion") [ECF No. 38].
[3]   The Court considered the following papers in connection with the Motion:  (1) the Motion (including its attachments); (2) Pl.'s Opp'n to Motion (the "Opposition") [ECF No 39]; (3) Defs.' Reply in Supp. of the Motion (the "Reply") [ECF No. 43].
[4]   Amended Complaint ¶¶ 37–83.
[5]   *Id.* at ¶ 10.
[6]   *Id.* at ¶¶ 21–26.
[7]   *See generally* Notice of Removal [ECF No. 1].

Exhibit G

Hines' original Complaint.[8]  On September 25, 2020, the Court (the Honorable Percy Anderson presiding) granted that motion with leave to amend.[9]  On September 25, 2020, this action was transferred to this Court by order of the Chief Judge.[10]

Hines filed his First Amended Complaint on October 9, 2020.[11]  On November 10, 2020, the Court approved the parties' stipulation granting Hines leave to file a second amended complaint.  Hines filed the operative Amended Complaint on January 8, 2021.  On January 21, 2021, the Court approved the parties' stipulation to dismiss Defendant Michael Chandless from this action, without prejudice.[12]

Hines asserts the following seven claims for relief in his Amended Complaint:  (1) Failure to Pay Overtime Wages, Cal. Lab. Code § 510; (2) Failure to Pay Minimum Wages, Cal. Lab. Code § 1197; (3) Failure to Provide Meal Periods or Compensation in Lieu Thereof, Cal. Lab. Code § 226.7; (4) Failure Provide Rest Periods or Compensation in Lieu Thereof, Cal. Lab. Code § 226.7; (5) Wage Statement Violations, Cal. Lab. Code § 226(a); (6) Waiting Time Penalties, Cal. Lab. Code §§ 201–203 and (7) Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*[13]

Defendants filed the instant Motion on January 22, 2021.  Hines opposed on February 5, and Defendants replied on February 12.

---

[8]   *See* Defs.' Mot. to Dismiss Pl.'s Compl. (the "First Motion") [ECF No. 11].
[9]   *See* Order Granting the First Motion (the "First Motion Order") [ECF No 26].
[10]  *See* Order of the Chief Judge (#20-129) [ECF No 27].
[11]  First Am. Compl. (the "FAC") [ECF No. 29].
[12]  *See* Order Granting Joint Stipulation to Dismiss Individual Def. Michael Chandless [ECF No. 37].
[13]  *See generally* Amended Complaint.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). A complaint must contain "well-pleaded facts" from which the Court can "infer

more than the mere possibility of misconduct." *Id.* at 679. "In assessing a motion to dismiss, courts are generally circumscribed to considering arguments based on the plaintiff's complaint." *McKinley v. Southwest Airlines Co.*, 2015 WL 2431644, at *2 (2015) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)).

**B.    Leave to Amend**

Pursuant to Rule 15(a), a district court "should freely give leave when justice so requires." The purpose underlying the amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

### III.   ANALYSIS

**A.    Overtime Claim**

In his first claim for relief, Hines alleges that Defendants failed to pay overtime wages in violation of § 510 of the California Labor Code. That statute provides, in pertinent part, that:

> [E]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

Cal. Lab. Code § 510. The Court granted Defendants' previous motion to dismiss this claim, with leave to amend, because Hines failed to allege facts to show that he was exempt from the collective bargaining agreement (the "CBA").[14] In the absence of such allegations, the Court determined that Hines

---

[14]   *See* First Motion Order at 5.

Exhibit G

failed to "allege sufficient well-pleaded facts to avoid preemption under [Cal. Lab. Code] § 514."[15]

In his Amended Complaint, Hines alleges (on information and belief) that on December 30, 2018, he worked an 8.8 hour shift, but Defendants did not compensate him for the time that he spent changing in and out of his uniform.[16] Hines further estimates that he worked an additional 15 minutes of unrecorded, uncompensated time during the week of the December 30, 2018.[17]

Defendants contend that because Hines was subject to a CBA, his claim under Cal. Lab. Code § 510 is preempted by Cal. Lab. Code § 514, which establishes an exemption for employees whose employment is governed by the terms of a CBA.[18] Hines asserts that he is a non-exempt employee.[19] Hines claims that Cal. Lab. Code § 514 does not apply because the CBA in this case "fails to provide a premium wage rate for all overtime hours worked."[20] As an example, Hines contends that the CBA is unclear about whether employees are compensated at the overtime rate for the time spent undergoing psychological and physical evaluations.[21]

Under California law, a party cannot pursue an overtime claim under the California Labor Code if he is subject to a CBA. *See* Cal. Lab. Code §§ 510 & 514. In this regard, California law provides that a person is subject to a CBA and, therefore, is not subject to Cal. Lab. Code § 510 when:

---

[15]   *Id.*
[16]   Amended Complaint ¶ 40.
[17]   *Id.*
[18]   *See* Decl. of Mike Goodwin in Supp. of the Motion (the "Goodwin Decl.") [ECF No. 38-1], Ex. D at 5, 9, 11, 18, 26, 29, 32, & 40; *id.*, Ex. E at 2, 4, 26, 29, 30, & 41; *id.*, Ex. F at 6, 14, 16-18, 21, 23, & 25.
[19]   *See* Amended Complaint ¶ 40; Opposition 8:1–7.
[20]   Opposition 7:25–26.
[21]   *See id.* at 8:8–10:5.

Exhibit G

> [T]he [CBA] expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.  Based upon the plain text of the statute, courts have consistently held that Cal. Lab. Code § 514 exempts overtime claims when an employee is subject to a valid CBA.  *See e.g.*, *Curtis v. Irwin Industries, Inc.*, 913 F.3d. 1146, 1154 (9th Cir. 2019); *Cathcart v. Sara Lee Corp.*, 2011 WL 5981849, at *7 (N.D. Cal. Nov. 30, 2011); *Kilbourne v. Coca-Cola Co.*, 2014 WL 11397891, at *7 (S.D. Cal . July 14, 2014); *Gen. Atomics v. Superior Ct. of San Diego Cty.*, 64 Cal. App. 5th 987, 995-999 (2021); *Vranish v. Exxon Mobil Corp.* 223 Cal. App. 4th 103, 108-09 (2014).

To comply with Cal. Lab. Code § 514, the CBA must state clearly that the standard wages and the overtime wages are at least 30% greater than California's minimum wage.  Cal. Lab. Code § 514.  Here, the CBA states unequivocally that union members will be paid "1 ½ times the base rate of pay" for overtime, which meets or exceeds the overtime rate required when there is a valid CBA between the parties.[22]  *See* Cal. Lab. Code § 510.  Here, under the relevant CBA, Hines' lowest hourly rate was $24.44, which exceeds the 30% threshold under Cal. Lab. Code § 510 (because the minimum wage in California was $12 per hour during the relevant time frame).  Therefore, Defendants' CBA complies with the requirements of Cal. Lab. Code § 514 because the CBA provides premium standard and overtime wages that exceed California's minimum wage.[23]

---

[22]   *See* Goodwin Decl., Ex. D at 32.
[23]   *See id.* at 5, 9, 11, 18, 26, 29, 32, & 40; *id.*, Ex. E at 2, 4, 26, 29, 30, & 41; *id.*, Ex. F at 6, 14, 16-18, 21, 23, & 25.

Exhibit G

In support of his argument that Cal. Lab. Code § 514 does not apply, Hines cites *Angeles v. U.S. Airways Inc.*, 2013 WL 622032 (N.D. Cal. Feb. 19, 2013), where the court held that the CBA exemption does not apply if the CBA fails to "provide premium wage rates for all overtime hours worked." *Id.* at *5. However, the CBA at issue in *Angeles* plainly denied overtime pay. Here, in contrast, the CBA expressly guarantees overtime pay at a premium rate. Therefore, because the CBA at issue guarantees an hourly wage that exceed the 30% threshold, and because the hourly overtime rate meets the requirements of Cal. Lab. Code § 514, Hines' overtime claim is preempted by the CBA. *See Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1154-55 (9th Cir. 2019) (if a CBA meets the requirements of Cal. Lab. Code § 514, then Cal. Lab. Code § 510 does not apply); *Olea v. Teichert Pipelines, Inc.*, 2021 WL 1839683, at *3. (C.D. Cal. May 7, 2021) (to similar effect).

Accordingly, the Court **GRANTS** the Motion to Dismiss with respect to the Overtime Claim. Furthermore, considering that Hines has had two opportunities to amend his complaint, the Court finds that granting further leave to amend would be futile. *See Lopez*, 203 F.3d at 1127.

B.   **Minimum Wage Claim**

In his second claim for relief, Hines alleges that Defendants did not pay him a minimum wage for all of the time that he worked because Defendants allegedly did not permit employees to clock-in for pre- and post-shift activities.[24] According to Hines, those activities included donning and doffing the uniform.[25] Hines also alleges (on information and belief) that on February 11, 2019, Defendants failed to compensate him for at least the minimum wage.[26]

---

[24]   *See* Amended Complaint ¶ 45.
[25]   *Id.*
[26]   *Id.*

Under Rule 8, a complaint must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a).

Here, Hines has not pleaded sufficient facts plausibly to support his claims. Hines identifies only one time period—the week of February 11, 2019—during which Defendants allegedly failed to pay him the minimum wage, but that bare assertion is not supported by any evidentiary facts.[27] Thus, Hines' allegations are conclusory.[28] *See Guerrero v. Halliburton Energy Servs. Inc.*, 2016 WL 6494296, at *4 (E.D. Cal. Nov. 2, 2016) (dismissing wage claim where the plaintiff failed to allege details of a specific workweek during which he was not paid all of the wages due to him). Other district courts have similarly dismissed minimum wage claim on this basis. *See, e.g.*, *id.*; *Dawson v. HITCO Carbon Composites, Inc.*, 2017 WL 7806618, at *4 (C.D. Cal Jan. 20, 2017) (dismissing minimum wage claim with leave to amend because "Plaintiff's generalized allegations, devoid of any factual detail, are insufficient to state a plausible claim"); *Morales v. Paschen Mgmt. Corp.*, 2019 WL 454421, at *4-*5 ("Plaintiff's boilerplate recitations of the law and conclusory allegations are insufficient to support a claim against Defendants."); *see also Boyack v. Regis Corporation*, 812 F. App'x 428, 430 (9th Cir. 2020).

Although Hines reasserts the general allegation that Defendants prevented him from recording time for donning and doffing his uniform, he does not make any allegations to connect the alleged unpaid time to the week of February 11, 2019, nor does he allege any facts to show that Defendants knew that he was working off the clock. Moreover, Hines fails to allege any details

---

[27] Amended Complaint ¶ 45.
[28] *Id.*

-9-

about the purported detrimental rounding policy that would demonstrate that his hourly rate of $28.76 fell below the minimum wage. *See De Dios v. Gerard Roof Products, LLC*, 2018 WL 6016952, at *4 (C.D. Cal. Sept. 4, 2018). In sum, Hines fails to plead "sufficient allegations of underlying facts to give fair notice and to enable [Defendants] to defend [themselves] effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Accordingly, the Court **GRANTS** the Motion to Dismiss with respect to the Minimum Wage Claim. Furthermore, considering that Hines has had two opportunities to amend his complaint, the Court finds that granting further leave to amend would be futile. *See Lopez*, 203 F.3d at 1127.

### C.     Rest and Meal Break Claims

Hines alleges that he was not permitted to take rest or meal break periods. In support of this claim, Hines alleges that he suffered a break violation during the week of February 11, 2019, because he had to wait for another employee to relieve him. He further alleges that because Defendants required him to keep a radio on his person while he took his breaks, Defendants failed to provide him with uninterrupted meal and rest periods.[29] Defendants respond that Hines fails to allege sufficient facts in support of this claim, such as facts to show a date or factual scenario where he experienced a meal or rest break violation.[30]

#### 1.     Rest Break Claim

Under California law, an employee is entitled to a 10-minute rest break every four hours that the employee works. Cal. Lab. Code § 226.7. Here, Hines' allegation that he suffered a rest break violation during the week of February 11, 2019, when he was unable to take a rest break until another security officer could relieve him of his duties, is vague and conclusory.[31] Hines also fails

---

[29]     Amended Complaint ¶ 58.
[30]     Motion 12:8–11.
[31]     Amended Complaint ¶ 58.

Exhibit G

to allege any factual details of an instance in which Defendants prevented or discouraged him from taking a rest break.  In the absence of additional supporting allegations, Hines' allegations are not enough to state a plausible claim for relief.  *See Freeman v. Zillow, Inc.*, 2015 WL 81863645, at *6 (C.D. Cal Oct. 29, 2019) ("[A]lthough Plaintiff's allegations raise the possibility of violations, Plaintiff has failed to provide sufficient detail to support a reasonable inference that Defendant violated California Labor Code § 226.7.").  Moreover, Hines fails to allege sufficient facts to support an inference that, merely because he was required to keep a radio on his person, he necessarily would be required to answer or the radio would interfere with his rest break.  *See Sherman v. Schnieder Nat'l Carriers, Inc.*, 2019 WL 3220585, at *4 (C.D. Cal. Mar. 6. 2019); *Ramirez v. C and J Well Service, Inc.*, 2020 WL 5846464, at *4 (C.D. Cal. Mar. 27, 2020); *Tavares v. Cargill Inc.*, 2019 WL 2918061, at *5 (E.D. Cal. July 8, 2019).

### 2. Meal Break Claim

To plead a meal break violation claim, the plaintiff must allege that the employer (1) did not relieve the employee of all duty; (2) did not relinquish all control over the employee's activities; and (3) impeded or discouraged employees from taking meal breaks.  *Brinker Restaurant Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1039-40 (2012).  Here, although Hines identifies the week of February 11, 2019, as one during which he suffered a meal break violation, Hines fails to allege any supporting factual allegations to show that Defendants prevented Hines from taking his meal break, which is a required element of Hines' claim.  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2015).  Further, contrary to Hines' argument that the CBA does not contain terms providing requisite meal and rest breaks under Cal. Lab. Code § 512, a review of the CBA shows that is not the case.  Article 14, section 5 of the CBA states the following:  "Employees agree to an ***on the job paid meal period each***

1  ***shift, in doing so, California Labor Code 512 is knowingly waived for meal and***
2  ***rest periods***."[32]  Therefore, because the labor union that represents Hines
3  bargained with Defendants to provide covered employees with paid meal breaks,
4  the CBA preempts the requirement under Cal. Lab. Code § 512 for unpaid, off-
5  duty meal periods.  *See Brinker*, 53 Cal. 4th at 1039 (holding that an employer is
6  obligated to provide a meal period to its employees); *Araquistain v. Pac. Gas &*
7  *Elec. Co.*, 229 Cal. App. 4th 227, 239 (2014).  Thus, because the CBA preempts
8  Cal. Lab. Code § 512, Hines cannot state a plausible claim for violation of that
9  statute.
10         Accordingly, the Court **GRANTS** the Motion to Dismiss with respect to
11  the Rest and Meal Break Claims.  Furthermore, considering that Hines has had
12  two opportunities to amend his complaint, the Court finds that granting further
13  leave to amend would be futile.  *See Lopez*, 203 F.3d at 1127.
14  **D.   Wage Statements Claim**
15         Hines avers that he received erroneous wages statements for the week of
16  October 25, 2019, insofar as the wage statement failed to distinguish between the
17  overtime rate from his regular pay rate.[33]  Hines also alleges that his wage
18  statement for the week of January 18, 2018, failed to differentiate his overtime
19  pay rate from his regular wage rate.[34]  According to Hines, he worked 0.80 hours
20  of overtime, thereby earning $22.33, but Defendants paid him only $11.31.[35]
21  Defendants respond that Hines fails to allege that his wage statements were
22  deficient in documenting his paid wages, and, even if the wage statements
23  contained inaccurate overtime rates of pay, Hines could have easily ascertained
24  the actual overtime rate of pay based upon the accurate information provided on

---

[32]   *See* Goodwin Decl., Ex. F at 19 (emphasis added).
[33]   Amended Complaint ¶ 25.
[34]   *Id.* at ¶ 65.
[35]   *Id.*

the wage statement.[36] Defendants also point out that Hines does not dispute that he failed to identify any policy, practice, or procedure that resulted in the provision of inaccurate wage statements that would enable him to pursue his Wage Statements Claim on a class-wide basis.[37]

California law requires an employee's wage statements to contain certain information. Cal. Lab. Code § 226(a). That statute further grants a private right of action to any employee who suffers injury "as a result of a knowing and intentional failure by an employer to comply with subdivision (a)." Cal. Lab. Code § 226(e). To plead a claim under Cal. Lab. Code § 226, an employee must demonstrate: "(1) failure to include in the wage statement one or more of the required items from section 226(a); (2) that failure was 'knowing and intentional'; and (3) a resulting injury." *Brewer v. General Nutrition Corporation*, 2015 WL 5072039, at *5 (N.D. Cal. Aug. 27, 2015). The purpose of Cal. Lab. Code § 226 is to "*document* the *paid wages* to ensure the employee is fully informed regarding the calculation of those wages." *Soto v. Motel 6 Operating, L.P.*, 4 Cal. App. 5th 385, 392 (2016) (emphasis in original). "Only the absence of *hours worked* will give rise to an inference of injury; the absence of accurate *wages earned* will be remedied by the violated wage and hour law itself." *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1337 (2018) (emphasis in original).

Despite this Court's previous analysis of the deficiencies in Hines' allegations, Hines still asserts only conclusory allegations that Defendants acted "knowing[ly], intentional[ly], and wilful[lly]," without any alleging any additional facts to support those conclusions.[38] Such "allegations are too conclusory to put Defendants on notice of any wrongdoing, and fail to state a

---

[36] Reply 9:17–21.
[37] *Id.* at 10:1–4.
[38] Amended Complaint ¶¶ 67–68.

-13-

claim as a matter of law." *Soratorio v. Tesoro Ref & Mktg. Co.*, 2017 WL 1520416, at *5-*6 (C.D. Cal. Apr. 26, 2017). Further, Hines fails to allege that that the wage statements inaccurately reflect the number of hours that he worked.[39] Therefore, Hines has not pleaded sufficient facts to allege a claim for violation of Cal. Lab. Code § 226(a) & (e).

Accordingly, the Court **GRANTS** the Motion to Dismiss with respect to the Wage Statements Claim. Furthermore, considering that Hines has had two opportunities to amend his complaint, the Court finds that granting further leave to amend would be futile. *See Lopez*, 203 F.3d at 1127.

E. **Waiting Time Penalty**

The sixth claim for relief in the Amended Complaint is for waiting time penalties. Hines alleges that he and Class Members "were entitled upon termination to timely payment of all wages earned an unpaid prior termination, including overtime and minimum wages."[40] Defendants contend that Hines' waiting time penalty claim is conclusory and is not supported by sufficient factual allegations.[41] Despite having a third opportunity to allege sufficient facts in the Amended Complaint, the Court finds that Hines still fails to allege sufficient facts in support of this claim, such as his separation date or any facts to support an inference that Defendants acted willfully.

Accordingly, the Court **GRANTS** the Motion to Dismiss with respect to the Waiting Time Penalty Claim. Furthermore, considering that Hines has had two opportunities to amend his complaint, the Court finds that granting further leave to amend would be futile. *See Lopez*, 203 F.3d at 1127.

---

[39] *Id.*
[40] Amended Complaint ¶ 73.
[41] Motion 21:10–13.

### F. Violation of California's Unfair Competition Law

The seventh claim for relief in the Amended Complaint is for unfair competition in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*[42] California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

Hines avers that Defendants allegedly engaged in unlawful business practices that violate the California Labor Code.[43] Defendants contend that the UCL claim should be dismissed because Hines fails to allege a plausible predicate violation of any law and because Hines is not entitled to restitution.[44]

For the reasons stated in the preceding sections the Court finds that Hines fails to allege any plausible unlawful practice or unfair practice under the UCL (*i.e.*, any plausible violation of the Labor Code). Based upon the foregoing, the Court **GRANTS** Defendants Motion to Dismiss Hines' claim for violation of the UCL. Furthermore, considering that Hines has had two opportunities to amend his complaint, the Court finds that granting further leave to amend would be futile. *See Lopez*, 203 F.3d at 1127.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' Motion to Dismiss is **GRANTED** in its entirety, **without leave to amend**.

---

[42] *See* Amended Complaint ¶¶ 79–83.
[43] Amended Complaint ¶ 80.
[44] Reply 11:13–12:5.

Exhibit G

2. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: August 24, 2021

*[signature]*
John W. Holcomb
UNITED STATES DISTRICT JUDGE