| | |
|---|---|
| 1 | **BAKER & HOSTETLER LLP**<br>Matthew C. Kane, Esq. (SBN 171829) |
| 2 |    Email: mkane@bakerlaw.com<br>11601 Wilshire Boulevard, Suite 1400 |
| 3 | Los Angeles, CA 90025<br>Tel: (310) 820-8800 |
| 4 | Fax: (310) 820-8859 |
| 5 | **BAKER & HOSTETLER LLP**<br>Sylvia J. Kim, Esq. (SBN 258363) |
| 6 |    Email: sjkim@bakerlaw.com<br>Transamerica Pyramid |
| 7 | 600 Montgomery Street, Suite 3100<br>San Francisco, CA 94111 |
| 8 | Tel: (415) 659-2600<br>Fax: (415) 659-2601 |
| 9 | |
| 10 | **MCGUIREWOODS LLP**<br>Amy E. Beverlin, Esq. (SBN 284745) |
| 11 |    Email: abeverlin@mcguirewoods.com<br>Kerri H. Sakaue, Esq. (SBN 301043) |
| 12 |    Email: ksakaue@mcguirewoods.com<br>1800 Century Park East, 8th Floor |
| 13 | Los Angeles, CA 90067-1501<br>Tel: (310) 315-8200 |
| 14 | Fax: (310) 315-8210 |
| 15 | Attorneys for Defendant<br>OLD DOMINION FREIGHT LINE, INC. |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive,<br><br>      Defendants. | CASE NO. 5:21-cv-00287-JWH-KK<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE [Dkt. #21-1]**<br><br>Date:    October 1, 2021<br>Time:   9:00 a.m.<br>Crtrm.: 2<br>Judge:  Hon. John W. Holcomb |

Defendant Old Dominion Freight Line, Inc. ("ODFL") hereby submits the following response to Plaintiffs Tai Hang's and Robert Canales's Opposition to Request for Judicial Notice (the "RJN") [Dkt. #21-1] submitted by ODFL in support of its Motion to Dismiss and/or Strike Portions of Plaintiffs' Third Amended Class Action (<u>FRCP</u> Rule 23) Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f) (the "Motion to Dismiss") [Dkt. #20].

In support of its Motion to Dismiss, ODFL asked the Court to take judicial notice of the following records of the Superior Court of the State of California, the California Legislature, and the California Department of Industrial Relations because their contents are not subject to reasonable dispute and they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned:

<u>Exhibit A</u>: Excerpts of the transcript of the Industrial Welfare Commission ("IWC") Public Hearing of June 30, 2000, available at URL http://www.dir.ca.gov/IWC/PUBHRG6302000.pdf.

<u>Exhibit C</u>: The Statement of Decision filed in the Superior Court of California, County of Santa Clara, on September 20, 2011 in Case No.: 1-08-CV-103426, 2011 WL 10366147 therein, entitled *Brian Driscoll, et. al. v. Graniterock Company*.

<u>Exhibit D</u>: The California Department of Industrial Relations, Enrolled Bill Rep. on A.B. No. 3731 (1976) from the legislative history on Cal. Lab. Code § 226.

<u>Exhibit E</u>: The Assembly Committee on Labor Relations, Analysis of A.B. No. 3731 (1976) from the legislative history on Cal. Lab. Code § 226.

Still, Plaintiffs oppose ODFL's RJN on the grounds that (1) Exhibits A, D and E are "irrelevant" because they "reflect legislative history of Labor Code section 226," which they contend is "only relevant to clarify an ambiguous statute"

and (2) the Court may only take judicial notice of Exhibit C to "establish the fact of such litigation." Dkt. #21-1 at 3:18-20, 4:2-3.  Plaintiffs are wrong.

**First**, Plaintiffs do not dispute that Exhibits A, D and E are the type of documents that can be judicially noticed under Fed. R. Evid. § 201.  Under Fed. R. Evid. § 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute *because* it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Indeed, courts often take judicial notice of public records outside the pleadings. *See, e.g.*, *Herships v. Cantil-Sakauye*, 2017 WL 2311394, *2 (N.D. Cal. May 26, 2017), *aff'd*, 710 F. App'x 331 (9th Cir. 2018) (taking judicial notice of, *inter alia*, senate bill and minute order by Commissioner Brody); *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) (taking judicial notice of, *inter alia*, senate and house reports and administrative decisions, on the grounds that public or quasi public records are "documents … of a type appropriate for judicial notice"); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.") (cit. omitted).  Even if Plaintiffs "dispute" that these documents are *relevant* to the issues raised in the Motion to Dismiss, that dispute has no bearing on whether they are proper subjects for judicial notice because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Because Exhibits A, D and E are a matter of public record, they are "readily verifiable" and subject to judicial notice.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6. (9th Cir. 2006).

Plaintiffs cite *U.S. v. Rone*, 598 F.2d 564 (9th Cir. 1979) and *Vallot v. Central Gulf Lines, Inc.*, 641 F.2d 347 (5th Cir. 1981), to support their opposition, but those cases are not applicable here.  For example, *Rone* contains no discussion or application of the standard for granting judicial notice of documents.  Instead, *Rone*

merely deals with the rules of statutory construction and noted that an examination of the legislative history underlying the Racketeer Influenced and Corrupt Organizations Statute (18 U.S.C. §§ 1961-1968) was unnecessary because the term "enterprise" was defined and apparent on the face of the statute. *Rone*, 598 F.2d at 568-69. And, in any event, the Ninth Circuit ultimately examined the legislative history of the statute. *Id.* at 569.

Likewise, in *Vallot*, the plaintiff appealed a jury verdict in favor of his employer in an action for negligence brought under the Jones Act and under general maritime law on grounds that, *inter alia*, the district court should have taken judicial notice of information in two volumes of the Federal Register concerning OSHA regulations. *Vallot*, 641 F.2d at 351. The Fifth Circuit agreed that the contents of the Federal Regulation were subject to judicial notice, but held pursuant to an *evidentiary standard* that the publications were *inadmissible* as *evidence* at *trial* because they were irrelevant to the issues at hand. *Id.* But, the Court has not been asked to "admit" legislative history into "evidence" at trial in this case. Therefore, *Vallot* is totally inapposite here.

**Second**, Plaintiffs argue that the Court may only take judicial notice of the existence of the litigation in *Brian Driscoll, et. al. v. Graniterock Company*, Case No. 1-08-CV-103426, 2011 WL 10366147. It is a well-established principle that courts may take judicial notice of orders or decisions of any federal or state court, or of any matter of public record. *See, e.g.*, *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (holding that Rule 201 allows district courts to take judicial notice of orders, decisions, or proceedings of any federal or state court); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.1995) (taking judicial notice of an order of another court on the grounds that courts may take judicial notice of matters of public record); *Bahra v. Cty. of San Bernardino*, 2018 WL 6133666, *1 (C.D. Cal. May 17, 2018) (Bernal, J.) ("Proceedings of other courts, including orders and filings, are also the proper subject of judicial notice when directly related to the case."). But beyond judicially noticing

the existence of the *Driscoll* decision, this Court may also consider the holding in *Driscoll* because decisions of the California Superior Courts may be cited in this district. Therefore, *Driscoll* is relevant authority.

Plaintiffs cite *Lee v. City of Los Angeles* to support their opposition, but in that case, the district court "did more than take judicial notice of *undisputed* matters of public record" and, instead, "took judicial notice of *disputed* facts stated in public records." 250 F.3d 668, 690 (9th Cir. 2001) (emph. in original). To that point, the *Lee* district court took judicial notice of employee declarations containing *factual information*, notwithstanding that there was a dispute as to whether those declarations were accurate. *Id.* at 689. It also took judicial notice of the decedent's waiver of extradition form *and* the validity of the waiver set forth therein. *Id.* at 690. The Ninth Circuit held that while the district court may take judicial notice of "matters of public record," it had authority to take judicial notice of only the *fact* that an extradition waiver was signed by the decedent because the *validity* of that waiver was *subject to reasonable dispute*. *Id.* at 689-90. Here, Plaintiffs do not dispute that the *Driscoll* decision is a publicly filed document,[1] and ODFL does not ask the Court to accept as true any disputed *factual* allegations set forth in *Driscoll*. Thus, *Lee* is inapposite.

In any event, Plaintiffs do not and cannot dispute that the judicial decision of a state court on a question of law directly at issue in ODFL's Motion to Dismiss is relevant if not persuasive and is subject to consideration by this Court, whether through the mechanism of judicial notice or otherwise.

\*\*\*

For the foregoing reasons, as well as those set forth in the RJN, the Court

---

[1] *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Dorsey*, 2012 WL 3638624, at \*1 (N.D. Cal. Aug. 22, 2012) (taking judicial notice of "various publicly filed documents" where opposing party did not challenge the authenticity of the documents and the documents were judicially noticeable as matters of public record under Rule 201).

should grant ODFL's RJN and take judicial notice of Exhibits A, C, D and E.

DATED: September 17, 2021

**BAKER & HOSTETLER LLP**
**MCGUIREWOODS LLP**

By:  /s/ Sylvia J. Kim
Matthew C. Kane | Sylvia J. Kim
Amy E. Beverlin | Kerri H. Sakaue

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.