1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11
12
13

TAI HANG, and
ROBERT CANALES, on behalf of
themselves and all others similarly
situated,

Plaintiffs,

14

v.

15
16
17

OLD DOMINION FREIGHT LINE,
INC., a Virginia corporation; and
DOES 1 to 100, inclusive,

Defendants.

18

Case No. 5:21-cv-00287-JWH-KK

**ORDER GRANTING IN PART
AND DENYING IN PART THE
MOTION OF DEFENDANT OLD
DOMINION FREIGHT LINE, INC.
TO DISMISS AND/OR STRIKE
PORTION OF PLAINTIFFS'
THIRD AMENDED COMPLAINT
[ECF No. 20]**

19
20
21
22
23
24
25
26
27
28

1    Before the Court is the motion of Defendant Old Dominion Freight Line,

2    Inc. to dismiss and/or strike portions of the third amended complaint of

3    Plaintiffs Tai Hang and Robert Canales.[1]  The Court conducted a hearing on the

4    Motion in October 2021 and subsequently ordered the parties to submit

5    supplemental briefing.  After considering the papers filed in support and

6    opposition,[2] as well as the arguments that the parties made during the hearing,

7    the Court orders that the Motion is **GRANTED in part** and **DENIED in part**,

8    as set forth herein.

9                            **I.  BACKGROUND**

10   **A.    Procedural History**

11   This lawsuit began in November 2020, when Hang and Canales filed their

12   initial complaint in San Bernardino County Superior Court.[3]  They amended

13   their state court complaint a month later.[4]

14   Old Dominion removed this action to this Court in February 2021.[5]  The

15   next month, Hang and Canales amended their complaint again.[6]  Old Dominion

16   moved to dismiss that complaint—the Second Amended Complaint—in April

17   2021.[7]  This Court granted that motion two month later; it dismissed Hang and

18

19
     _____

20   [1]     Mot. of Def. Old Dominion to Dismiss and/or Strike the Third Am.
     Compl. (the "Motion") [ECF No. 20].

21   [2]     The Court considered the following papers:  (1) Third. Am. Compl. (the
     "Amended Complaint") [ECF No. 18].  (2) the Motion (including its
22   attachments); (3) Pls.' Opp'n (the "Opposition") [ECF No. 21]; (4) Def.'s
     Reply in Supp. of the Motion (the "Reply") [ECF No. 24]; (5) Def.'s Response
23   to Order Regarding Suppl. Briefing (the "Defendant's Supplemental Brief")
     [ECF No. 32]; and (6) Pl.'s Suppl. Brief by Regarding the Effect of the *Naranjo*
24   Decision on the Motion (the "Plaintiff's Supplemental Brief") [ECF No. 33].

25   [3]     Compl. [ECF No. 1-1].

26   [4]     Am. Compl. [ECF No. 1-2].

27   [5]     Notice of Removal [ECF No. 1].

     [6]     Second Am. Compl. (the "Second Amended Complaint") [ECF No. 9].
28   [7]     Mot. of Def. Old Dominion to Dismiss and/or Strike the Second
     Amended Complaint [ECF No. 12].

1    Canales's Second Amended Complaint with leave to amend.[8]  Hang and

2    Canales responded by filing their operative Amended Complaint, and Old

3    Dominion once again moves to dismiss pursuant to Rule 12(b)(6) of the Federal

4    Rules of Civil Procedure.[9]

5    **B.   Factual Summary**

6          Both Hang and Canales worked for Old Dominion as "hourly-paid, non-

7    exempt 'dock worker' employee[s]."[10]  Hang was employed with Old Dominion

8    from approximately August 2007 to August 2020, and Canales worked for Old

9    Dominion from January 2018 to October 2020.[11]  On behalf of themselves and a

10   putative class, Hang and Canales accuse Old Dominion of failing to provide

11   legally compliant rest periods and violating various provisions of the California

12   Labor Code.[12]

13         Together Hang and Canales assert seven claims for relief against Old

14   Dominion:

15     • failure to provide legally compliant rest periods;

16     • failure to authorize and permit all paid rest periods;

17     • failure to furnish accurate itemized wage statements on a timely basis;

18     • the derivative failure to furnish accurate itemized wage statements on a

19        timely basis;

20     • violations of § 203 of California's Labor Code;

21     • penalties pursuant to the Private Attorney General Act ("PAGA"); and

22

---

23   [8]    Order on Mot. of Def. Old Dominion to Dismiss and/or Strike the Second
24   Amended Complaint  ("Order") [ECF No. 17].

      [9]    *See generally* Amended Complaint; Motion.

25   [10]    Amended Complaint ¶¶ 6, 7, & 9.

26   [11]    *Id.*

27   [12]    *Id.* at ¶¶ 24-33.  Because the Court summarized Hang and Canales's
     factual allegations at length in its prior Order, the Court need not repeat them
     here. *See Hang v. Old Dominion Freight Line, Inc*, 2021 WL 5034828, at *1–*3
28   (C.D. Cal. June 21, 2021).

1      • violation of California's Unfair Competition Law ("UCL") under
2        Cal. Bus. & Prof. Code §§ 17200 *et seq.*[13]

3      After the hearing on the Motion, the California Supreme Court issued its
4  decision in *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93 (2022).  In its
5  Motion and Reply, Old Dominion relied upon the underlying ruling from the
6  California Court of Appeal.  In view of that reliance, the Court directed the
7  parties to confer and thereafter to provide briefing regarding the impact of the
8  *Naranjo* decision on the Motion.[14]  In June 2022, the parties filed their
9  respective supplemental briefs.[15]

10                              **II.  LEGAL STANDARD**

11      A defendant may move to dismiss a complaint for failure to state a claim
12  upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive such a
13  motion, the complaint must articulate "enough facts to state a claim to relief
14  that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
15  (2007).  A complaint need not contain "detailed factual allegations," but it must
16  contain "more than labels and conclusions" or "a formulaic recitation of the
17  elements of a cause of action."  *Id.* at 555.  "A claim has facial plausibility when
18  the plaintiff pleads factual content that allows the court to draw the reasonable
19  inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*
20  *Iqbal*, 556 U.S. 662, 678 (2009).

21      "[T]o be entitled to the presumption of truth, allegations in a complaint
22  or counterclaim may not simply recite the elements of a cause of action, but
23  must contain sufficient allegations of underlying facts to give fair notice and to
24  enable the opposing party to defend itself effectively."  *AE* ex rel. *Hernandez v.*

25

26  ---

    [13]      Amended Complaint ¶¶ 34-98.

27  [14]      Order Regarding Suppl. Briefing [ECF No. 31].

    [15]      *See generally* Defendant's Supplemental Brief; Plaintiff's Supplemental
28  Brief.

*Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).  "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Id.*  In addition, "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

## III.  DISCUSSION

As Old Dominion confirmed during the hearing, it moves to dismiss only the third through seventh claims for relief in the Amended Complaint.  Accordingly, the Court will evaluate Old Dominion's Motion with respect to those five claims in turn.

**A.    Third Claim for Relief:  Independent Wage Statement Claim**

Hang and Canales's third claim for relief for "Independent Failure to Timely Furnish Accurate Itemized Wage Statements" is based upon the contention that Hang and Canales "received wage statements that did not list their applicable hourly rates."[16]  As a result, Hang and Canales maintain that they could not "ascertain whether they were being paid the proper rates."[17]  Old Dominion attacks that independent wage statement claim on two grounds: (1) that Hang and Canales fail to allege sufficient facts demonstrating the requisite element of injury;[18] and (2) that Hang and Canales fail to allege facts that Old Dominion provided inaccurate statements knowingly and intentionally.[19]

---

[16]    Amended Complaint ¶ 55.
[17]    *Id.* at ¶ 58.
[18]    Motion 4:22-24.
[19]    *Id.* at 7:20-22.

### 1.      Failure to Allege Requisite Injury

Section 226(a) of the California Labor Code requires an employer to issue a wage statement that, *inter alia*, shows "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." *Id.*  Hang and Canales aver that their wage statements did not always contain that information.[20]  The operative portion of the statute provides that:

> an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items in [Cal. Lab. Code § 226(a)] ***and*** the employee cannot promptly and easily determine from the wage statement alone one or more of the following:  (i) The amount of the gross wages or net wages paid to the employee during the pay period or ***any of the other information required to be provided*** on the itemized wage statement ***pursuant to*** items (2) to (4), inclusive, (6), and (9) of [Cal. Lab. Code § 226(a)].

Cal. Lab. Code § 226(e)(2)(B) (emphasis added).

Hang and Canales previously pleaded that their wage statements lacked some of the information required under Cal. Lab. Code § 226(a), including "all applicable hourly rates."[21]  In their Amended Complaint, Hang and Canales augment their pleading to allege that Old Dominion's "wage statements listed only the hours at straight time, overtime, and double overtime, and the total paid, but either failed to list the rate paid, ***or listed an incorrect rate***, in each category, making accurate mathematical deductions impossible."[22]  Taking Hang and Canales's allegation as true, if Old Dominion listed an inaccurate rate

---

[20]      Amended Complaint ¶ 55.
[21]      Opposition 5:1.
[22]      Amended Complaint ¶ 58 (emphasis added).

of pay on its employees' wage statements, then those employees would not be able to determine their pay correctly.  That allegation suffices to plead injury under Cal. Lab. Code § 226(e)(2)(B).  *See Raines v. Coastal Pac. Food Distributors, Inc.*, 23 Cal. App. 5th 667, 676 (2018); *cf. Ontiveros v. Safelite Fulfillment, Inc.*, 2017 WL 6261476, at *7 (C.D. Cal. Oct. 12, 2017) (finding against plaintiff employee where performing simple math ***could*** enable the employee to ascertain the requisite information).

Old Dominion contends that Hang and Canales needed to have submitted an "exemplar" of their wage statement.[23]  The Court is not convinced.  Hang and Canales need not submit such evidence at this stage—they must merely plead sufficient facts and plausible allegation.  *See Twombly*, 550 U.S. at 545 (2007) ("plausible grounds . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the alleged conduct]").  It is sufficient for Hang and Canales to plead that they received wage statements that were inaccurate with respect to hours and wages, making it difficult to determine whether they were paid the proper rates.[24]  *See Sanders v. Old Dominion Freight Line, Inc.*, 2018 WL 6321631, at *3 (C.D. Cal. Sept. 13, 2018); *Cabardo v. Patacsil*, 248 F. Supp. 3d 1002, 1011 (E.D. Cal. 2017) ("because their wage statements were silent or inaccurate as to hours, "there is no way" [plaintiffs] could "promptly and easily determine from the wage statement[s] alone" their total hours worked).  Therefore, the Court finds that Hang and Canales have made sufficient allegations of an injury under Cal. Lab. Code § 226(e).

---

[23]  Motion 7:7.

[24]  Amended Complaint ¶ 58.

**2.     Failure to Meet the Requirements of Rule 8 for Knowing and Intentional Conduct**

In the alternative, Old Dominion maintains that the Amended Complaint "still alleges ***no facts*** to plausibly suggest that [Old Dominion] provided inaccurate wage statements or that it did so ***knowingly*** and ***intentionally***."[25] "'[A] claim for damages under Section 226(e) requires a showing of three elements: (1) a violation of Section 226(a); (2) that is 'knowing and intentional'; and (3) a resulting injury.'" *Arroyo v. Int'l Paper Co.*, 2020 WL 887771, at *7 (N.D. Cal. Feb. 24, 2020) (quoting *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014)). "To establish that Defendants' violation of § 226(a) was 'knowing and intentional,' Plaintiffs must demonstrate that Defendants were 'aware of the factual predicate underlying the violation[s].'" *Cabardo*, 248 F. Supp. 3d at 1010 (quoting *Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1028 (E.D. Cal. 2015)).

Hang and Canales revised their pleading to assert that "[t]he deficient wage statements were issued according to Defendants' policy and practice."[26] Old Dominion contends that "such conclusory allegations fail to state how [Old Dominion] purportedly 'knew' that any wage statements failed to include information required by Section 226(a), and such allegations have routinely been held insufficient under Rule 8."[27] Old Dominion cites a number of cases in such courts ruled against plaintiffs,[28] but none of them is on point because, in those cases, the plaintiffs did nothing more than parrot the language of the statute. *See Duley v. Centerra Grp., LLC*, 2020 WL 6526369, at *4 (C.D. Cal. Mar. 18, 2020); *Dawson v. HITCO Carbon Composites, Inc.*, 2017 WL 7806618, at *6

---

[25]   Motion 7:20-22 (emphasis original).

[26]   Amended Complaint ¶ 56.

[27]   Motion 8:6-8.

[28]   *Id.* at 8:22-28.

(C.D. Cal. Jan. 20, 2017); *Brown v. Wal-Mart Stores, Inc.*, 2013 WL 1701581, at *8 (N.D. Cal. Apr. 18, 2013); *Ramirez v. Manpower, Inc.*, 2014 WL 116531, *5 (N.D. Cal. Jan. 13, 2014).

Here, Hang and Canales do more.  Their allegation that those wage statement deficiencies were part of Old Dominion's policy or practice indicates that Old Dominion was "aware of the factual predicate underlying the violation."  *Cabardo*, 248 F. Supp. 3d at 1010; *see also Willner*, 35 F. Supp. 3d at 1131; *Garnett v. ADT LLC*, 139 F. Supp. 3d 1121, 1133 (E.D. Cal. 2015). Whether or not that fact alone is sufficient ultimately to establish Old Dominion's knowledge or intent is an issue for trial (or, perhaps, summary judgment).  Under the Federal Rules of Civil Procedure, "intent" and "knowledge" may be "alleged generally," in contrast to the heightened pleading standard for fraud.  *See* Fed. R. Civ. P. 9(b); *see also Finder v. Leprino Foods Co.*, 2016 WL 3774269, at *3 (E.D. Cal. Jan. 8, 2016).  Thus, Hang and Canales have alleged sufficient facts to support their Independent Wage Statement Claim.  Old Dominion's Motion is **DENIED** with respect to Hang and Canales's third claim for relief.

**B.     Fourth Claim for Relief:  Derivative Wage Statement Claim**

Hang and Canales's fourth claim also pertains to supposed inaccuracies in Old Dominion's wage statements.[29]  Unlike their third claim for relief, Hang and Canales's claim here is derivative of their second claim for relief, which alleges that Old Dominion failed to permit all paid rest periods.[30]  Specifically, Hang and Canales allege that:

> Defendants allegedly failed to pay the members of the Derivative Wage Statement Class all wages due and owing. ***As a derivative***

---

[29]     Amended Complaint ¶¶ 64-75

[30]     *Id.* at ¶¶ 46-53.

1   ***result of this failure to pay wages*** and as a pattern and practice, [Old
2   Dominion] did not and do not maintain accurate records pertaining
3   to the total hours worked for Defendants by the members of the
4   Derivative Wage Statement Class.[31]

5   It is helpful here to first identify what that statement is not.  Hang and Canales

6   do not allege that there is a discrepancy in the information provided on the wage

7   statement; *e.g.*, due to "due to time clock rounding."  *Bates v. Leprino Foods Co.*,

8   2020 WL 6392562, at *7 (E.D. Cal. Nov. 2, 2020) (quoting *Maldonado v. Epsilon*

9   *Plastics, Inc.*, 22 Cal. App. 5th 1308, 1334 n.14 (2018)).  The alleged inaccuracy is

10  a result of Old Dominion's failure to include wages that Hang and Canales

11  believe "*should have been* paid but were *not*."[32]

12          In their original briefs, Old Dominion, Hang, and Canales argued

13  extensively over whether that which Hang and Canales would like to count as

14  wages should, in fact, count as wages.[33]  In view of *Naranjo*, Old Dominion

15  withdrew its argument,[34] as it appears that *Naranjo* settled that particular

16  disagreement in favor of Hang and Canales.

17          Old Dominion withdrew other arguments regarding this claim as well;[35]

18  only one now remains.  Old Dominion maintains that Hang and Canales do not

19  plead enough facts plausibly to suggest that Old Dominion failed to provide

20  accurate wage statements knowingly and intentionally.[36]  But for reasons

21  explained above, *see supra* Part III.A.2., the Court concludes that the Amended

22  Compliant is sufficient here to give notice to Old Dominion of the claim and to

---

[31]   *Id.* at ¶¶ 67 & 68 (emphasis added).
[32]   Motion 9:9-15 (emphasis original).
[33]   Opposition 8:3-9:23.
[34]   Defendant's Supplemental Brief 1:14-15.
[35]   *Id.* at 1:16-18.
[36]   Motion 12:5-13:6.

1    explain the factual basis—*i.e.*, that Old Dominion knew about its failure to pay

2    rest period premiums and made it a policy and practice to exclude them in the

3    wage statements.[37]  *See* Fed. R. Civ. P. 8.  That allegation is sufficient for the

4    pleading stage.  Therefore, the Motion is **DENIED** with respect to the fourth

5    claim for relief.

6    **C.**      **Fifth Claim for Relief:  Violations of California Labor Code § 203**

7         Hang and Canales allege that Old Dominion failed to pay members of the

8    LC 203 class[38] "their entire wages due and owing at the time of their

9    termination or within seventy-two (72) hours of their resignation."[39]  California

10    law provides that:

11         [i]f an employer willfully fails to pay, without abatement or

12         reduction, . . . any wages of an employee who is discharged or who

13         quits, the wages of the employee shall continue as a penalty from the

14         due date thereof at the same rate until paid or until an action therefor

15         is commenced; but the wages shall not continue for more than 30

16         days.

17    Cal. Lab. Code § 203.  This claim, therefore, is also derivative of Hang and

18    Canales's second claim for relief, in which Hang and Canales allege that Old

19    Dominion failed to pay them their unpaid break premiums at the time that their

20    employment ended.[40]

21         Old Dominion makes three arguments in its Motion for why Hang and

22    Canales's unpaid wages claim fails.  First, Old Dominion says that Hang and

23

---

24    [37]      Amended Complaint ¶ 69.

25    [38]      Hang and Canales define the LC 203 class as "[a]ll formerly-employed
California citizens employed by Defendants as hourly-paid, non-exempt 'dock

26    worker' employees during the appropriate time period who were subjected to
Defendants' policies and practices regarding Labor Code § 203 and the payment
of final wages as specifically described herein."  Amended Complaint ¶ 25.e.

27    [39]      *Id.* at ¶ 79.

28    [40]      *Id.* at ¶¶ 77 & 79; Opposition 15:15-18.

Canales do not plead sufficient facts about their respective separations with Old Dominion to have stated a claim for unpaid wages under Cal. Lab. Code § 203.[41] Second, Old Dominion claims that Hang and Canales's Amended Complaint lacks sufficient facts to demonstrate that Old Dominion "willfully" failed to pay their entire wages.[42] And third, insofar as this claim is derivative of Hang and Canales's rest period claims in their second claim for relief, it fails as a matter of law because rest period payments under Cal. Lab. Code § 226.7 are not actually "wages earned" for purposes of incurring waiting time penalties under Cal. Lab. Code § 203.[43]

While Old Dominion has since withdrawn its third argument in view of the holding in *Naranjo*,[44] the Court agrees with Old Dominion's observation that "Plaintiffs do not even allege basic facts such as whether their respective separations were due to a termination or voluntary resignation."[45] Indeed, the Amended Complaint reflects that very ambiguity in its allegations, allowing for both possibilities without specifying which provision applies to whom.[46] The failure to identify whether Hang or Canales quit or were terminated is a material notice issue, since quitting—as opposed to being fired—implicates different timing requirements, which in turn implicate different waiting penalties. *Compare* Cal. Lab. Code § 201(a) ("[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately") *with* Cal. Lab. Code § 202(a) ("[i]f an employee . . . quits his or her employment, his or her wages shall become due and payable not later than

---

[41] Motion 17:22-18:5.
[42] *Id.* at 18:6-13.
[43] *Id.* at 19:16-20:17.
[44] Defendant's Supplemental Brief 1:19.
[45] Motion 17:22-23; *see also* Reply 8:21-9:6.
[46] *See* Amended Complaint ¶¶ 6, 9, 77, & 79.

-12-

72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting"). Hang and Canales should know whether they quit or got fired; this deficiency should be easily remedied. For that reason, the Court **GRANTS** the Motion and **dismisses** the fifth claim for relief **with leave to amend**. *Accord Sanchez v. Ritz Carlton*, 2015 WL 5009659, at *3 (C.D. Cal. Aug. 17, 2015).

**D.    Sixth Claim for Relief:  The PAGA Claim**

Hang and Canales characterize their PAGA claim as derivative of any of their first five claims for relief.[47] At the hearing, Old Dominion conceded that the PAGA claim would survive so long as any of the first five claims for relief proceed. Because the first and second claims for relief are not at issue in this Motion, the Court finds it appropriate to **DENY** the Motion with respect to Hang and Canales's sixth claim for relief.

**E.    Seventh Claim for Relief:  The UCL Claim**

In their seventh claim for relief, Hang and Canales allege that Old Dominion "engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of [in the Amended Complaint] without the requisite compensation."[48] In view of that allegation, Hang and Canales pray for an accounting, restitution, injunctive relief, declaratory relief, attorneys' fees, and equitable relief.[49]

Old Dominion attacks Hang and Canales's UCL claim on several fronts. First, Old Dominion argues that their UCL claim fails because it is derivative of

---

[47]    Opposition 16:24-25.
[48]    Amended Complaint ¶ 92.
[49]    *Id.* at Prayer ¶¶ q & s-y.

other claims that themselves fail to meet the pleading requirements of Rule 8.[50]
The Court agrees in part and disagrees in part.  Although the UCL claim *is*
derivative of the first five claims for relief,[51] Hang and Canales's first and second
claims for relief are unopposed.  Furthermore, as discussed above, *see supra*
Parts III.A. & B., the Court concludes that Hang and Canales's third and fourth
claims for relief may proceed past the pleading stage.  Accordingly, the UCL
cannot be dismissed simply as derivative.  But to the extent that Hang and
Canales's UCL claim is derivative of their fifth claim for relief—which itself has
been dismissed, *see supra* Part III.D.—the Motion is **GRANTED**, and the UCL
claim is **dismissed with leave to amend**.

Second, Old Dominion contends that Hang and Canales's remedies for
their UCL claim are limited.  Again, the Court agrees in part.  California's unfair
competition law prohibits "any unlawful, unfair or fraudulent business act or
practice."  Cal. Bus. & Prof. Code § 17200.  Actions brought under that statute
may be asserted either by private plaintiffs or by public prosecutors.  *See*
Cal. Bus. & Prof. Code § 17204.  In a private unfair competition law action,
though, the plaintiff's remedies are "generally limited to injunctive relief and
restitution."  *Clark v. Superior Ct.*, 50 Cal. 4th 605, 610 (2010); *see also*
Cal. Bus. & Prof. Code § 17203.  Consequently, the Court must evaluate
whether restitution or injunctive relief is permissible remedy under the statutes
underlying Hang and Canales's first three claims for relief.

To start, Hang and Canales's first two claims for relief rely on
Cal. Lab. Code § 226.7 regarding rest and meal period violations.[52]  While Old

---

[50]    Motion 21:6-22.
[51]    Opposition 17:7-15.
[52]    *See* Order 8:3.

-14-

Dominion initially contested Hang and Canales's ability to obtain restitution for violations of that provision, it has since withdrawn that argument.[53]

With respect to Hang and Canales's third claim for relief, Old Dominion points out that the penalty provisions under Cal. Lab. Code § 226 for itemized wage statements are also not recoverable as restitution under the UCL. *See Campbell v. PricewaterhouseCoopers*, 2008 WL 3836972, at *6 (E.D. Cal. Aug. 14, 2008) (finding such penalties are "clearly not restitutionary"). Section 226 of the California Labor Code cannot provide a basis for a § 17200 claim, given that it "provide[s] for a penalty, rather than wages." *Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009). Similarly, penalty provisions for statutory penalties under Cal. Lab. Code § 203 are not recoverable as restitution under the UCL. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1402 (2010) (holding that hold Cal. Lab. Code § 203 penalties cannot be recovered as restitution under the UCL). Therefore, the Court finds that restitution is unavailable as a derivative remedy under the UCL for Hang and Canales's third and fourth claims for relief.

Third, Old Dominion takes aim at Hang and Canales's ability to leverage the UCL for injunctive relief.[54] Old Dominion contends that Hang and Canales lack standing to pursue injunctive relief for any of their claims because "they cannot establish that they will suffer any threat of real and immediate future harm as a result of the *past* misconduct alleged in the [Amended Complaint] given they no longer work for [Old Dominion]."[55] The Amended Complaint avers that neither Hang nor Canales works for Old Dominion anymore,[56] and it makes no mention that either of them seeks re-employment with their former

---

[53]    Defendant's Supplemental Brief 1:20.
[54]    Motion 23:6-24:23.
[55]    *Id.* at 23:8-11.
[56]    Amended Complaint ¶¶ 6 & 9.

1    employer.[57]  Thus, the Court concludes that Hang and Canales lack standing in

2    their individual capacities for injunctive relief.  *See Ortega v. Watkins & Shepard*

3    *Trucking, Inc.*, 2019 WL 2871161, at *9 (C.D. Cal. Mar. 27, 2019) (finding no

4    standing for injunctive relief where plaintiff was no longer employed by

5    defendant, and it was not apparent that plaintiff would return to work for

6    defendant).  However, because the putative class seeks to include all non-

7    exempt dock worker employees who were subjected to Old Dominion's policies

8    and practices during the appropriate time period,[58] it would be premature for

9    this Court to conclude in broad strokes that no injunctive relief could be sought.

10   Such an issue is best suited for consideration under a motion for class

11   certification.  *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir.

12   2011) (noting that, as former employees, the named plaintiffs would not share an

13   interest with class members whose primary goal is to obtain injunctive relief).

14        Furthermore, given the presence of a live dispute, the Court finds Old

15   Dominion's request to dismiss Hang and Canales's prayer for declaratory relief

16   to be similarly premature.  *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118,

17   127 (2007) (explaining that declaratory relief is available where "the facts

18   alleged, under all the circumstances, show that there is a substantial controversy,

19   between parties having adverse legal interests, of sufficient immediacy and

20   reality to warrant the issuance of a declaratory judgment").  Whether Hang,

21   Canales, or any members of the putative class would truly prefer declaratory

22   relief—as opposed to restitution or some form of injunctive relief—is not for

23   this Court to decide.

24        In summary, the Court narrowly **GRANTS** the Motion of Old Dominion

25   **without leave to amend** regarding the seventh claim for relief to the extent that

26

27   [57]    *See generally id*; *see also* Reply 12:3-6 (noting that Hang and Canales fail to
     properly address the issue of standing).

28   [58]    Amended Complaint ¶ 25.

Hang and Canales seek restitution for penalties arising under Sections 203 and 206 of the California Labor Code.  Furthermore, the Court **GRANTS** the Motion of Old Dominion **with leave to amend** to the extent that the claim is derivative of the fifth claim for relief and to the extent that Hang and Canales seek injunctive relief in their individual capacities for any claim herein.  Otherwise, the Court **DENIES** the Motion with respect to the seventh claim for relief, especially to the extent that members of the putative class—who are currently employed by, or intend to seek re-employment with, Old Dominion—seek injunctive relief or to the extent that any member of the class seeks declaratory relief.

**F.    Motion to Strike**

Old Dominion asks the Court to strike elements of the Amended Complaint.  "The purpose[] of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  Motions to strike are generally disfavored, and they "only are appropriate when the movant can show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." *Sultan v. Medtronic Inc.*, 2011 WL 13131112, at *2 (C.D. Cal. Nov. 16, 2011).  Finding no such immaterial or impertinent information, the Court **DENIES** Old Dominion's Motion to Strike.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.    The Motion is **DENIED** with respect to Hang and Canales's third, fourth, and sixth claims for relief.

2.    The Motion is **GRANTED** with respect Hang and Canales's fifth claim for relief, which is **dismissed with leave to amend**.

3.     The Motion is **GRANTED in part** and **DENIED in part** with respect to Hang and Canales's seventh claim for relief, as set forth herein:

     a.     The seventh claim for relief is **dismissed without leave to amend** to the extent that Hang or Canales seeks restitution in connection with their third claim for relief.

     b.     The seventh claim for relief is **dismissed for lack of standing** to the extent that Hang or Canales, in their personal capacities, seek injunctive relief.

     c.     The seventh claim for relief is **dismissed with leave to amend** to the extent that it is derivative of Hang and Canales's fifth claim for relief.

     d.     The Motion is otherwise **DENIED** with respect to the seventh claim for relief.

4.     Old Dominion's Motion to Strike is **DENIED**.

5.     Hang and Canales are **DIRECTED** to file an amended pleading, if at all, no later than August 19, 2022.  If Hang and Canales choose to file an amended pleading, then they are also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to the Third Amended Complaint that provides the Court with a redline version that shows the amendments.  If Hang and Canales fail to file their amended pleading by August 19, 2022, then the Court will **DISMISS** Hang and Canales's fifth claim for relief **with prejudice** and will also **DISMISS** their seventh claim for relief **with prejudice**, but only to the extent that it is derivative of their fifth claim for relief.

**IT IS SO ORDERED.**

Dated:\_\_\_\_August 1, 2022_____

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE