**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
Amy E. Beverlin, SBN 284745
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859
Email:      *mkane@bakerlaw.com*
            *abeverlin@bakerlaw.com*

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:  415.659.2600
Facsimile:   415.659.2601
Email:      *sjkim@bakerlaw.com*

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated,

    Plaintiffs,

    vs.

OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive,

    Defendants.

CASE NO. 5:21-cv-00287-JWH-KK

**DEFENDANT'S ANSWER TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT [Dkt. #35]**

Defendant Old Dominion Freight Line, Inc., by and through its undersigned counsel of record and on behalf of itself and no other defendant or third-party entity or individual, hereby answers the "Fourth Amended Class Action (FRCP Rule 23) Complaint" [Dkt. #35] (the "4AC") filed by Plaintiffs Tai Hang ("Hang") and Robert Canales ("Canales") (collectively, "Plaintiffs") without waiver or limitation of the Court's rulings made in this action to date under Fed. R. Civ. P. 12(b)(6) and 12(f), which rights are hereby fully and expressly reserved.  As a general matter, pursuant to Fed. R. Civ. P. 8(b)(3), Defendant denies each and every allegation in the 4AC except as expressly admitted or qualified hereafter.  Further, to the extent the headings used throughout the 4AC contain substantive allegations, Defendant denies them generally and specifically.

1.     Answering Paragraph 1 of the 4AC, Defendant states that it purports to characterize the relief Plaintiffs are seeking, which characterizations do not require any admissions or denials by Defendant, but Defendant generally and specifically denies that it is liable for or that Plaintiffs or the individuals that they seek to represent are entitled to the same.

2.     Answering Paragraph 2 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

AS TO RELEVANT JOB TITLES

3.     Answering Paragraph 3 of the 4AC, Defendant admits only that Plaintiffs purport to describe the individuals that they seek to represent in this action, but generally and specifically denies that any class of any type should be or is capable of being certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, and/or that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every allegation

contained in said Paragraph.

AS TO SUMMARY OF CLAIMS

4.     Answering Paragraph 4 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

**II.**

**AS TO PARTIES**

AS TO PLAINTIFF TAI HANG

5.     Answering Paragraph 5 of the 4AC, Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

6.     Answering Paragraph 6 of the 4AC, Defendant admits only that Hang was employed by Defendant from in or around August 2007 until in or around August 2020 in Rialto, California.  Except as expressly admitted in this paragraph, above, Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in said Paragraph and, on that basis, generally and specifically denies such allegations.

7.     Answering Paragraph 7 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

AS TO PLAINTIFF ROBERT CANALES

8.     Answering Paragraph 8 of the 4AC, Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

9.     Answering Paragraph 9 of the 4AC, Defendant admits only that Canales was employed by Defendant from on or about January 26, 2018 until in or around

October 2020 in Rialto, California.  Except as expressly admitted in this paragraph, above, Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in said Paragraph and, on that basis, generally and specifically denies such allegations.

10.     Answering Paragraph 10 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

AS TO DEFENDANT, OLD DOMINION FREIGHT LINE, INC.

11.     Answering Paragraph 11 of the 4AC, Defendant admits only that it is a Virginia corporation with its principal place of business in North Carolina and that it is authorized to and does conduct business in California.   Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

AS TO DOES 1 TO 100, INCLUSIVE

12.     Answering Paragraph 12 of the 4AC, Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

13.     Answering Paragraph 13 of the 4AC, Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

14.     Answering Paragraph 14 of the 4AC, Defendant states that it lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

AS TO ALL DEFENDANTS

15.     Answering Paragraph 15 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically

denies each and every allegation contained in said Paragraph.

16.     Answering Paragraph 16 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

17.     Answering Paragraph 17 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

18.     Answering Paragraph 18 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

19.     Answering Paragraph 19 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

20.     Answering Paragraph 20 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

21.     Answering Paragraph 21 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

**III.**

**AS TO JURISDICTION AND VENUE**

22.     Answering Paragraph 22 of the 4AC, Defendants admits the allegations

set forth therein.

23.    Answering Paragraph 23 of the 4AC, Defendants admits the allegations set forth therein.

**IV.**

**AS TO CLASS ACTION ALLEGATIONS**

24.    Answering Paragraph 24 of the 4AC, Defendant admits only that Plaintiffs purport to describe the individuals that they seek to represent in this action, but generally and specifically denies that any class of any type should be or is capable of being certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

25.    Answering Paragraph 25 of the 4AC, and each of its subparagraphs, Defendant admits only that Plaintiffs purport to describe the individuals that they seek to represent in this action, but generally and specifically denies that any class of any type should be or is capable of being certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every allegation contained in said Paragraph and each of its subparagraphs.

26.    Answering Paragraph 26 of the 4AC, Defendant states that it lists the putative subclasses that Plaintiffs seek to represent, but generally and specifically denies that any class of any type should be or is capable of being certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

27.    Answering Paragraph 27 of the 4AC, Defendant states that it contains a purported reservation of rights by Plaintiffs to amend or modify the putative class definitions set forth in Paragraph 25 of the 4AC (and its subparagraphs), which does not require any admissions or denials by Defendant.  To the extent a response is

required, Defendant lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies each and every allegation contained in said Paragraph.

28.     Answering Paragraph 28 of the 4AC, and each of its subparagraphs, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph and each of its subparagraphs.

29.     Answering Paragraph 29 of the 4AC, and each of its subparagraphs, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph and each of its subparagraphs.

30.     Answering Paragraph 30 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

31.     Answering Paragraph 31 of the 4AC, and each of its subparagraphs, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph and each of its subparagraphs.

32.     Answering Paragraph 32 of the 4AC, and each of its subparagraphs, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph and each of its subparagraphs.

33.     Answering Paragraph 33 of the 4AC, Defendant states that it sets forth

legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to cite, quote and/or characterize California law, but generally and specifically denies that it has violated any such law or is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

**V.**

**AS TO CAUSES OF ACTION**

**AS TO FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE LEGALLY-COMPLIANT REST PERIODS**

**(On Behalf of the Legal Rest Period Class)**

**(Against All Defendants)**

34.   Answering Paragraph 34 of the 4AC, Defendant incorporates its responses to the allegations and averments of the preceding paragraphs of the 4AC set forth above as though fully set forth herein.

35.   Answering Paragraph 35 of the 4AC and each of its subparagraphs, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

36.   Answering Paragraph 36 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

37.   Answering Paragraph 37 of the 4AC, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

38.   Answering Paragraph 38 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by

Defendant. To the extent a response is required, Defendant admits only that Plaintiffs purport to cite, quote and/or characterize California law, but generally and specifically denies that it has violated any such law or is liable for the same. Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

39. Answering Paragraph 39 of the 4AC, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

40. Answering Paragraph 40 of the 4AC, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

41. Answering Paragraph 41 of the 4AC, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

42. Answering Paragraph 42 of the 4AC, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

43. Answering Paragraph 43 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant. To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

44. Answering Paragraph 44 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant. To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same. Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

45. Answering Paragraph 45 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

### AS TO SECOND CAUSE OF ACTION
### FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS
### (On Behalf of The Rest Period Class)
### (Against All Defendants)

46. Answering Paragraph 46 of the 4AC, Defendant incorporates its responses to the allegations and averments of the preceding paragraphs of the 4AC set forth above as though fully set forth herein.

47. Answering Paragraph 47 of the 4AC and each of its subparagraphs, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

48. Answering Paragraph 48 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

49. Answering Paragraph 49 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

50. Answering Paragraph 50 of the 4AC, Defendant states that it presently

lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

51.   Answering the first sentence of Paragraph 51 of the 4AC, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.  Answering the remaining allegations of Paragraph 51, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

52.   Answering Paragraph 52 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

53.   Answering Paragraph 53 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

///

///

DEFENDANT'S ANSWER TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT [Dkt. #35]

**AS TO THIRD CAUSE OF ACTION**

**INDEPENDENT FAILURE TO TIMELY**

**FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**(On Behalf of the Independent Wage Statement Class)**

**(Against All Defendants)**

54.     Answering Paragraph 54 of the 4AC, Defendant incorporates its responses to the allegations and averments of the preceding paragraphs of the 4AC set forth above as though fully set forth herein.

55.     Answering the first sentence of Paragraph 55 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said sentence.  Answering the second sentence of Paragraph 55 of the 4AC, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.

56.     Answering Paragraph 56 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

57.     Answering Paragraph 57 of the 4AC, Defendant admits only that Plaintiffs purport to cite, quote and/or characterize California law, but generally and specifically denies that it has violated any such law or is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

58.     Answering the first sentence of Paragraph 58 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant

generally and specifically denies each and every allegation contained in said sentence.   Answering the remaining allegations in Paragraph 58 of the 4AC, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies each and every remaining allegation in said Paragraph.

59.   Answering Paragraph 59 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

60.   Answering Paragraph 60 of the 4AC and each of its subparagraphs, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph and each of its subparagraphs.

61.   Answering Paragraph 61 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

62.   Answering Paragraph 62 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly

admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

63. Answering Paragraph 63 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

## AS TO FOURTH CAUSE OF ACTION
## DERIVATIVE FAILURE TO TIMELY
## FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (On Behalf of the Derivative Wage Statement Class)

64. Answering Paragraph 64 of the 4AC, Defendant incorporates its responses to the allegations and averments of the preceding paragraphs of the 4AC set forth above as though fully set forth herein.

65. Answering Paragraph 65 of the 4AC, Defendant admits only that Plaintiffs purport to cite, quote and/or characterize California law, but generally and specifically denies that it has violated any such law or is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

66. Answering Paragraph 66 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

67. Answering Paragraph 67 of the 4AC, Defendant states that it purports to describe Plaintiffs' allegations alleged elsewhere in the 4AC and/or sets forth legal

contentions and/or conclusions that do not require any admissions or denials by Defendant. To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

68. Answering Paragraph 68 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant. To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

69. Answering Paragraph 69 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant. To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

70. Answering the first sentence of Paragraph 70 of the 4AC, Defendant admits only that Plaintiffs purport to cite, quote and/or characterize California law, but generally and specifically denies that it has violated any such law or is liable for the same. Answering the remaining allegations in Paragraph 70 of the 4AC, Defendant states that they set forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant. To the extent a response is required, and except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

71. Answering Paragraph 71 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant. To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

72. Answering Paragraph 72 of the 4AC and each of its subparagraphs, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant. To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph and each of its subparagraphs.

73.     Answering Paragraph 73 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

74.     Answering Paragraph 74 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

75.     Answering Paragraph 75 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.   To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

///

///

///

///

DEFENDANT'S ANSWER TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT [Dkt. #35]

**AS TO FIFTH CAUSE OF ACTIONS**

**VIOLATIONS OF <u>LABOR CODE</u> § 203**

**(On Behalf of the LC 203 Class)**

**(Against All Defendants)**

76.     Answering Paragraph 76 of the 4AC, Defendant incorporates its responses to the allegations and averments of the preceding paragraphs of the 4AC set forth above as though fully set forth herein.

77.     Answering the first sentence of Paragraph 77 of the 4AC, Defendant admits only that Plaintiffs purport to describe the individuals that they seek to represent in this action, but generally and specifically denies that any class of any type should be or is capable of being certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.   Answering the second sentence of Paragraph 77, Defendant admits only that Canales was terminated in or around October 2020 and that Hang's employment ended in or around August 2020.   Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

78.     Answering Paragraph 78 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

79.     Answering Paragraph 79 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

80.     Answering Paragraph 80 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

81.     Answering Paragraph 81 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

### AS TO SIXTH CAUSE OF ACTION
### PENALTIES PURSUANT TO <u>LABOR CODE</u> § 2699
### (On Behalf of the Aggrieved Employees)
### (Against All Defendants)

82.     Answering Paragraph 82 of the 4AC, Defendant incorporates its responses to the allegations and averments of the preceding paragraphs of the 4AC set forth above as though fully set forth herein.

83.     Answering the allegations in Paragraph 83 of the 4AC and each of its subparagraphs, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant admits that, at page 27, lines 8-15, of the 4AC, Plaintiffs purport to cite, quote and/or characterize California law, but generally and specifically denies that it has violated any such law or is liable for the same. Defendant further admits that, at page 27, line 15, through page 28, line 17, of the 4AC, Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the putative aggrieved employees at issue are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every allegation contained in said Paragraph and its subparagraphs.

84.     Answering Paragraph 84 of the 4AC, Defendant states that it sets forth

17

legal contentions and/or conclusions that do not require any admissions or denials by Defendant.    To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking and describe the contemplated distribution thereof, if any, but generally and specifically denies that Plaintiffs or the putative aggrieved employees at issue are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

85.    Answering Paragraph 85 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.    To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs (or, to the extent applicable, the putative aggrieved employees at issue) are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

86.    Answering Paragraph 86 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.    To the extent a response is required, Defendant admits only that Plaintiffs purport to describe a written notice allegedly provided by Hang to the California Labor and Workforce Development Agency and refer to an Exhibit 1 attached to the 4AC.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

87.    Answering Paragraph 87 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.    To the extent a response is required, Defendant admits only that Plaintiffs purport to describe a written notice allegedly provided by Canales to the

California Labor and Workforce Development Agency and refer to an Exhibit 2 attached to the 4AC.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

88.    Answering the first sentence of Paragraph 88 of the 4AC, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.  Answering the second sentence of Paragraph 88, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said sentence.

89.    Answering the first sentence of Paragraph 89 of the 4AC, Defendant states that it presently lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, on that basis, generally and specifically denies such allegations.  Answer the second sentence of Paragraph 89, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said sentence.

**AS TO SIXTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

**(On Behalf of the 17200 Class)**

**(Against All Defendants)**

90.    Answering Paragraph 90 of the 4AC, Defendant incorporates its responses to the allegations and averments of the preceding paragraphs of the 4AC set forth above as though fully set forth herein.

91.    Answering Paragraph 91 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically

denies each and every allegation contained in said Paragraph.

92.     Answering Paragraph 92 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

93.     Answering Paragraph 93 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

94.     Answering Paragraph 94 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant generally and specifically denies each and every allegation contained in said Paragraph.

95.     Answering Paragraph 95 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

96.     Answering Paragraph 96 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and

every remaining allegation contained in said Paragraph.

97.    Answering Paragraph 97 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.    To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

98.    Answering Paragraph 98 of the 4AC, Defendant states that it sets forth legal contentions and/or conclusions that do not require any admissions or denials by Defendant.    To the extent a response is required, Defendant admits only that Plaintiffs purport to refer to and/or characterize the relief they are seeking, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent are entitled to or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies each and every remaining allegation contained in said Paragraph.

## VI.

## AS TO PRAYER FOR RELIEF

Answering the Prayer for Relief in the 4AC, including each and every subsection, subparagraph, or subpart thereof, Defendant states that it contains legal contentions, conclusions and/or characterizations by Plaintiffs that do not require any admissions or denials by Defendant.  To the extent a response is required, Defendant admits only that Plaintiffs purport to characterize and/or summarize the relief sought in the 4AC, but generally and specifically denies that Plaintiffs or the individuals that they seek to represent or the putative aggrieved employees at issue or the State of California are entitled to such relief or that Defendant is liable for the same.  Except as expressly admitted in this paragraph, Defendant generally and specifically denies

each and every remaining allegation contained in said Prayer for Relief, including each and every subsection, subparagraph, or subpart thereof.

## VII.

## AS TO DEMAND FOR JURY TRIAL

Answering the Demand for Jury Trial in the 4AC, to the extent a response is required, Defendant admits only that Plaintiffs purport to seek a jury trial in this action.

## AFFIRMATIVE OR OTHER DEFENSES

For its affirmative and other defenses, without assuming any burden of proof that it does not already have and without waiver or limitation of its rights with regard to the claims of Plaintiffs and/or of the putative class members and/or the putative aggrieved employees at issue or the State of California, and expressly denying any and all wrongdoing, Defendant separately alleges that each of the following is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

## FIRST AFFIRMATIVE OR OTHER DEFENSE

### (Failure to State a Claim)

The 4AC as a whole, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Statute of Limitations)

The 4AC and each and every purported cause of action alleged therein are barred, in whole or in part, by all applicable statute of limitations including, without limitation, those set forth in Cal. Civ. Proc. Code §§ 338(a), 340(a) & (b), and/or 343, which are applicable to Plaintiffs' claims.

## THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Estoppel)

Defendant is informed and believes and based thereon alleges that Plaintiffs,

the putative class members they seek to represent, the putative aggrieved employees at issue and/or the State of California have engaged in conduct and activities that are the subject of the 4AC, on which Defendant relied to its detriment, and, by reason of such affirmative conduct and activities by them, they are estopped from asserting any claim for restitution for unpaid overtime, minimum wages, or other compensation against Defendant.  Such conduct includes, but is not limited to, failing to report any unpaid time or missed/non-compliant meal or rest breaks and the State of California's failure to investigate and/or pursue any action against Defendant or any other person or entity as to any purported violation(s) alleged in the 4AC.

## FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (Waiver)

The 4AC and each and every purported cause of action alleged therein are barred to the extent it is predicated on a failure to provide meal periods in violation of Cal. Lab. Code §§ 226.7 and 512, because, to the extent Plaintiffs, the putative class members they seek to represent, and/or the putative aggrieved employees at issue did not take any meal periods provided to them, Defendant is informed and believes and based thereon alleges that Plaintiffs, the putative class members they seek to represent, and/or the putative aggrieved employees at issue voluntarily and knowingly waived their rights to or otherwise elected to forego such breaks for reasons unrelated to Defendant and therefore are not entitled to compensation under Lab. Code § 226.7 or otherwise.  *See Brinker Rest. Corp. v. Super. Ct.*, 53 Cal.4th 1040 (2012).

## FIFTH AFFIRMATIVE OR OTHER DEFENSE

### (Laches)

Defendant is informed and believes and based thereon alleges that Plaintiffs have unreasonably delayed in pursuing this lawsuit, and that, as a result, Defendant has suffered prejudice due to the passage of time, diminution of memories, and turnover of employees who might be potential witnesses and to the extent that any

relevant records have been lost or destroyed.  Such delay and prejudice render any grant of relief to Plaintiffs, the putative class members that they seek to represent, the putative aggrieved employees at issue, and/or the State of California inequitable.

## SIXTH AFFIRMATIVE OR OTHER DEFENSE

### (Consent)

The 4AC and each and every purported cause of action alleged therein are barred by the doctrine of consent, including without limitation with respect to Plaintiffs' consent and/or that of the putative class members they seek to represent, the putative aggrieved employees at issue and/or the State of California, and/or their agreement based on acceptance of notice given, compensation paid, or other benefits, information or materials provided to them without protest and/or any such acceptance on their part.

## SEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Unclean Hands)

The 4AC as a whole, and each and every purported cause of action alleged therein, is barred by Plaintiffs' own unclean hands, or the unclean hands of the putative class members they seek to represent, the putative aggrieved employees at issue and/or the State of California, including their own inequitable behavior regarding the subject matter of the claims against Defendant.

## EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (Avoidable Consequences)

The 4AC and each and every purported cause of action alleged therein are barred by the doctrine of avoidable consequences because Plaintiffs, the putative class members they seek to represent, the putative aggrieved employees at issue, and/or the State of California unreasonably failed to take advantage of the preventative or corrective opportunities and mechanisms provided and made available by Defendant and/or under applicable law, or to otherwise avoid any harm or damages alleged in the 4AC.

## NINTH AFFIRMATIVE OR OTHER DEFENSE

### (No Requisite Willfulness, Knowledge or Intent)

Defendant did not willfully, knowingly, and/or intentionally fail to comply with any applicable provision of law, but rather acted in good faith and had reasonable grounds for believing that it did not violate California law or any other applicable provision of law.  Therefore, because Defendant's conduct was not willful, knowing and/or intentional, any recovery on the causes of action alleged in the 4AC is precluded, in whole or in part.

## TENTH AFFIRMATIVE OR OTHER DEFENSE

### (Unjust, Arbitrary and/or Confiscatory)

The 4AC and each and every purported cause of action alleged therein, individually or on behalf of the putative class members Plaintiffs seek to represent, the putative aggrieved employees at issue and/or the State of California, is barred to the extent that it seeks punitive, exemplary, or multiplied damages because any such damages violate Defendant's rights to not be subject to excessive fines and to be entitled to due process under the United States Constitution, including without limitation the Eighth and Fourteenth Amendments, and the Constitution of the State of California, as applicable.

## ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Penalties Bar)

To the extent the 4AC seeks any type of penalties, it is unconstitutional in that, among other things, the statutory bases therefor are void for vagueness, it violates the Equal Protection Clause, it violates the Due Process Clause, it is an undue burden on interstate commerce and/or it violates the Excessive Fines Clause of the Eighth Amendment, and the Constitution of the State of California.

## TWELFTH AFFIRMATIVE OR OTHER DEFENSE

### (Penalties Unjust, Arbitrary and Oppressive, and/or Confiscatory)

Plaintiffs and the putative aggrieved employees at issue are not entitled to

recover any civil penalties, or the extent any penalties are awarded, they should be reduced, because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

### THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Offset)

To the extent that Plaintiffs and/or any of the putative class members they seek to represent or putative aggrieved employees at issue and/or the State of California are entitled to damages or penalties (which is expressly denied), Defendant is entitled to an offset against any recovery obtained by Plaintiffs, the putative class members they seek to represent, the putative aggrieved employees at issue and/or the State of California for any monies recovered by and/or received by them from any source in compensation for any alleged economic or non-economic damages under the common law doctrine of offset, including, without limitation, any overpayments made to Plaintiffs, the putative class members they seek to represent, the putative aggrieved employees at issue during their alleged employment, any unemployment benefits paid to them, and any wages and/or other monies and/or benefits they have received or will receive so as to prevent unjust enrichment.

### FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Setoff)

Defendant is entitled to a setoff for amounts Plaintiffs and/or any of the putative class members they seek to represent or the putative aggrieved employees at issue and/or the State of California owe it for damages and/or other legal or equitable remedies (including, without limitation, rescission) based on and/or resulting from their wrongful conduct against Defendant, including, without limitation, breaching and/or making misrepresentations in any agreements that they entered into with Defendant and/or their receipt of any wages and other benefits to which they were not entitled and/or did not earn due to mistake(s) of fact and/or law.

## FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (*De Minimis* Losses)

The 4AC and each and every purported cause of action alleged therein, individually and on behalf of the putative class members they seek to represent or putative aggrieved employees at issue and/or the State of California, cannot be recovered to the extent their losses are barred by the *de minimis* doctrine.

## SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Accord and Satisfaction)

Plaintiffs' 4AC and each and every purported cause of action alleged therein, individually and on behalf of the putative class members they seek to represent, the putative aggrieved employees at issue and/or the State of California, are barred pursuant to an accord and satisfaction and/or to the extent that they, or any of them, have entered into or are otherwise bound by compromise, settlement, or release agreements covering those claims, which they have breached by bringing or participating in this action.

## SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Settlement Agreements and/or Releases)

Plaintiffs' 4AC, and each and every purported cause of action alleged therein, are barred by one or more settlement agreements and/or releases executed by and/or applicable to Plaintiffs (or any of them), the putative class members they seek to represent, the putative aggrieved employees at issue, and/or the State of California.

## EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Res Judicata and/or Collateral Estoppel)

Plaintiffs' 4AC, and each and every purported cause of action alleged therein, individually and on behalf of the putative class members they seek to represent, the putative aggrieved employees at issue and/or the State of California, are barred by the doctrines of res judicata and/or collateral estoppel.

## NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

(No Standing)

Plaintiffs' 4AC and each and every purported cause of action alleged therein are barred, in whole or in part, because Plaintiffs, the putative class members they seek to represent, the putative aggrieved employees at issue, and/or the State of California lack standing because, among other things, they have not suffered any injury in fact and/or have not lost money or property.

## TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

(Independent, Intervening or Superseding Cause)

Defendant is informed and believes and based thereon alleges that any injuries or damages alleged by Plaintiffs, individually or on behalf of the putative class members they seek to represent, the putative aggrieved employees at issue and/or the State of California, were the result of new, independent, intervening, or superseding causes that are unrelated to any alleged conduct of Defendant, including, without limitation, Plaintiffs' own conduct in failing to report any alleged unpaid compensation or missed meal or rest breaks.  As such, any action on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiffs claim to have suffered or that they claim were suffered by the putative class members they seek to represent, the putative aggrieved employees at issue and/or the State of California.

## TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Failure to Mitigate)

Defendant is informed and believes and based thereon alleges that Plaintiffs and the putative class members they seek to represent or the putative aggrieved employees at issue have failed to exercise reasonable care and diligence to avoid loss and mitigate their damages (if any were in fact suffered, which is expressly denied). Plaintiffs, the putative class members they seek to represent, and the putative aggrieved employees at issue are barred from recovering any damages that could

have been prevented and/or lessened by reasonable efforts on their parts and, therefore, recovery should be barred in whole or in part by their failure to mitigate.

## TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Substantial Compliance)

Plaintiffs' 4AC and each and every purported cause of action alleged therein, individually and on behalf of the putative class members, the putative aggrieved employees at issue and/or the State of California, are barred because Defendant was only required to and did substantially comply with the laws applicable to Plaintiffs' claims in this action.

## TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Good Faith Dispute)

Although Defendant generally and specifically denies that it owes any amounts to Plaintiffs, the putative class members they seek to represent, the putative aggrieved employees at issue, and/or the State of California, if it should be determined that any amounts are owed, and that such amounts are owed by Defendant, Defendant is informed and believes and based thereon alleges that there has existed at all times relevant a good faith dispute as to whether and when the allegedly unpaid wages or amounts claimed by Plaintiffs in the 4AC were due to Plaintiffs, the putative class members they seek to represent, the putative aggrieved employees at issue, and/or the State of California.

## TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (Waiver Based on Failure to Demand Payment)

The 4AC, and each and every claim alleged therein, individually and on behalf of the putative class members they seek to represent, the putative aggrieved employees at issue, and/or the State of California, are barred by the doctrines of waiver, ratification, acquiescence, consent and/or agreement based on their acceptance of wages paid to them throughout their employment without protest.

## TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

### (Good Faith)

Defendant at all times acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of government agencies and/or the administrative practices or enforcement policies of government agencies based on all relevant facts and circumstances known to it, and in good faith exercise of its professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to it at the time and in compliance with applicable law.

## TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

### (Full Performance, Satisfaction and/or Discharge)

Without admitting the existence of any duties or obligations as alleged in the 4AC, any such duties or obligations, implied or otherwise, which Plaintiffs, the putative class members, the aggrieved employees at issue, and/or the State of California are owed by Defendant have been fully performed, satisfied, and/or discharged.

## TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Preemption)

Plaintiffs' claim for penalties under the California Labor Code Private Attorneys' General Act ("PAGA"), Cal. Lab. Code § 2698, *et seq.*, is barred if and to the extent that they seek to obtain such a recovery using a so-called non-class representative action procedure without certifying a class or classes in accordance with the requirements of Fed. R. Civ. P. 23 because PAGA to that extent conflicts with and is preempted by Fed. R. Civ. P. 23, which automatically applies in all civil actions and representative proceedings in this Court.

## TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (Meal Periods Provided and/or Waived)

Plaintiffs' purported causes of action predicated in whole or in part on alleged

meal period violations are barred in whole or in part because Defendant at all times, through its policies and practices, and to the extent Plaintiff, the putative class members they seek to represent, and/or the putative aggrieved employees at issue were entitled to meal periods in the first instance, provided Plaintiff, the putative class members they seek to represent, and/or the putative aggrieved with opportunities to take meal breaks consistent with the applicable law, and Plaintiff, the putative class members they seek to represent, and/or the putative aggrieved employees at issue voluntarily and knowingly waived their rights to or otherwise elected to forego such breaks for reasons unrelated to Defendant.

## TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

### (Rest Periods Provided and/or Waived)

Plaintiffs' purported causes of action predicated in whole or in part on alleged rest period violations are barred in whole or in part because Defendant at all times, through its policies and practices, and to the extent Plaintiff, the putative class members they seek to represent, and/or the putative aggrieved employees at issue were entitled to rest periods in the first instance, authorized and permitted Plaintiff, the putative class members they seek to represent, and/or the putative aggrieved employees at issue to take rest breaks consistent with the applicable law, and Plaintiff, the putative class members they seek to represent, and/or the putative aggrieved employees at issue voluntarily and knowingly waived their rights to or otherwise elected to forego such breaks for reasons unrelated to Defendant.

## THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Exhaust Administrative Remedies)

Any recovery on the 4AC and Plaintiffs' claim for penalties pursuant to the California Labor Code Private Attorneys General Act, Lab. Code § 2698, *et seq.* ("PAGA), are barred, or limited, in whole or in part, and this Court lacks jurisdiction over such claims, to the extent Plaintiffs have failed to timely and properly satisfy the jurisdictional prerequisites and/or conditions precedent and/or exhaust their

administrative remedies prior to commencing this civil action as required by law, including, but not limited to, Plaintiffs' failure to timely or otherwise properly comply with the administrative notification requirements and/or to the extent the California Labor and Workforce Development Agency conducts an investigation into, and issues citations regarding, the claims.

### THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Due Process)

To the extent Plaintiffs are "aggrieved employees," which Defendant denies, this case cannot proceed as a "representative action" on behalf of other allegedly aggrieved employees because such an action would deprive Defendant of its due process rights for the reason, *inter alia*, that in order to establish any liability on the part of Defendant would require individualized inquiries for each allegedly aggrieved employee.

### RESERVATION OF RIGHTS & REQUEST FOR ATTORNEYS' FEES

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate. Further, Defendant has engaged attorneys to represent it in defense of Plaintiffs' frivolous, unfounded, and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees pursuant to applicable law upon judgment in Defendant's favor.

WHEREFORE, Defendant hereby prays for judgment in its favor as follows:

1.     That no class of any type be certified in any manner by the Court in the action and that no notice of the action be given;

2.     That Plaintiffs, the putative class members, the putative aggrieved employees at issue, and/or the State of California, take nothing by way of this action;

3.     That Plaintiffs' action be dismissed in its entirety with prejudice;

4.     That Plaintiffs, the putative class members, the putative aggrieved

DEFENDANT'S ANSWER TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT [Dkt. #35]

employees at issue, and/or the State of California, be denied each and every demand and prayer for relief in this action;

5.    For costs of suit incurred herein, including reasonable attorneys' fees pursuant to applicable law; and

6.    For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all claims or issues so triable under applicable law.

Dated:  August 17, 2022          **BAKER & HOSTETLER LLP**

By:    _/s/ Matthew C. Kane_
          Matthew C. Kane
          Sylvia J. Kim
          Amy E. Beverlin
          Kerri H. Sakaue

Attorneys for Defendant
OLD DOMINION FREIGHT LINE. INC.