1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive,<br><br>                    Defendants. | Case No. 5:21-cv-00287-JWH-KKx<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT** |

18
19
20
21
22
23
24
25
26
27
28

The Court has reviewed and considered the Motion for Preliminary Approval of Class and Representative Action Settlement filed by named Plaintiffs Tai Hang and Robert Canales on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), the Declarations of Counsel and the exhibits in support of the Motion, including the Stipulation and Settlement of Class and Representative Action (the "Settlement") between Plaintiffs and Defendant Old Dominion Freight Line, Inc.

This Order hereby incorporates by reference the definitions in the Settlement Agreement as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

## I. FINDINGS

Now therefore, having read and considered the foregoing, the Court hereby makes the following **FINDINGS:**

A.     The Court finds on a preliminary basis that the proposed Settlement falls within the range of reasonableness, and the terms of the Settlement, as set forth in the Settlement Agreement, are presumptively fair, adequate, and reasonable to the Class, and, therefore, they meet the requirements for preliminary approval, subject only to any objections that may be raised before or at the Final Fairness and Approval Hearing. It appears to the Court that the Settlement's terms are fair, adequate, and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation, given the risks relating to liability and damages. It further appears that extensive investigation and research has been conducted such that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that the Settlement at this time would avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the Action. It appears that the

Settlement has been reached as a result of intensive, arm's-length negotiations utilizing an experienced third-party neutral.

B.      The Court further finds, for settlement purposes only, that under the provisions of Rule 23 of the Federal Rules of Civil Procedure, the Trial Court has discretion to certify a Class where questions of law or fact common to the members of the Class predominate over any questions affecting only individual members and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy.  *See* Fed. R. Civ. P. 23(b)(3).  Certification of a Class is the appropriate judicial device under these circumstances.

C.      Therefore, the Court **CERTIFIES**, for settlement purposes only, the following Class described in the Motion for Preliminary Approval and Settlement Agreement:

The Settlement Class is as follows:

All of Defendant's non-exempt current and former employees working or who worked in the State of California in a Dockworker or Dockworker Lead position during the Settlement Period (defined as May 12, 2016, through Preliminary Approval of the Class and Representative Action Settlement or August 31, 2023, whichever is earlier).  It shall be an opt-out class.

D.      The Court further finds that the moving papers presented for the Court's review set forth a plan to provide proper notice to the Class of the terms of the Settlement and the options available to the Class, including the ability of the Class Members to Opt-Out or to submit a Request for Exclusion to the Settlement and not be bound by the Settlement Agreement or receive any Settlement Payment under it; to object to the terms of the Settlement; or to do nothing and receive a Settlement Payment and be bound by the terms of the

1    Settlement.  Plaintiffs have submitted to the Court a proposed Notice of Class

2    Settlement.

3                              **II.  DISPOSITION**

4         As a result, for good cause appearing, it is hereby **ORDERED** as follows:

5         1.      The Court hereby preliminarily **APPROVES** the proposed

6    Settlement upon the terms, conditions, and all release language set forth in the

7    Settlement Agreement attached hereto as Exhibit 1.

8         2.      The Court conditionally **CERTIFIES** and **APPROVES**, for

9    settlement purposes only, the Class described above.

10        3.      For the purposes of this Settlement, the Law Offices of Kevin T.

11   Barnes, the Law Offices of Raphael A. Katri, and Stonebrook Law (collectively,

12   "Class Counsel") are hereby **APPOINTED** as Class Counsel and shall

13   represent the Class Members in this Action.  Any Class Member may enter an

14   appearance in the Action, at his or her own expense, either individually or

15   through counsel of his or her own choice; however, if he or she does not enter an

16   appearance, then he or she will be represented by Class Counsel.

17        4.      For the purposes of this Settlement, Plaintiffs Tai Hang and Robert

18   Canales are hereby **APPOINTED** as Class Representatives for the Class.

19        5.      The Court **APPOINTS** Rust Consulting Inc. to be the Settlement

20   Administrator.  The procedures for paying the Settlement Administrative Costs,

21   as set forth in the Settlement Agreement, are **APPROVED**.  Rust Consulting

22   Inc. is **DIRECTED** to perform all responsibilities of the Settlement

23   Administrator as set forth in the Settlement Agreement.

24        6.      The Court hereby **APPROVES**, as to form and content, the Notice

25   of Class and Representative Action Settlement attached as Exhibit B to the

26   Settlement Agreement (the "Notice").  The Court finds that the dates and

27   procedure for mailing and distributing the Notice of in the manner set forth in

28   Paragraph 7 of this Order meet the requirements of due process and that they

are the best notice practicable under the circumstances and that they shall constitute due and sufficient notice to all persons entitled thereto.

7.     The Court **DIRECTS** the mailing of the Court-approved Notice via first class mail to the Class Members in accordance with the schedule and procedures set forth in the Settlement Agreement.

a.     Within thirty (30) calendar days of the date of preliminary approval of this Settlement, Defendant shall provide to the Settlement Administrator the Class Lists.

b.     Within fifteen (15) calendar days of receiving the Class Lists from Defendant, the Settlement Administrator shall mail, by First-Class United States mail, the Notice to each Class Member.  The Settlement Administrator shall conduct a National Change of Address database search before mailing the Notices and will also use the most recent address available to the Settlement Administrator for mail delivery.  Any returned mail with a forwarding address from the U.S. postal service shall be promptly re-mailed to the new address.  The Settlement Administrator shall perform a skip trace search for a new address for any returned mail without a forwarding address.

8.     The procedures for Class Members to Opt-Out or to submit a Request for Exclusion, as set forth in the Notice, are **APPROVED**.  The time for Class Members to Opt-Out of the Settlement, or to submit a Request for Exclusion from the Settlement, shall be forty-five (45) days after the date of the first mailing of the Notices.

9.     The procedures for Class Members to object to the Settlement, as set forth in the Notice, are **APPROVED**.  The time for Class Members to object to the Settlement shall be forty-five (45) days after the date of the first mailing of the Notices.

10.     The procedures for Class Members to dispute the number of workweeks worked, as set forth in the Notice are **APPROVED**.  The time for Class Members to submit a workweek dispute shall be forty-five (45) days after the date of the first mailing of the Notices.

11.     The Court hereby preliminarily **APPROVES** the definition and disposition of the Class Settlement Amount as that term is defined in the Settlement Agreement.  The Court preliminarily **APPROVES** the distribution of the Class Settlement Amount, all subject to the Court's final approval of the Settlement at the Final Approval Hearing.  Assuming that the Settlement receives final approval, Defendant shall be required to pay only the Class Settlement Amount in the total amount of $2,850,000 plus the employer's share of taxes due as a result of this Settlement.

12.     A Final Approval Hearing (the "Hearing") is **SET** for December 14, 2023, at 10:00 a.m. before the Honorable Judge John W. Holcomb in Courtroom 9D of the United States District Court for the Central District of California.  The purpose of such Hearing will be:

      a.     to determine whether the proposed Settlement should be finally approved by the Court as fair, reasonable, and adequate;

      b.     to determine the reasonableness of Class Counsels' request for attorneys' fees and costs and the amount to be awarded;

      c.     to determine the reasonableness of the Class Representatives' Service Awards requested for the Class Representatives and the amounts to be awarded; and

      d.     to order entry of Judgment in the Class and Representative Action, which shall constitute a complete release and bar with respect to the Released Claims.

13.     Class Counsel shall file and serve all papers in support of the Motion for Final Approval and any application for reimbursement of attorneys'

fees and costs, including any costs associated with or incurred by the Settlement Administrator, by November 20, 2023.

14.     Class Counsel shall file and serve a declaration from the Settlement Administrator as to all participation, objections, and opt outs by Class Members by November 30, 2023.

15.     The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  However, Class Counsel and/or the Settlement Administrator will give notice to any objecting party of any continuance of the Final Approval Hearing.

16.     All further proceedings in this Action are **STAYED** except such proceedings necessary to review, approve, and implement this Settlement.

17.     In the event that:

a.     the Court does not finally approve the Settlement as contemplated by the Settlement Agreement;

b.     the Court does not enter a Final Approval Order as contemplated by the Settlement Agreement, which becomes final as a result of the occurrence of the Effective Date (as that term is defined by in the Settlement Agreement); or

c.     the Settlement does not become final for any other reason, the Settlement and any related certification of Class for purposes of the Settlement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be deemed as void from the beginning.  In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Settlement, and the Parties shall

proceed in all respects as if no Classes had been certified and the Settlement Agreement had not been executed.

18.       Neither the Settlement, preliminarily approved or not, nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Settlement, shall be admissible in evidence for any reason except as provided in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:   August 3, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

## STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND RELEASE OF CLASS ACTION AND PAGA CLAIMS

This Stipulation for Leave to File Fifth Amended Complaint and for Settlement and Release of Class Action and PAGA Claims (the "**Settlement Agreement**" or "**Agreement**") is made and entered into by and between Plaintiffs TAI HANG ("**Hang**") and ROBERT CANALES ("**Canales**") (collectively referred to herein as "**Plaintiffs**" or "**Class Representatives**"), on their own behalf and as proposed representatives on behalf of the Class to be certified pursuant to this Settlement Agreement (as described in Paragraph 9, below) and, if the Court grants final approval of this Agreement, on behalf of each of the members of the Class (each, individually, a "**Class Member**" and, collectively, "**Class Members**") upon their becoming Participating Class Members (as defined below) pursuant to the terms of this Agreement, as well as on behalf of the California Labor and Workforce Development Agency ("**LWDA**") pursuant to PAGA (as defined below), on the one hand, and Defendant OLD DOMINION FREIGHT LINE, INC. ("**Defendant**"), on the other hand, in *Hang, et al. v. Old Dominion Freight Line, Inc., et al.*, United States District Court for the Central District of California (the "Court"), Case No. 5:21-cv-00287-JWH-KK (the "**Action**").

This Settlement Agreement is subject to the terms and conditions herein and the approval of the Court.  For purposes of this Settlement Agreement, Plaintiffs and Defendant are each referred to individually as a "**Party**" and collectively as the "**Parties**."

## SETTLEMENT AMOUNT

As described in detail hereafter, and pursuant to all of the terms and conditions set forth in this Settlement Agreement, Defendant shall pay the total amount of Two Million Eight Hundred Fifty Thousand Dollars ($2,850,000.00) (the "**Gross Settlement Fund**," "**GSF**," or "**Settlement Fund**"), to resolve all of the

claims being released herein, as set forth in detail hereafter. This Settlement Agreement is not subject to any reversion of funds to Defendant, such that the entire settlement amount will be payable if the settlement becomes Final as defined herein, and any amounts not received via mail by any Class Members will be transmitted by the Settlement Administrator pursuant to governing law to the California Unclaimed Property fund to be held there for the benefit of such Class Members under California's escheatment laws.

### BACKGROUND AND RECITALS

1.      On October 5, 2020, Hang filed with the LWDA and served on Defendant a notice under California Labor Code § 2699.3 stating he intended to serve as a proxy of the LWDA to recover civil penalties on behalf of "Aggrieved Employees" (as described in Paragraph 20 below) for various alleged violations of the California Labor Code and applicable California Industrial Welfare Commission ("**IWC**") Wage Orders (the "**Hang PAGA Notice**").

2.      On October 14, 2020, Canales filed with the LWDA and served on Defendant a notice under California Labor Code § 2699.3 stating he intended to serve as a proxy of the LWDA to recover civil penalties on behalf of "Aggrieved Employees" (as described in Paragraph 20 below) for various alleged violations of the California Labor Code and applicable California IWC Wage Orders (the "**Canales PAGA Notice**") (the Hang PAGA Notice and Canales PAGA Notice are collectively referred to herein as the "**PAGA Notices**").

3.      On November 6, 2020, Plaintiffs filed a putative class action Complaint against Defendant in San Bernardino County Superior Court (the "State Court"), Case No. CIVSB2025678 (the "**Proposed Class Complaint**"). The Proposed Class Complaint alleges six (6) causes of action for alleged violations of the California Labor Code and applicable IWC Wage Orders on behalf of Plaintiffs and other current and former non-exempt "dock worker" employees of Defendant.

DocuSign Envelope ID: 14048671-C683-4566-8491-590A98197C1A

4.    On December 17, 2020, Plaintiffs filed a First Amended Complaint in the State Court, which added a seventh claim pursuant to which Plaintiffs seek civil penalties under the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698, *et seq.* ("**PAGA**").

5.    On February 19, 2021, Defendant removed this Action to this Court. After preliminary motion practice, Plaintiffs filed their currently operative Fourth Amended Class Action (FRCP Rule 23) Complaint (the "**4AC**").

6.    The claims alleged in the PAGA Notices and the 4AC include claims for (1) failure to provide legally-compliant rest periods; (2) failure to authorize and permit all paid rest periods; (3) independent failure to timely furnish accurate itemized wage statements; (4) derivative failure to timely furnish accurate itemized wage statements; (5) failure to pay wages upon discharge; (6) civil penalties under PAGA pursuant to California Labor Code §§ 2699 and 2699.3 for alleged violations of California Labor Code §§ 201-203, 204, 206, 210, 221, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802; and the applicable IWC Wage Orders, including sections pertaining to "Rest Periods," "Meal Periods," "Hours and Days of Work," and "Minimum Wages"; and (8) unfair business practices in violation of California Business and Professions Code, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

7.    Prior to negotiating the Settlement, Plaintiffs obtained, through informal discovery, documents and information, including, *inter alia*, timekeeping and payroll data regarding Aggrieved Employees and Class Members.

8.    On April 3, 2023, the Parties participated in a private mediation with mediator David A. Rotman, Esq.  While the Parties did not reach a settlement during that mediation on that date, with the assistance of Mr. Rotman, the Parties continued to engage in substantial, arms-length settlement negotiations thereafter and ultimately agreed on a resolution in principal later in April 2023, subject to their preparation and execution of this Agreement and the Court's final approval thereof.

The terms of that resolution are now set out in this Agreement.

9.    For purposes of this Settlement Agreement only, "**Class**" or "**Settlement Class**" consists of: All of Defendant's non-exempt current and former employees working or who worked in the State of California in a Dockworker or Dockworker Lead position from May 12, 2016 through and including the date the Court grants preliminary approval of this Settlement Agreement or August 31, 2023, whichever occurs earlier.  The time period applicable to Class Members' release of claims under this Agreement is May 12, 2016 through August 31, 2023 (the "**Settlement Period**").  To the extent any applicable statute(s) of limitations would otherwise limit the Settlement Period in whole or in part, Defendant waives its application solely for purposes of effectuating this settlement.  Expressly excluded from the Class are any individuals who, as of the date the Court grants preliminary approval of this settlement, have filed a pending, separate lawsuit as a named plaintiff, individually and/or as a putative class or representative action, asserting claims based on violations of any of the same statutes and/or regulations as those alleged to have been violated in the Action and/or who have released such claims.

10.    <u>No Admission of Liability by Defendant</u>.  Defendant denies any liability or wrongdoing of any kind associated with the Action and the claims being released herein, and Defendant contends that it has complied at all times with all applicable California laws.  A statement to this effect will be included in the notice sent to Class Members.  Neither this Settlement Agreement nor any exhibit hereto, nor any other document pertaining to the settlement contemplated herein, may be offered in any other case or proceeding as evidence of any admission by Defendant of any liability on any claims for damages or other relief.  Any stipulation or admission by Defendant contained herein is made for settlement purposes only.

11.    Nevertheless, in the interest of avoiding the costs and disruption of ongoing litigation and resolving the claims asserted in the Action, the Parties believe that the settlement negotiated between them and set forth in this Settlement

1  Agreement is fair, reasonable, and adequate.

2      12.   It is the desire of Plaintiffs, on their own behalf and on behalf of the

3  Class Members, as well as on behalf of the LWDA with respect to those claims

4  asserted under PAGA, to fully, finally, and forever settle, compromise, release and

5  discharge the claims set forth in Paragraphs 40 and 41 of this Settlement Agreement,

6  as applicable.

7                    **TERMS OF THE SETTLEMENT**

8      13.   Conditional Leave to File Fifth Amended Class Action Complaint and

9  Limited Tolling of Statute of Limitations.  Solely for purposes of this settlement

10  only, and the Court granting preliminary and final approval thereof, the Parties

11  hereby stipulate and agree, subject to the Court's entry of such approval orders, that

12  leave to file the proposed Fifth Amended Class Action (FRCP Rule 23) Complaint

13  ("**5AC**" or "**Operative Complaint**") attached hereto as **Exhibit A** be granted, which

14  pleads the claims already alleged in the 4AC and asserts additional direct and

15  derivative statutory, UCL and PAGA claims for alleged unpaid minimum and

16  overtime wages for off-the-clock work, alleged failure to provide compliant first and

17  second meal periods, and alleged failure to indemnify/reimburse for business

18  expenses pursuant to the California Labor Code, the IWC Wage Orders and/or the

19  PAGA Notices (the "**Additional Claims**"), all of which were investigated, litigated,

20  mediated, and resolved in the Action.  Plaintiffs' motion for preliminary approval of

21  the settlement will request conditional leave to file the 5AC solely for purposes of

22  this settlement, and all allegations therein shall be deemed to relate back to the date

23  of the filing of Plaintiffs' Proposed Class Complaint solely for purposes of this

24  settlement, with Defendant being relieved from having to file any response to the

25  5AC and being deemed to have generally and specifically denied all allegations

26  contained in the 5AC.  Should, for whatever reason, the Court require Defendant to

27  file an answer to the 5AC, then Defendant will cooperate in doing so.  Further,

28  should, for whatever reason, the settlement set forth in this Settlement Agreement

not become final, the 5AC shall be deemed stricken, null, and void *ab initio*, with the previously filed 4AC remaining the operative pleading, and the Parties will confer regarding leave for Plaintiffs to file the 5AC should Plaintiffs wish to do so for purposes of further litigating the Action.  However, if the Parties do not reach an agreement on such leave, then Plaintiffs and Defendant agree that the applicable statute of limitations for the Additional Claims is tolled commencing on the date this Agreement has been fully executed by the Parties and their counsel until 21 calendar days after the date the Court enters an order denying approval of this Agreement (the "**MFL Filing Deadline**").  If Plaintiffs do not file a motion for leave to file the 5AC on or by the MFL Filing Deadline, then Plaintiffs and Defendant agree that the tolling stops on the MFL Filing Deadline.  Additionally, if Plaintiffs do file a motion for leave to file the 5AC by the MFL Filing Deadline, then Plaintiffs and Defendant agree that the applicable statute of limitations for the Additional Claims will additionally be tolled from the date the motion for leave to file the 5AC is filed until the date the Court enters an order granting or denying the motion. Nothing herein constitutes any type of express or implied waiver or limitation of Defendant's rights, claims, remedies or defenses in connection with (a) the Additional Claims, (b) Plaintiffs' motion for leave to file the 5AC and/or any other further amended complaint (if filed) and/or (c) the 5AC and/or any further amended complaint if allowed to be filed by Plaintiffs.

14.    Stipulation for Conditional Class Certification:  The Parties stipulate and agree to the conditional certification of the Settlement Class for purposes of this Settlement Agreement only.  Should, for whatever reason, the settlement set forth in this Settlement Agreement not become final, the Parties' stipulation to such class certification as part of this settlement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context. Defendant expressly reserves its rights and declares that, to the extent Plaintiffs may

STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND
RELEASE OF CLASS ACTION AND PAGA CLAIMS

4858-8328-2026.3

DocuSign Envelope ID: 14048671-C683-4566-8491-590A98197C1A

1  otherwise be permitted to seek class certification, Defendant intends to oppose class
2  certification vigorously should this settlement not become final and putative class
3  action claims are allowed to be pursued in the Action or any other action or
4  proceeding.

5       15.    Establishment of the Settlement Fund:  This settlement is being made
6  on a non-reversionary basis, such that Defendant will pay the entirety of the agreed
7  upon total Gross Settlement Fund.

8       16.    The payment by Defendant of the total Gross Settlement Fund pursuant
9  to this Settlement Agreement shall settle and forever resolve all of the Released
10  Claims (as defined below), and will include all payments to Participating Class
11  Members (as defined below), Aggrieved Employees (as defined below), and
12  government taxing authorities (to the extent applicable), as well as (a) the costs of
13  administration of the settlement, (b) all claimed and/or awarded attorneys' fees and
14  costs, (c) the claimed and/or awarded enhancement awards to the Class
15  Representatives, and (d) all payments to be made to the LWDA pursuant to PAGA.
16  Specifically included in the Gross Settlement Fund are both employee-side and
17  employer-side payroll taxes and withholdings associated with the payments to
18  Participating Class Members and Aggrieved Employees (as applicable), and no
19  additional funding or payment by Defendant will be required for any such
20  obligations.  The settlement payments are not being made for any other purpose and
21  will not be construed as "compensation" for purposes of determining eligibility for
22  any health and welfare benefits, unemployment compensation, or other
23  compensation or benefits provided by Defendant.  In addition, no individual
24  receiving a payment based on this Settlement shall be entitled to any additional or
25  increased health, welfare, retirement, or other benefits as a result of their
26  participation in the Settlement and/or receipt of payment under this Settlement.

27       17.    Calculation of Net Settlement Fund:  The total sum from which
28  Participating Class Members will be paid (the "**Net Settlement Fund**" or "**NSF**")

shall be the Gross Settlement Fund less the following: Settlement Administration Costs, the PAGA Amount (as defined below), Attorneys' Fees and Costs, the Enhancement Awards and employer-side payroll taxes and withholdings associated with the payments to Participating Class Members. The remaining sum after all these deductions shall be the NSF, which will be used to calculate the settlement share that each Participating Class Member will receive if this settlement becomes Final (as defined below).

18.   <u>Effective Date</u>:   This Settlement Agreement shall become effective when the settlement is considered to be Final. For purposes of this Settlement Agreement, "**Final Approval**" means the Court's determination that the Settlement is fair, reasonable, and adequate, granting of final approval of the Settlement, and entry of judgment based thereon, and "**Final Approval Order**" means the Court's order determining the Settlement to be fair, reasonable, and adequate and granting final approval of the Settlement and judgment based thereon. For purposes of this Settlement Agreement, "**Effective Date**" and "**Final**" mean the following after the Court grants Final Approval of the settlement: (i) 35 days after notice of entry of the Court's Final Approval Order without a timely appeal being filed, and a judgment of dismissal with prejudice of the Action being effectuated, regardless of whether any timely objections to the granting of Final Approval have been filed or withdrawn; or, (ii) if a timely appeal of the Court's Final Approval Order has been filed, 35 days after the final disposition of all appellate proceedings and the exhaustion of any applicable time period to seek further appellate review without doing so, and a judgment of dismissal with prejudice of the Action has been effectuated. In the event that the Court fails to approve the settlement, or if the appropriate appellate court fails to approve the settlement, and/or Plaintiffs fail to effectuate the dismissal of the Action as specified: (1) this Settlement Agreement shall have no force and effect and the Parties shall be restored to their respective positions prior to entering into it, and no Party shall be bound by any of the terms of the Settlement Agreement;

8

STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND
RELEASE OF CLASS ACTION AND PAGA CLAIMS
4858-8328-2026.3

(2) Defendant shall have no obligation to make any payments to the LWDA, Aggrieved Employees, Class Members, Plaintiffs, or Plaintiffs' Counsel; and (3) any preliminary approval order and/or Final Approval Order shall be vacated.

19. <u>Mediation and Settlement Communications</u>: This Settlement Agreement and all negotiations, statements, proceedings, and data relating thereto shall be deemed confidential mediation settlement communications and not subject to disclosure for any purpose in any proceeding, except only as required to obtain approval of and implement this Settlement and/or to enforce this Settlement after Final Approval thereof is granted by the Court.

20. <u>PAGA Settlement</u>: Fifty Thousand Dollars ($50,000.00) of the GSF shall be allocated to civil penalties under PAGA (the "**PAGA Amount**"), subject to the Court's final approval, 75% of that PAGA Amount will be paid to the LWDA out of the GSF (the "**LWDA Payment**"), and the remaining 25% will be distributed to the "Aggrieved Employees" (the **"Aggrieved Employee Payment(s)"**), subject to the further terms of this Agreement, below. For purposes of this Settlement, "**Aggrieved Employee(s)**" shall mean and include all of Defendant's non-exempt current and former employees working or who worked in the State of California in a Dockworker or Dockworker Lead position from April 10, 2019 through the date of preliminary approval of the settlement by the Court or August 31, 2023, whichever occurs earlier. The time period applicable to Aggrieved Employees' and the LWDA's release under PAGA is April 10, 2019 through August 31, 2023 (the "**PAGA Period**").

21. <u>Attorneys' Fees and Costs</u>: "**Class Counsel**" or "**Plaintiffs' Counsel**" means Kevin T. Barnes, Esq. and Gregg Lander, Esq. of the Law Offices of Kevin T. Barnes; Raphael A. Katri, Esq. of the Law Offices of Raphael A. Katri; and Joseph Tojarieh, Esq. of Stonebrook Law. Subject to approval of the Court, Plaintiffs' Counsel shall be appointed as counsel for the Class for purposes of this settlement, and may apply for an award of attorneys' fees and costs and expenses

incurred in connection with the prosecution of this matter, and all of the work remaining to be performed by Class Counsel in documenting the Settlement, securing Court approval of the Settlement (including all related appellate work), carrying out their duties to see that the Settlement is fairly administered and implemented, and obtaining entry of the final judgment approving this Settlement, judgment of dismissal of the Action with prejudice, in an amount of up to one-third (1/3) of the GSF for attorneys' fees and in an amount of up to $30,000.00 for reimbursement of reasonable costs and expenses (together, "**Attorneys' Fees and Costs**").  Amounts awarded by the Court for Attorneys' Fees and Costs shall be paid from the GSF.

22.     Enhancement Awards:  Subject to approval by the Court, Plaintiffs shall be appointed as representatives of the Class, and they may seek an award in the amount of up to Ten Thousand Dollars ($10,000.00) each, in consideration for serving as representatives of the Class (the "**Enhancement Awards**").     The Enhancement Awards are in addition to the Individual Settlement Shares to which Plaintiffs are otherwise entitled as Settlement Class Members and the Aggrieved Employee Payments to which Plaintiffs are otherwise entitled as Aggrieved Employee.

23.     Plaintiffs acknowledge and understand that the Court might only approve Enhancement Awards to them in amounts that are only a fraction of that set forth above, which will not be known until the Court decides whether to grant Final Approval of the settlement and even if the Court otherwise grants preliminary approval of the settlement.  In the event lesser sums are awarded for Attorneys' Fees and Costs than those referenced in Paragraph 21 or for the Enhancement Awards referenced in Paragraph 22, the approval by the Court of any such lesser sum(s) shall not be grounds for Plaintiffs and/or Class Counsel to terminate the Settlement, but such an order shall be appealable by them.  In the event that such an appeal is filed, administration of the Settlement shall be stayed pending resolution of the appeal.

STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND
RELEASE OF CLASS ACTION AND PAGA CLAIMS

4858-8328-2026.3

Thereafter, if after the exhaustion of such appellate review, any additional amounts remain that are distributable to the Participating Class Members, the cost of administration of such additional payments will be paid out of such additional amounts and will not be chargeable to or payable by Defendant. Any amount not awarded for Attorneys' Fees and Costs or the Enhancement Awards, but which is not challenged via appeal by Plaintiffs and/or Class Counsel, shall be added to the NSF and distributed to the Participating Class Members in accordance with the terms of this Settlement Agreement.

24. <u>Costs of Administration</u>: Subject to Court approval, the Parties designate Rust Consulting to administer the Settlement (the "**Settlement Administrator**"), with a preliminary budget to administer the settlement for fees and costs of up to $30,000 (the "**Settlement Administration Costs**"). The Settlement Administrator's duties of administration shall include, without limitation, receiving the Class List to be produced by Defendant and updating it prior to the Notice being mailed, printing and mailing the Notice, performing necessary additional skip traces on Notices and/or checks returned as undeliverable, calculating Class Members' estimated and final shares of the NSF, preparing and mailing of settlement checks, establishing a settlement website as described hereafter, responding to Class Member inquiries as appropriate, preparing any appropriate tax forms in connection with the settlement payments and remitting those forms and any required payments to the appropriate governmental agencies, and generally performing all normal and customary duties associated with the administration of such settlements. All fees and costs for the Settlement Administrator's services will be paid out of the GSF. The Settlement Administrator will coordinate the calculations of any necessary payroll taxes and deductions with Defendant to ensure that, to the extent such taxes and deductions are or could be deemed to have been made by the Settlement Administrator on behalf of Defendant by government taxing authorities, they are made in compliance with Defendant's tax withholding and

1    remittance obligations for such payments.

2        25.   <u>No Claim Form Required</u>:   Only Participating Class Members shall

3    share in the NSF referred to in Paragraph 17, as set forth in more detail in Paragraph

4    27 hereafter.  Participating Class Members shall not be required to complete a claim

5    form.   Class Members will be mailed a Notice of Class Action Settlement (the

6    "**Notice**"), in substantially the form attached hereto as **<u>Exhibit B</u>**, subject to approval

7    by the Court, informing them of the terms of the Settlement and providing them with

8    an estimate of their share of the NSF.  Class Members who do not timely and

9    properly elect to opt out of the Settlement ("**Participating Class Member(s)**") will

10   be mailed a check representing their payment under the Settlement, in accordance

11   with the terms of this Settlement Agreement.

12       26.   <u>Class Composition</u>:  Plaintiffs and Class Counsel have engaged the

13   services of a data analytics consulting firm to apprise themselves of the estimated

14   size and membership of the Class. The final Class composition will be determined as

15   of the time of preliminary approval, and no additional funding or payment by

16   Defendant will be required based thereon.  If the qualifying workweeks (as described

17   in Paragraph 27, below) during the Settlement Period exceed 200,000 workweeks,

18   Plaintiffs will have the option to rescind and terminate the Settlement either in whole

19   or as to the class action claims only, resulting in the Parties otherwise returning to

20   their pre-settlement positions in the Action.   Should the qualifying workweeks

21   during the Settlement Period exceed 200,000 workweeks, the Settlement

22   Administrator shall notify lead counsel for all Parties via email within ten (10)

23   business days after receipt of the Class List (as defined below), and Plaintiffs shall

24   have five (5) business days from the date of the Settlement Administrator's email to

25   exercise their option to rescind and terminate the Settlement as referenced in this

26   Paragraph. If Plaintiffs exercise this option, they will pay any Settlement

27   Administrator costs incurred to date.

28

STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND
RELEASE OF CLASS ACTION AND PAGA CLAIMS
4858-8328-2026.3

27. <u>Calculation of Participating Class Members' Shares of the Net Settlement Fund</u>: Defendant shall calculate and provide to the Settlement Administrator, from Defendant's records as reflected on the Class List (as defined below), the number of workweeks that a Class Member actually worked for Defendant as a non-exempt Dockworker or Dockworker Lead in California during the Settlement Period, based on payroll and time records, hire dates, re-hire dates (as applicable), leave of absence dates, and termination dates (as applicable) ("**Workweeks**"). Each Class Member's share of the NSF (the "**Individual Settlement Share(s)**") will be calculated initially for purposes of mailing the Notice by a pro rata share of the NSF based on the number of Workweeks that he or she performed work for Defendant during the Settlement Period. Each Participating Class Member's final Individual Settlement Share for purposes of payment will be calculated by a pro rata share of the NSF based on the number of Workweeks that he or she performed work for Defendant during the Settlement Period. The dollar amount of any Individual Settlement Shares of Class Members who timely and properly opt-out of participating in the settlement will be added to the NSF and distributed to the Participating Class Members in accordance with the terms of this Settlement Agreement.

28. <u>Calculation of Aggrieved Employees' Shares of the Aggrieved Employee Payment</u>: Defendant shall calculate and provide to the Settlement Administrator, from Defendant's records as reflected on the Class List (as defined below), the number of pay periods that an Aggrieved Employee actually worked for Defendant as a non-exempt Dockworker or Dockworker Lead in California during the PAGA Period, based on payroll and time records, hire dates, re-hire dates (as applicable), leave of absence dates, and termination dates (as applicable) ("**PAGA Pay Periods**"). Aggrieved Employees will receive their pro rata share of the Aggrieved Employee Payment of the PAGA Amount based on the number of PAGA Pay Periods he or she worked during the PAGA Period, regardless of whether he or

1  she submits a timely and valid Request for Exclusion from the Settlement
2  Agreement.

3      29.   Right to Opt Out, Object, and/or Dispute Workweeks:  The Notice will
4  be mailed to all Class Members and will advise each Class Member of their right to
5  opt out of the Settlement Agreement, object to all or any part of the Settlement
6  Agreement, and/or dispute the number of Workweeks credited to them.  Any Class
7  Member who wishes to opt out of the Settlement Agreement as to the proposed class
8  action settlement, object to the Settlement Agreement as to the proposed class action
9  settlement, and/or dispute the number of Workweeks credited to them for purposes
10  of the proposed class action settlement, must do so in writing to the Settlement
11  Administrator postmarked no later than forty-five (45) calendar days from the date
12  of mailing of the Notice to the Class Members (the "**Response Deadline**").
13  However, there is no right to opt out of or object to the PAGA settlement under this
14  Settlement Agreement, and any Class Member who opts out of the Settlement
15  Agreement for purposes of the proposed class action settlement will still be bound
16  by the release of PAGA claims set forth in Paragraph 41, below.

17      30.   Opting Out of the Proposed Class Action Settlement:  A request to opt
18  out of and be excluded from the proposed class action settlement under this
19  Settlement Agreement (a "**Request for Exclusion**") must include: (i) the full name,
20  current mailing address, signature, and last four digits of the Social Security number
21  of the Class Member seeking exclusion; (ii) the case name and number of the
22  Action; and (iii) a statement that the Class Member seeks to be excluded from the
23  Settlement Agreement which is the same or substantially similar to the following
24  language:  "I elect to opt-out of the *Hang, et al. v. Old Dominion Freight Line, Inc.*
25  class action settlement.  I understand that by doing so, I will not participate in the
26  settlement, and will not receive any money from it." (the Notice will advise Class
27  Members of this language).  In the event that five percent (5%) or more of the Class
28  Members submit a timely and valid Request for Exclusion, Defendant will have the

14

option to rescind and terminate the Settlement either in whole or as to the class action claims only, resulting in the Parties otherwise returning to their pre-settlement positions in the Action.  Should the 5% threshold for opt outs be exceeded, the Settlement Administrator shall notify lead counsel for all Parties via email immediately, and Defendant shall have fifteen (15) calendar days from the date of the Settlement Administrator's email to exercise its option to rescind and terminate the Settlement as referenced in this Paragraph. Defendant, however, shall pay all Settlement Administration Costs incurred by the Settlement Administrator up to the date of Defendant's notice to rescind.

31.   <u>Objecting to the Proposed Class Action Settlement</u>: An objection to the proposed class action settlement under this Settlement Agreement (an "**Objection**") must include: (i) the full name, current mailing address, signature, and last four digits of the Social Security number of the objecting Class Member; (ii) the case name and number of the Action; (iii) a statement indicating the legal and factual grounds for the objection; (iv) a statement indicating whether the objecting Class Member is represented by counsel and identifying any such counsel; and (v) a statement indicating whether the objecting Class Member intends to appear for and wishes to be heard at the Final Approval Hearing (the Notice will advise Class Members of the need for these statements).

32.   <u>Disputing Workweeks</u>:  A Class Member's dispute of the number of Workweeks credited to them and used to calculate the Class Member's Individual Settlement Share for purposes of the proposed class action settlement under this Settlement Agreement (a "**Workweeks Dispute**") must include: (i) the full name, current mailing address, telephone number, signature, and last four digits of the Social Security number of the disputing Class Member; (ii) the case name and number of the Action; (iii) a statement indicating that the Class Member seeks to dispute the number of Workweeks credited to them, the time period(s) the Class Member performed work for Defendant in a non-exempt Dockworker or

1    Dockworker Lead position in California during the Settlement Period, and the
2    number of Workweeks that the Class Member contends should be credited to them;
3    and (iv) documentation and/or other facts supporting the Class Member's position.
4    In response to any timely Workweeks Dispute, Defendant will first verify the
5    information contained in the disputing Class Member's personnel file and
6    Defendant's payroll records.   Unless the Class Member can establish that the
7    number of Workweeks credited to them is incorrect, by providing documentation in
8    support thereof or other details to substantiate their position, the total number of
9    Workweeks established by Defendant's records will control.   Class Counsel and
10   Defendant's Counsel will then make a good faith effort to resolve the dispute
11   informally before the Final Approval Hearing.   If counsel for the Parties cannot
12   agree, the dispute shall be resolved by the Settlement Administrator before the Final
13   Approval Hearing, who shall examine the records provided by the Defendant and the
14   Class Member and shall be the final arbiter of disputes relating to a Class Member's
15   Workweeks for purposes of administering notice of the Settlement, subject to final
16   review, determination, and approval by the Court.

17       33.   <u>Funding of Settlement</u>:  Within fifteen (15) calendar days following the
18   occurrence of the Effective Date of the Settlement as defined above, Defendant shall
19   transfer the amount of the GSF to a Qualified Settlement Fund account (the
20   "**Settlement Account**") established by the Settlement Administrator.  No funds will
21   be payable by Defendant prior to that time.

22       34.   <u>Payment Procedures</u>:  Within fifteen (15) calendar days after Defendant
23   deposits the GSF into the Settlement Account created by the Settlement
24   Administrator, the Settlement Administrator shall distribute payment of the
25   approved Individual Settlement Shares to Participating Class Members (as provided
26   in Paragraph 27), the Aggrieved Employee PAGA Payments to Aggrieved
27   Employees (as provided in Paragraphs 20 and 28), Attorneys' Fees and Costs to
28   Class Counsel, the Enhancement Awards to the Class Representatives, the LWDA

Payment to the LWDA, and the Settlement Administration Costs to the Settlement Administrator, in accordance with this Settlement Agreement and as ordered by the Court.

35.   <u>Tax Treatment of Settlement Payments</u>:   Each Individual Settlement Share will be allocated 25% for wages inclusive of all types of applicable employer-paid and employee-paid payroll withholdings and taxes (the "**Wages Portion**"), 50% for non-wage statutory or other non-wage damages or penalties, and 25% for interest.  The penalties, statutory and other non-wage damages, and interest portions are collectively referred to as "**Non-Wage Portions**."  Each Aggrieved Employee Payment will be allocated 100% as civil penalties, which will be reported on IRS Form 1099 (if applicable).

a.   Prior to distribution, Individual Settlement Shares will be subject to adjustment and/or reduction for required payroll taxes, contributions, and withholdings with respect to the Wages Portion, resulting in a net payment which is referred to as the "**Individual Settlement Payment**."  The Settlement Administrator will be responsible for appropriate payroll tax deductions.

b.   Each recipient of any monies paid in accordance with this Settlement Agreement is responsible for any taxes associated with the monies received by each recipient.

c.   The Settlement Administrator (and not Defendant) will prepare and issue an IRS Form W-2 to Participating Class Members with respect to the Wages Portion of each Individual Settlement Payment.  Where otherwise required by state or federal tax requirements, the Settlement Administrator (and not Defendant) will prepare a Form 1099 for Participating Class Members for the Non-Wage Portions of their Individual Settlement Shares and/or Aggrieved Employees for their Aggrieved Employee Payments.  The Settlement Administrator will be responsible for preparing and issuing these forms timely and correctly.  Participating Class Members and Aggrieved Employees will be responsible for correctly

17

characterizing the compensation that they receive pursuant to this Settlement Agreement, including as set forth on any IRS Form W-2 or IRS Form 1099 they receive from the Settlement Administrator, and for payment of any taxes owing on said amounts.

        d.    The Parties acknowledge and agree that neither they nor their attorneys have made any representations regarding the tax consequences of any and all payments made under this Settlement Agreement.  Participating Class Members and Aggrieved Employees will be required to pay all federal, state, or local taxes, if any, which are required by law to be paid with respect to any and all payments made to them under the Settlement.  The Parties further agree that Defendant shall have no legal obligation to pay, on behalf of Participating Class Members or Aggrieved Employees, any taxes, deficiencies, levies, assessments, fines, penalties, interest or costs, which may be required to be paid with respect to the settlement payments.

    36.   <u>Tax Treatment of Enhancement Awards and Class Counsel's Award of Attorneys' Fees and Costs</u>:  The Class Representatives and Class Counsel will receive an IRS Form 1099 for the Class Representatives' respective Enhancement Awards and Class Counsel's award of Attorneys' Fees and Costs, which will be prepared by the Settlement Administrator.  The Class Representatives and Class Counsel will be solely responsible for correctly characterizing this compensation for tax purposes and for payment of any taxes owing on said amounts.  Prior to receiving the payments specified herein, the Class Representatives and Class Counsel each shall deliver to the Settlement Administrator any necessary tax forms requested by the Settlement Administrator.

    37.   <u>Undistributed Funds</u>:  Individual Settlement Payment checks will remain valid and negotiable for one hundred and eighty (180) days after the date of issuance.  If an Individual Settlement Payment check is returned before the expiration of the 180-day period ("**Returned Check**"), then within five (5) days of receipt of the Returned Check, the Settlement Administrator shall undertake a skip-

4858-8328-2026.3

trace search for an alternate mailing address and re-mail the Returned Check to an alternate mailing address (if one is located), under a cover letter indicating that the Returned Check will continue to be valid and negotiable for thirty (30) days after the date of re-mailing.  In the event that any checks mailed to Settlement Class Members are not cashed, deposited, or otherwise negotiated within the 180-day period, no forwarding address can be located for a Returned Check, or a Returned Check is re-mailed but not cashed, deposited, or otherwise negotiated within the 30-day period from the re-mailing of the Returned Check, then the checks shall be cancelled by the Settlement Administrator, and the funds associated with such cancelled checks shall be transmitted by the Settlement Administrator pursuant to governing law to the California State Controller Unclaimed Property fund to be held there for the benefit of such Class Members under California's escheatment laws, and such Class Members shall nevertheless be bound to the Settlement Agreement and the Final Approval Order.  The Parties agree this disposition results in no "unpaid residue" under California Civil Procedure Code § 384(b), as the entire NSF shall be paid to Participating Class Members, whether or not their Individual Settlement Payment checks are cashed.

## NOTICE TO THE CLASS

38.   <u>Compilation of Class List</u>:  The Parties agree that within thirty (30) calendar days after preliminary approval of this Settlement Agreement by the Court, Defendant will provide a final "**Class List**" to the Settlement Administrator, which list shall include the following most up to date information about each Class Member in an electronic format:  (a) full name; (b) most current mailing address and phone number as reflected in Defendant's personnel records; (c) Social Security Number; (d) hire date(s) of record with Defendant and termination date(s) of record if applicable; (e) number of Workweeks for each Class Member during the Settlement Period; and (f) number of PAGA Pay Periods for each Aggrieved Employee during the PAGA Period.   The Class List provided to, updated and

maintained by the Settlement Administrator shall be used only by the Settlement Administrator and only for purposes of administering the settlement as provided for in this Agreement, and the Settlement Administrator shall not disclose the contents thereof except as expressly permitted under this Agreement. The restrictions on the use and disclosure of the Class List and the Class Data List (as defined below) shall be deemed, upon entry of the Court's Order granting preliminary approval of this Settlement, to be a protective order entered by the Court subject to full enforcement by the Parties to this Agreement and the Court, and by taking on the administration of the Settlement, the Settlement Administrator agrees that it and its employees, agents and representatives are bound by such protective order. The Settlement Administrator will update addresses contained in the Class List prior to the mailing of the Notice to the Class, by using the U.S. Postal Service's National Change of Address Database. Once the final Class List has been received from Defendant, and updated as stated herein, the list shall then be referred to as the "**Class Data List**." In response to any contention by an individual that they are a Class Member who was omitted from the Class Data List, made on or before the Response Deadline, Defendant will first verify the information contained in the personnel file of the individual at issue and Defendant's payroll records. Unless the individual at issue can establish that he or she should have been included in the Class Data List, by way of supporting documentation, Defendant's records will control. Class Counsel and Defendant's Counsel will then make a good faith effort to determine whether or not the individual at issue is a Class Member. If counsel for the Parties cannot agree, then the Settlement Administrator shall determine whether the individual at issue is a Class Member, who shall examine the records provided by the Defendant and the individual at issue, and shall be the final arbiter of whether or not the individual at issue is a Class Member, subject to final review, determination, and approval by the Court. Nothing herein limits the provisions or applicability of Paragraph 26, above.

39.     Dissemination of Notice of Class Action Settlement: Within fifteen (15) calendar days of its receipt of the Class List, the Settlement Administrator will send the Notice to the Class Members, by first-class mail, at their most current address of record or such other address as located by the Settlement Administrator in conformity with Paragraph 38, in the form attached hereto as **Exhibit B** or as otherwise approved by the Court.

## RELEASE BY PARTICIPATING CLASS MEMBERS,
## THE LWDA AND AGGRIEVED EMPLOYEES

40.     Release by Participating Class Members:

a.     The "**Released Parties**" shall collectively include Old Dominion Freight Line, Inc. and its employees, officers, directors, shareholders, members, administrators, parent and subsidiary entities, trustees, sponsors, fiduciaries, agents, contractors, representatives, attorneys, accountants, insurers, predecessors, successors and assigns, past, present, and future (collectively, the "**Affiliated Releasees**"), and each and all of their respective Affiliated Releasees, past, present, and future, and all persons acting under, by, through, or in concert with any of them.

b.     The "**Released Claims**" shall include any and all allegations, claims, debts, rights, demands, charges, complaints, actions, causes of action, guarantees, costs, expenses, attorneys' fees, economic damages, non-economic damages, restitution, civil penalties, statutory penalties, liquidated damages, punitive damages, interest, obligations, liabilities, or other monies and remedies, of any and every kind, contingent or accrued, that have been or reasonably could have been alleged or asserted in the 5AC and/or any of the pleadings filed in the Action and/or in any notice sent by Plaintiffs to the LWDA pursuant to PAGA based on the factual and/or legal violations allegations contained therein, including, claims for any type of rest and meal break violations, any type of wage claims arising out of or related to any purported off-the-clock work as alleged in the 5AC and/or related to any purported meal or rest break violations, any type of wage statement violation claims,

any type of expense reimbursement claims, any waiting time penalties claims, any type of derivative UCL and PAGA claims based on the foregoing, and parallel claims that may be brought under the FLSA based on the foregoing, , including, any alleged violations of California Labor Code §§ 201-203, 204, 206, 210, 221, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and/or 2802, and/or civil penalties pursuant to PAGA based on the foregoing.

c.   Upon the Settlement Administrator's receipt of the GSF from Defendant, Plaintiffs and the Participating Class Members shall be deemed to have released the Released Parties of and from all Released Claims that arose, accrued, and/or have been asserted during the Settlement Period.

41.   <u>Release by the LWDA and the Aggrieved Employees</u>:

a.   Upon the Settlement Administrator's receipt of the GSF from Defendant, Plaintiffs, the LWDA, and the Aggrieved Employees shall be deemed to have released the Released Parties of and from all claims for any civil penalties recoverable under the California Labor Code, including PAGA, arising out of or related to the Released Claims, as well as costs and attorneys' fees related thereto, that arose, accrued, and/or have been asserted during the PAGA Period.

**ADDITIONAL RELEASE BY CLASS REPRESENTATIVES**

42.   In addition to the releases set forth in Paragraphs 40 and 41, Plaintiffs, for themselves alone as individuals, release the Released Parties of and from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of every kind or nature, contingent or accrued, known or unknown, which do or may exist as of the date on which this Settlement Agreement is executed and through and including the date of Final Approval of this Settlement Agreement, including without limitation any claimed violations of California Labor Code §§ 201-203, 204, 206, 210, 221, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and/or 2802, 2699, and 2699.3.   In connection therewith, Plaintiffs waive the

provisions of Cal. Civ. Code § 1542, which states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

## INJUNCTION BARRING PURSUIT OF RELEASED CLAIMS

43.     Upon the Final Approval of the Settlement, Plaintiffs, Participating Class Members, the LWDA, and Aggrieved Employees shall be enjoined from filing, initiating, or continuing to prosecute any actions, claims, complaints, or proceedings in court, arbitration, with the California Division of Labor Standards Enforcement ("**DLSE**"), with the LWDA, or with any other entity, with respect to the claims released as described in Paragraphs 40 and 41, above.  This settlement is conditioned upon the release by Participating Class Members, Plaintiffs, Aggrieved Employees, and the LWDA as described in Paragraphs 40 and 41, above, and upon covenants by each of them that they will not and cannot bring or participate in any actions, lawsuits, proceedings, complaints, or charges brought individually, by the DLSE, the LWDA, or by any other agency, persons or entity in any court, arbitration or before any administrative body with respect to the claims released as described in Paragraphs 40 and 41, above, nor will any of them contest or interfere with efforts by Defendant or by any other Released Parties to oppose any attempt to bring such released claims against any of them.  Additionally, it is agreed herein that neither injunctive nor declaratory relief, nor any equitable relief, will be ordered by the Court against Defendant in Final Approval of the Settlement, which will otherwise be grounds for Defendant rescinding and terminating this Settlement Agreement.

1    **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

2    44.    The Parties shall promptly seek the Court's approval of this Settlement.

3    Plaintiffs' counsel will prepare Plaintiffs' motion for preliminary approval.  Not later

4    than five (5) calendar days prior to the submission of the motion for preliminary

5    approval of this Settlement Agreement to the Court, Class Counsel will submit a

6    near-final draft thereof (including all supporting papers and proposed order) to

7    counsel for Defendant for their review and comment.  As soon as practicable after

8    execution of this Settlement Agreement, the Class Representatives and Class

9    Counsel shall apply to the Court for the entry of a preliminary approval order which

10   would accomplish the following:

11           a.    Schedule a hearing (the "**Final Approval Hearing**") on the

12   question of whether the Settlement, including, *inter alia*, the payment of Attorneys'

13   Fees and Costs, Enhancement Awards, and PAGA Amount should be finally

14   approved as fair, reasonable, and adequate, and finally resolving any outstanding

15   issues or disputes remaining from the administration of the notice of the settlement;

16           b.    Provide that Plaintiffs have conditional leave to file the 5AC on

17   the terms set forth in this Agreement, subject to the limited statute of limitations

18   tolling for the Additional Claims as provided in this Agreement;

19           c.    Conditionally certify the Class for purposes of the Settlement

20   only;

21           d.    Approve, as to form and content, the proposed Notice;

22           e.    Direct the mailing of the Notice by first class mail to the Class

23   Members;

24           f.    Preliminarily approve the Settlement and monetary allocations

25   for awards/payments of Attorneys' Fees and Costs, Settlement Administration Costs,

26   Enhancement Awards, and PAGA Amount, subject to the final review and approval

27   by the Court;

28           g.    Preliminarily approve Rust Consulting as the Settlement

24

1   Administrator;

2          h.      Preliminarily approve and appoint Plaintiffs as representatives of

3   the Class; and

4          i.      Preliminarily approve and appoint Plaintiffs' Counsel as counsel

5   for the Class.

6          45.    Plaintiffs' Counsel shall be responsible for ensuring that all required

7   submittals and notifications to the LWDA under PAGA regarding this Settlement

8   are made by Plaintiffs.

9   **DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL**

10         46.    Plaintiffs' counsel will prepare Plaintiffs' motion for final approval.

11  Not later than five (5) calendar days prior to the submission of the motion seeking

12  Final Approval, Class Counsel will submit a near-final draft thereof (including all

13  supporting papers and proposed order) to counsel for Defendant for their review and

14  comment.   In conjunction with the request for Final Approval of the Settlement

15  provided for in this Settlement Agreement, Class Counsel will submit a proposed

16  Final Approval Order and Judgment that provides for the following:

17         a.      Granting final approval of the Settlement, adjudging the terms

18  thereof to be fair, reasonable, and adequate, and directing consummation of its terms

19  and provisions;

20         b.      Approving and awarding Attorneys' Fees and Costs to Class

21  Counsel;

22         c.      Approving and awarding the Enhancement Awards to the Class

23  Representatives;

24         d.      Approving and awarding all payments specified in this

25  Settlement Agreement to the LWDA, Aggrieved Employees, and Participating Class

26  Members;

27         e.      Permanently enjoining and restraining Plaintiffs, Participating

28  Class Members, Aggrieved Employees, and the LWDA from and against initiating

1    or pursuing any claims settled herein and released by this Settlement Agreement;

2    and

3            f.    Entering judgment in accordance with the terms of this

4    Settlement Agreement, including without limitation the permanent injunction

5    provisions.

6                        **PARTIES' AUTHORITY**

7    47.    The signatories hereto hereby represent that they are fully authorized to

8    enter into this Settlement Agreement and bind the Parties hereto to the terms and

9    conditions hereof.

10                       **MUTUAL FULL COOPERATION**

11    48.    The Parties agree to fully cooperate with each other to accomplish the

12    terms of this Settlement Agreement, including but not limited to execution of such

13    documents and other actions as may reasonably be necessary to implement the terms

14    of this Settlement Agreement.  The Parties shall use their best efforts, including all

15    efforts contemplated by this Settlement Agreement and any other efforts that may

16    become necessary by order of the Court, or otherwise, to effectuate this Settlement

17    Agreement and the terms set forth herein.  As soon as practicable after execution of

18    this Settlement Agreement, Class Counsel shall, with the assistance and cooperation

19    of Defendant and its counsel, take all necessary steps to secure the Court's

20    preliminary approval and final approval of this Settlement Agreement.

21                       **NO PRIOR ASSIGNMENTS**

22    49.    The Parties hereto represent, covenant, and warrant that they have not,

23    directly or indirectly, assigned, transferred, encumbered, or purported to assign,

24    transfer, or encumber to any person or entity any portion of any liability, claim,

25    demand, action, cause of action, or rights herein released and discharged except as

26    set forth herein.

27                       **CONSTRUCTION**

28    50.    The Parties hereto agree that the terms and conditions of this Settlement

STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND
RELEASE OF CLASS ACTION AND PAGA CLAIMS
4858-8328-2026.3

Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties, conducted under the auspices of mediator David A. Rotman, a respected and experienced class action mediator. The Parties further agree that they have each had a full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, the Parties expressly waive the common law and statutory rules of construction that ambiguities should be construed against the drafter of an agreement, and agree, covenant, and represent that the language in all parts of this Agreement shall be in all cases construed as a whole, according to its fair meaning.

## CAPTIONS AND INTERPRETATIONS

51.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

52.    This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

53.    This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and the transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

54.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND
RELEASE OF CLASS ACTION AND PAGA CLAIMS
4858-8328-2026.3

## **SIGNATORIES**

55.    It is agreed that because of the large number of Participating Class Members, it is impossible or impractical to have each Participating Class Member execute this Settlement Agreement.  As such, Plaintiffs are signing on behalf of the Participating Class Members.  In addition, the Notice will advise all Participating Class Members of the binding nature of the release of claims under the Settlement and that such shall have the same force and effect as if this Settlement Agreement were executed by each Participating Class Member.

## **CONFIDENTIALITY**

56.    Plaintiffs and Class Counsel will maintain the proposed settlement and this Settlement Agreement as confidential and not publicly disclose the same except as set forth herein and in Paragraph 57, below.  Except as set forth in Paragraph 57, below, or as otherwise agreed in writing between the Parties, both before and following the execution of this Settlement Agreement by the Parties and their counsel, there will be no direct or indirect comment or publication by Plaintiffs and Class Counsel (lead or otherwise) of the settlement in terms of affirmative or responsive media statements/comments, press releases or conferences, website postings or content, social media postings or content, other Internet postings or content, subscribed email messages, newsletters, disseminated updates, mass mailings, or any other comment or publication to the press, media or public at large. This shall not apply to or limit the public filing of motions or other case materials by Class Counsel in other class actions or this Action related to seeking and obtaining Court approval of the proposed settlement and the related awards of attorneys' fees and costs, enhancement, and the other relief set forth in this Settlement Agreement, or to communications between Class Counsel, Plaintiffs, and/or Class Members in the Action, except that prior to the filing of the motion for preliminary approval of the Settlement in the Action, Class Counsel shall not discuss the Settlement with Class Members other than the named Plaintiffs.  Class Counsel may otherwise state

only that the Action has been settled on terms mutually agreeable to the Parties. The Parties understand and agree that there may be media coverage of the settlement of the Action not initiated by Plaintiffs, directly or indirectly. It is also agreed and understood that the Parties may disclose the settlement to their families, plus their legal, tax, or accounting advisors, insurance companies, or as required by law, regulatory rules or regulatory requirements.

## WEBSITE

57.    The Parties agree that the Settlement Administrator may use U.S. Mail and an information-only website (the "**Settlement Website**") to provide notice and information about the Settlement to Class Members. The Settlement Website is to be established by the Settlement Administrator solely for purposes of the administration of the Settlement, and the domain name used for the website will be subject to Defendant's reasonable approval. Not later than the date that the Settlement Administrator must remit any funds associated with cancelled Individual Settlement Share checks, as set forth in Paragraph 37, the Settlement Website will be taken down. No information about the Action or the settlement may be posted on any of Class Counsel's websites except as expressly set forth herein without Defendant's prior written consent.

## COUNTERPARTS

58.    This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## GOVERNING LAW

59.    The Parties agree that California law governs the interpretation and application of this Settlement Agreement, except to the extent governed by federal law in which case federal law will apply.

STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND
RELEASE OF CLASS ACTION AND PAGA CLAIMS

4858-8328-2026.3

## **MISCELLANEOUS PROVISIONS**

60.    <u>Each Party to Bear Own Costs</u>.  Except as specifically provided herein, the Parties hereto will bear responsibility for their own attorneys' fees and costs, taxable or otherwise, incurred by them or arising out of or related to this Action, and will not seek reimbursement thereof from any Party to this Agreement.

61.    <u>Severability</u>.  If any of the above provisions are found null, void, or inoperative, in part or in full, for any reason, the remaining provisions will remain in full force and effect.  Notwithstanding, the invalidation in whole or in part of any material term of this Agreement, including but not limited to all the terms and provisions specified in the releases of claims, will invalidate this Agreement in its entirety unless the Parties subsequently agree in writing that the remaining provisions will remain in force and effect.

62.    <u>Non-Evidentiary Use</u>.  Neither the fact of this Agreement, the existence of this Agreement, the terms of this Agreement, nor any order or action pursuant thereto may be referred to, relied upon, cited, or used in the Action or in any other action or proceeding as evidence by any of the Parties, Class Members, Aggrieved Employees, the LWDA, or their respective counsel, but nothing contained in this section shall prevent this Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or approve/finalize this Agreement.

63.    <u>Advice of Counsel</u>.  The Parties to this Agreement are represented by competent counsel, and they have had an opportunity to consult with counsel.  The Parties to this Agreement agree that it reflects their good faith compromise of the claims raised in this action, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel.

**EACH OF THE UNDERSIGNED ACKNOWLEDGE THAT EACH HAS READ THE FOREGOING AGREEMENT AND ACCEPTS AND AGREES TO THE PROVISIONS CONTAINED THEREIN, AND HEREBY**

STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND
RELEASE OF CLASS ACTION AND PAGA CLAIMS
4858-8328-2026.3

**EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS CONSEQUENCES.**

**IT IS SO STIPULATED AND AGREED:**

DATED: _June 27, 2023_

**TAI HANG**

DATED: _June 27, 2023_

**ROBERT CANALES**

DATED: _____

**OLD DOMINION FREIGHT LINE, INC.**

By:

Print Name: _____

Title: _____

**APPROVED AND AGREED AS TO FORM AND CONTENT:**

DATED: _June 27, 2023_

**LAW OFFICES OF KEVIN T. BARNES**
**LAW OFFICES OF RAPHAEL A. KATRI**

By: _____

Kevin T. Barnes
Gregg Lander
Raphael A. Katri

Attorneys for Plaintiff
TAI HANG

DATED: _June 27, 2023_

**STONEBROOK LAW**

By: _____

Joseph Tojarieh

Attorney for Plaintiff
ROBERT CANALES

31

1   **EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS**
2   **CONSEQUENCES.**

3

4   **IT IS SO STIPULATED AND AGREED:**

5

6   DATED: _____
7                                          **TAI HANG**
8   DATED: _____
9                                          **ROBERT CANALES**
10  DATED: 7-5-23                  **OLD DOMINION FREIGHT LINE, INC.**
11
12                                 By: *Kevin M. Freeman*
13                                 Print Name: *KEVIN M. FREEMAN*
14                                 Title: *PRESIDENT & CEO*
15
16          **APPROVED AND AGREED AS TO FORM AND CONTENT:**

17  DATED: _____            **LAW OFFICES OF KEVIN T. BARNES**
18                                **LAW OFFICES OF RAPHAEL A. KATRI**
19
20                                By: _____
                                       Kevin T. Barnes
21                                     Gregg Lander
                                       Raphael A. Katri
22                                     Attorneys for Plaintiff
23                                     TAI HANG

24  DATED: _____            **STONEBROOK LAW**
25
26                                By: _____
                                        Joseph Tojarieh
27
28                                     Attorney for Plaintiff
                                       ROBERT CANALES

31

1  DATED: 07-05-2023                    **BAKER & HOSTETLER LLP**

2

3                                       By: _____

4                                            Matthew C. Kane
                                             Sylvia J. Kim
5                                            Amy E. Beverlin
                                             Kerri H. Sakaue

6                                       Attorneys for Defendant
                                        OLD DOMINION FREIGHT LINE, INC.
7

8                                       **ATTESTATION**

9        Pursuant to L.R. 5-4.3.4, the undersigned hereby attests that all signatories

10  listed above, and on whose behalf this Stipulation is submitted, concur in and have

11  authorized the filing of this Stipulation.

12                              _____/s/ Matthew C. Kane_____

13                                    MATTHEW C. KANE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT AND FOR SETTLEMENT AND
RELEASE OF CLASS ACTION AND PAGA CLAIMS
4858-8328-2026.3