DocuSign Envelope ID: 14048674-C693-4556-9A91-590A98197C1A

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff TAI HANG, on
behalf of himself and all others similarly situated

Joseph Tojarieh, Esq. (#265492)
STONEBROOK LAW
10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067
Tel: (310) 553-5533 / Fax: (310) 553-5536
Email: jft@stonebrooklaw.com

Attorneys for Plaintiff ROBERT CANALES, on
behalf of himself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive,<br><br>     Defendants. | **CLASS ACTION**<br><br>Case No.: 5:21-cv-00287-JWH-KK<br><br>**FIFTH AMENDED CLASS ACTION (FRCP RULE 23) COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY MINIMUM WAGES;**<br>2. **FAILURE TO PAY OVERTIME WAGES;**<br>3. **FAILURE TO PROVIDE LEGALLY-COMPLIANT REST PERIODS;**<br>4. **FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS;**<br>5. **FAILURE TO PROVIDE LEGALLY-COMPLIANT MEAL PERIODS;**<br>6. **FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES;** |

- 1 -

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

|  |  |
|---|---|
| 1 | ) **7. INDEPENDENT FAILURE TO** |
| 2 | ) **TIMELY FURNISH ACCURATE** ) **ITEMIZED WAGE** |
| 3 | ) **STATEMENTS;** ) **8. DERIVATIVE FAILURE TO** |
| 4 | ) **TIMELY FURNISH ACCURATE** ) **ITEMIZED WAGE** |
| 5 | ) **STATEMENTS;** ) **9. VIOLATIONS OF <u>LABOR CODE</u>** |
| 6 | ) **§203;** ) **10. PENALTIES PURSUANT TO** |
| 7 | ) **LABOR CODE §2699; AND** ) **11. UNFAIR BUSINESS PRACTICES** |
| 8 | ) **DEMAND FOR JURY TRIAL** |
| 9 | ) Honorable John W. Holcomb |
| 10 | ) Courtroom 2 |
| 11 | ) Action filed: November 6, 2020 ) Trial Date: None Set |

Plaintiffs TAI HANG and ROBERT CANALES, individuals on behalf of themselves and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby file this Fifth Amended Complaint against Defendant OLD DOMINION FREIGHT LINE, INC. and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

1.      Pursuant to <u>Federal Rule of Civil Procedure</u> ("<u>FRCP</u>") Rule 23, Plaintiffs institute this Class action and Private Attorney General action for actual damages, liquidated damages, statutory penalties, restitution, attorneys' fees and the costs of this action against Defendants for multiple violations of the California <u>Labor Code</u> ("<u>Labor Code</u>"), California <u>Business and Professions Code</u> ("<u>B&PC</u>") §17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "<u>IWC Wage Order(s)</u>") and related common law principles.

2.      The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 2 -
**FIFTH AMENDED COMPLAINT**

1    although this should not automatically be considered the statute of limitations for
2    any cause of action herein.
3    <u>RELEVANT JOB TITLES</u>
4         3.     For introductory and general information only (and not to be
5    considered a proposed class definition), the relevant individuals in this action are
6    Defendants' hourly-paid, non-exempt "dock worker" employees who were
7    subjected to Defendants' policies and practices as described herein. Any differences
8    in job activities between the different individuals in these positions were and are
9    legally insignificant to the issues presented by this action.
10   <u>SUMMARY OF CLAIMS</u>
11        4.     With regard to Defendants' hourly-paid, non-exempt "dock worker"
12   employees, Defendants have:
13        a.  Failed to pay minimum wages;
14        b.  Failed to pay overtime wages;
15        c.  Failed to provide legally-compliant rest periods;
16        d.  Failed to authorize and permit all paid legally-requisite rest
17            periods;
18        e.  Failed to provide legally-compliant meal periods;
19        f.  Failed to reimburse for necessary business expenses;
20        g.  Independently failed to timely furnish accurate itemized wage
21            statements;
22        h.  Derivatively failed to timely furnish accurate itemized wage
23            statements;
24        i.  Violated <u>Labor Code</u> §203;
25        j.  Incurred penalties pursuant to <u>Labor Code</u> §§2698, et seq.; and
26        k.  Conducted unfair business practices.
27   ///
28   ///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 3 -

**FIFTH AMENDED COMPLAINT**

## II.

## __PARTIES__

<u>PLAINTIFF TAI HANG</u>

5.      Plaintiff TAI HANG is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

6.      Plaintiff TAI HANG worked for Defendants as an hourly-paid, non-exempt "dock worker" employee from approximately August 2007 to August 11, 2020 in Rialto, California, which is in San Bernardino County, California.

7.      Plaintiff TAI HANG seeks recovery herein from Defendants because with regard to Plaintiff TAI HANG, while acting for Defendants in his capacity as an hourly-paid, non-exempt "dock worker" employee, Defendants have:

    a.  Failed to pay minimum wages;

    b.  Failed to pay overtime wages;

    c.  Failed to provide legally-compliant rest periods;

    d.  Failed to authorize and permit all paid legally-requisite rest periods;

    e.  Failed to provide legally-compliant meal periods;

    f.  Failed to reimburse for necessary business expenses;

    g.  Independently failed to timely furnish accurate itemized wage statements;

    h.  Derivatively failed to timely furnish accurate itemized wage statements;

    i.  Violated <u>Labor Code</u> §203;

    j.  Incurred penalties pursuant to <u>Labor Code</u> §§2698, et seq.; and

    k.  Conducted unfair business practices.

///

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 4 -

## FIFTH AMENDED COMPLAINT

PLAINTIFF ROBERT CANALES

8.    Plaintiff ROBERT CANALES is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

9.    Plaintiff ROBERT CANALES worked for Defendants as an hourly-paid, non-exempt "dock worker" employee from approximately January 28, 2018 to October 2, 2020 in Rialto, California, which is in San Bernardino County, California.

10.   Plaintiff ROBERT CANALES seeks recovery herein from Defendants because with regard to Plaintiff ROBERT CANALES, while acting for Defendants in his capacity as an hourly-paid, non-exempt "dock worker" employee, Defendants have:

   a.  Failed to pay minimum wages;

   b.  Failed to pay overtime wages;

   c.  Failed to provide legally-compliant rest periods;

   d.  Failed to authorize and permit all paid legally-requisite rest periods;

   e.  Failed to provide legally-compliant meal periods;

   f.  Failed to reimburse for necessary business expenses;

   g.  Independently failed to timely furnish accurate itemized wage statements;

   h.  Derivatively failed to timely furnish accurate itemized wage statements;

   i.  Violated Labor Code §203;

   j.  Incurred penalties pursuant to Labor Code §§2698, et seq.; and

   k.  Conducted unfair business practices.

///

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 5 -

**FIFTH AMENDED COMPLAINT**

<u>DEFENDANT, OLD DOMINION FREIGHT LINE, INC.</u>

11.    Defendant OLD DOMINION FREIGHT LINE, INC. is now and/or at all times mentioned in this Complaint was a Virginia corporation and the owner and operator of an industry, business and/or facility(/ies) licensed to do business and actually doing business in the State of California.

<u>DOES 1 TO 100, INCLUSIVE</u>

12.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

13.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California <u>Code of Civil Procedure</u> ("<u>CCP</u>") §474.

14.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

<u>ALL DEFENDANTS</u>

15.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

16.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

17.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

- 6 -

**FIFTH AMENDED COMPLAINT**

18.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

19.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

20.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

21.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III.

## <u>JURISDICTION AND VENUE</u>

22.     The District Court has original subject matter jurisdiction under 28 U.S.C. §1332, and because Defendants removed this matter to federal court on February 19, 2021 pursuant to 28 U.S.C. §§1441 and 1446, in that this is a civil action that purportedly satisfies the requirements stated in the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. §1332(d).

23.     This District Court is in the judicial district and division embracing the place where the state court case was brought. Thus, this Court is the proper District Court to which this case should have been removed 28 U.S.C. §§1441(a) and 1446(a).

///

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KJBARNES.COM

- 7 -

## FIFTH AMENDED COMPLAINT

DocuSign Envelope ID: 14048674-C693-4556-9A91-690A98197C1A

**IV.**

**CLASS ACTION ALLEGATIONS**

24.    Plaintiffs bring this suit as a class action pursuant to <u>FRCP</u> 23 and <u>CCP</u> §382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

25.    The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

> a.   All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' policies and practices regarding providing at least minimum wages for all hours worked as specifically described herein (hereinafter, the "Minimum Wage Class");
>
> b.   All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' overtime policies and practices as specifically described herein (hereinafter, the "Overtime Wage Class");
>
> c.   All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' policies and practices regarding providing legally-compliant rest periods as specifically described herein (hereinafter, the "Legal Rest Period Class");
>
> d.   All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' policies and practices regarding paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**FIFTH AMENDED COMPLAINT**

DocuSign Envelope ID: 14D48674-C693-4556-9A91-690A98197C1A

e.  All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' policies and practices regarding providing legally-compliant meal periods as specifically described herein (hereinafter, the "Meal Period Class");

f.  All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' policies and practices regarding reimbursements for necessary business expenses as specifically described herein (hereinafter, the "Reimbursement Class");

g.  All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were independently subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Independent Wage Statement Class");

h.  All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Derivative Wage Statement Class");

i.  All formerly-employed California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period who were subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

DocuSign Envelope ID: 14048674-C683-455G-9491-590A98197C1A

(hereinafter, the "LC 203 Class"); and

j.   All California citizens employed by Defendants as hourly-paid, non-exempt "dock worker" employees during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

26.   The Minimum Wage Class, Overtime Wage Class, Legal Rest Period Class, Rest Period Class, Meal Period Class, Reimbursement Class, Independent Wage Statement Class, Derivative Wage Statement Class, LC 203 Class and 17200 Class are herein collectively referred to as the "Classes."

27.   Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

28.   Numerosity (FRCP 23(a)(1)); (CCP §382):

a.   The potential quantity of members of the Classes as defined is so numerous that joinder of all members would be unfeasible and impractical.

b.   The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

c.   The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that each of the Classes numbers greater than 100 individuals.

d.   The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

- 10 -

**FIFTH AMENDED COMPLAINT**

29.    Questions of Law or Fact Common To The Class (FRCP 23(a)(2)):
There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

  a. Whether Defendants failed and continue to fail to pay at least minimum wages for all hours worked to the members of the Minimum Wage Class in violation of the Labor Code and Section 4 of the IWC Wage Orders;

  b. Whether Defendants failed and continue to fail to pay legally-requisite overtime wages to the members of the Overtime Wage Class kk in violation of the Labor Code and Section 3 of the IWC Wage Orders;

  c. Whether Defendants failed and continue to fail to provide legally-compliant rest periods to the members of the Legal Rest Period Class in violation of the Labor Code and Section 12 of the IWC Wage Orders;

  d. Whether Defendants failed and continue to fail to authorize and permit paid legally-requisite rest periods to the members of the Rest Period Class in violation of the Labor Code and Section 12 of the IWC Wage Orders;

  e. Whether Defendants failed and continue to fail to provide legally-compliant meal periods to the members of the Meal Period Class in violation of the Labor Code and Section 11 of the IWC Wage Orders;

  f. Whether Defendants failed and continue to fail to reimburse for necessary business expenses to the members of the Reimbursement Class in violation of the Labor Code;

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 11 -
**FIFTH AMENDED COMPLAINT**

g.  Whether Defendants independently failed to timely furnish accurate, itemized and legal wage statements to the members of the Independent Wage Statement Class;

h.  Whether Defendants independently failed to timely furnish accurate, itemized and legal wage statements to the members of the Independent Wage Statement Class;

i.  Whether Defendants are liable pursuant to <u>Labor Code</u> §203 to the members of the LC 203 Class;

j.  Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

k.  Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

l.  Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

m. Whether the members of the Classes are entitled to injunctive relief;

n.  Whether the members of the Classes are entitled to restitution; and

o.  Whether Defendants are liable for attorneys' fees and costs.

30.  <u>Typicality</u> (<u>FRCP</u> 23(a)(3)): The claims of the named Plaintiff(s) are typical of the claims of all members of the represented Classes because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

31.  <u>Adequacy</u> (<u>FRCP</u> 23(a)(4)): The named Plaintiff(s):

a.  will adequately represent the members of the Classes;

b.  will fairly protect the interests of the members of the Classes;

c.  possess no interests antagonistic to the members of the Classes;

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

1     and

2         d.  will vigorously pursue this suit via attorneys who are competent,

3              skilled and experienced in litigating matters of this type.

4     32.    Superiority (FRCP 23(b)); (CCP §382): The nature of this action and

5  the nature of the laws available to Plaintiffs make the use of the class action format

6  particularly efficient and the appropriate procedure to afford relief to Plaintiffs for

7  the wrongs alleged herein. Further, this action is maintainable as a class action

8  because the prerequisites of FRCP 23(a) are satisfied as outlined above, and in

9  addition:

10        a.  California has a public policy which encourages the use of the

11            class action device;

12        b.  By establishing a technique whereby the claims of many

13            individuals can be resolved at the same time, the class suit both

14            eliminates the possibility of repetitious litigation and provides

15            small claimants with a method of obtaining redress for claims

16            which would otherwise be too small to warrant individual

17            litigation;

18        c.  This case involves large corporate Defendants and a large number

19            of individual Class members with many relatively small claims

20            and common issues of law and fact;

21        d.  If each individual member of the Classes was required to file an

22            individual lawsuit, the large corporate Defendants would

23            necessarily gain an unconscionable advantage because Defendants

24            would be able to exploit and overwhelm the limited resources of

25            each individual member of the Classes with Defendants' vastly

26            superior financial and legal resources;

27        e.  Requiring each individual member of the Classes to pursue an

28            individual remedy would also discourage the assertion of lawful

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 13 -

**FIFTH AMENDED COMPLAINT**

claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g. Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i) a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii) a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

iv) potentially incompatible standards of conduct for Defendants; and

v) potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

33. Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238); Pulaski & Middleman, LLC v. Google, Inc. (9th Cir. 2015 802 F.2d 979, 986-87).

**V.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(On Behalf of the Minimum Wage Class)**

**(Against All Defendants)**

34. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

35. Defendants required the members of the Minimum Wage Class to clock in and out at the designated dock area.

36. The members of the Minimum Wage Class were entitled to all earned wages, including minimum wages, for all hours worked.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

**FIFTH AMENDED COMPLAINT**

37.     As a matter of Defendants' established company policy, Defendants failed to pay for all hours worked at the state minimum wage established by <u>Labor Code</u> §510, <u>Labor Code</u> §1194, <u>Labor Code</u> §1194.2, <u>Labor Code</u> §1197, and <u>Labor Code</u> §1198 and the <u>IWC Minimum Wage Order(s)</u>, as a result of, among other things, the security checks prior to entering and leaving Defendants' premises, the large size of Defendants' facilities, and the large amount of time it took for the members of the Minimum Wage Class to walk to the dock, search for an available forklift, and ride it to the dock area where Defendants required the members of the Minimum Wage Class to clock in and out.

38.     For example, Plaintiff ROBERT CANALES underwent a security check prior to entering Defendants' premises and performed other work-related tasks before clocking in. He spent approximately 5-15 minutes undergoing a security check, walking to the dock, searching for an available forklift, and riding it to the dock area. Similarly, Plaintiff TAI HANG and other members of the Minimum Wage Class were required to undergo a security check and perform other work-related tasks before heading to the designated dock area to clock in.

39.     Moreover, Plaintiff ROBERT CANALES, for example, clocked out and spent approximately five minutes walking towards the checkpoint. Similarly, Plaintiff TAI HANG and other members of the Minimum Wage Class were required to undergo a security check before leaving Defendants' premises.

40.     The members of the Minimum Wage Class performed these security checks and work-related tasks outside of their clocked hours. As a result, Defendants failed to pay the members of the Minimum Wage Class all earned wages, including minimum wages, for the time these employees spent performing off-the-clock work.

41.     Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the Minimum Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
### (On Behalf of the Overtime Wage Class)
### (Against All Defendants)

42.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

43.     The members of the Overtime Wage Class sometimes worked over eight (8) hours per shift. The members of the Overtime Wage Class sometimes worked over forty (40) hours in a week.

44.     Defendants required the members of the Overtime Wage Class to clock in and out at the designated dock area.

45.     The members of the Minimum Wage Class were entitled to overtime wages for all hours worked over eight (8) in a day or over forty (40) in a week.

46.     As a matter of Defendants' established company policy, Defendants failed to pay overtime wages established by Labor Code §510, Labor Code §1194, and Labor Code §1198 and Section 3 of the IWC Wage Order(s), as a result of, among other things, the security checks prior to entering and leaving Defendants' premises, the large size of Defendants' facilities, and the large amount of time it took for the members of the Overtime Wage Class to walk to the dock, search for an available forklift, and ride it to the dock area where Defendants required the members of the Overtime Wage Class to clock in and out.

47.     For example, Plaintiff ROBERT CANALES underwent a security check prior to entering Defendants' premises and performed other work-related tasks before clocking in. He spent approximately 5-15 minutes walking to the dock, searching for an available forklift, and riding it to the dock area. Similarly, Plaintiff TAI HANG and other members of the Overtime Wage Class were required to undergo a security check and perform other work-related tasks before

## FIFTH AMENDED COMPLAINT

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

heading to the designated dock area to clock in.

48.    Moreover, Plaintiff ROBERT CANALES, for example, clocked out and spent approximately five minutes walking towards the checkpoint. Similarly, Plaintiff TAI HANG and other members of the Overtime Wage Class were required to undergo a security check before leaving Defendants' premises.

49.    The members of the Overtime Wage Class performed these security checks and work-related tasks outside of their clocked hours. As a result, on days when the members of the Overtime Wage Class worked over eight (8) hours in a day or over forty (40) hours in a week, Defendants failed to pay these overtime wages, for the time they spent performing off-the-clock work.

50.    Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the Overtime Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE LEGALLY-COMPLIANT REST PERIODS**

**(On Behalf of the Legal Rest Period Class)**

**(Against All Defendants)**

51.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

52.    The members of the Legal Rest Period Class sometimes worked over four (4) hours per shift. Further, the members of the Legal Rest Period Class sometimes worked over six (6) hours per shift, and in some cases over ten (10) hours per shift.

a. Plaintiff TAI HANG consistently worked shifts of eight hours or more, under the following schedules, which changed approximately every six months, over his employment with Defendant:

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

- 18 -

**FIFTH AMENDED COMPLAINT**

Monday – Friday, 4 am – 12 pm;

Monday – Friday, 5 pm – 1 am;

Monday – Friday, 6 pm – 2 am;

Sunday – Thursday, 8 pm – 4 am;

Monday – Friday; 8 pm – 4 am;

Sunday – Thursday, 6 am – 2 pm;

Sunday – Thursday, 8 am – 4 pm;

Sunday – Thursday, 6 am – 2 pm;

Tuesday – Saturday, 5 am – 1 pm;

Sunday – Thursday, 6 am – 2 pm;

Tuesday – Saturday, 4 am- 12 pm;

Sunday – Thursday, 6 am – 2 pm;

Tuesday – Saturday, 4 am – 12 pm; and

Tuesday – Saturday, 3 am – 11 am.

b. Plaintiff ROBERT CANALES worked four different schedules throughout his employment with Defendant, with shifts always eight or more hours:

From approximately January 2018 to May 2018:

Tuesday – Saturday; 7:30 pm to 4:00 am;

From approximately June 2018 to December 2018:

Tuesday – Saturday; 12:00 pm to 8 pm;

From approximately December 2018 to March 2019:

Monday – Friday; 11:00 pm to 7:30 am; and

From approximately April 2019 to September 2020:

Monday – Friday; 7:30 pm to 4:00 am.

53.    The members of the Legal Rest Period Class were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

- 19 -

FIFTH AMENDED COMPLAINT

54. Defendants' rest period policy states:

"Hourly employees may not leave OD premise while on a paid rest break and are expected to be at their work station at the conclusion of the paid rest break, unless prohibited by applicable law, including state and local laws."

55. As such, the members of the Legal Rest Period Class were prohibited from taking legally-compliant breaks in violation of <u>Brinker Restaurant Corp. v. Superior Court</u> (2012) 53 Cal.4th 1004, 1040 ["The wage orders and governing statute do not countenance an employer's exerting coercion against the taking of, creating incentives to forgo, or otherwise encouraging the skipping of legally protected breaks."].

56. As a matter of Defendants' established company policy, Defendants failed to provide legally-compliant rest periods because Defendants prohibited the taking of legally protected rest periods by using Defendants' rest period policy to prevent the members of the Legal Rest Period Class from taking rest periods outside of Defendants' premises, and forbade the members of the Legal Rest Period Class from leaving Defendants' facilities for legally-compliant rest periods.

57. Both Plaintiff TAI HANG and Plaintiff ROBERT CANALES, along with other members of the Legal Rest Period class, were instructed that rest periods must be taken in a designated break room. They were further instructed that leaving the premises was strictly prohibited, including going to the parking lot.

58. For example, Plaintiff TAI HANG and other members of the Legal Rest Period class were told at least two to three times a week at a daily morning meeting that rest breaks were to be taken only in the break room. Any violators were subject to discipline or even termination. One dock worker was terminated for going to his vehicle during his rest period without permission. Accordingly, this policy caused Plaintiff TAI HANG to suffer noncompliant rest periods every day of work in which a rest period was required, i.e., two noncompliant rest periods on every eight hour shift per his regular schedule as alleged above.

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

59.     Similarly, Plaintiff ROBERT CANALES and other members of the Legal Rest Period class were not allowed to take breaks anywhere but the designated break room. This rule was repeated during pre-shift meetings. Plaintiff ROBERT CANALES left to go to his car only one time with special permission from his supervisor, and he was required to report back to the supervisor when he returned. Accordingly, this policy caused Plaintiff ROBERT CANALES to suffer noncompliant rest periods every day of work, except one, in which a rest period was required, i.e., two noncompliant rest periods on every eight-hour shift per his regular schedule as alleged above.

60.     Defendants' written policies and actual practices clearly and unmistakably have language definitively requiring employees to remain on premises - "Hourly employees **may not leave OD premise while on a paid rest break**…" (emphasis added). This policy language violates California rest period laws.

61.     The members of the Legal Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the rest period was not so provided.

62.     Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the Legal Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

**FOURTH CAUSE OF ACTION**

**FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS**

**(On Behalf of the Rest Period Class)**

**(Against All Defendants)**

63.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**FIFTH AMENDED COMPLAINT**

64.     The members of the Rest Period Class sometimes worked over four (4) hours per shift. Further, the members of the Rest Period Class sometimes worked over six (6) hours per shift, and in some cases over ten (10) hours per shift.

    a.  Plaintiff TAI HANG worked shifts of eight hours or more, under the following schedules, which changed approximately every six months, over his employment with Defendant:

Monday – Friday, 4 am – 12 pm;

Monday – Friday, 5 pm – 1 am;

Monday – Friday, 6 pm – 2 am;

Sunday – Thursday, 8 pm – 4 am;

Monday – Friday; 8 pm – 4 am;

Sunday – Thursday, 6 am – 2 pm;

Sunday – Thursday, 8 am – 4 pm;

Sunday – Thursday, 6 am – 2 pm;

Tuesday – Saturday, 5 am – 1 pm;

Sunday – Thursday, 6 am – 2 pm;

Tuesday – Saturday, 4 am – 12 pm;

Sunday – Thursday, 6 am – 2 pm;

Tuesday – Saturday, 4 am – 12 pm; and

Tuesday – Saturday, 3 am – 11 am.

    b.  Plaintiff ROBERT CANALES worked four different schedules throughout his employment with Defendant, with shifts always eight or more hours:

From approximately January 2018 to May 2018:

       Tuesday – Saturday; 7:30 pm to 4:00 am;

From approximately June 2018 to December 2018:

       Tuesday – Saturday; 12:00 pm to 8 pm;

From approximately December 2018 to March 2019:

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**FIFTH AMENDED COMPLAINT**

Monday – Friday; 11:00 pm to 7:30 am; and

From approximately April 2019 to September 2020:

Monday – Friday; 7:30 pm to 4:00 am.

65.     The members of the Rest Period Class were entitled to a rest period of not less than ten (10) minutes for every four (4) hours of work, or major fraction thereof.

66.     As a matter of Defendants' established company policy, Defendants failed to always authorize and permit all required rest periods established by <u>Labor Code</u> §226.7 and <u>Labor Code</u> §516 and Section 12 of the <u>IWC Wage Order(s)</u>, including but not limited to because of the huge size of Defendants' facilities and the large amount of time it took for the members of the Rest Period Class to travel from their work stations to the break room (where they were required to go) and back to their work stations.

67.     For example, Plaintiff TAI HANG and other members of the Rest Period Class had to walk three to five minutes, each way, to and from their workstations to the designated break room at each rest period. Consequently, because rest periods were 15 minutes long, Plaintiff TAI HANG and others had only five to nine minutes of break time after accounting for the walk. Plaintiff TAI HANG was once given a verbal warning by his supervisor for returning late from his rest break because of the long walk. Other members of the Rest Period Class were disciplined for failing to return on time from a rest period.

68.     The designated break rooms were at least a three to five minute walk from all work stations for all employees. The long walk caused the members of the Rest Period Class to suffer noncompliant rest periods on every shift in which a rest period was required. Plaintiffs suffered two noncompliant rest periods on every eight-hour shift per their regular schedules as alleged above.

69.     The members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

compensation for each work day that one or more rest periods were not so provided.

70.     Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

### FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE LEGALLY-COMPLIANT MEAL PERIODS
### (On Behalf of the Meal Period Class)
### (Against All Defendants)

71.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

72.     The members of the Meal Period Class sometimes worked over five (5) hours per shift. The members of the Meal Period Class sometimes worked over ten (10) hours per shift.

    a.  Plaintiff TAI HANG consistently worked shifts of eight hours or more, under the following schedules, which changed approximately every six months, over his employment with Defendant:

Monday – Friday, 4 am – 12 pm;

Monday – Friday, 5 pm – 1 am;

Monday – Friday, 6 pm – 2 am;

Sunday – Thursday, 8 pm – 4 am;

Monday – Friday; 8 pm – 4 am;

Sunday – Thursday, 6 am – 2 pm;

Sunday – Thursday, 8 am – 4 pm;

Sunday – Thursday, 6 am – 2 pm;

Tuesday – Saturday, 5 am – 1 pm;

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

### FIFTH AMENDED COMPLAINT

Sunday – Thursday, 6 am – 2 pm;

Tuesday – Saturday, 4 am- 12 pm;

Sunday – Thursday, 6 am – 2 pm;

Tuesday – Saturday, 4 am – 12 pm; and

Tuesday – Saturday, 3 am – 11 am.

b. Plaintiff ROBERT CANALES worked four different schedules throughout his employment with Defendant, with shifts always eight or more hours:

From approximately January 2018 to May 2018:

Tuesday – Saturday; 7:30 pm to 4:00 am;

From approximately June 2018 to December 2018:

Tuesday – Saturday; 12:00 pm to 8 pm;

From approximately December 2018 to March 2019:

Monday – Friday; 11:00 pm to 7:30 am; and

From approximately April 2019 to September 2020:

Monday – Friday; 7:30 pm to 4:00 am.

73.     The members of the Meal Period Class were entitled to a timely, duty-free, and uninterrupted meal period of not less than thirty (30) minutes prior to exceeding four (4) hours of employment. The members of the Meal Period Class who worked more than ten (10) hours were also entitled to a timely, duty-free, and uninterrupted second meal period of not less than thirty (30) minutes prior to exceeding eight (8) hours of employment.

74.     As a matter of Defendants' established company policy, Defendants failed to provide legally-compliant meal periods established by Labor Code §226.7, Labor Code §512, and Labor Code §1198 and Section 11 of the IWC Wage Order(s), as a result of, among other things, the security checks prior to entering and leaving Defendants' premises, the large size of Defendants' facilities, and the large amount of time it took for the members of the Meal Period Class to

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 25 -

FIFTH AMENDED COMPLAINT

walk to the dock, search for an available forklift, and ride it to the dock area where Defendants required the members of the Meal Period Class to clock in and out.

75.     For example, Plaintiff ROBERT CANALES underwent a security check prior to entering Defendants' premises and performed other work-related tasks before clocking in. He spent approximately 5-15 minutes walking to the dock, searching for an available forklift, and riding it to the dock area. Similarly, Plaintiff TAI HANG and other members of the Meal Period Class were required to undergo a security check and perform other work-related tasks before heading to the designated dock area to clock in.

76.     Moreover, Plaintiff ROBERT CANALES, for example, clocked out and spent approximately five minutes walking towards the checkpoint. Similarly, Plaintiff TAI HANG and other members of the Meal Period Class were required to undergo a security check before leaving Defendants' premises.

77.     The members of the Meal Period Class performed these security checks and work-related tasks outside of their clocked hours. As a result, on days when they worked over five (5) hours in a shift, members of the Meal Period Class took their meal periods after the fifth hour of employment.

78.     Further, Plaintiff ROBERT CANALES, for example, worked over ten (10) hours in a shift and was not provided with a second meal period. Similarly, Plaintiff other members of the Meal Period Class were not provided with a second meal period despite working more than ten (10) hours in a shift.

79.     In addition, as a matter of Defendants' established company policy, Defendants failed to provide legally-compliant meal periods established by Labor Code §226.7, Labor Code §512, and Labor Code §1198 and Section 11 of the IWC Wage Order(s), as a result of, among other things, the large size of Defendants' facilities and the large amount of time it took for the members of the Meal Period Class to travel from their work stations to the break room (where they were required to go) and back to their work stations.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 26 -

**FIFTH AMENDED COMPLAINT**

80.    For example, Plaintiff TAI HANG and other members of the Meal Period Class had to walk three to five minutes, each way, to and from their workstations to the designated break room at each meal period. Consequently, because rest periods were 30 minutes long, Plaintiff TAI HANG and others had only five to nine minutes of break time after accounting for the walk. Other members of the Meal Period Class were disciplined for failing to return on time from a meal period.

81.    The designated break rooms were at least a three to five minute walk from all work stations for all employees. The long walk caused the members of the Meal Period Class to suffer noncompliant meal periods on every shift in which a meal period was required. Plaintiffs suffered a noncompliant meal period on every eight-hour shift per their regular schedules as alleged above.

82.    The members of the Meal Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that one or more meal periods were not so provided.

83.    Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

## FIFTH CAUSE OF ACTION
## FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES
### (On Behalf of the Reimbursement Class)
### (Against All Defendants)

84.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

85.    The members of the Reimbursement Class purchased items in direct consequence of the discharge of their duties.

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

86.     The members of the Reimbursement Class were entitled to be reimbursed for necessary business expenditures and losses.

87.     As a matter of Defendants' established company policy, Defendants failed to indemnify the members of the Reimbursement Class for necessary business expenses as established by <u>Labor Code</u> § 2802, including but not limited to because of Defendants' failure to provide pens, clipboards, and safety boots, Defendants' job requirements for the Reimbursement Class, and Defendants' safety requirements.

88.     For example, Plaintiff ROBERT CANALES purchased pens, clipboards, and safety boots, all of which were necessary to perform his job. However, Defendants failed to indemnify him for such necessary business expenses. Similarly, Plaintiff TAI HANG and other members of the Reimbursement class were not reimbursed for similar, necessary and work-related items.

89.     Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the Reimbursement Class seek recovery of pre-judgment interest on all amounts recovered herein.

**SEVENTH CAUSE OF ACTION**

**INDEPENDENT FAILURE TO TIMELY**

**FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**(On Behalf of the Independent Wage Statement Class)**

**(Against All Defendants)**

90.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

91.     As a pattern and practice, in violation of <u>Labor Code</u> §226(a), Defendants did not and still do not furnish each of the members of the Independent Wage Statement Class with accurate itemized wage statements in writing,

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**- 28 -**

**FIFTH AMENDED COMPLAINT**

including but not limited not always including all applicable hourly rates for straight time, overtime 1.5 and overtime 2.0 and/or the accurate hourly pay rates in effect during the pay period. For example, both Plaintiff TAI HANG and Plaintiff ROBERT CANALES received wage statements that did not list their applicable hourly rates.

92.     The deficient wage statements were issued according to Defendants' policy and practice. Defendants were aware of the factual predicate underlying the violations, i.e., Defendants knew that the wage statements of Plaintiffs and the members of the Independent Wage Statement Class failed to include all applicable hourly rates for straight time, overtime 1.5 and overtime 2.0 and/or the accurate hourly pay rates in effect during the pay period. These failures were thus knowing and intentional and not due to an accident, clerical error, or inadvertent mistake.

93.     An employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in <u>Labor Code</u> §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

94.     Here, the members of Independent Wage Statement Class suffered injury because Defendants failed to provide accurate and complete information as required by one or more items listed in <u>Labor Code</u> §226(a)(1)-(9) and the Independent Wage Statement Class members could not and cannot promptly and easily ascertain requisite information without reference to other documents or information. For example, neither Plaintiff TAI HANG nor Plaintiff ROBERT CANALES could ascertain whether they were being paid the proper rates because their wage statements did not list their applicable hourly rates. Instead, their wage statements listed only the hours at straight time, overtime, and double overtime, and the total paid, but either failed to list the rate paid, or listed an incorrect rate, in each category, making accurate mathematical deductions impossible.

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

- 29 -

**FIFTH AMENDED COMPLAINT**

DocuSign Envelope ID: 14048674-C683-4556-9491-590A88197C1A

95.     In addition, the members of the Independent Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Independent Wage Statement Class in that the members of the Independent Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to all applicable and/or accurate hourly pay rates in effect during the pay period, in violation of <u>Labor Code</u> §226, such that the members of the Independent Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to all applicable and/or accurate hourly pay rates in effect during the pay period.

96.     The actual injuries suffered by the members of the Independent Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Independent Wage Statement Class include but are not limited to:

        a.  That such practice prevents the members of the Independent Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

        b.  The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

97.     The members of the Independent Wage Statement Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

98.     The currently-employed members of the Independent Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with <u>Labor Code</u> §226.

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

99.    The members of the Independent Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION
## DERIVATIVE FAILURE TO TIMELY
## FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (On Behalf of the Derivative Wage Statement Class)

100.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

101.    California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Derivative Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

102.    As a pattern and practice, Defendants did not and still do not furnish each of the members of the Derivative Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

103.    As set forth herein in prior causes of action, Defendants allegedly failed to pay the members of the Derivative Wage Statement Class all wages due and owing.

104.    As a derivative result of this failure to pay wages and as a pattern and practice, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Derivative Wage

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

Statement Class, including but not limited to, beginning and ending of each work period, meal period interval, total daily hours worked, total hours worked per pay period, and the applicable rates of pay.

105.   The deficient wage statements were issued according to Defendants' policy and practice. Defendants were aware of the factual predicate underlying the violations, i.e., Defendants knew that it was not paying rest period premiums that were owed and that, derivatively, the wage statements of Plaintiffs and the members of the Derivative Wage Statement Class failed to include (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate. These failures were thus knowing and intentional and not due to an accident, clerical error, or inadvertent mistake.

106.   An employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information. Here, the members of Derivative Wage Statement Class suffered injury because, due to Defendants' failure to pay all wages due and owing, Defendants derivatively failed to provide accurate and complete information as required by one or more items listed in Labor Code §226(a)(1)-(9). The Derivative Wage Statement Class members could not and cannot promptly and easily ascertain requisite information because Defendants failed to keep accurate records of the rest period premiums earned and/or deducted from their paychecks and the rates of the rest period premiums and numbers of hours for these premiums.

107.   In addition, the members of the Derivative Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Derivative Wage Statement Class in that the members of

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 32 -

FIFTH AMENDED COMPLAINT

the Derivative Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, such that the members of the Derivative Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

108.   The actual injuries suffered by the members of the Derivative Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Derivative Wage Statement Class include but are not limited to:

    a.   Confusion over whether they received all wages owed them by Defendants;

    b.   The difficulty and expense of attempting to reconstruct time and pay records;

    c.   Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;

    d.   The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code §226 is missing;

    e.   That such practice prevents the members of the Derivative Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

    f.   The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 33 -

**FIFTH AMENDED COMPLAINT**

1    information that California law requires.

2    109.   The members of the Derivative Wage Statement Class are entitled to

3    fifty dollars ($50.00) per employee for the initial pay period in which a violation

4    hereunder occurs and one hundred dollars ($100.00) per employee for each

5    violation in a subsequent pay period, not exceeding an aggregate penalty of four

6    thousand dollars ($4,000.00).

7    110.   The currently-employed members of the Derivative Wage Statement

8    Class are entitled to injunctive relief to ensure Defendants' compliance with <u>Labor</u>

9    <u>Code</u> §226.

10   111.   Pursuant to <u>Labor Code</u> §226(e) and/or §226(g), the members of the

11   Derivative Wage Statement Class are also entitled to an award of costs and

12   reasonable attorneys' fees.

13                          **NINTH CAUSE OF ACTION**

14                  **VIOLATIONS OF <u>LABOR CODE</u> §203**

15                      **(On Behalf of the LC 203 Class)**

16                      **(Against All Defendants)**

17   112.   Plaintiffs incorporate by reference and reallege each and every one of

18   the allegations contained in the preceding and foregoing paragraphs of this

19   Complaint as if fully set forth herein.

20   113.   The members of the LC 203 Class are no longer employed by

21   Defendants as they were either discharged from or quit Defendants' employ. For

22   example, Plaintiff TAI HANG was terminated on or about August 11, 2020, and

23   Plaintiff ROBERT CANALES was terminated on or about October 2, 2020.

24   114.   Defendants had a consistent and uniform policy, practice and

25   procedure of willfully failing to pay the earned wages of Defendants' former

26   employees, according to amendment or proof.

27   115.   Defendants willfully failed to pay the members of the LC 203 Class

28   their entire wages due and owing at the time of their termination or within seventy-

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kjbarnes.com

two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

116.   Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

117.   Thus, the members of the LC 203 Class are entitled to recovery pursuant to Labor Code §203.

**TENTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO LABOR CODE §2699**

**(On Behalf of the Aggrieved Employees)**

**(Against All Defendants)**

118.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

119.   Pursuant to Labor Code §2699(a) (which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, board agencies or employees, such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees) and Labor Code §2699(f) (which establishes a civil penalty for violations of all Labor Code provisions except those for which a civil penalty is specifically provided), the aggrieved employees seek recovery of all applicable civil penalties, as follows:

    a.   As applicable, for civil penalties under Labor Code §2699(f), for all violations of the Labor Code except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation;

b.  As applicable, civil penalties under Labor Code §558 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code §§500-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid;

c.  As applicable, for civil penalties under Labor Code §1197.1 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code §§1194 and 1197, in the amount of $100 for each underpaid aggrieved employee for each pay period the aggrieved employee was intentionally underpaid, and $250 for each subsequent violation for each underpaid aggrieved employees regardless of whether the initial violation was intentionally committed;

d.  As applicable, for civil penalties under Labor Code §226.3 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code §226(a), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved employee per pay period for each subsequent violation; and

e.  As applicable, for any and all additional civil penalties and sums as provided by the Labor Code and/or other relevant statutes.

120.  In addition, Plaintiff seeks and is entitled to seventy-five percent (75%) of all penalties obtained under Labor Code §2699 to be allocated to the LWDA, for education of employers and employees about their rights and

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 36 -
FIFTH AMENDED COMPLAINT

responsibilities under the <u>Labor Code</u>, and twenty-five percent (25%) to Plaintiff and all other similarly situated aggrieved employees.

121.   Further, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §§2699(g)(1) and any other applicable statute.

122.   On October 5, 2020, Plaintiff TAI HANG complied with <u>Labor Code</u> §2699.3(a) and <u>Labor Code</u> §2699.3(c) in that Plaintiff TAI HANG gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the <u>Labor Code</u> alleged to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit "1" is Plaintiff TAI HANG'S LWDA letter.

123.   Further, on October 14, 2020, Plaintiff ROBERT CANALES complied with <u>Labor Code</u> §2699.3(a) and <u>Labor Code</u> §2699.3(c) in that Plaintiff ROBERT CANALES gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the <u>Labor Code</u> alleged in this lawsuit to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit "2" is Plaintiff ROBERT CANALES' October 14, 2020 LWDA letter.

124.   As of December 16, 2020 (65 calendar days after Plaintiff ROBERT CANALES' October 14, 2020 LWDA letter was filed online), Plaintiffs had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiffs have complied with <u>Labor Code</u> §2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to <u>Labor Code</u> §2699.

125.   Further, as of November 16, 2020 (33 calendar days after Plaintiff ROBERT CANALES' October 14, 2020 LWDA letter was mailed to Defendants via certified mail), Plaintiffs have not received from Defendants written notice by certified mail that the alleged violations have been cured, including a description of actions taken. As such, Plaintiffs have complied with <u>Labor Code</u> §2699.3(c) and

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 37 -

**FIFTH AMENDED COMPLAINT**

have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to <u>Labor Code</u> §2699.

## ELEVENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### (On Behalf of the 17200 Class)
### (Against All Defendants)

126.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

127.   Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by <u>B&PC</u> §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the <u>Labor Code</u> and/or the <u>IWC Wage Orders</u>, as specifically described herein.

128.   Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

129.   Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

130.   Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

131.   Plaintiffs seek full restitution from Defendants, as permitted by law, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

132.   Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs. Therefore, class members, including current employees and those who intend to seek re-employment, could benefit from an injunction and/or declaratory relief.

133.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

134.   Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a.   That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay Minimum Wages

b.   For all earned wages, including minimum wages, for all hours worked by the Minimum Wage Class;

c.   For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

d.   For an award of costs and reasonable attorneys' fees;

As to the Second Cause of Action for Failure to Pay Overtime Wages

e.   For overtime compensation for all overtime hours worked by the Overtime Wage Class;

f.   For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 39 -

**FIFTH AMENDED COMPLAINT**

1       g.     For an award of costs and reasonable attorneys' fees;

2    As to the Third Cause of Action for Failure to Provide Legally-Compliant Rest

3    Periods:

4       h.     For one (1) hour of pay at the regular rate of compensation for each

5    member of the Legal Rest Period Class for each workday that a legally-compliant

6    rest period was not provided;

7       i.     For pre-judgment interest as authorized by Labor Code §218.6 and

8    CC §3287;

9    As to the Fourth Cause of Action for Failure to Authorize and Permit Paid Rest

10    Periods:

11       j.     For one (1) hour of pay at the regular rate of compensation for each

12    member of the Rest Period Class for each workday that a rest period was not

13    provided;

14       k.     For pre-judgment interest as authorized by Labor Code §218.6 and

15    CC §3287;

16    As to the Fifth Cause of Action for Failure to Provide Legally-Compliant Meal

17    Periods

18       l.     For one (1) hour of pay at the regular rate of compensation for each

19    member of the Meal Period Class for each workday that a legally-compliant meal

20    period was not provided;

21       m.    For pre-judgment interest as authorized by Labor Code §218.6 and

22    CC §3287;

23    As to the Sixth Cause of Action for Failure to Reimburse for Necessary Business

24    Expenses

25       n.    For the amounts paid by the Reimbursement Class for necessary

26    business expenses, including but not limited to, pens, clipboards, and safety boots.

27       o.    For pre-judgment interest as authorized by Labor Code §218.6 and

28    CC §3287;

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 40 -

**FIFTH AMENDED COMPLAINT**

As to the Seventh Cause of Action for Independent Failure to Timely Furnish Accurate Itemized Wage Statements:

      p.     For recovery as authorized by Labor Code §226(e);

      q.     For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(g);

As to the Eighth Cause of Action for Derivative Failure to Timely Furnish Accurate Itemized Wage Statements:

      r.     For recovery as authorized by Labor Code §226(e);

      s.     For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(g);

As to the Ninth Cause of Action for Violations of Labor Code §203:

      t.     For recovery as authorized by Labor Code §203;

As to the Tenth Cause of Action for Penalties Pursuant to Labor Code §2699:

      u.     As applicable, for civil penalties pursuant to Labor Code §2699(f), in addition to and entirely independent and apart from other penalties in the Labor Code and for Labor Code violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

      v.     As applicable, for civil penalties pursuant to Labor Code §558, in addition to and entirely independent and apart from other penalties in the Labor Code, as follows:

          i   For any initial violation, fifty dollars ($50) for each aggrieved underpaid employee for each pay period for which the employee was underpaid; and

          ii.   For each subsequent violation, one hundred dollars ($100) for each aggrieved underpaid employee for each pay period for which the employee was underpaid;

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 41 -

**FIFTH AMENDED COMPLAINT**

DocuSign Envelope ID: 14048674-C683-456C-9491-590A88197C1A

w. As applicable, for civil penalties pursuant to <u>Labor Code</u> §1197.1, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, as follows:

  i. For any initial violation that is intentionally committed, $100 for each aggrieved underpaid employee for each pay period for which the employee was underpaid; and

  ii. For each subsequent violation, regardless of whether the initial violation is intentionally committed, $250 for each aggrieved underpaid employee for each pay period for which the employee was underpaid;

x. As applicable, for civil penalties pursuant to <u>Labor Code</u> §226.3, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

y. As applicable, for reasonable attorneys' fees and costs incurred pursuant to <u>Labor Code</u> §§2699(g)(1) and any other applicable statute; and

z. For such relief as this Court may deem just and proper.

<u>As to the Eleventh Cause of Action for Unfair Business Practices</u>:

aa. For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

bb. For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number and email address;

cc. For an Order requiring Defendants to make full restitution and payment pursuant to California law;

///

**FIFTH AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

dd.     For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

ee.     For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

ff.     For all other appropriate injunctive, declaratory and equitable relief;

gg.     For interest to the extent permitted by law;

hh.     For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law;

As to All Causes of Action:

ii.     For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

## VII.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: November 20, 2023          LAW OFFICES OF KEVIN T. BARNES

By: _____
          Kevin T. Barnes, Esq.
          Gregg Lander, Esq.
          Attorneys for Plaintiff
          TAI HANG

Dated: November 20, 2023          STONEBROOK LAW

By: _____
          Joseph Tojarieh, Esq.
          Attorney for Plaintiff
          ROBERT CANALES

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

EXHIBIT 1

LAW OFFICES OF

# KEVIN T. BARNES

KEVIN T. BARNES
GREGG LANDER
—

OF COUNSEL:
JOSEPH ANTONELLI

1635 PONTIUS AVENUE, 2ND FLOOR
LOS ANGELES, CALIFORNIA 90025-3361

TELEPHONE: (323) 549-9100
Toll-Free: (877) 309-3577 / FAX: (323) 549-0101

A Professional Law Corporation
—

www.kbarnes.com
—

Barnes@kbarnes.com

October 5, 2020

**VIA ELECTRONIC MAIL ($75 filing fee to follow by mail)**

PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

      Re:    OLD DOMINION FREIGHT LINE, INC. (hereafter, the "Employer")

**NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE §2699.3**

      To:    PAGA Administrator, California Labor and Workforce Development Agency and the Employer

      From:  TAI HANG (the "Employee"), who was subjected to the wage and hour practices set forth below

      The Employee, by way of the above-named counsel, submits this Notice, pursuant to and in compliance with the requirements of California Labor Code §2699.3(a)/(c), and alleges the facts and theories to support the alleged violations as follows:

      During the applicable time period, the Employer employed the Employee and all other similarly situated aggrieved employees as hourly-paid, non-exempt "dock workers," and utilized consistent policies and procedures regarding the Employee and all such other similarly situated aggrieved employees, as follows:

      First, the Employer failed to provide legally requisite paid off premises rest breaks to the Employee and all other similarly situated aggrieved employees. Here, the Employer's rest break policy states in pertinent part: "Hourly employees may not leave OD premise while on a paid rest break and are expected to be at their work station at the conclusion of the paid rest break, unless prohibited by applicable law, including state and local laws." Because the Employee and all other similarly situated aggrieved employees were not allowed to leave the premises for their rest breaks, the Employee and all other similarly situated aggrieved employees were not always provided legally compliant rest breaks. Augustus v ABM Security Services, Inc. (2016) 2 Cal 5th 257. Because the Employer did not pay a rest period penalty for these violations, the Employer violated Labor Code §§226.7 and 516 and the applicable Industrial Wage Order, ¶12(A)/(B), and owes rest period wages and penalties pursuant to Labor Code §§2699(f) and/or 558.

      Second, in addition to the aforementioned allegations regarding off premise rest break violations, the Employer also failed to always authorize and permit paid rest breaks to the Employee and all other similarly situated aggrieved employees. The Employee and all other similarly situated aggrieved employees did not always get full ten minute uninterrupted rest breaks within the first four hours of their shift or major fraction thereof, and each subsequent four hours worked thereafter or major fraction thereof. As such, the Employee and all other similarly situated aggrieved employees were not always authorized and permitted legally compliant rest breaks. The Employer did not pay a rest period penalty for any of these violations. As such, the Employer violated Labor Code §§226.7 and 516, and the applicable Industrial Wage Order, ¶12(A)/(B), and owes rest period wages and penalties pursuant to Labor Code §§2699(f) and/or 558.

      Third, regarding wage statements, pursuant to Labor Code §226(a) and the applicable Industrial Wage Order, the Employer is required to include certain information on an employee's wage statement. Here, the Employer issued improper wage statements to the Employee and all other similarly situated aggrieved employees because the Employer's wage statements did not always contain all requisite information, including but not limited to all applicable accurate hourly rates in effect during the pay period. As such, the Employer independently violated Labor Code §226, and owes penalties pursuant to Labor Code §§2699(f) and/or 226.3.

PAGA Administrator
Re: Old Dominion Freight Line, Inc.
October 5, 2020
Page 2

      Fourth, also regarding wage statements, and in addition to the independent violations of Labor Code §226 alleged above, because of the Employer's illegal wage and hour policies as set forth above, all wages earned were not reflected on the wage statements provided by the Employer to the Employee and all other similarly situated aggrieved employees, and the Employer issued improper wage statements. As such, the Employer derivatively violated Labor Code §226, and owes penalties pursuant to Labor Code §§2699(f) and/or 226.3.

      Fifth, and finally, regarding waiting time penalties, pursuant to Labor Code §203, the Employee and all other similarly situated aggrieved employees are entitled to thirty days of wages at their regular rate of pay for the Employer's failure to pay all wages due upon separation of employment. Here, because of the Employer's illegal wage and hour policies as set forth above, the Employer derivatively violated Labor Code §§201-202, and owes penalties pursuant to Labor Code §§2699(f) and/or 201-203.

      Pursuant to Labor Code §2699.3(a)(2)(A), please advise within sixty-five (65) calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations.

      Further, pursuant to Labor Code §2699.3(c)(2)(A), the Employer may cure the alleged violations within thirty-three (33) calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

      In addition, this letter clearly sets forth the Employee's grievances and proposed remedies, pursuant to the Labor Code, PAGA and otherwise, as set forth above. The Employee would like to engage in reasonable efforts to settle this dispute before filing a civil action against the Employer. The Employee gives the Employer the opportunity, prior to the expiration of the deadline for the LWDA to investigate, to meet the Employee's demands and settle this dispute.

      We understand that if we do not receive a response within sixty-five (65) calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employee may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

      Thank you for your consideration.

Very Truly Yours,

Kevin T. Barnes
Gregg Lander

cc: (via Certified Mail)
Old Dominion Freight Line, Inc.
500 Old Dominion Way
Thomasville, NC 27360

cc: (via U.S. Mail)
Raphael A. Katri, Esq.
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104

EXHIBIT 2



10250 Constellation Boulevard, Suite 100
Los Angeles, California 90067
Telephone: (310) 553-5533
Facsimile: (310) 553-5536
www.stonebrooklaw.com

Writer's Email Address:
jft@stonebrooklaw.com

Writer's Extension:
1001

October 14, 2020

*Via online submission to*

Attn: PAGA Administrator
California Department of Industrial Relations
Labor and Workforce Development Agency

      Re:     Violations of Labor Code § 2699, et seq. – PAGA Claim Notice

To Whom It May Concern:

      This office represents Robert Canales ("Plaintiff"). Plaintiff, on behalf of himself and all other similarly aggrieved employees, intends to seek civil penalties under Labor Code section 2699, et seq., also known as the Private Attorneys General Act of 2004 ("PAGA"), against Old Dominion Freight Line Inc. ("Defendant") for violations of various laws, which are outlined below. Defendant's violations harmed Plaintiff, along with Defendant's other non-exempt California employees ("Aggrieved Employees"). Additional investigation and formal discovery may uncover additional ways Plaintiff and Aggrieved Employees were harmed, additional damages they sustained, and other individuals who were harmed by Defendant's violations.

      The $75 PAGA filing fee was submitted concurrently with the submission of this letter. If for any reason the fee was not received, please advise our office immediately so we can issue a new payment.

**Facts and Legal Theories Underlying This Dispute**

      The facts underlying Plaintiff's pursuit of civil penalties under PAGA are explained below.

***Employment Background***

      Defendant is a freight company based in North Carolina with 18 service centers in California. Its Rialto service center alone employs about 200 dock workers, 200 truck drivers and 100 office workers. Plaintiff was hired as a dock worker from about January 28, 2018 to October 2, 2020. Prior to his termination, he was paid at an hourly rate of $27.35. Plaintiff worked five days a week and was usually scheduled to work from 5:30 p.m. to 2:00 a.m. On occasion, Plaintiff was scheduled to work until 4:00 a.m.

Old Dominion Freight Line Inc.
October 14, 2020
Page 2 of 6

***Unpaid Wages***

Plaintiff and Aggrieved Employees were not paid wages for all hours worked. Specifically, these employees were subject to mandatory security checks upon entering and leaving Defendant's premises. However, they did not receive wages while undergoing these security checks.

Moreover, after entering the premises and undergoing the security check, Plaintiff a and Aggrieved Employees performed work-related tasks before heading to the designated dock area to clock in. Dock workers like Plaintiff, for example, spent approximately 5-15 minutes walking to the dock, searching for an available forklift, and riding it to the dock area.

After clocking out, Plaintiff and Aggrieved Employees performed work-related tasks before reaching the security checkpoint. Dock workers like Plaintiff, for example, spent approximately five minutes walking towards the checkpoint.

As a result, Defendant failed to pay Plaintiff and Aggrieved Employees all earned wages, including minimum wages and overtime compensation, for the time these employees spent performing off-the-clock work.

***Failure to Authorize and Permit Compliant Rest Periods***

At relevant times, Defendant did not authorize and permit Plaintiff and Aggrieved Employees to take timely, duty-free, and uninterrupted rest periods of at least 10 minutes net for each four hours of work or major fraction thereof, and failed to pay premium wages of one hour's pay in lieu of providing such rest periods. Plaintiff and Aggrieved Employees were prohibited from leaving the premises during their ten-minute rest periods. Defendant failed to relinquish control over how they spent their rest breaks. Moreover, at relevant times, Defendant did not provide these employees with a third compliant rest period when they worked over ten hours in a shift.

***Failure to Provide Compliant Meal Periods***

At relevant times, Defendant did not provide Plaintiff and Aggrieved Employees with timely, duty-free, and uninterrupted meal periods of at least 30 minutes for each five hours of work, and failed to pay premium wages of one hour's pay in lieu of providing such meal periods. On days when they worked over ten hours, Plaintiff and Aggrieved Employees did not receive a second compliant meal break.

***Failure to Pay Overtime Compensation***

At relevant times, Defendant failed to pay Plaintiff and Aggrieved Employees one and a half times their regular rate for work performed over 40 hours in a workweek, over 8 hours in a workday, or up to 8 hours on the seventh consecutive day of work.

At least some of the unpaid hours worked by Plaintiff and Aggrieved Employees constituted overtime, for which they were not compensated.

Old Dominion Freight Line Inc.
October 14, 2020
Page 3 of 6

### *Failure to Pay Minimum Wages*

During periods when Plaintiff and Aggrieved Employees worked but were not paid, Defendant failed to pay these employees at least minimum wages.

### *Failure to Indemnify for Business Expenses*

Defendant failed to reimburse Plaintiff and Aggrieved Employees for business expenses. For example, Plaintiff and other dock workers had to pay for their own pens, clipboards, and safety boots.

### *Failure to Pay Earned Wages Upon Separation*

Defendant willfully failed to pay Plaintiff and Aggrieved Employees all earned wages immediately upon discharge or within 72 hours of resignation.

### *Failure to Provide Timely and Accurate Wage Statements*

Defendant knowingly failed to provide Plaintiff and Aggrieved Employees with timely and accurate wage statements that included all of the following: (1) gross wages earned, (2) total hours worked, (3) all deductions, (4) net wages earned, (5) the pay period, (6) the employee name and social security number or employee number, (7) the name and address of the legal entity employer, and (8) all applicable hourly rates in effect and corresponding hours worked at each rate.

### California Labor Code § 2699, et seq., Violations

Plaintiff, on behalf of himself and Aggrieved Employees, intends pursue civil penalties under PAGA against Defendant for violations of the following California laws:

- **Labor Code sections 510 and 1194** for Defendant's failure to pay overtime and double time compensation.

- **Labor Code sections 510, 1194, 1194.2, and 1197** for Defendant's failure to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

- **Labor Code section 226.7** for Defendant's failure to provide proper rest periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated rest period required under the Labor Code.

- **Labor Code sections 226.7 and 512** for Defendant's failure to provide proper meal periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated meal period required under the Labor Code.

Old Dominion Freight Line Inc.
October 14, 2020
Page 4 of 6

- **Labor Code section 226** for Defendant's failure to provide timely and accurate wage statements.

- **Labor Code sections 201, 202, and 203** for Defendant's failure to pay all wages immediately upon termination or within 72 hours after notice of separation.

- **Labor Code section 204** for Defendant's failure to pay all earned wages within the time prescribed in subsections 204(a) and 204(b).

- **Labor Code section 206** for Defendant's failure to pay all undisputed wages.

- **Labor Code section 226.3** for Defendant's violation of Labor Code section 226(a).

- **Labor Code section 210** for Defendant's failure to pay wages as provided in Labor Code sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and/or 1197.5.

- **Labor Code section 1174** for Defendant's failure to maintain compliant employee and payroll records.

- **Labor Code section 221** for Defendant collecting and receiving owed wages.

- **Labor Code section 1197.1** for Defendant paying, or causing to be paid, a wage less than the minimum wage.

- **Labor Code section 558** for Defendant violating, or causing to be violated, a section of the chapter of the Labor Code starting with Labor Code section 500, et seq. or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.

- **Labor Code section 1199** for Defendant violating, or causing to be violated, the provisions of the order of the Industrial Welfare Commission.

- **Labor Code section 1198** for Defendant employing employees for longer hours than those fixed by the Industrial Welfare Commission or under conditions of labor prohibited by the Industrial Welfare Commission, including, <u>but not limited to</u>:

  - **Wage Order 9-2001 (or other applicable Wage Order), Section 12**, requiring Defendant to provide its employees with adequate rest periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

  - **Wage Order 9-2001 (or other applicable Wage Order), Section 11**, requiring Defendant to provide its employees with adequate meal periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

Old Dominion Freight Line Inc.
October 14, 2020
Page 5 of 6

- **Wage Order 9-2001 (or other applicable Wage Order), Section 3**, requiring Defendant to pay overtime and double time compensation.

- **Wage Order 9-2001 (or other applicable Wage Order), Section 4**, requiring Defendant to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

- **Labor Code section 2802** for Defendant's failure to indemnify for all necessary business expenditures or losses.

<u>Conclusion</u>

Please be advised that this letter is intended to exhaust the pre-litigation requirements set forth under California Labor Code sections 2699, et seq. It is the intention of this office to bring the appropriate claims under Labor Code section 2699, et seq., should your office not address these matters within the proscribed time.

If you require any additional facts or theories to support Plaintiff's allegations, please do not hesitate to contact our office. We believe, however, that this letter provides sufficient basis for the alleged violations. Further, Plaintiff is willing to engage in reasonable settlement discussions before filing a civil action. By way of this letter, Plaintiff is providing Defendant an opportunity to settle this dispute.

We write this letter subject to and without waiver of Plaintiff's rights and remedies, all of which we expressly reserve. This letter is not an express statement of all facts and circumstances concerning this matter.

Very truly yours,

STONEBROOK LAW

JOSEPH TOJARIEH

JT/sp
cc (via certified mail):

Old Dominion Freight Line Inc.
500 Old Dominion Way
Thomasville, NC 27360

Article No.: 7017 3040 0000 4425 4078

Old Dominion Freight Line Inc.
2180 South Willow
Bloomington, CA 92316

Article No.: 7017 3040 0000 4425 4085

Old Dominion Freight Line Inc.
October 14, 2020
Page 6 of 6


CT Corporation System
Agent for Service of Process for
Old Dominion Freight Line Inc.
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Article No.: 7017 3040 0000 4425 4092

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1041 Parkside Commons, Suite 101, Greensboro, GA 30642-4519, which is located in Greene County. The service occurred from 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361.

On the date of execution hereof, I caused to be served the following attached document/s:

**FIFTH AMENDED CLASS ACT (FRCP RULE 23) COMPLAINT**

on the interested parties in this action, addressed as follows:

*Attorneys for Defendant:*

Matthew C. Kane, Esq.
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Ste. 1400
Los Angeles, CA 90025-0509
Tel.: (310) 810-8800
Fax: (310) 820-8859
Email: MKane@bakerlaw.com

Sylvia J. Kim, Esq.
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Tel.: (415) 659-2600
Fax: (415) 659-2601
Email: SJKim@bakerlaw.com

Kerri H. Sakaue, Esq.
BAKER & HOSTETLER
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025
Tel.: (310) 315-8200
Fax: (310) 315-8210
KSakaue@bakerlaw.com

*Attorney for Plaintiff Tai Hang:*

Raphael A. Katri, Esq.
LAW OFFICES OF
RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034
Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

*Attorney for Plaintiff Robert Canales:*

Joseph Tojarieh, Esq.
STONEBROOK LAW
10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067
Tel: (310) 553-5533
Fax: (310) 553-5536
Email: JFT@stonebrooklaw.com

using the following service method:

**___X__ VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on **November 20, 2023**, at Los Angeles, California.

*/s/Cindy Rivas*
**Cindy Rivas**

- 1 -
PROOF OF SERVICE