JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI HANG and ROBERT CANALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 5:21-cv-00287-JWH-kk<br><br>**JUDGMENT** |

Pursuant to the "Order Granting Motion for Final Approval of Class Action Settlement [ECF No. 51]" filed substantially contemporaneously herewith,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332(d).

2. Fictitiously named Defendants Does 1-100 are **DISMISSED**.

3. The proposed settlement as reflected in the settlement agreement, which establishes a settlement fund of $2,850,000, is **APPROVED**. A portion of those funds—specifically $50,000—is allocated for the Private Attorneys General Act ("PAGA") claim, with $37,500 payable to the Labor and Workforce Development Agency ("LWDA") and $12,500 payable to the Aggrieved Employees.

4. The following settlement class is **CERTIFIED**:

   All of Defendant's non-exempt current and former employees working or who worked in the State of California in a Dockworker or Dockworker Lead position during the Settlement Period (defined as May 12, 2016, through August 3, 2023).

5. Plaintiffs Tai Hang and Robert Canales are **APPOINTED** as the representatives of the settlement class.

6. Hang is **AWARDED** $10,000.00 as a service award for serving as class representative.

7. Canales is **AWARDED** $7,500.00 as a service award for serving as class representative.

8. Class Counsel are **AWARDED** attorneys' fees in the amount of $832,199.67 and the reimbursement of litigation expenses in the amount of $20,038.30.

/ / /

9. The settlement administrator, Rust Consulting, is **AWARDED** $26,000.00 in administration costs.

10. The payment of attorneys' fees and expenses to Class Counsel, the service awards, and the administration costs in this action are **DIRECTED** be made from the settlement fund, and the released parties as described in the settlement agreement shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses, the service awards, or the administration costs. The released parties' only and total liability is the settlement fund.

11. The settlement agreement is **APPROVED** as fair, reasonable, and adequate as to, and in the best interests of, settlement class members; the parties and their counsel are **DIRECTED** to implement and consummate the agreement according to its terms and provisions; and the agreement is **DECLARED** to be binding on, and to have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Hang, Canales, and the class.

12. To the extent permitted by law and without affecting the other provisions of this Judgment, this Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, or otherwise on behalf of the settlement class or its members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses arising out of or relating to the claims released under the settlement agreement.

13. Plaintiffs, Participating Class Members, and the recipients of the PAGA payment (the LWDA and Aggrieved Employees) are bound by this Judgment; they are **ENJOINED** from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the settlement

agreement; and they are **DIRECTED** not to contest or to interfere with efforts by Defendant Old Dominion Freight Line, Inc. or by any other Released Parties to oppose any attempt to bring such released claims against any of them.

14. The Court shall retain continuing jurisdiction over this action with respect to the following matters:

    a. the enforcement of the terms of the settlement agreement;

    b. issues relating to settlement administration; and

    c. the enforcement of this Judgment and any order relating to attorneys' fees or expenses, the class representatives' service awards, or administration costs.

15. Other than potential post-judgment remedies, to the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 14, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE